Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee, | Adv. Case No. 20-80031 |
| Plaintiff, | **TRUSTEE'S EX PARTE MOTION TO FILE UNREDACTED COMPLAINT UNDER SEAL** |
| vs. | |
| PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, a California resident, GIGA WATT PTE., LTD., a Singapore corporation, and ANDREY KUZENNY, a citizen of the Russian Federation, | |
| Defendants. | |
| -and- | |
| THE GIGA WATT PROJECT, a partnership, | |
| Nominal Defendant. | |

EX PARTE MOTION TO
SEAL COMPLAINT – Page 1

Mark Waldron, in his capacity as the duly-appointed Chapter 7 Trustee, by and through his attorneys, the Potomac Law Group PLLC, hereby respectfully moves for entry of an Order, in the form attached hereto as **Exhibit A**, authorizing the Trustee to file under seal the unredacted version of the *Complaint for (i) Breach of Fiduciary Duty to Giga Watt Inc. (Defendants Perkins Coie, LLP and Lowell Ness), (ii) Aiding and Abetting Giga Watt Pte. Ltd.'s Breach of Fiduciary Duty to Giga Watt, Inc. (Defendants Perkins Coie, LLP and Lowell ness), (iii) Breach of Fiduciary Duty to Giga Watt, Inc. (Defendant Giga Watt Pte. Ltd.) and (iv) Aiding and Abetting Breach of Fiduciary Duty (Defendant Kuzenny)* (the "Complaint") filed in this adversary proceeding. The defendants are Perkins Coie LLP ("Perkins Coie"), Giga Watt Pte. Ltd., and Andrey Kuzenny. The Giga Watt Project is a nominal defendant.

This Motion is brought pursuant to 11 U.S.C. § 105, Fed.R.Civ.P. 5-2, applicable herein, Fed.R.Civ.P. 26 applicable herein, and L.B.R. 9018-1.

The Trustee commenced this adversary proceeding by filing a redacted version of the Complaint on the public docket. [AP ECF No. 1]The redacted material is subject to Perkins Coie's claim of attorney-client privilege.

Earlier in the main case, on August 13, 2020, the Court entered the *Order Regarding Production of Documents Responsive to Rule 2004 Order and Placing Limits on the Use of Confidential Information in Such Documents* [ECF No. 673] (the "Protective Order"), providing that the Trustee could not file certain information without simultaneously moving for an Order to seal the information. On September 14, 2020, the Court entered the *Stipulated Order Preserving*

EX PARTE MOTION TO
SEAL COMPLAINT – Page 2

*Privilege Pursuant to FRE 502(d)* [ECF 714] (the "Stipulated Order") which provides that Perkins Coie's production of documents to the Trustee would not waive the attorney-client privilege. After entry of these Orders, Perkins Coie produced information to the Trustee that Perkins Coie asserts is subject to the attorney-client privilege. The Protective Order provides:

> Confidential documents, or information derived from Confidential documents, **shall not be filed with the Court or included in pleadings** . . . *except when such* information and documents and **portion(s) of such pleadings. . . that reference such material are accompanied by a motion to seal pursuant to LBR 9018-1**. . . .

Protective Order at ¶ 4. Therefore, the Trustee can only file the unredacted version of the Complaint under seal. The motion for Protective Order was filed on regular notice. No one objected.

This Court may seal its records pursuant to its inherent supervisory power over such documents. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("Every court has supervisory power over its own records and files"). A party seeking to file under seal a dispositive document, such as the Complaint, must state a compelling reason justifying sealing and overcoming the presumption in favor of public disclosure. The movant must also show specific prejudice or harm if the materials were not filed under seal. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (a party may overcome that presumption by supporting their compelling reasons with specific factual findings outweighing the general history of access and disclosure). *See also Dahmen v. Liberty Mutual Group, Inc.*, 2016 WL 11496710, at *1 (E.D. Wash., 2016).

EX PARTE MOTION TO
SEAL COMPLAINT – Page 3

Filing a redacted version of the Complaint and a sealed version of the Complaint will balance the dictates of the Protective Order against the interest of disclosure. *See Dahmen, supra* (pursuant to Federal Rule of Civil Procedure 5.2(d), a court may order that a filing be made under seal without redaction with a redacted version filed for the public record).

The Defendants will be served the unredacted version of the Complaint. Such service will not violate the Protective Order because Giga Watt Pte. Ltd. and Andrey Kuzenny are the parties who would hold any privilege that is being protected by this Motion. This Motion benefits Ness and Perkins Coie by preserving their privilege claim until further Court Order, if any.

Finally, the Trustee intends to confer with Perkins Coie and may move for an Order finding that the material subject to the Protective Order is excepted from the attorney-client privilege. If agreement is reached or an Order entered, the Trustee will then move to unseal the Complaint and to file the unredacted version.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order granting this Motion in the form attached hereto as **Exhibit A** and granting such other and further relief as the Court deems appropriate and just.

Dated: November 18, 2020                    POTOMAC LAW GROUP PLLC

By:      /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

EX PARTE MOTION TO
SEAL COMPLAINT – Page 4