Pamela M. Egan, WSBA No. 54736 (*pro hac vice*)
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com

*Proposed Litigation Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| | Chapter 7 |
| Debtor. | |
| MARK D. WALDRON, as Chapter 7 Trustee, | Adv. P. No. 20-80031 |
| v. | |
| PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, an individual and California resident, GIGA WATT PTE. LTD., a Singapore corporation, and ANDREY KUZENNY, a citizen of the Russian Federation | **DECLARATION OF PAMELA M. EGAN** |

Declaration of Pamela M. Egan
-- P a g e | 1

I, Pamela M. Egan, declare as follows:

1. The Potomac Law Group PLLC is counsel to the duly-appointed Chapter 7 Trustee (the "Trustee") in the above-captioned bankruptcy case and is proposed counsel to the Trustee in the above-captioned adversary proceeding (the "Adversary Proceeding") in which the Trustee is the plaintiff. I am a partner of the Potomac Law Group.

2. The Trustee, by separate letter, is asking the Clerk of the Court to send the summons and Verified Complaint (both redacted and unredacted), along with related other documents filed in the Adversary Proceeding, to the registered office of Giga Watt Pte. Ltd. by International Registered Mail, signed receipt requested. This Declaration is submitted with respect to this request. As required by L.B.R. 7004-1, I hereby state that Singapore law does not prohibit service of process by the foregoing method.

3. Singapore law is available online. The applicable statutes, orders, rules, and Court opinions are written in English. Pursuant to Order 65, Rule 2A of the Singapore Supreme Court of Judicature Act (Ch. 322, sec. 80) (the "Rules of Court")[1], a plaintiff is permitted to serve foreign process in Singapore as if the foreign process were local process. Section 387 of Singapore's Companies Act, states, "A document may be served on a company by leaving it at or sending it by registered post to the registered office of the company." Section 4 of the

---

[1] The Rules of Court are available at the following public link: Rules of Court - Singapore Statutes Online (agc.gov.sg). Last accessed on December 8, 2020.

Declaration of Pamela M. Egan
-- P a g e | 2

Companies Act defines "document" as including a summons.[2] Singapore case law is consistent with the foregoing. *Fortune Hong Kong Trading Ltd. v. Cosco Feoso (Singapore) Pte. Ltd.* [2000] SGCA 24, attached hereto as **Exhibit A**.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of December 2020 in Seattle, Washington.

_____
Pamela M. Egan

---

[2] The Companies Act is available at the following public link: Companies Act - Singapore Statutes Online (agc.gov.sg). Last accessed on December 8, 2020.

Declaration of Pamela M. Egan -- P a g e | 3