EXHIBIT A - Part 1
(Case Opinion)

# Fortune Hong Kong Trading Ltd
## v
## Cosco Feoso (Singapore) Pte Ltd

### [2000] SGCA 24

Court of Appeal — Civil Appeal No 180 of 1999
Yong Pung How CJ, L P Thean JA and Chao Hick Tin JA
27 March; 8 May 2000

*Civil Procedure — Service — Service of foreign process — Civil Procedure Convention — Service of foreign process from court of non-convention country without letter of request — Mode of service — Applicability of rules to service of foreign process — Section 387 Companies Act (Cap 50, 1994 Rev Ed) — Order 10 r 1, O 62 Rules of Court (Cap 322, R 5, 1997 Rev Ed)*

*Civil Procedure — Service — Service of foreign process — Mode of service — Whether O 65 r 2 Rules of Court (Cap 322, R 5, 1997 Rev Ed) applicable where no letter of request for service from foreign court or tribunal received — Whether letter of request mandatory — Order 65 r 2 Rules of Court (Cap 322, R 5, 1997 Rev Ed)*

Facts

The appellants ("Fortune") commenced proceedings against the respondents ("Cosco") by way of a writ issued out of the English High Court. Leave was obtained from that court to serve the writ on Cosco in Singapore, and it was served by Fortune's Singapore solicitors at Cosco's registered office in Singapore in accordance with s 387 of the Companies Act (Cap 50, 1994 Rev Ed).

Cosco applied to set aside the service of the writ on the ground that it was not served in accordance with O 65 of the Rules of Court (Cap 322, R 5, 1997 Rev Ed). Fortune sought a declaration that the service of the writ was valid.

As no Civil Procedure Convention existed between England and Singapore, the trial judge held that O 65 r 2 was the relevant governing provision, and that the writ was not validly served as Fortune had failed to comply with it. The central issue on appeal concerned the ambit of O 65 and the extent to which it governed the service of foreign process in Singapore.

Held, allowing the appeal and setting aside the order below:

(1) The service of foreign process in Singapore need not invariably go through official channels. On a plain and literal construction, O 65 r 2 applied only where a letter of request for service from a foreign court or tribunal was received by the Minister for Law and was then sent by him to the Supreme Court with an intimation that it was desirable that the request should be given effect. It was not intended to govern the service of all foreign processes in Singapore issued by the courts or tribunals of non-convention countries. Where no such letter of request was received, r 2 had no application: at [15].

(2) In the case of service of foreign process emanating from a court or tribunal of a non-convention country, and where no letter of request was issued,

Case 4:14-cv-01392   Document 58-14   Filed on 06/29/15 in TXSD   Page 3 of 19
Exhibit A
[2000] 1 SLR(R)     Fortune Hong Kong Trading Ltd v Cosco Feoso (Singapore) Pte Ltd     963
Page 002

the service should be effected by personal service on the defendant in accordance with O 10 r 1, read with O 62 and, in the case of a body corporate, read with the relevant provisions of the Companies Act. Although these rules by their express terms applied only to an originating process issued in Singapore, there was no reason in principle why the mode of service prescribed for service of an originating process issued in Singapore could not be adopted in the absence of any rule of procedure to the contrary. In the result, Cosco was duly served with the writ, and the service was proper and valid in accordance with Singapore law: at [35] and [38].

[Observation: Adopting the mode of service prescribed for service of originating process issued in Singapore in respect of foreign processes did not render O 65 r 2 nugatory as one could not assume that all foreign jurisdictions would accept service of process by private agents as proper. Order 65 r 2 therefore remains a facilitative provision which sets out an official channel for service of foreign process through the Singapore courts, if the foreign jurisdiction requests for such service to be effected: at [36].

Further, if the foreign jurisdiction required a certificate from the Singapore court that service was effected in accordance with Singapore law, the foreign plaintiff would have to proceed under O 65 as there was no other provision in the Rules of Court which allowed the court to furnish such a certificate where the service was effected by a private agent: at [37].]

### Case(s) referred to

*Ong & Co Pte Ltd v Chow Y L Carl* [1987] SLR(R) 281; [1987] SLR 304 (distd)
*Sky One, The* [1988] 1 Lloyd's Rep 238 (distd)
*Sunkyong International Inc v Malaysian Rubber Development Corp Bhd* [1992] 2 MLJ 146 (distd)
*United Overseas Bank Ltd v Wong Hai Ong* [1999] 1 MLJ 474 (not folld)

### Legislation referred to

Companies Act (Cap 50, 1994 Rev Ed) s 387 (consd)
Rules of Court (Cap 322, R 5, 1997 Rev Ed) O 10 r 1, O 62, O 65 r 2 (consd); O 11 rr 3(8)(*a*), 4(2), O 65 r 3
Rules of the Supreme Court 1970, The O 11 rr 5(8), 6(2)
Rules of the High Court 1980 (M'sia) O 11 r 6(2), O 65 r 2
Rules of Supreme Court (UK) O 11 rr 5, 6, O 69 r 2

*Winston Kwek and Raymond Ong (Colin Ng & Partners) for appellant;*
*Daniel Goh and Anna Quah (Ang & Partners) for respondent.*

[Editorial note: The decision from which this appeal arose is reported at [1999] 3 SLR(R) 578.]

8 May 2000        Judgment reserved.

**L P Thean JA (delivering the judgment of the court):**

1    This appeal concerns the proper procedure to be adopted for the service of an English writ on a defendant in Singapore. In the court below, the learned judge held that a writ issued in England must be served in Singapore in accordance with the procedure set out in O 65 of the Rules of Court, and as the service was not effected in conformity with that procedure, but by a private agent by leaving the relevant documents at the registered office of the defendants, the service was invalid. Against his decision this appeal is now brought.

## Background

2    The appellants are a Hong Kong company carrying on the business of trade financing, and the respondents are a Singapore company trading in gasoil products. In August 1997, the respondents agreed to supply a cargo of gasoil to a firm in Hong Kong known as Pacific Fond for US$915,000. Pacific Fond arranged for a letter of credit to be opened by the appellants for payment of the cargo. Under the terms of the letter of credit, one set of clean bill of lading had to be presented to the issuing bank. In the event that that bill of lading was not available, the letter of credit provided that a letter of indemnity issued and signed by the respondents would also be acceptable in lieu of the bill of lading. On the respondents' presentation of a commercial invoice together with a letter of indemnity dated 28 August 1997, the bank duly paid the respondents the amount of US$915,000. The bank was subsequently reimbursed by the appellants. However, the cargo was never delivered to the appellants.

## English proceedings

3    On 30 July 1998, the appellants commenced proceedings against the respondents by way of a writ of summons issued out of the Admiralty and Commercial Registry of the High Court of England and Wales claiming, *inter alia*, damages in the sum of US$915,000 pursuant to the terms of the letter of indemnity. On 28 August 1998, leave was obtained from the High Court in England to serve the writ out of jurisdiction on the basis that the letter of indemnity was governed by English law and was expressed to be subject to the jurisdiction of the English courts. A concurrent writ was issued on 3 September 1998. The appellants' English solicitors, Sinclair Roche & Temperley, instructed the Singapore solicitors, Colin Ng & Partners, to effect service of the writ on the respondents in Singapore. On 17 September 1998, the process server engaged by Colin Ng & Partners effected service on the respondents by leaving the concurrent writ and other documents at the respondents' registered office in Singapore in accordance with s 387 of the Companies Act (Cap 50). In other words, the writ was served on the respondents as if it were a writ issued in Singapore.

4       After entering appearance in England, the respondents took out an application to set aside the service of the writ on the ground that the appellants had failed to serve the writ in accordance with O 65 of our Rules of Court. The application came on for hearing before Thomas J, and the issue before him was whether the service of the writ on the respondents was contrary to Singapore law. After hearing arguments of counsel, he formed the opinion that that issue should be determined by the Singapore courts. He said at 6 of the transcript:

> It seems to me that the better suggestion would be to suggest to the parties, as I have done in the course of argument, that they might wish to consider asking the High Court of Singapore to decide itself the proper meaning of the Rules of that court. It seems to me invidious for this court to determine that question, conscious of the fact that it cannot have either the depth of experience or knowledge that the courts of Singapore have, as to their own procedures and the meaning of the Rules of their court. It seems to me that if a procedure is available in Singapore (and I am told by the defendants that it is) for this short issue to be decided by originating summons in Singapore, then that is, in my view, a much better way of the issue being resolved at much less expense to the parties than the matter being restored by the alternative route suggested or for the consideration of further expert evidence.

> It seems to me that as a matter of comity and a matter of the great respect that these courts hold for the courts of Singapore, that it is, if at all possible, infinitely preferable for this very short point to be decided in the courts of Singapore. I cannot imagine that this point on the meaning of the Rules of the Supreme Court of Singapore could take more than a very, very short time for decision in Singapore, because the answer is either well established in the practice of the courts, or can be decided expeditiously as a short point on the construction of O 65 of the Rules of the Singapore Supreme Court, a provision which does not have a corresponding provision in the Rules of this court.

Accordingly, the learned judge adjourned the hearing of the application for the parties to proceed with an application to the High Court in Singapore to determine whether the service of the writ on the respondents was valid.

**Proceedings in Singapore**

5       Following from the decision of Thomas J, the appellants commenced proceedings by way of an originating summons on 9 June 1999 for a declaration that the service of the writ effected on the respondents by the appellants' solicitors in Singapore was valid. It is common ground that there is no Civil Procedure Convention subsisting between Singapore and the United Kingdom. There was evidence adduced by the appellants to the effect that the Foreign Process Department of the High Court of England and Wales would not issue a letter of request for the service of a writ in Singapore. It is also common ground that no letter of request was issued by

the High Court of England and Wales and sent to the Ministry of Law pursuant to O 65 r 2 of our Rules of Court.

6       It is evident from the affidavits filed on behalf of the parties that there is no consistent view amongst members of the Bar in Singapore on the proper mode of service of English process in Singapore. Mr Winston Kwek of Colin Ng & Partners in his affidavit in support stated that O 65 r 2 does not provide that a letter of request from the foreign tribunal is mandatory before service of the foreign process can be effected in Singapore. In the absence of such a letter, the foreign process can be validly served in accordance with O 10 r 1 or s 387 of the Companies Act (Cap 50), as the case may be. There was also filed an affidavit deposed to by Mr Richard Kuek Chong Yeow of Gurbani & Co, in which he said that he had served foreign process in Singapore on previous occasions in the same way as he would have served a local writ and he had never obtained a letter of request from the foreign tribunal. According to him, such a view was also shared by another member of the Bar, Mr Steven Chong SC.

7       On the other hand, Ms Corinna Susan Cresswell of Clyde & Co, the firm of solicitors representing the respondents, stated in her affidavit that she had been advised by Mr Goh Kok Leong of Ang & Partners that service of foreign process within Singapore is an encroachment upon the sovereign rights of Singapore and is therefore only permissible, if it is effected with the consent of the official authorities. She submitted that O 65 r 2 requires a letter of request to be sent by the English High Court to the Minister for Law in Singapore. In the absence of such a letter of request, the service of foreign process would not be in compliance with O 65 r 2 and therefore would be invalid. In an affidavit filed by Mr Andrew Lloyd Bicknell, another solicitor of Clyde & Co, there was exhibited a written opinion given by Mr Kenneth Tan SC, who is also of the view that service of foreign process must comply with O 65, and that service of such process through a Singapore solicitor is inadequate.

8       The learned judge below (see *Fortune Hong Kong Trading Ltd v Cosco-Feoso (Singapore) Pte Ltd* [1999] 3 SLR(R) 578) was of the opinion that O 65 sets out two procedures for effecting service of foreign process: the first is under r 2 and the second is under r 3. The procedure under r 3 is irrelevant, as it deals with service of foreign process where there subsists a Civil Procedure Convention between Singapore and the foreign country concerning the service of such process. There being no such convention between Singapore and the United Kingdom, the procedure under r 2 is the relevant one. He held that service of foreign process in Singapore must comply with O 65, there being no other statutory provision governing the service of foreign process. In so far as the appellants had failed to comply with O 65 r 2 in effecting the service of the writ on the respondents in Singapore, the writ was not validly served on the respondents in Singapore.

Case 4:14-cv-01392 Document 58-14 Filed on 06/29/15 in TXSD Page 7 of 19
Exhibit A
[2000] 1 SLR(R)     Fortune Hong Kong Trading Ltd v Cosco Feoso (Singapore) Pte Ltd     967
Page 006

### The appeal

9    The central issue in this appeal concerns the ambit of O 65 of the Rules of Court and the extent to which it governs the service of foreign process in Singapore. Order 65 by rr 2 and 3 provides for two separate procedures for effecting service of foreign process in Singapore, depending on whether there subsists a Civil Procedure Convention between Singapore and the foreign country concerning the service of process. Order 65 r 3 provides a procedure to be applied where there subsists such a Civil Procedure Convention, and is not applicable here, as there is no such Civil Procedure Convention subsisting between Singapore and the United Kingdom. Order 65 r 2 is the relevant one which we need to consider. It provides a procedure for service of foreign process through the Supreme Court of Singapore, and the material provisions are as follows:

> (1)    This Rule applies in relation to the service of any process required in connection with civil proceedings pending before a court or other tribunal of a foreign country where a letter of request from such a tribunal requesting service on a person in Singapore of any such process sent with the letter is received by the Minister and is sent by him to the Supreme Court with an intimation that it is desirable that effect should be given to the request.
>
> (2)    In order that service of the process may be effected in accordance with this Rule, the letter of request must be accompanied by a translation thereof in English, two copies of the process to be served and two copies of the translation of the process in English.
>
> (3)    Subject to paragraph (4) and to any written law which provides for the manner in which documents may be served on a body corporate, service of the process shall be effected by leaving a copy of it and of the translation with the person to be served. Service shall be effected by the process server.

Under r 2(6), the Registrar is required to give a certificate in the form prescribed in Form 144 stating, *inter alia*, that the service was effected in accordance with the Rules of Court or, if such be the case, that service of the process could not be effected for the reason specified in the certificate.

10    The essence of the appellants' contention is that the provisions of O 65 are not exhaustive and all-encompassing. In particular, not all foreign processes issued by non-convention countries must be effected in accordance with the procedure prescribed in O 65 r 2. On a plain and ordinary reading of O 65 r 2, the procedure set out there applies only where a letter of request for service is received by the Minister for Law and forwarded to the Supreme Court. In this case, given that there is no letter of request from the High Court of England and Wales, O 65 r 2 is inapplicable. That being the case, the foreign plaintiff is permitted to serve the foreign process in Singapore as if it were a local process. Thus, the service of the English writ on the respondents effected by the process server of Colin Ng

& Partners in accordance with s 387 of the Companies Act by leaving the writ at their registered address is valid.

11     On the other hand, the respondents' contention is that the act of service of a foreign process in a foreign country is an encroachment upon the sovereignty of that country, which can only be done with the consent of the country. Hence, the service of foreign process must go through the official channels. Order 65 is the only provision expressly regulating the service of foreign process in Singapore, and the provisions contained therein are exhaustive and the procedure set out there must be complied with. As for s 387 of the Companies Act, that is a piece of domestic legislation, and is not applicable to service of foreign process in Singapore.

**Extent of O 65 r 2**

12     Order 65 of our Rules of Court is derived from and is identical in all material respects with O 69 of the Rules of Supreme Court of England and Wales ("RSC") prior to the latter being amended in 1980. The pre-1980 O 69 of the RSC (like our present O 65) draws a distinction between the service of process under a Civil Procedure Convention and service of process issued by non-convention countries. The commentary on the pre-1980 O 69 r 2 in the 1979 edition of *The Supreme Court Practice* states, at para 69/1–5/1:

> Scope of Rule 2. This Rule applies only where a letter of request is sent from the foreign Court or tribunal through official channels to the Supreme Court for service here. Where process is sent from non-convention countries abroad to be served here by means other than official channels, there is no rule which enables an English Court to grant a certificate that service has been effected in accordance with the requirements of English law.

13     One of the main changes that have been made to O 69 is to assimilate the two procedures to be followed regardless of whether the written request for service emanated from a non-convention country or from a convention country. The current O 69 r 2 provides that the Order applies to the service of foreign process in England, where the senior master receives a written request for service from a foreign court or tribunal. The learned editors of the 1999 edition of *The Supreme Court Practice* express the view that the practice regulating service of foreign process was revised "with a view to making such practice more simple, speedy and economical and in accordance with the modern times". At para 69/4/2 of the 1999 edition of *The Supreme Court Practice*, the commentary states, *inter alia*, the following:

> It equates the method of service of foreign process for requests received by the Senior Master for such service emanating from a non-convention country through the Secretary of State for Foreign and Commonwealth Affairs and from a consular or other authority of a

convention country, whether it be a country with whom a bilaterial [*sic*] convention or the multi-lateral convention, known as 'the Hague Convention', exists.

14   Reverting to the instant case, the learned judge below, in construing O 65 r 2, said ([8] *supra*) at [6] of his grounds of judgment:

> Order 65 is similar to the English O 69. The editors of the 1999 edition of the *White Book* makes the following comment: 'It equates the method of service of foreign process for requests received by the Senior Master for such service emanating from a non-convention country through the Secretary of State for Foreign and Commonwealth Affairs …'. This is a significant departure from their previous view that O 69 applies only when a letter of request from a foreign tribunal is received (see the 1979 edition). In my view, O 65 r 2(1) should not be read literally. It is a provision which involves the service of a foreign process, and, understandably, any rule which sets out directions as to how a foreign process may be served in this country is likely to be phrased diplomatically. Thus, rather than bluntly directing that a foreign tribunal shall send a letter of request through the Minister in Singapore, in order to effect service of process emanating from that tribunal, O 65 is worded in a way in which the method of serving a foreign process is 'equated' with the letter of request. …

With respect, we think that the learned judge had misread the commentary in the 1999 edition of *The Supreme Court Practice* on O 69 of the RSC. That commentary has to be understood in the context of O 69 then in force which was different from that in force in 1979. In our view, there is no "significant departure from their previous view that O 69 applies only when a letter of request from a foreign court or tribunal is received", as stated in the 1979 edition of *The Supreme Court Practice*. With respect, the commentary in the 1999 edition of *The Supreme Court Practice* (quoted above) does not support the learned judge's conclusion that "the method of serving a foreign process is 'equated' with the letter of request".

15   In our opinion, the learned judge's construction of O 65 r 2, with respect, ignores the express provisions therein. Giving the rule its plain and ordinary meaning, we are firmly of the opinion that the rule applies only *where* a letter of request for service from a foreign court or tribunal is received by the Minister for Law and is subsequently sent by him to the Supreme Court with an intimation that it is desirable that effect should be given to the request. In cases where no such letter of request is received, r 2 simply has no application. A similar view to this effect is stated in the 1979 edition of *The Supreme Court Practice* on O 69 r 2 of the RSC then in force, which we have quoted earlier. It seems to us that O 65 r 2 is not intended to govern the service of *all* foreign processes in Singapore issued by the courts or tribunals of non-convention countries. The question we need to consider now is what procedure there is, which has been provided for service of foreign process emanating from a court or tribunal of a non-convention

country, in the absence of a letter of request from the court or tribunal. If no such procedure has been provided, does it follow that the foreign process cannot be served in Singapore as submitted by counsel for the respondents? We think not.

### English procedure

16   In considering this issue, it is helpful to consider the relevant provisions of O 11 of the RSC currently in force in England. In this connection, the appellants have placed much emphasis on the fact that the High Court in England would not issue a letter of request for service of an English writ in Singapore in the light of O 11 r 5 read with r 6 of the RSC. Order 11 r 5 of the RSC is a general provision governing the service of writ abroad and the wording of the sub-rules are very similar to, though not identical with, our O 11 r 3. Order 11 r 5 of the RSC provides as follows:

> (2)   Nothing in this rule or in any order or direction of the Court made by virtue of it shall authorise or require the doing of anything in a country in which service is to be effected which is contrary to the law of that country;
>
> (3)   A writ which is to be served out of the jurisdiction —
>
> > (a)   need not be served personally on the person required to be served so long as it is served on him in accordance with the law of the country in which service is effected; and
> >
> > (b)   need not be served by the plaintiff or his agent if it is served by a method provided for by rule 6 or rule 7.

Order 11 r 6 of the RSC deals with the service of the writ abroad through foreign governments, judicial authorities and British consuls. By virtue of r 6(1), save in cases where the Hague Convention applies, r 6 does not apply to service in —

> (a)   Scotland, Northern Ireland, the Isle of Man or the Channel Islands;
>
> (b)   any independent Commonwealth country;
>
> (c)   any associated state;
>
> (d)   any colony;
>
> (e)   the Republic of Ireland.

17   The learned editors of the 1999 edition of *The Supreme Court Practice*, at para 11/6/2, express the view that if the country in which service is to be effected is an independent Commonwealth country, service cannot be effected through "official channels", namely, through the government or judicial authority or a British consular authority, and may be effected by the plaintiff or his agent direct. This position was also confirmed by the Senior Master of the Supreme Court of England and Wales in his letters: two dated