JOHN D. MUNDING
MUNDING, P.S.
9425 N Nevada St., Ste 212
Spokane, WA 99218
(509) 624-6464
john@mundinglaw.com

*Attorneys for Defendants*
*Perkins Coie, LLP and Lowell Ness*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington Corporation,<br><br>Debtor. | Case No. 18-03197-FPC11<br>Chapter 11<br><br><br>Adversary Case No. 20-80031-FPC |
| MARK D. WALDRON, as Chapter 7 Trustee;<br><br>Plaintiff,<br>v.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership, LOWELL NESS, individual and California resident, GIGA WATT, PTE., LTD a Singapore corporation, and ANDREY KUZENNY, a citizen of the Russian Federation,<br><br>Defendants, | MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE PURSUANT TO 28 U.S.C. § 157 |

MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW THE
DISTRICT COURT'S REFERENCE PURSUANT TO 28 U.S.C. §157 - 1

This memorandum is filed by the Defendants Perkins Coie, LLP, and Lowell Ness ("Defendants") in support of their Motion for Order Withdrawing the District Court's Reference Pursuant to 28 U.S.C. § 157 ("Motion").

## I. INTRODUCTION

The Defendants move the District Court for an Order withdrawing the United States District Court for the Eastern District of Washington's reference of this Adversary Proceeding to the Bankruptcy Court for the Eastern District of Washington. The Plaintiff Chapter 7 Trustee Waldron's ("Chapter 7 Trustee") claims are not "core proceedings," and, given the nature of the underlying claims as pled, at most only relate to a case under title 11. In addition, Defendants are entitled to, and demand, trial by jury on the claims asserted by the Trustee. Moreover, on December 16, 2020, a class action complaint arising from the same facts and circumstances, asserting the same claims, and seeking the same damages, was filed against Defendants and is presently pending in the District Court before Judge Bastian. Accordingly, this Adversary Proceeding and claims asserted thereunder should be adjudicated in the District Court before Judge Bastian to ensure efficiency and consistency in discovery, findings, rulings, and verdicts.

The Motion is based on 28 U.S.C. § 157(d), which specifically authorizes withdrawal of references, Federal Rule of Bankruptcy Procedure 5011, Local Rule of Bankruptcy Procedure 5011-1, the pleadings and records on file in this Adversary Proceeding, and the pleadings and records on file in the related class action before Judge Bastian, Case No. 2:20-cv-00464.

## II. STATEMENT OF JURISDICTION / VENUE

Pursuant to Title 28 of the United States Code, district courts have "original and exclusive jurisdiction of all cases" under the Bankruptcy Code. 28 U.S.C. § 1334(a). For procedural purposes, district courts also have statutory discretion to refer bankruptcy cases and proceedings to "the bankruptcy judges of the district." *See* 28 U.S.C. § 157(a). Here, in the Eastern District of Washington, Local Civil Rule 83.5 effectuates an automatic referral of all bankruptcy cases to the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court"). However, the District Court may, *sua sponte* or on motion of any party, withdraw any previously referred bankruptcy "case or proceeding" for "cause shown." 28 U.S.C. § 157(d).

Here, "cause" to withdraw the reference exists on multiple grounds: (1) the Adversary Complaint and claims asserted thereunder are not "core" but at best "related to" proceedings which would confer only limited pre-trial jurisdiction to the

Bankruptcy Court; (2) the Defendants do not consent to the jurisdiction of the Bankruptcy Court to adjudicate this Adversary Proceeding or claims, do not consent to entry of final orders or judgments by the Bankruptcy Court, and do not consent to a jury trial before the Bankruptcy Court, *see* FRBP 7008 and 28 U.S.C. § 157(e); and (3) a related class action is presently pending in the District Court before Judge Bastian that arises from the same facts and circumstances, asserts the same claims, and seeks the same damages from Defendants, as the Trustee does in the Adversary Proceeding. For all of these reasons, the reference should be withdrawn and these related matters should both proceed before Judge Bastian in the District Court.

### III. BACKGROUND

On November 19, 2018, Giga Watt, Inc., a Washington corporation, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 bankruptcy case was subsequently converted to a case under Chapter 7 on September 30, 2020. The Plaintiff Chapter 7 Trustee was the prior Chapter 11 Trustee and is now the acting Chapter 7 trustee in the above-captioned bankruptcy case pursuant to the Appointment of Trustee, dated September 30, 2020.

On November 18, 2020, the Plaintiff Chapter 7 Trustee commenced this Adversary Proceeding (Adv. Case No. 20-80031) (the "Adversary Proceeding") in the

United States Bankruptcy Court for the Eastern District of Washington against Defendants and others. In the Adversary Proceeding, Plaintiff Chapter 7 Trustee seeks recovery of damages allegedly sustained by the debtor Giga Watt, Inc., prior to the bankruptcy petition date of November 19, 2018. Specifically, the Plaintiff Chapter 7 Trustee asserts claims against Defendants under Washington State common law for: (1) Breach of Fiduciary Duty and (2) Aiding and Abetting Breach of Fiduciary Duty. *See* Verified Compl. (Adv. ECF No. 1). The Trustee claims that Defendants acted as an escrow agent with regard to proceeds from the sale of bit-coin mining "tokens" sold by a company with some relation to the debtor, and that the proceeds of sale held by Defendants, allegedly in "escrow," were improperly distributed. The Defendants deny the claims and any corresponding liability for damages.

On December 16, 2020, a class action complaint was filed in the United States District Court for the Eastern District of Washington, case no. 2:20-cv-00464, and is presently pending before Judge Bastian (the "Class Action"). The Class Action asserts claims arising from the same facts and circumstances and seeks the same damages from the Defendants. Specifically, on behalf of a purported class (or classes) of Giga Watt bit-coin mining token purchasers, the Class Action plaintiff asserts that Defendants held the proceeds of sale of tokens in escrow and improperly distributed them.

Thus, the Adversary Proceeding by the Trustee and the Class Action complaint arise from the same facts and circumstances, assert the same claims (under similar theories) and seek the same damages from Defendants.

The Adversary Complaint has been served upon Defendants. The parties are discussing acceptance of service and a time to answer the Class Action complaint. As of the date of this Motion, Defendants have not answered or filed a responsive pleading in either action. A scheduling conference is currently set for January 12, 2021, before the Bankruptcy Court. Scheduling orders have not yet been issued in the Class Action.

Pursuant to Local Bankruptcy Rule 5005-1, this Motion to Withdraw the Reference is timely.

## IV. ARGUMENT

The issue is whether the Court should withdraw the reference of this Adversary Proceeding so it may be adjudicated before the District Court, and whether it should be assigned to the same judge (Judge Bastian) before whom the Class Action is presently pending.

28 U.S.C. § 157 authorizes the District Court to refer bankruptcy matters to the Bankruptcy Court, which the District Court has done automatically under Local

Rule 83.5(a)(1). Under 28 U.S.C. § 157(d), the District Court may withdraw the reference for cause shown:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). In determining whether cause exists, the District Court "should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters et al.*, 124 F.3d 999, 1008 (9th Cir. 1997). If any party has a right to a jury trial, and all parties have not consented to a jury trial in the Bankruptcy Court, "withdrawal of the case to the district court is appropriate." *Taxel v. Elec. Sports Research (In re Cinematronics, Inc.)*, 916 F.2d 1444, 1451 (9th Cir. 1990). The District Court should also withdraw the reference in any matter where the Bankruptcy Court may not constitutionally enter final judgments or orders. *See e.g., Pac. Int'l Grout Co. v. Pac. Int'l Grout Co. (In re Zinkova)*, No. C12-778-MJP, 2012 WL 1865701, at *1 (W.D. Wash. May 21, 2012) (withdrawing reference in part because "Bankruptcy Court lacks authority to enter a

decision on the merits where the non-core proceeding arises solely under state law and need not be decided to resolve the creditor's claim against the estate").

As noted above, "cause" under 28 U.S.C. § 157(d) to withdraw the reference in this case exists on multiple grounds.

### A. The Adversary Proceeding Is Not Core.

Section 157 of Title 28 provides the categories of "cases" and "proceedings" that may be referred to the Bankruptcy Court. Importantly, a bankruptcy judge may "hear and determine all cases" under the Bankruptcy Code (i.e., the bankruptcy case itself), but its jurisdiction as to adjudication of "proceedings" is statutorily bifurcated between "core" and "non-core" proceedings. 28 U.S.C. § 157(b). Section 157(b) permits bankruptcy judges to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" and to "enter appropriate orders and judgments" in those cases. Proceedings are "core" if they either (i) "arise under" the statutory provisions of the Bankruptcy Code, in that they invoke a substantive right provided by the Bankruptcy Code or (ii) "arise in" a bankruptcy case. *See e.g. Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995); *see also, e.g., Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006). Title 28 provides a non-exhaustive list of what constitutes "core" proceedings. 28 U.S.C. § 157(b)(2).

In this Adversary Proceeding, the Plaintiff Trustee has pled two causes of action against Defendants. Both causes of action seek monetary damages against Defendants for an alleged breach of fiduciary duty and aiding and abetting breach of fiduciary duty premised upon a prepetition escrow. See *Adversary Compl*. Specifically, the Plaintiff Chapter 7 Trustee alleges that Defendants "failed to act strictly in accordance with the provisions of the Escrow and failed to disburse the Escrow proceeds with scrupulous honesty, skill, and diligence." *Adversary Compl*. ¶ 71. As demonstrated by the Adversary Complaint: (1) the alleged claims existed prepetition; (2) the alleged claims are independent of title 11; and (3) the parties' rights and remedies toward one another were not impacted as a result of the debtor Giga Watt, Inc.'s bankruptcy filing. Each cause of action, as pled, is based solely upon state law, does not "arise under" the statutory provisions of the Bankruptcy Code, and did not "arise in" the bankruptcy case. Accordingly, core jurisdiction before the Bankruptcy Court does not exist.

B. **The Adversary Claims at Most Constitute "Related to" Jurisdiction.**

A bankruptcy court "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," as provided in 28 U.S.C. § 157(c)(1). However, under "related to" jurisdiction, absent consent of the parties the bankruptcy court lacks constitutional authority to enter final orders and judgments. *See Stern v.*

*Marshall*, 564 U.S. 462, 487-91, 131 S. Ct. 2594, 180 L.Ed.2d 475 (2011) (bankruptcy court lacks constitutional authority to enter final judgments in non-core proceedings). Thus, unless the parties consent, the bankruptcy court must submit proposed findings of fact and conclusions of law for de novo review by the district court of those matters to which the parties have timely and specifically objected. *Id.* The District Court should usually withdraw the reference in any matter where the Bankruptcy Court may not constitutionally enter final judgments or orders. *See e.g.*, *In re Zinkova*, 2012 WL 1865701, at *1 (withdrawing reference in part because "Bankruptcy Court lacks authority to enter a decision on the merits where the non-core proceeding arises solely under state law and need not be decided to resolve the creditor's claim against the estate"). This is true whether or not the adversary proceeding is "related to" a cause under title 11. It is even more true when a case is not related, or only tangentially related, to a case under Title 11.

A proceeding is "related" to the bankruptcy when the "outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Assoc.)*, 439 F.3d 545, 547 (9th Cir. 2006) (emphasis omitted).

> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (commonly referred to as the *Pacor* test).

Such "non-core" proceedings include both certain categories of actions that are statutorily excluded from Title 28's schemata, 28 U.SC. § 157(b)(4)-(5) (carving out personal injury and wrongful death claims), and those that are "otherwise related to" a bankruptcy case. 28 U.S.C. § 157(b)(3).

Here, cause for withdrawal also exists as the Plaintiff Chapter 7 Trustee's claims are not substantively related to the pending Chapter 7 bankruptcy proceeding or its administration. At the very most, the claims are only tangentially related to the bankruptcy estate, and even if arguably related, Defendants do not consent to entry of final orders or judgments by the bankruptcy court. Accordingly, the bankruptcy court lacks jurisdiction to enter final orders or judgments. This favors withdrawal of the reference.

C. **The Right to Trial by Jury and Judicial Efficiency Require Withdrawal of the Reference.**

A bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court. *See In re Cinematronics, Inc.*, 916 F.2d at 1451 (agreeing with "several courts [that] have concluded that where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to district court is appropriate"). *See also* 28 U.S.C. § 157(e). Here, Defendants are

entitled to a trial by jury and do not consent to a jury trial in the bankruptcy court. Thus, at best the bankruptcy court would be able to preside over pre-trial matters only, but not trial itself. *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787 (9th Cir. 2007). If any party has a right to a jury trial, and all parties have not consented to a jury trial in the Bankruptcy Court, "withdrawal of the case to the district court is appropriate." *In re Cinematronics, Inc.*, 916 F.2d at 1451.

Likewise, considerations of efficiency also provide cause for withdrawing reference. *See Sec. Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999 (holding that efficiency was enhanced by withdrawing the reference where non-core issues predominated). Indeed, the Ninth Circuit has held: "Inasmuch as a bankruptcy court's determinations on non-core matters are subject to *de novo* review by the district court, unnecessary costs could be avoided by a single proceeding in the district court." *Id.* at 1009. The Ninth Circuit in *Security Farms* identified a variety of factors that may demonstrate "cause," to withdraw the reference, including: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) prevention of forum shopping; and (5) other related factors. *Id.* at 1008. "Other related factors" might include whether issues are core or

non-core proceedings, as well as a right to a jury trial. *See Rosenberg v. Harvey A. Brookstein*, 479 B.R. 584, 587 (D. Nev. 2012).

Here, because the District Court will have to preside over the jury trial of this matter, withdrawal of the reference is appropriate. *In re Cinematronics, Inc.*, 916 F.2d at 1451. For the same reason, efficiency weighs heavily in favor of withdrawing the reference now. This is particularly true, as discussed below, due to the related Class Action that is now pending in the District Court before Judge Bastian.

D. **The Related Class Action Weighs Heavily in Favor of Withdrawing the Reference.**

As noted above, on December 16, 2020, a class action complaint was filed in the United States District Court for the Eastern District of Washington, case no. 2:20-cv-00464, and is presently pending before Judge Bastian. The Class Action asserts claims arising from the same facts and circumstances and seeks the same damages from the Defendants as the Trustee does in the Adversary Proceeding. Defendants have not yet answered or otherwise responded in either the Adversary Proceeding or the Class Action. Pre-trial scheduling conferences have not yet taken place in either matter, and no discovery has yet been issued or conducted.

Because the Adversary Proceeding currently before the Bankruptcy Court, and the Class Action currently before Judge Bastian in the District Court, arise from the same facts and circumstances, involve the same allegations of liability on the part of

Defendants, and seek the same damages from Defendants, ensuring efficiency and consistency between the two actions in discovery, motion practice, rulings, trial, and final judgments, weighs heavily in favor of withdrawing the reference, and assigning both of these related matters to one judge. *See Sec. Farms,* 124 F.3d at 1008 (in determining whether to withdraw reference, the District Court should consider the "efficient use of judicial resources, delay and costs to the parties," and uniformity of case administration). This is particularly true where, as here, the two sets of plaintiffs are seeking exactly the same damages from the same defendants, thus raising the specter of inconsistent, overlapping, and perhaps even duplicative results. These factors all militate heavily in favor of one proceeding in one forum - Judge Bastian's District Court.

## V. **CONCLUSION**

Plaintiff Chapter 7 Trustee's claims against Defendants are premised upon Washington State common law for breach of an alleged pre-petition fiduciary duty. Such claims are not "core proceedings" as defined by 28 U.S.C. § 157(b)(2) and are at most only marginally "otherwise related to a case under title 11." Defendants do not consent to a jury trial or entry of final judgment by the Bankruptcy Court. A related class action complaint is already pending in the District Court before Judge Bastian. Under the circumstances, the reference should be withdrawn, and Plaintiff Chapter 7

Trustee's Adversary Proceeding should be transferred to the District Court for adjudication both at trial *and* for all pretrial proceedings. Defendants further request that this case be assigned to the Spokane Division and, if possible, to Judge Bastian, so as to ensure efficiency and consistency in discovery, rulings, and judgments, as between this case and the related Class Action.

DATED THIS 31st day of December, 2020.

        MUNDING, P.S.

        */s/ John D. Munding*
        John D. Munding, WSBA No. 21734
        Attorney for Defendants