Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
  *Attorneys for Mark D. Waldron, Plaintiff,
in his capacity as Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee, | Adv. Case No. 20-80031 |
| Plaintiff, | **TRUSTEE'S RULE 26(f) REPORT** |
| vs. | |
| PERKINS COIE LLP, a Washington limited liability partnership, *et al.*, | |
| Defendants. | |
| -and- | |
| THE GIGA WATT PROJECT, a partnership, | |
| Nominal Defendant. | |

Pursuant to Federal Rule of Civil Procedure (FRCP) 26(f), applicable hereto by Federal Rule of Bankruptcy Procedure (FRBP) 7026, on December 23, 2020, by telephone, the following parties to this action met and conferred on the topics

TRUSTEE AND KUZENNY'S
RULE 26(f) REPORT – Page 1

outlined in this report: (1) Elon Berk, counsel for Andrey Kuzenny ("Kuzenny"), (2) Ralph Cromwell and John Munding, counsel for Perkins Coie LLP and for Lowell Ness (collectively, "Perkins Coie"), and (3) undersigned counsel for Mark D. Waldron, in his capacity as Chapter 7 Trustee ("Trustee" or "Plaintiff"). On January 6, 2021, counsel for Andrey Kuzenny and undersigned further conferred by telephone regarding the topics outlined in this report.

1. **Nature of Claims and Defenses.**

   a) Claims

Giga Watt Pte. Ltd. ("GW Singapore") misappropriated approximately $10.8 million from an escrow with the substantial assistance of Kuzenny and Perkins Coie. The escrow held the proceeds of an Initial Coin Offering ("ICO") conducted by Giga Watt, Inc. ("Giga Watt") and GW Singapore pursuant to the Giga Watt Project, which was a partnership between Giga Watt and GW Singapore. Through the ICO, GW Singapore sold tokens. One token represented the right to use 1 watt of mining power at Giga Watt's facilities for fifty years. A token initially cost $1, with the price increasing in $.05 increments until it reached $1.20.

The first set of facilities would be built with either Giga Watt's own money or a loan from GW Singapore. When that first set was completed, GW Singapore would be entitled to withdraw a certain amount of ICO token sale proceeds. For example, if Giga Watt built out three (3) megawatts of mining capacity, then GW Singapore could withdraw approximately $3 million from the ICO. GW Singapore would then lend a portion or all of those proceeds to Giga Watt so that Giga Watt

could build the next set of pods. When those were built, a corresponding amount of money could be released from the escrow. When construction was completed, a corresponding amount of tokens would also be released.

Kuzenny, GW Singapore and Perkins Coie released the escrow proceeds regardless of construction. Holders of approximately half of all the tokens sold, who were entitled to either power or a refund, received neither. Bleeding out the escrow destroyed or materially contributed to the demise of the Giga Watt Project.

      b)    Defenses

Kuzenny has invoked the privilege against self-incrimination provided by the Fifth Amendment of the U.S. Constitution. In his Answer, filed on January 7, 2021, he has also raised certain affirmative defenses. [AP Doc 21.]

Perkins Coie has stated that it is not prepared to discuss its defenses until the motion to withdraw the reference that it filed on December 31, 2021 [AP Doc 17] is resolved. FRBP 5011 provides that a motion to withdraw the reference does not stay the proceeding.

**2.    Initial/Pre-Discovery Disclosures.**

On November 23, 2020, the Trustee sent to Perkins Coie, through counsel, a copy of the Complaint (unredacted) with hyperlinks to the evidence underlying the allegations.

At the conference on December 23, 2021, Plaintiff verbally provided: (a) the name of each individual likely to have discoverable information, along with the subjects of that information, that the Plaintiff may use to supports its claims and (b) a description by category and location of all documents, electronically

TRUSTEE AND KUZENNY'S
RULE 26(f) REPORT – Page 3

stored information, and tangible things that the Plaintiff may use to support his claims. Plaintiff has not yet provided to the Defendants a computation of damages. However, when it provides its written Initial Disclosures, it will address this issue.

On January 7, 2021, the Trustee sent to Kuzenny, through counsel, a copy of the Complaint (unredacted) with hyperlinks to the evidence underlying the allegations.

Kuzenny, through counsel, has asserted that he cannot produce any discovery because he has invoked the privilege against self-incrimination. Counsel for Kuzenny and for the Trustee have agreed to discuss the interplay between the Fifth Amendment privilege, the duty to produce discovery, and the right to assert affirmative defenses. Counsel for the Trustee will be prepared to discuss these issues at the Scheduling Conference. They also discussed the possibility of settlement.

Perkins Coie has declined to discuss discovery or otherwise participate in the case pending resolution of its motion to withdraw the reference. The due date for an answer is January 7, 2021. No answer from Perkins Coie is on file. No motion to stay the proceeding has been filed. Instead, on the due date for this report, Perkins Coie filed an expedited motion to extend today's deadline and to extend the Scheduling Conference.

Dated: January 7, 2021　　　　　POTOMAC LAW GROUP PLLC

By:　　/s/ Pamela M. Egan
　　　Pamela M. Egan (WSBA No. 54736)
　　　*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

TRUSTEE AND KUZENNY'S
RULE 26(f) REPORT – Page 4

TRUSTEE AND KUZENNY'S
RULE 26(f) REPORT – Page 5

20-80031-FPC    Doc 22    Filed 01/07/21    Entered 01/07/21 23:13:42    Pg 5 of 6

4821-4766-0758, v. 1

CHAPTER 11 TRUSTEE'S REPLY
TO RESPONSE TO MOTION TO
DISMISS AMENDED COMPLAINT – Page 1