Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

In Re:

GIGA WATT, INC.,

                              Debtor.

MARK D. WALDRON, as Chapter 7
Trustee,

                              Plaintiff,

        vs.

PERKINS COIE, LLP, a Washington
limited liability partnership; LOWELL
NESS, individual and California resident;
GIGA WATT PTE., LTD., a Singapore
corporation; and ANDREY KUZENNY, a
citizen of the Russian Federation;

                              Defendants,

        and

THE GIGA WATT PROJECT, a
partnership,

                    Nominal defendant.

No. 18-03197-FPC11

Chapter 7

Adv. Case No. 20-80031

**ANSWER AND AFFIRMATIVE
DEFENSES OF PERKINS COIE
AND LOWELL NESS TO
AMENDED VERIFIED
COMPLAINT**

**JURY DEMAND**

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# I.   <u>ANSWER</u>

Perkins Coie LLP and Lowell Ness (collectively "Perkins") hereby answer the allegations of the Amended Verified Complaint herein as follows:

1.     Denies the allegations of paragraph 1 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

2.     Denies the allegations of paragraph 2 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

3.     Denies the allegations of paragraph 3 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

4.     Denies the allegations of paragraph 4.

5.     Denies the allegations of paragraph 5 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

6.     Admits that Perkins Coie is a limited liability partnership formed under the laws of the State of Washington; admits that it maintains offices in Seattle, Washington; Palo Alto, California; and other locations; admits that Perkins Coie has won various awards or has otherwise received recognition for its legal services from time to time; but otherwise denies the allegations of paragraph 6.

7.     Admits that Lowell Ness is a resident of California, admits that Mr. Ness is a partner at Perkins Coie, admits that Mr. Ness has experience acting as company counsel or as investors' counsel in venture capital financing, admits that Perkins Coie has a web site containing information about Mr. Ness which speaks for itself, admits that Mr. Ness is a graduate of the University of Pennsylvania and a graduate of the

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Georgetown University Law Center, admits that Mr. Ness can speak some French and Russian, but otherwise denies the allegations of paragraph 7.

8.     Denies the allegations of paragraph 8 for lack of information or knowledge sufficient to form a belief as to their truth or falsity except admits that it was unsuccessful in trying to contact Giga Watt Pte., Ltd., in June of 2020 regarding the Trustee's request that Perkins produce privileged documents.

9.     Denies the allegations of paragraph 9 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

10.     Denies that the Debtor and Giga Watt Pte., Ltd., formed a partnership, states that the "White Paper" speaks for itself, and otherwise denies the allegations of paragraph 10 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

11.     Denies the allegations of paragraph 11 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

12.     Denies the allegations of paragraph 12 for lack of information or knowledge sufficient to form a belief as to their truth or falsity and states that the referenced Court order speaks for itself.

13.     Denies the allegations of paragraph 13 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

14.     Denies the allegations of paragraph 14 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

15.     Admits that Cryptonomos had a role in marketing digital tokens for the data center capacity sold by Giga Watt Pte., Ltd.; admits that Giga Watt Pte., Ltd., had a role in collecting the proceeds of sales of the token offering and that certain functions in that regard were done via the internet; admits that Perkins provided certain limited legal services to Cryptonomos with respect to its potential involvement in marketing digital tokens; denies for lack of information or belief the allegations regarding the incorporation of Giga Watt Pte., Ltd., and otherwise denies the allegations of paragraph 15.

16.     Admits that a Katrina Grant retained Perkins to provide limited legal advice to Cryptonomos which included some issues related to U.S. securities laws, tax, and regulatory advice; but otherwise denies the allegations of paragraph 16 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

17.     Admits that Perkins held certain proceeds of sales of digital tokens in its IOLTA Trust Account for its client, Giga Watt Pte., Ltd.; denies that funds in its IOLTA Trust Account were misappropriated; and otherwise denies the allegations of paragraph 17 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

18.     Admits that Perkins held certain proceeds of sales of digital tokens in its IOLTA Trust Account for its client, Giga Watt Pte., Ltd.; states that the "White Paper" speaks for itself; and otherwise denies the allegations of paragraph 18 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 28     Filed 01/13/21     Entered 01/13/21 16:50:13     Pg 4 of 22

19.     The allegations of paragraph 19 state legal conclusions and thus need not be admitted or denied but, to the extent that any response is required, Perkins denies the allegations of paragraph 19.

20.     Paragraph 20 purports to summarize the relief sought in the plaintiff's first claim for relief and thus need not be admitted or denied, but to the extent that any response is required, Perkins denies the allegations of paragraph 20.

21.     Denies the allegations of paragraph 21.

22.     Admits that, as of August 4, 2017, Perkins held approximately $22.3 million in proceeds of the sales of digital tokens in an IOLTA Trust Account for the benefit of Giga Watt Pte., Ltd.; admits that Perkins subsequently disbursed from its IOLTA Trust Account approximately $10.8 million to Giga Watt Pte., Ltd., and approximately $10.8 million to the debtor, Giga Watt, Inc., all at the instructions of its client, Giga Watt Pte., Ltd.; but otherwise denies the allegations of paragraph 22 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

23.     Admits that Perkins disbursed funds from the IOLTA Trust Account based on instructions from its client Giga Watt Pte., Ltd.; denies that each disbursement to Giga Watt Pte., Ltd., exceeded the amount due as measured against construction progress; denies that Perkins enforced an inaccurate standard for the release of funds from its IOLTA Trust Account; and otherwise denies the allegations of paragraph 23 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 28    Filed 01/13/21    Entered 01/13/21 16:50:13    Pg 5 of 22

24. Admits that Perkins made disbursements from its IOLTA Trust Account on approximately the dates stated in approximately the amounts stated pursuant to the instructions of its client Giga Watt Pte., Ltd., but otherwise denies the allegations of paragraph 24.

25. The allegations of paragraph 25 state, in part, legal conclusions which need not be admitted or denied, but to the extent a response is required, Perkins denies the allegations of paragraph 25.

26. Denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

28. Paragraph 28 purports to summarize the relief sought in the plaintiff's second claim for relief, and thus need not be admitted or denied but, to the extent any response is required, Perkins denies the allegations of paragraph 28.

29. Admits that it reviewed several drafts of a "White Paper," admits that it provided some comments regarding drafts of a "White Paper" to its client Cryptonomos, but otherwise denies the allegations of paragraph 29.

30. Paragraph 30 states legal conclusions and thus need not be admitted or denied but, to the extent a response is required, Perkins denies the allegations of paragraph 30.

31. Denies the allegations of paragraph 31.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 6

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 28    Filed 01/13/21    Entered 01/13/21 16:50:13    Pg 6 of 22

32.     Paragraph 32 purports to summarize the relief sought by Giga Watt and thus need not be admitted or denied but, to the extent any response is required, Perkins denies the allegations of paragraph 32.

33.     Paragraph 33 purports to summarize the relief sought in the plaintiff's third claim for relief and thus need not be admitted or denied, but to the extent any response is required, Perkins denies the allegations of paragraph 33 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

34.     Paragraph 34 purports to summarize the relief sought in plaintiff's fourth claim for relief and thus need not be admitted or denied but, to the extent any response is required, Perkins admits that Kuzenny instructed all disbursements made from Perkins' IOLTA Trust Account for Giga Watt Pte., Ltd., but otherwise denies the allegations of paragraph 34 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

35.     Admits that Cryptonomos retained Perkins to provide certain limited legal services, admits that there is a retainer letter which speaks for itself, admits that Perkins reviewed several drafts of a "White Paper" and provided some comments regarding the same, but otherwise denies the allegations of paragraph 35.

36.     Denies the allegations of paragraph 36 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

37.     Denies the allegations of paragraph 37 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC     Doc 28     Filed 01/13/21     Entered 01/13/21 16:50:13     Pg 7 of 22

38.     Denies the allegations of paragraph 38 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

39.     Denies the allegations of paragraph 39 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

40.     Denies the allegations of paragraph 40 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

41.     Denies the allegations of paragraph 41 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

42.     States that the "White Paper" speaks for itself, but otherwise denies the allegations of paragraph 42 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

43.     Admits that Perkins reviewed drafts of a "White Paper" on several occasions and that it had communications with a Katrina Grant regarding a variety of topics, but otherwise denies the allegations of paragraph 43.

44.     Admits that Perkins had communications with a Katrina Grant regarding the proceeds from sales of digital tokens which communications speak for themselves; admits that there is a retention letter between Perkins and Giga Watt Pte., Ltd., which speaks for itself; but denies any other allegations in paragraph 44.

45.     Admits that Perkins, upon request, issued letters to Giga Watt Pte., Ltd., stating the amount that it held for Giga Watt Pte., Ltd., in its IOLTA Trust Account, which letters speak for themselves, but denies any other allegations in paragraph 45

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

46.     Admits that Perkins had email communications with a Katrina Grant, which speak for themselves, but denies any other allegations in paragraph 46.

47.     Denies the allegations of paragraph 47 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

48.     Denies the allegations of paragraph 48 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

49.     Admits that Perkins had various email communications with a Katrina Grant, which speak for themselves, but denies any other allegation in paragraph 49.

50.     Denies the allegations of paragraph 50 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

51.     Admits that Perkins has provided certain information to the Trustee regarding disbursements from its IOLTA Trust Account which information speaks for itself, but otherwise denies the allegations of paragraph 51 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

52.     Admits that Giga Watt, Inc., is not listed in Perkins' database as being a client; admits that Perkins did not give Giga Watt, Inc., control or unrestricted access to the funds which Perkins held for Giga Watt Pte., Ltd., in its IOLTA Trust Account; admits that it has duties of confidentiality to its clients which precluded it from providing information reflecting client confidences to the Trustee without satisfying

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

one of the exceptions of the Rule of Professional Conduct 1.6(b); but otherwise denies the allegations of paragraph 52 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

53. Denies the allegations of paragraph 53 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

54. Denies the allegations of paragraph 54 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

55. Admits that Perkins received an inquiry from counsel for StormsMedia regarding whether Perkins was holding proceeds from the sale of digital tokens, which communications speak for themselves; denies that Perkins informed counsel for StormsMedia that there were sufficient funds in the "escrow" to rescind and buy back StormsMedia's tokens; and denies the other allegations of paragraph 55 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

56. Admits that Perkins' general counsel had various communications with attorneys purporting to represent purchasers of digital tokens marketed by Cryptonomos, which communications speak for themselves, but otherwise denies the allegations in paragraph 56.

57. Denies the allegations of paragraph 57 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

58. Denies the allegations of paragraph 58 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 28    Filed 01/13/21    Entered 01/13/21 16:50:13    Pg 10 of 22

59. Denies the allegations of paragraph 59 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

60. Denies the allegations of paragraph 60 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

61. Admits that Perkins had communications with a Katrina Grant in her capacity as legal counsel to Cryptonomos regarding the possibility that digital tokens for data center capacity would be treated as securities, denies that Perkins agreed to serve as the "Escrow holder for the Giga Watt Project," and otherwise denies the allegations of paragraph 61 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

62. Denies that all of the proceeds of sales of digital tokens went to Giga Watt Pte., Ltd., and denies the other allegations of paragraph 62 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

63. Denies the allegations of paragraph 63 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

64. Denies the allegations of paragraph 64 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

65. Denies the allegations of paragraph 65 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

66. Denies the allegations of paragraph 66 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 11

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## II.     FIRST CLAIM FOR RELIEF

67.     Realleges and incorporates by reference its answers to paragraphs 1-66, *supra*.

68.     Denies the allegations of paragraph 68.

69.     Admits that Perkins had certain communications with a Katrina Grant in her capacity as counsel to Cryptonomos, which communications speak for themselves, but otherwise denies the allegations of paragraph 69.

70.     Admits that Perkins had certain communications with a Katrina Grant in her capacity as counsel to Cryptonomos, which communications speak for themselves, but otherwise denies the allegations of paragraph 70.

71.     Denies the allegations of paragraph 71.

72.     Paragraph 72 states legal conclusions which need not be admitted or denied but, to the extent any response is required, Perkins denies the allegations of paragraph 72.

73.     Admits that Perkins advised Cryptonomos regarding the risk that the sale of digital tokens would be characterized as the sale of securities, but otherwise denies the allegations of paragraph 73.

74.     Denies that Giga Watt has been named as a defendant in two putative class actions for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof, and otherwise denies the allegations of paragraph 74.

75.     Denies the allegations of paragraph 75.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 12

Byrnes ◆ Keller ◆ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 28    Filed 01/13/21    Entered 01/13/21 16:50:13    Pg 12 of 22

### III.    SECOND CLAIM FOR RELIEF

76.    Realleges and incorporates by reference its answers to paragraphs 1-75, *supra*.

77.    Denies the allegations of paragraph 77.

78.    Denies the allegations of paragraph 78.

79.    Denies the allegations of paragraph 79.

80.    Denies the allegations of paragraph 80.

81.    Denies the allegations of paragraph 81.

82.    Denies the allegations of paragraph 82.

### IV.    THIRD CLAIM FOR RELIEF

83.    Realleges and incorporates by reference its answers to paragraphs 1-82, *supra*.

84.    Denies the allegations of paragraph 84.

85.    Denies the allegations of paragraph 85.

86.    Denies the allegations of paragraph 86 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

### V.    FOURTH CLAIM FOR RELIEF

87.    Realleges and incorporates by reference its answers to paragraphs 1-86, *supra*.

88.    Denies the allegations of paragraph 88 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 28    Filed 01/13/21    Entered 01/13/21 16:50:13    Pg 13 of 22

89.     Admits that Kuzenny approved and directed disbursements out of Perkins' IOLTA Trust Account, but otherwise denies the allegations of paragraph 89.

90.     Denies the allegations of paragraph 90.

## VI.     **AFFIRMATIVE DEFENSES**

By way of further answer, and as affirmative defenses, Perkins hereby alleges as follows:

1.      Failure to State a Claim.  The Complaint, in whole or in part, fails to state a claim against Perkins upon which relief can be granted.

2.      Offset.  Perkins does not believe that the Amended Complaint accurately states the facts and legal principles applicable to the parties and claims asserted. However, if the allegations of the Amended Complaint are accurate, then, under the principles and facts alleged in the Amended Complaint, the plaintiff is liable to Perkins for any damages caused to Perkins by Giga Watt Pte., Ltd.'s conduct, in the course of the "Giga Watt Project" in which plaintiff was a "partner" with Giga Watt Pte., Ltd.  In particular, if Giga Watt Pte., Ltd., wrongfully instructed Perkins to disburse funds from its IOLTA Trust Account, then as Giga Watt Pte., Ltd.'s partner, plaintiff is liable to Perkins for any and all damages incurred by Perkins as a result of following the instructions of Giga Watt Pte., Ltd.  With regard to disbursements from the "escrow" account, Perkins would also note that plaintiff was in a far better position than Perkins to know whether any such disbursements were unwarranted or "misappropriations" given the state of construction efforts as plaintiff's facilities in Wenatchee.  Accordingly, Perkins is entitled to offset against any recovery by

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

plaintiff, all amounts that Perkins allegedly wrongfully disbursed as a result of Perkins following the directions of plaintiff's "partner," Giga Watt Pte., Ltd. In addition, and regardless of any theories of liability asserted in the Complaint and/or described above, Perkins is entitled to an offset of the amount of any and all funds received by plaintiff relating to the "Giga Watt Project" and/or to token sales that originated from Perkins' IOLTA Account or any distribution from that account. The offset to which Perkins is entitled should, at minimum, include the over $10 million "wrongfully" accepted and/or "converted" by plaintiff from the "escrow," and should also include all disbursements of the proceeds of token sales those entities and individuals whose conduct is imputed to plaintiff.

3.    <u>Standing/Real Party in Interest</u>.  The plaintiff lacks standing to enforce the terms of the alleged "escrow" agreement, and is not the real party in interest regarding any "escrowed" funds.  The plaintiff is neither a party to, nor the intended beneficiary of, any such "escrow" or of any legal services provided by Perkins regarding the digital tokens.

4.    <u>Noncollectibility</u>.  Perkins' conduct was not the cause of any damage to plaintiff for liability for securities claims, misappropriation for "escrowed" funds, or for other such liabilities alleged in the Amended Complaint, because plaintiff has not paid any such liabilities and will not pay any such liabilities because they are uncollectible as against plaintiff.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 15

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 28    Filed 01/13/21    Entered 01/13/21 16:50:13    Pg 15 of 22

5.    <u>Allocation of Fault</u>.  Plaintiff's losses and/or damages, if any, were caused in whole or in part by its own (or its representatives' and/or partners') comparative fault and/or fault on the part of other parties and non-parties.  Pursuant to RCW 4.22, any non-parties will be identified following relevant discovery but, at a minimum, any fault should be allocated to plaintiff, Giga Watt Pte., Ltd., Andrey Kuzenny, Katrina Grant, Dave Carlson, and other persons identified in the Complaint and/or in the "White Paper" attached to the Complaint.  Any fault on the part of Perkins must, therefore, be reduced in proportion to the fault of other parties and non-parties.

6.    <u>Intentionally Caused Harm.</u>  Plaintiff's injuries and damages, in whole or in part, were caused by the intentional culpable conduct of others, including but not limited to plaintiff's representatives, plaintiff's "partners" and their representatives, and/or other parties and non-parties.  Damages caused by intentional tortfeasors cannot be mixed with or recovered from negligent or "at fault" actors.  Accordingly, all damages of plaintiff caused by the intentional conduct of others, including the intentional conduct of any parties and non-parties, must be segregated and may not be apportioned to any "at fault" parties such as Perkins.

7.    <u>Account Stated</u>.  Some or all of plaintiff's alleged damages are barred or must be reduced under the doctrine of account stated.  In particular, as Giga Watt Pte., Ltd.'s alleged partner, plaintiff was entitled to obtain information from Giga Watt Pte., Ltd. regarding disbursements from Perkins' IOLTA account.  Plaintiff therefore knew

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 16

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

or should have known about the disbursements that were made at the time they were made and, having failed to timely obtain the information it now relies on and stop the alleged improper disbursement of funds, its claims are now barred or must be reduced under the doctrine of account stated.

8.    <u>Superseding Cause</u>.  Plaintiff was in the best position to know the status of the "Giga Watt Project" and to monitor and control its "partner" and the various individuals representing plaintiff and its partner.  However, plaintiff failed to appropriately monitor or exercise the controls available to it.  Plaintiff's own actions and inactions were the cause of its alleged injuries and damages and superseded any other causes.

9.    <u>Statute of Limitations</u>.  The claims asserted by plaintiff are time-barred in whole or in part under applicable statutes of limitations.

10.    <u>In Pari Delicto</u>.  Plaintiff, through its counsel, has stated that a group of Russians, using a variety of aliases, devised the "Giga Watt Project" as a fraudulent scheme or conspiracy; that many of those same Russians owned and controlled the plaintiff up to the filing of bankruptcy and the appointment of a Trustee; and that the Russians used the plaintiff as an integral part of their unlawful scheme.  By virtue of its participation in the alleged wrongs, whether directly, by imputation, or otherwise, plaintiff is barred from seeking or recovering damages caused by the alleged wrongful scheme and conduct.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 17

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC    Doc 28    Filed 01/13/21    Entered 01/13/21 16:50:13    Pg 17 of 22

11. <u>Estoppel</u>. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel. Plaintiff, more than any other person or entity, had knowledge regarding the status of capacity being built at its facilities in Wenatchee. To the extent that plaintiff received the proceeds of token sales—either as direct disbursements from Perkins, or as "loans" from Giga Watt Pte., Ltd., or in some other manner—and chose to keep or use such funds knowing that insufficient capacity existed to justify their release from "escrow," then plaintiff should be estopped from claiming it is damaged by the release of such funds from "escrow." In this regard, if the allegations in the Amended Complaint are accurate and correct, then the knowledge of plaintiff's other "partners" and their principals and representatives are imputed to plaintiff.

12. <u>Failure to Mitigate</u>. Plaintiff has failed to take reasonable steps to mitigate its alleged damages. For example, rather than defending any theoretical or alleged liability on its part, plaintiff has instead created theories of its own liability in order to allege the claims herein, not to reimburse the victims of the alleged scheme, but to create a fund to pay the Trustee and its representatives. This is improper and, among other things, constitutes a failure to mitigate.

13. <u>Lack of Jurisdiction/Improper Venue</u>. Plaintiff's claims against Perkins must be tried to a jury before an Article III judge. Accordingly, jurisdiction and "venue" in bankruptcy court is improper. In addition, and alternatively, plaintiff alleges that it is a party to a contract which specifies the venue for any dispute regarding the token purchases is in Singapore.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 18

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

14. <u>Preemption.</u> Plaintiff's claims may be preempted and/or barred, in whole or in part, under applicable federal law.

15. <u>Unclean Hands.</u> Plaintiff has acted inequitably and should be barred from seeking or obtaining any equitable remedies.

16. <u>Assumption of Risk</u>. Plaintiff assumed the risks of the "Giga Watt Project," including any risks of misconduct or impropriety by its "partners" and their agents and representatives.

17. <u>Illegality</u>. Plaintiff participated in and has accepted the benefits of a scheme that plaintiff itself now claims was unlawful and/or illegal. Accordingly, plaintiff cannot now enforce any part of such unlawful scheme, including but not limited to any alleged "escrow" agreement, "White Paper," or other express or implied agreement that was part of the scheme. Instead, plaintiff has no remedy, and its claims should be barred and/or its alleged damages reduced accordingly.

18. <u>Imputation</u>. By law, the acts and conduct of plaintiff's agents and representatives, as well as its "partners" and their agents and representatives, including all disbursements of the proceeds of token sales, are imputed to plaintiff. Plaintiff's claims are therefore barred and/or its alleged damages must be reduced accordingly.

19. <u>Arbitration</u>. Under the facts and theories alleged in the Amended Complaint, plaintiff claims that it is a party to a contract which broadly provides that any dispute regarding token purchases and the incorporated "escrow" will be

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 19

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

arbitrated before the Singapore International Arbitration Centre in Singapore. Perkins does not waive the right to demand such arbitration by filing this Answer and Affirmative Defenses.

20. <u>Lack of Personal Jurisdiction</u>. This Court lacks personal jurisdiction over Lowell Ness.

## VII. <u>JURY DEMAND</u>

Perkins hereby demands a trial by jury on all claims so triable.

## VIII. <u>PRAYER FOR RELIEF</u>

Accordingly, having fully answered the Amended Complaint, Perkins Coie LLP and Lowell Ness hereby request that the Court grant them the following relief:

A. That all claims asserted against them in the Amended Complaint be dismissed with prejudice;

B. That plaintiff recovers nothing from Perkins Coie or Lowell Ness on the claims asserted in the Amended Complaint;

C. That Perkins Coie and/or Lowell Ness recover from plaintiff their reasonable costs and fees incurred in defending the claims asserted in the Amended Complaint; and

D. Such other legal or equitable relief as Perkins Coie and/or Lowell Ness may prove entitlement to or which the Court deems appropriate and just.

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 20

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

DATED this 13th day of January, 2021.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell, Jr.
    Ralph E. Cromwell, Jr., WSBA #11784
By /s/ Jofrey M. McWilliam
    Jofrey M. McWilliam, WSBA #28441
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: bkeller@byrneskeller.com
        rcromwell@byrneskeller.com
        jmcwilliam@byrneskeller.com
*Attorneys for Perkins Coie LLP and Lowell Ness*

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 21

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 28    Filed 01/13/21    Entered 01/13/21 16:50:13    Pg 21 of 22

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
VERIFIED COMPLAINT - 22