Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
   *Counsel for the Chapter 7 Trustee, Plaintiff*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7 |
| MARK D. WALDRON, AS CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>PERKINS COIE LLP, *et. al*,<br><br>Defendants. | Adv. Pro. No. 20-80031-FPC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE PURSUANT TO 28 U.S.C. § 157** |

Plaintiff's Opposition to Motion for Order Granting Withdrawal of the District Court's Reference, etc.

# TABLE OF CONTENTS

I. BACKGROUND ........................................................................................... 1

II. POINTS AND AUTHORITIES ................................................................. 5

    A. The Trustee's Claims Are Not Subject to the Seventh Amendment ....... 6

    B. Perkins Coie Has Submitted to the Bankruptcy Court's Equitable Jurisdiction ................................................................................................ 9

    C. Any Right to a Jury Trial Would Not Trigger Automatic Withdrawal .. 11

    D. Under the Circumstances, There Is No Cause to Withdraw the Reference .................................................................................................. 12

        1. The TH Class Action Should Be Referred to the Bankruptcy Court ..................................................................................................... 13

III. CONCLUSION ........................................................................................ 14

i

Plaintiff's Opposition to Motion for Order Granting Withdrawal of the District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 2 of 18

# **TABLE OF AUTHORITIES**

### CASES

*Ahcom, Ltd. v. Smeding,* 623 F.3d 1248 (9th Cir. 2010) .......................................... 12

*Budsberg v. Spice,* 2017 WL 3895701 (W.D. Wash. 2017).................................... 6

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558,
    110 S.Ct. 1339, 108 L.Ed.2d 519 (1990)........................................................ 8

*Container Recycling Alliance v. Lassman,* 359 B.R. 358
    (Bankr. D. Mass. 2007)................................................................................. 10

*Granfinanciera S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782,
    106 L.Ed.2d 26 (1989)................................................................................... 7

*In re Automotive Professionals, Inc.,* 389 B.R. 621(Bankr. N.D. Ill., 2008) ........ 10

*In re Canter,* 299 F.3d 1150 (9th Cir., 2002) ....................................................... 13

*In re CIS Corp.*, 188 B.R. 873 (S.D.N.Y. 1995) ..................................................... 6

*In re Commercial Fin. Services Inc. v. Jones (In re Commercial Fin.
    Services, Inc.)*, 251 B.R. 397 (Bankr. N.D. Okla. 2000) .............................. 9, 10

*In re Dwek,* 2010 WL 2545174 (D. N.J., 2010) .................................................... 12

*In re Fietz*, 852 F.2d 455 (9th Cir. 1988) ............................................................... 5

*In re Healthcentral.com,* 504 F.3d 775 (9th Cir. 2007)........................................ 11

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2nd Cir. 1993)........................................ 6

*In re Pruitt*, 910 F.2d 1160 (3rd Cir. 1990).............................................................. 6

*In re Washington Manufacturing Co.*, 133 B.R. 113 (Bankr. M.D. Tenn. 1991) . 11

*Koch Refining v. Farmers Union Cent. Exchange, Inc.*,
    831 F.2d 1339 (7th Cir. 1987) ......................................................................... 12

*Langenkamp v. Culp*, 498 U.S. 42 (1990) ............................................................. 9

ii
Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 3 of 18

*Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984).................................................. 5

*SEC v. Cavanagh,* 445 F.3d 105 (2nd Cir. 2006) ................................................. 8, 9

*Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen, & Helpers,*
    124 F.3d 999 (9th Cir. 1997) ...................................................................... 6

*Simler v. Conner,* 372 U.S. 221 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) ..................... 7

*Tanzi v. Shulkin,* 2006 WL 2927660 (W.D. Wash., 2006)........................................ 9

*Veys v. Riske,* 2007 WL 4246172 (W.D. Wash., 2007).......................................... 12

## STATUTES

28 U.S.C. § 1334.................................................................................................... 5

28 U.S.C. § 157............................................................................................. 4, 5, 6, 9, 11

## RULES

F.R.C.P. 8(c)(2)..................................................................................................... 10

LCivR 83.5(a) ........................................................................................................ 5

## SECONDARY AUTHORITIES

2 J. Story, Commentaries on Equity Jurisprudence § 960 (13th ed 1886).............. 7

3 William Blackstone, *Commentaries on the Laws of England* 431
    (photo. reprint 1992) (1768) .................................................................... 8

Bogert & Bogert, *The Law of Trusts and Trustees* § 862........................................ 8

Stewart E. Sterk, *Asset Protection Trusts: Trust Law's Race to the Bottom?,*
    85 Cornell L.Rev. 1035 (2000) .................................................................. 8

*Third Restatement of Trusts* § 95 cmt. b................................................................. 8

iii

Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 4 of 18

Mark D. Waldron, in his capacity as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") hereby respectfully submit his opposition (the "Opposition") to the *Motion for Order Granting Withdrawal of the District Court's Reference, etc.* (the "Motion") [AP Doc 27], filed by Perkins Coie, LLP and Lowell Ness (collectively, "Perkins Coie").

## I. BACKGROUND

Giga Watt, Inc. ("Giga Watt") commenced this case (the "Bankruptcy Case") on November 19, 2018, through the filing of a voluntary petition for relief (the "Petition") pursuant to 28 U.S.C. §§ 101 to 1532 (the "Bankruptcy Code").

The Court approved Mark Waldron's appointment as Chapter 11 Trustee on January 24, 2019. [Main Case ECF No. 146.]

On February 19, 2019, Andrey Kuzenny ("Kuzenny"), a defendant, herein, filed his proof of claim assigned Claim No. 133 seeking payment on a general unsecured basis in the amount of $2,014,593.85. Mr. Kuzenny also signed the Petition and the Schedules of Assets and Liabilities and Statement of Financial Affairs, which were inaccurate and incomplete.

On February 19, 2019, Giga Watt Pte. Ltd. ("GW Singapore") filed its proof of claim, assigned Claim No. 135, alleging that Giga Watt, the debtor herein, is indebted to GW Singapore in the amount of $26,887,859.79 for a loan that GW Singapore provided to Giga Watt. GW Singapore intended to raise capital from an Initial Coin Offering (the "ICO") that it conducted in 2017 and to lend that money

1

Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 5 of 18

to Giga Watt at 10% annual, simple interest. No payments were due until December 31, 2020.

Under this arrangement, GW Singapore would not have to lend its own money to Giga Watt. Instead, it would lend the ICO proceeds to Giga Watt. If Giga Watt sold the facilities for more than the debt, then the profit would inure to Giga Watt's shareholders. As alleged in the Complaint, Perkins Coie served as the escrow for the ICO and was charged with holding the token sale proceeds until Giga Watt had built the requisite power.

On September 30, 2020, the case converted from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code. [Main Case ECF No. 744.] Mr. Waldron was appointed Chapter 7 Trustee pursuant to the *Appointment of Trustee*, dated September 30, 2020. [Main Case ECF No. 745.]

On November 18, 2020, the Trustee commenced the above-captioned adversary proceeding by filing a complaint against Perkins Coie for breach of its fiduciary duty Giga Watt and aiding and abetting GW Singapore's breach of fiduciary duty to Giga Watt. Perkins Coie breached its fiduciary duty and aided and abetted GW Singapore's breach of fiduciary duty by allowing Andrey Kuzenny and/or GW Singapore to misappropriate approximately $10.8 million from the escrow that Perkins Coie was holding in trust for the benefit of the Giga Watt Project.

2
Plaintiff's Opposition to Motion for Order Granting Withdrawal of the District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 6 of 18

On December 15, 2020, Jun Dam, representing a purported class of token holders, filed a complaint against Perkins Coie in the United States District Court for the Eastern District of Washington, Case No. 2:20-cv-00464 (the "<u>TH Class Action</u>"). As stated on the record at the Status Conference held on January 12, 2021, the plaintiffs in that case intend to file a motion to refer the TH Class Action to the Bankruptcy Court. In the above-captioned bankruptcy case, Jun Dam and the purported token holder class members have asserted claims case arising from their purchase of tokens in the ICO. The same is true in the TH Class Action where they are suing Perkins Coie for treating the ICO escrow as if it were a client trust account and for allowing GW Singapore and/or Kuzenny to misappropriate half the token proceeds raised in the ICO.

In the TH Class Action and the proofs of claim, the token holders are asserting claims against both Giga Watt and Perkins Coie for claims arising from their purchase of tokens. As such they seek damages arising from the failure of the Giga Watt Project and the failure of the escrow. These two failures are inextricably intertwined as the failure of the escrow led inexorably to Giga Watt's failure.

On the evening before the Trustee's deadline to submit this Opposition, Perkins Coie filed a late Answer which aims to take the offensive. The Answer alleges that Giga Watt was in a better position than Perkins Coie to know whether or not Perkins Coie should release funds. This is rich given that Perkins Coie refused to give any information to either Giga Watt or the Trustee about the escrow

3
Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 7 of 18

until the Court issued a Protective Order. Besides, when GW Singapore directed Perkins Coie to send escrow funds to Giga Watt, the transfers matched the amount of power that Giga Watt had. Notwithstanding, Perkins Coie also affirmatively alleges:

> *[T]he plaintiff is liable to Perkins for any damages* caused to Perkins by Giga Watt Pte., Ltd.'s conduct . . . In particular, if Giga Watt Pte., Ltd., wrongfully instructed Perkins to disburse funds from its IOLTA Trust Account, then as Giga Watt Pte., Ltd.'s partner, *plaintiff is liable to Perkins for any and all damages incurred by Perkins as a result of following the instructions of Giga Watt. Pte. Ld.*

Answer, ¶ 2, p. 14, lines 14-21. As set forth below, Perkins Coie's affirmative demand subjects Perkins Coie to the equitable jurisdiction of the Bankruptcy Court and forfeits any right to a jury trial that Perkins Coie may have had. Further, by asking for damages arising from the facts alleged in the Complaint, Perkins Coie invoked the core jurisdiction of this Court. 28 U.S.C. § 157(b)(2)(B).

In its Answer, Perkins Coie also raises the core issue of how the estate has been administered, alleging:

> [R]ather than defending any theoretical or alleged liability on its part, plaintiff has instead created theories of its own liability in order to allege the claims herein, not to reimburse the victims of the alleged scheme, but to create a fund to pay the Trustee and its representatives. This is improper.

Answer, para. 12, lines 13-19. The Bankruptcy Court has core jurisdiction over how the Trustee and his representatives have administered the estate. 28 U.S.C. § 157(b)(2)(A).

4

Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 8 of 18

The Answer also raises potentially dispositive legal defenses, such as failure to state a claim and lack of standing. These defenses could dispose of the case without any trial, as set forth below.

## II. POINTS AND AUTHORITIES

District courts have original jurisdiction of "all civil proceedings arising under title 11 of the United States Code or arising in or related to cases under title 11 of the United States Code. 28 U.S.C. § 1334(b). In the Ninth Circuit, a proceeding is related to a case under Title 11 if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (emphasis in original) ). Upon the filing of the Complaint, this Court had related to jurisdiction over the Complaint. However, the Answer raises claims that arise in the Bankruptcy Case, including Perkins' asserted claims against the estate and its allegation of mismanagement of the estate's resources by the Trustee. Therefore, the adversary proceeding is core.

Pursuant to 28 U.S.C. § 157(a), the United States District Court for the Eastern District of Washington has referred all bankruptcy cases filed in the district

[*This Opposition continues on the next page.*]

5
Plaintiff's Opposition to Motion for Order Granting Withdrawal of the District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 9 of 18

to the Bankruptcy Court. *See* LCivR 83.5(a). However, 28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*. . . .

28 U.S.C. § 157(d). (Emphasis added.) Perkins Coie, as movant, bears the burden of establishing cause. *Budsberg v. Spice,* 2017 WL 3895701, at *2 (Bankr. W.D. Wash. 2017). *See also In re Pruitt*, 910 F.2d 1160, 1168 (3rd Cir. 1990) ("[T]he statute requires in clear terms that cause be shown before the reference can be withdrawn."). The withdrawal statute is narrowly construed, so as not to provide an "escape hatch" from the bankruptcy court. *In re CIS Corp.*, 188 B.R. 873, 877 (S.D.N.Y. 1995).

In determining whether cause exists to withdraw the reference, courts consider a variety of factors, including "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen, & Helpers,* 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993)).

**A.      The Trustee's Claims Are Not Subject to the Seventh Amendment**

Perkins Coie argues that it is entitled to a jury trial and that this right establishes cause to withdraw the reference. Federal law determines whether a party is entitled to a jury trial, regardless of whether the cause of action is created

6

Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

by state or federal law. *Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). The leading case on the question is *Granfinanciera S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), where the Supreme Court held:

> The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ...." We have consistently interpreted the phrase "Suits at common law" to refer to "suits in which legal rights were to be ascertained and determined, in contradistinction to those *where equitable rights alone were recognized, and equitable remedies were administered.*" Parsons v. Bedford, 3 Pet. 433, 447, 7 L.Ed. 732 (1830). Although "the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791," the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty. *Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).
>
> The form of our analysis is familiar. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v. United States,* 481 U.S. 412, 417–418, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987) (citations omitted). The second stage of this analysis is more important than the first. *Id.,* at 421.

*Granfinanceria,* 492 U.S. at 40–42. (Emphasis added.) Perkins Coie, which bears the burden of proof on withdrawal, has not cited any case to the effect that an action of this sort could have been brought at law in England in 1791.

Indeed, both the action and the remedy for breach of fiduciary duty arising from a trust were equitable matters in 1791 England. The Supreme Court has

7
Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

recognized that an action by a trust beneficiary against a trustee for breach of fiduciary duty was historically within the exclusive jurisdiction of courts of equity, sitting without juries. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 567, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990), citing 2 J. Story, Commentaries on Equity Jurisprudence § 960 (13th ed 1886).

The Supreme Court in *Terry* noted that damages awarded to beneficiaries for a trustee's breach of trust "were available only in courts of equity because those courts had exclusive jurisdiction over actions involving a trustee's breach of his fiduciary duties." *Id.*, 494 U.S. at 571 n. 8, 110 S.Ct. 1339. *See also Third Restatement of Trusts* § 95 cmt. b ("If a breach of trust causes a loss, including any failure to realize income, capital gain, or appreciation that would have resulted from proper administration, the beneficiaries are entitled to restitution and may have the trustee surcharged for the amount necessary to compensate fully for the consequences of the breach."); Bogert & Bogert, *The Law of Trusts and Trustees* § 862 ("For a breach of trust the trustee may be directed by the court to pay damages to the beneficiary out of the trustee's own funds, either in a suit brought for that purpose or on an accounting where the trustee is surcharged beyond the amount of his admitted liability.").

These observations should come as no surprise. Trusts were within the exclusive province of the courts of equity because courts of law refused to recognize them at all. *SEC v. Cavanagh,* 445 F.3d 105, 118–19 (2nd Cir. 2006)

8

Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 12 of 18

(citing 3 William Blackstone, *Commentaries on the Laws of England* 431 (photo. reprint 1992) (1768)); *Cavanaugh,* at 119 n. 31(citing Stewart E. Sterk, *Asset Protection Trusts: Trust Law's Race to the Bottom?,* 85 Cornell L.Rev. 1035, 1040–42 (2000)).

Under these authorities, Perkins Coie has no right to a jury trial on the Trustee's claims.

**B.    Perkins Coie Has Submitted to the Bankruptcy Court's Equitable Jurisdiction**

In *Langenkamp v. Culp*, 498 U.S. 42 (1990), the U.S. Supreme Court held that creditors who file claims against the bankruptcy estate have no Seventh Amendment right to a jury trial because, by filing a claim, the creditors submit themselves to the equitable jurisdiction of the bankruptcy court. *Id.* at 45. *Cf. Tanzi v. Shulkin,* 2006 WL 2927660, at *3 (Bankr. W.D. Wash., 2006) (debtor who files bankruptcy waives jury trial). In *In re Commercial Fin. Services Inc. v. Jones (In re Commercial Fin. Services, Inc.)*, 251 B.R. 397 (Bankr. N.D. Okla. 2000), the court denied a motion to withdraw the reference where defendant filed an answer to the debtor's complaint with an affirmative defense asserting that the defendant "may be owed money by [plaintiff] which may be set-off or recouped against any amount that he may owe to [plaintiff]." *Id.* The court in *Commercial Fin. Services* held that "the assertion of setoff, whether as a defense or as a counterclaim, clearly

9
Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 13 of 18

invokes the claims allowance process." *Id.*, 251 B.R. at 406. The claims allowance process is core. 28 U.S.C. § 157(b)(2)(B).

In its late-filed Answer, Perkins Coie asserts claims against the estate. Namely, it seeks to recover from the estate "*any and all damages* incurred by Perkins as a result of following the instructions of Giga Watt. Pte. Ltd." Answer, p. 14, ¶ 2, lines 20-21. (Emphasis added.) This is a claim for relief against the bankruptcy estate even though Perkins Coie characterizes it as a mere defense. In *Commercial Fin. Services*, the Court rejected the defendant's argument that by asserting setoff as a defense, it was not actually seeking to recover from the estate but merely seeking to reduce the amount it would have to pay to the estate:

> This Court fails to see a distinction between obtaining something of value from the estate by filing a claim and obtaining something of value from the estate, i.e., discharge of all or a portion of a debt to [the debtor] by asserting setoff as a defense. In both cases, the estate may be diminished and [the creditor] may be enriched.

*Id.,* 251 B.R. at 407. *See also In re Automotive Professionals, Inc.,* 389 B.R. 621, 629–30 (Bankr. N.D. Ill., 2008) (Courts "look past the technical title of a defense . . . and instead focus on the actual substance of the pleading to determine whether it is a claim against the bankruptcy estate."); *Container Recycling Alliance v. Lassman,* 359 B.R. 358, 365 (Bankr. D. Mass. 2007) ("[r]egardless of the disguise under which a claim is asserted . . . , the Court must look to the substance of the assertion to determine whether the claims allowance process has been invoked.") (citations omitted). This approach is consistent with Rule 8(c) of the Federal Rules
10

Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 14 of 18

of Civil Procedure, made applicable to this case by Rule 7008 of the Federal Rules of Bankruptcy Procedure. Rule 8(c)(2) states, "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." F.R.C.P. 8(c)(2).

Under the foregoing authorities and facts, by seeking "any and all damages" from the estate, Perkins Coie has triggered the claims allowance process, submitted to the equitable jurisdiction of this court, and waived the right to a jury trial. The claims allowance process is core. 28 U.S.C. § 157(b)(2)(B).

## C. Any Right to a Jury Trial Would Not Trigger Automatic Withdrawal

Even if Perkins Coie had a right to a jury trial, which it does not, that right would not require automatic withdrawal of the reference. *See In re Healthcentral.com,* 504 F.3d 775, 778 (9th Cir. 2007) ("A valid right to a Seventh Amendment jury trial in the district court does not mean . . . that the action must be transferred to the district court. Instead, we hold, the bankruptcy court may retain jurisdiction over the action for pre-trial matters."). *See also In re Washington Manufacturing Co.*, 133 B.R. 113, 119 (Bankr. M.D. Tenn. 1991) (Motion to withdraw reference is premature when the bankruptcy court is thoroughly familiar with the case and the issues triable by jury are not ready for trial.). Indeed, district courts "allow[ ] the bankruptcy court to retain jurisdiction over the action until trial is actually ready." *Healthcentral.com,* 504 F.3d at *9. *Accord Veys v. Riske,* 2007

11

Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 15 of 18

WL 4246172, at *3 (W.D. Wash., 2007). *See also In re Dwek,* 2010 WL 2545174, at *4 (D. N.J., 2010) ("[T]he Court rejects Defendants' argument that a jury demand is 'automatic cause' to withdraw the reference.").

**D.     Under the Circumstances, There Is No Cause to Withdraw the Reference**

This case is in its earliest stages. Perkins Coie treated the Rule 26(f) Conference as optional, demurred when asked to discuss its defenses and discovery plan, and ignored the response deadline. Further, the Answer, filed the evening before this Opposition was due, raises potentially dispositive defenses of failure to state a claim and lack of standing. These legal defenses would, if successful, avoid any trial.

Perkins Coie's lack-of-standing defense also illustrates how the Bankruptcy Court is better suited to resolve this proceeding. The defense implies that the Trustee's claims against Perkins Coie belong to the token holders. A trustee's standing raises complex bankruptcy issues. *Compare, Ahcom, Ltd. v. Smeding,* 623 F.3d 1248 (9th Cir. 2010) (trustee lacks standing to pierce the debtor's corporate veil) *with Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339 (7th Cir. 1987) (trustee has standing to pierce the debtor's corporate veil).

In this case, the escrow misappropriation directly damaged Giga Watt by hollowing out the escrow on which Giga Watt relied. The escrow was supposed to be Giga Watt's back stop in the event – as happened – that Giga Watt failed to

12

Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC     Doc 29     Filed 01/14/21     Entered 01/14/21 20:19:20     Pg 16 of 18

build out sufficient facilities to service all the tokens that GW Singapore was selling. The Bankruptcy Court is much better suited than another court to navigate and resolve these issues.

The Bankruptcy Court is also more familiar than any other forum with the circumstances described in the Complaint and partially admitted in the Answer. The Bankruptcy Court understands Giga Watt's business – given that the Trustee ran two of the debtor's facilities with the Bankruptcy Court's approval. The Bankruptcy Court has been briefed regarding the ICO and the tokens holders' claims – all of which are integral to the suit against Perkins Coie. This Court's familiarity with the facts, context, and issues makes it more efficient for this Court to keep the case. *See In re Canter,* 299 F.3d 1150, 1154 (9th Cir., 2002) (citing the bankruptcy court's greater familiarity with the facts in reversing district court's withdrawal of reference).

1. *The TH Class Action Should Be Referred to the Bankruptcy Court*

The plaintiffs in the TH Class Action are going to move to refer the TH Class Action to the Bankruptcy Court because the issues overlap substantially with those raised in this adversary proceeding. In particular, the TH Class Action raises the core issues of which token holders' claims are derivative of Giga Watt (i.e., the token holder suffered damages when Giga Watt collapsed as a result of Perkins Coie's failure to act as an escrow) or direct (i.e., the token holder's money and tokens were released before Giga Watt had the power). This in turn raises the core

13

Plaintiff's Opposition to Motion for
Order Granting Withdrawal of the
District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 17 of 18

issue of the automatic stay. To the extent a token holders' claim is derivative, it belongs to the estate. Any judgment on that claim would be void as violating the automatic stay provisions of section 362 of the Bankruptcy Code. Those issues should be decided by the Bankruptcy Court.

If the TH Class Action is not referred, then the District Court may find itself referring significant issues, such as standing, property of the estate, and the automatic stay, to the Bankruptcy Court. Thus, issues throughout the case would be litigated in piece meal with neither the Bankruptcy Court nor the District Court having the full picture or worse requiring both courts to immerse themselves in this proceeding throughout its duration.

### III. CONCLUSION

Wherefore, the Trustee respectfully request that the Court:

1. Deny the Motion in its entirety; and
2. Grant such other and further relief as the Court deems necessary and just.

Dated: January 14, 2021  POTOMAC LAW GROUP PLLC

By:    /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

14
Plaintiff's Opposition to Motion for Order Granting Withdrawal of the District Court's Reference, etc.

20-80031-FPC    Doc 29    Filed 01/14/21    Entered 01/14/21 20:19:20    Pg 18 of 18