JOHN D. MUNDING
MUNDING, P.S.
9425 N Nevada St., Ste 212
Spokane, WA 99218
(509) 624-6464
john@mundinglaw.com

*Attorneys for Defendants*
*Perkins Coie, LLP and Lowell Ness*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>**GIGA WATT, Inc., a Washington Corporation,**<br><br>Debtor. | Case No. 18-03197-FPC11<br>Chapter 11<br><br>Adversary Case No. 20-80031-FPC |
| **MARK D. WALDRON, as Chapter 7 Trustee;**<br><br>Plaintiff,<br><br>v.<br><br>**PERKINS COIE, LLP, a Washington limited liability partnership, LOWELL NESS, individual and California resident, GIGA WATT, PTE., LTD a Singapore corporation, and ANDREY KUZENNY, a citizen of the Russian Federation,**<br><br>Defendants. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE PURSUANT TO 28 U.S.C. § 157** |

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157

This case belongs in the district court. Perkins Coie is entitled to and has not waived its right to a jury trial. Under the Seventh Amendment, Perkins Coie has a constitutional right to trial by jury because both the issues to be tried and the relief sought are legal, not equitable. While the Trustee characterizes his claims as sounding in breach of fiduciary duty, in fact the claims are premised entirely upon an alleged escrow agreement that the Trustee claims Perkins implicitly agreed to and breached. The primary issue to be tried, therefore, is contractual, which presents a constitutionally protected right to trial by jury. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (claim for breach of contract is "quintessentially an action at law"). Moreover, the Trustee seeks money damages from Perkins, which are "of course, the classic form of *legal* relief." *Id*. (emphasis original). Calling the requested relief "restitution" does not change the outcome, where, as here, the money is no longer in the defendant's possession. *See id*. at 213-14. As such, the Trustee's claim is merely one for money damages – a remedy at law. *See id*. Accordingly, Perkins has a constitutional right to trial by jury. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

Nor has Perkins waived that right. Perkins has not asserted a creditor's claim in the bankruptcy, and, regardless of label, its defenses to the Trustee's claims do not seek affirmative relief and do not invoke the equitable jurisdiction of the bankruptcy court. Such defenses, while more properly characterized as "recoupment" rather than

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 1

20-80031-FPC    Doc 30    Filed 01/21/21    Entered 01/21/21 15:45:16    Pg 2 of 12

"setoff," in no way implicate the ratable distribution of assets among creditors and do not invoke the equitable jurisdiction of the bankruptcy court. *Newberry Corp. v. Fireman's Fund Ins. Co.,* 95 F.3d 1392, 1398-1400 (9th Cir. 1996); *In re Canopy Fin., Inc.,* 471 B.R. 218, 223 (N.D. Ill. 2012); *In re M & L Bus. Mach. Co.,* 178 B.R. 270, 272 (Bankr. D. Colo. 1995).

Accordingly, the reference should be withdrawn and the matter presided over by an Article III judge – i.e., the district court.

### A. Perkins Has a Constitutional Right to Trial by Jury.

The Seventh Amendment guarantees the right to trial by jury in "suits at common law," which refers to suits in which legal rights were to be determined, as opposed to those "where equitable rights *alone* were recognized, and equitable remedies administered." *Granfinanciera*, 492 U.S. at 41 (emphasis added). Trial by jury "is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). The test is two-pronged: first, the nature of the claims is compared to those of 18th-century England; second, and more importantly, the remedy sought is examined to determine whether it is legal or equitable. *Id.* Here, both prongs demonstrate the right to trial by jury: the claims at issue and the remedy sought are legal, not equitable.

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 2

20-80031-FPC    Doc 30    Filed 01/21/21    Entered 01/21/21 15:45:16    Pg 3 of 12

## 1. The Issues to Be Determined Are Legal, Not Equitable.

Without substantive (or any) analysis of the facts alleged or the governing legal principles, the Trustee argues that he is asserting claims for breach of (1) fiduciary duty and (2) aiding and abetting breach of fiduciary duty, and notes that "an action by a trust beneficiary against a trustee for breach of fiduciary duty" was historically equitable in nature. *See* ECF 29 at 7-8 (citing *Terry*, 494 U.S. at 567). Of course, not even the Trustee asserts the existence of a trust, that Perkins was a trustee, or that the debtor was a beneficiary of any trust. Rather, in his complaint, the Trustee alleges that Perkins was an escrow agent, that an escrow agreement existed, that Perkins implicitly agreed to be bound by the agreement, and that Perkins breached the disbursement instructions in the alleged agreement. The Trustee claims that the debtor, who was not a party to the alleged escrow, can step into the shoes of another party, GW Singapore, in order to enforce the alleged escrow agreement. The Trustee offers no analysis or discussion as to why an action against a trustee is analogous here, or how *Granfinanciera* or *Terry* could apply here to deny the right to trial by jury. They do not. Both in fact held that the issues to be decided in those cases were legal, not equitable, and upheld the right to jury trial.

In *Granfinanciera*, the debtor sued for fraudulent conveyance of cash. Fraudulent conveyance claims were often tried in courts of equity in 18th-century England, but where a claim involved cash, as opposed to real estate, the action was at

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 3

20-80031-FPC    Doc 30    Filed 01/21/21    Entered 01/21/21 15:45:16    Pg 4 of 12

law "for money had and received," which the Supreme Court held were legal actions "as available to the trustee today as they were in the English courts of long ago." 492 U.S. at 44. Here, likewise, the Trustee is seeking nothing more than the recovery of funds allegedly "had and received" by Perkins – which is an action at law. *See id*. Notably, moreover, *Granfinanciera* expressly concluded that under old English authorities, the primary remedy to recover wrongfully transferred cash was "an action at law against the transferee," not a claim in equity against the transferor. *See id*. at 44-45.

Even more so, the analysis and holding in *Terry* demonstrate that the nature of the action here is legal, not equitable. *Terry* holds that the Seventh Amendment analysis "depends on the nature of the *issue* to be tried rather than the character of the overall action." 494 U.S. at 569. Here, the primary issue is one of contract: whether an escrow agreement exists, what its terms are, and whether Perkins was bound by and breached them. Indeed, an escrow agent's duties are exclusively defined and limited by the escrow contract. *Denaxas v. Sandstone Court of Bellevue, LLC*, 63 P.3d 125, 129 (Wash. 2003). Accordingly, the law "does not impose a duty on escrow agents independent of the parties' instructions." *Proterra Dev. Ventures LLC v. First Am. Title Ins. Co.,* No. 47567-7-II, 2016 WL 3866099, at *4 (Wash. Ct. App. July 12, 2016) (citing *Denaxas*). Thus, where there is no breach of the escrow agreement, there is also no breach of the standard of care or fiduciary duty. *Denaxas*, 63 P.3d at

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 4

20-80031-FPC    Doc 30    Filed 01/21/21    Entered 01/21/21 15:45:16    Pg 5 of 12

130 (no breach of duty of care or fiduciary duty because plaintiff "cannot show that the Title Company breached a duty express or implied in the escrow instructions"). A claim for breach of contract is, in turn, "quintessentially an action at law" to be tried by jury. *Great-West*, 534 U.S. at 210. *See also Ross v. Bernhard*, 396 U.S. 531, 542 (1970).

### 2. The Relief Sought Is Legal, Not Equitable.

The Trustee seeks money damages from Perkins in the amount of the funds allegedly wrongfully disbursed and for the alleged loss of entity value of the debtor. A claim for money damages is "the classic form of *legal* relief." *Great-West Life*, 534 U.S. at 210. Put differently, and as *Granfinanciera* makes abundantly clear, an "action for *monetary* relief would not have sounded in equity 200 years ago in England." 492 U.S. at 43.

Calling the requested relief "restitution" does not change the outcome. A plaintiff can seek restitution *in equity*, only where the money or property (a) can be identified as belonging in good conscience to the plaintiff, and (b) remains in the defendant's possession. *Great-West Life*, 534 U.S. at 213. Thus, for example, an action for disgorgement might be considered equitable in nature. *Terry*, 494 U.S. at 570. However, where the money is no longer in the defendant's possession, the claim is merely one for money damages, which is a legal remedy. *Great-West Life*, 534 U.S. at 213-14. *See also Terry*, 494 U.S. at 570-71 (where "money damages" is sought

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 5

rather than disgorgement of money "wrongfully held," remedy is legal, not equitable); *GSA Employer's Welfare Trust Fund v. Kraus*, 333 F. Supp. 2d 1035, 1037-38 (D. Kan. 2004) (whether relief is legal or equitable "depends on the location of the disputed funds at the time of suit"; if the defendant "does not have possession of the disputed proceeds" the relief is legal, not equitable).

Here, the Trustee cannot show title to the money at issue and instead claims that it should have been held on behalf of the token purchasers. More importantly, since the money is no longer in the possession of Perkins, and the claim is for wrongful disbursement, the Trustee's claim is merely one for money damages – a remedy at law. *See Great-West Life*, 534 U.S. at 210-14.

In sum, because the nature of the issues to be tried and the relief sought are both legal in nature, Perkins is entitled to trial by jury.

### B. Perkins Has Not Waived Its Constitutional Right to Trial by Jury.

Again without analysis, the Trustee argues that because Perkins asserted a defense of "setoff," it thereby subjected itself to the equitable jurisdiction of the court and waived its constitutional right to trial by jury. A more careful look at Perkins' defenses, and the law, shows the Trustee's position to be without merit.

As an initial matter, it is undisputed that Perkins has not filed a creditor's claim in the bankruptcy. Nor has Perkins asserted any counterclaims in its Answer to the Trustees complaint. *See* ECF 28. Indeed, at the time it filed its Answer, the claims

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 6

20-80031-FPC    Doc 30    Filed 01/21/21    Entered 01/21/21 15:45:16    Pg 7 of 12

bar date had already passed.  Therefore, Perkins did not, and could not have, asserted any claims for affirmative relief against the estate.

Nor has Perkins requested any affirmative relief or judgment against the estate in any of its defenses.  Perkins has instead merely asserted defenses that arise from the same transaction as the Trustee's claims – i.e., the token sale and related escrow – that would reduce or extinguish the Trustee's claimed damages.  In particular, Perkins' Answer labels two theories of defense as a possible "setoff."  First, the debtor seems to allege that all of the money wrongfully disbursed from the "escrow" ended up in the debtor's possession – either directly from Perkins or as a "loan" or otherwise from GW Singapore.  *See* ECF 29 at 1:17-2:9.  If true, then the debtor has not been damaged by any wrongful disbursement and cannot recover from Perkins – for a second time – the money debtor previously received.  Second, the debtor alleges that it is liable under partnership law to the token purchasers for the torts allegedly committed by its "partner," GW Singapore, in wrongfully instructing Perkins to prematurely release "escrowed" funds.  The debtor claims it can recover from Perkins the amount of this alleged "liability."  However, if this reasoning is valid, then it is also (a) circular, in that the debtor would likewise be liable in partnership for the losses caused to Perkins, as the partnership's "agent," by those wrongful instructions (i.e., the debtor cannot recover the same losses it is deemed to have caused), and (b) mutual, in that the debtor would not only be charged with the burden of GW

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 7

20-80031-FPC    Doc 30    Filed 01/21/21    Entered 01/21/21 15:45:16    Pg 8 of 12

Singapore's alleged wrongful instructions, but would also be deemed to have benefited from the wrongful disbursements to the same extent as its "partner" GW Singapore.

Critically, these defenses seek no affirmative relief from the debtor but would merely reduce or extinguish the debtor's claim against Perkins. The same is true with regard to all of Perkins' defenses. Such defenses do not invoke the claims process or the equitable jurisdiction of the court and do not waive the right to a jury trial. *See, e.g., Container Recycling Alliance v. Lassman*, 359 B.R. 358, 362-65 (D. Mass. 2007) (although labeled as setoff, affirmative defense arose from same transaction as trustee's claim and merely sought to reduce amount of recovery by trustee, was more properly treated as defense of "recoupment," and did not invoke equitable jurisdiction of bankruptcy court or waive right to trial by jury). *Accord e.g., In re Canopy Fin.,* 471 B.R. at 223 (same); *In re M & L Bus.,* 178 B.R. at 272 (same); *In re Actrade Fin. Techs., LTD.*, No. 02-16212, 2010 WL 3386945, at *5 (Bankr. S.D.N.Y. Aug. 23, 2010) (same).

Thus, "when a setoff is raised only as an affirmative defense seeking to reduce, or extinguish, the original claim, the party asserting the claim does not invoke the bankruptcy court's equitable jurisdiction and retains the right to a jury trial." *In re Actrade Fin.,* 2010 WL 3386945, at *5. Some courts suggest such "setoff" defenses are more properly denominated as the defense of "recoupment," but that the "technical

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 8

20-80031-FPC    Doc 30    Filed 01/21/21    Entered 01/21/21 15:45:16    Pg 9 of 12

legal terminology does not necessarily reflect ordinary usage," even by lawyers. *Container Recycling*, 359 B.R. at 362-65. As such, it is the substance of the defense, not the technical label, that matters. *In re Canopy Fin.,* 471 B.R. at 223.

The Ninth Circuit likewise has held that a defense arising from the same transaction as that sued upon by the trustee, and which seeks merely to reduce the trustee's recovery, while more properly characterized as "recoupment" rather than a setoff, "does not violate the bankruptcy principle of ratable distribution of assets among a bankrupt debtor's creditors." *Newberry Corp.,* 95 F.3d at 1398-1400.

Here, all of Perkins' affirmative defenses arise from the same transaction the trustee is suing upon; all seek merely to reduce or extinguish the trustee's recovery; none seeks affirmative relief against the estate. Perkins did not invoke the equitable jurisdiction of the bankruptcy court or waive the right to trial by jury.

C.  **<u>Good Cause Exists to Withdraw the Reference.</u>**

The Trustee's assertion that Perkins' affirmative defense of lack of standing raises complex bankruptcy issues is without merit. The debtor's standing to "step into the shoes" of GW Singapore in order to sue Perkins turns on issues of state contract and partnership law, not bankruptcy principles. Critically, moreover, as noted in Perkins' Motion, a related class action by the token purchasers arising from the same facts, seeking the same damages, and asserting claims "at law" for breach of contract, is currently pending before this Court. *See* ECF 18 at 13-14. While the Trustee

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 9

asserts that the single purported class representative will seek to refer that case to the bankruptcy court, the plaintiff has not done so to date. The claim is a class action; neither the plaintiff nor the defendants are debtors in bankruptcy. The claim will involve significant questions related to class certification that are far outside the bankruptcy court's normal function. The plaintiff in that action has demanded trial by jury. Perkins will demand a jury trial in the class action as well.

Both this action and the class action may involve complex issues under the Federal Arbitration Act that are well outside of Title 11, and potentially involve foreign discovery from persons and entities in Singapore, and possibly Russia, requiring significant assistance from the court – assistance the district court is authorized, and can more directly and efficiently, provide.

In sum, due to the complex nature of the claims, multiple actions seeking the same damages, class action issues, the right to trial by jury in both actions, substantial issues of law outside of Title 11, and the convenient and efficient administration of the case, this Court should withdraw the reference of this matter from the bankruptcy court and the case should proceed before an Article III district court judge.

DATED THIS 21st day of January, 2021.

MUNDING, P.S.

*/s/ John D. Munding*
John D. Munding, WSBA No. 21734
Attorney for Defendants

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 10

20-80031-FPC    Doc 30    Filed 01/21/21    Entered 01/21/21 15:45:16    Pg 11 of 12

BYRNES KELLER CROMWELL LLP

*/s/ Bradley S. Keller*
Bradley S. Keller, WSBA No. 10665

*/s/ Ralph E. Cromwell, Jr.*
Ralph E. Cromwell, Jr., WSBA No. 11784

*/s/ Jofrey M. McWilliam*
Jofrey M. McWilliam, WSBA No. 28441

Attorneys for Defendants

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
GRANTING WITHDRAWAL OF THE DISTRICT COURT'S REFERENCE
PURSUANT TO 28 U.S.C. § 157 - 11

20-80031-FPC    Doc 30    Filed 01/21/21    Entered 01/21/21 15:45:16    Pg 12 of 12