Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

JOHN D. MUNDING
MUNDING, P.S.
9425 N Nevada St., Ste 212
Spokane, WA 99218
(509) 624-6464
john@mundinglaw.com

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GIGA WATT, INC., a Washington corporation,<br>                                  Debtor.<br><br>MARK D. WALDRON, as Chapter 7 Trustee,<br>                                  Plaintiff,<br><br>vs.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, individual and California resident; GIGA WATT PTE., LTD. a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation;<br>                                  Defendants<br><br>and<br><br>THE GIGA WATT PROJECT, a partnership,<br>                              Nominal defendant. | No. 18-03197-FPC11<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 7**<br><br>Adv. Case No. 20-80031<br><br>**RULE 26(f) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS** |

RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 31    Filed 01/28/21    Entered 01/28/21 11:48:37    Pg 1 of 8

On January 21, 2021, and again on January 22, 2021, the parties conducted a Rule 26(f) discovery conference. Counsel for the Trustee, for Perkins Coie and Lowell Ness (collectively "Perkins"), and for Andrew Kuzenny participated. In addition, counsel for putative class representative Jun Dam, who filed a class action against Perkins on behalf of token purchasers that is currently pending in the District Court, also participated.

Although counsel for Perkins Coie participated in good faith and attempted to objectively complete a joint report, Perkins Coie is left with no alternative but to object to the Rule 26(f) report proposed by the Trustee which is of the nature of a sur-reply brief. Perkins Coie hereby submits this separate Rule 26(f) report explaining that objection and providing the Court with Perkins' positions on the topics addressed by the parties in their Rule 26(f) conference.

### A. Objection by Perkins Coie and Lowell Ness to Trustee's 26(f) Report

At the time of the parties' conference on January 21, 2021, Perkins had not yet filed its Reply in support of its Motion to Withdraw the Reference, which addressed the right to jury trial in this matter. At that time, counsel for Perkins advised counsel for the Trustee that it disagreed with the Trustee's analysis in its opposition, as would be explained in the Reply. The Reply was filed later that same day. *See* ECF 30. Thus, when the parties continued the Rule 26(f) conference on January 22, 2021, the

RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 31    Filed 01/28/21    Entered 01/28/21 11:48:37    Pg 2 of 8

parties' respective positions on the right to jury trial were clear.  At the January 22 conference, the parties again briefly addressed the right to jury trial, confirming their respective positions as set forth in the briefing.  At that time, counsel for the Trustee stated that she would try to provide a draft Rule 26(f) report for everyone to review by Monday, January 25, 2021, and that it would include a statement about the right to jury trial.

On Wednesday, January 27, 2021, at approximately 3:00 p.m., a draft report was finally provided.  Rather than a short, objective synopsis of the parties' respective positions, the draft Rule 26(f) report provided by counsel for the Trustee instead included approximately eight pages of supplemental briefing and argument regarding the Trustee's position that defendants are not entitled to a jury.  The Trustees' draft report attempted (apparently) to justify this additional briefing by asserting that Perkins "demurred" to discussing the jury trial issue at the discovery conference.  In fact, Perkins made clear that it disagreed with the Trustee's position on the right to trial by jury for the reasons stated in Perkins' Reply brief and the parties then agreed to disagree (ECF 30).

Counsel for Perkins informed counsel for the Trustee that it objected to the inclusion of supplemental briefing in a joint Rule 26(f) report but that, if the Trustee removed the briefing, Perkins would work as best it could in the short time that was

RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 31    Filed 01/28/21    Entered 01/28/21 11:48:37    Pg 3 of 8

left to finalize and submit a joint report, and that if the Trustee did not agree, Perkins would submit its own report. The Trustee would only agree to remove the supplemental briefing in the report if Perkins agreed to undertake supplemental briefing on an agreed schedule addressing topics chosen by the Trustee. When Perkins informed the Trustee that the proper way to proceed was for the Trustee to move the Court for leave to submit additional briefing, allow Perkins a chance to respond, and let the Court decide whether it wanted further briefing, counsel for the Trustee responded that the parties should submit separate reports.

B. **Rule 26(f) Report**

1. **Discovery**

Perkins informed the other parties that it is currently researching and considering whether to file a motion to compel arbitration. It expects to have a decision in the next two to three weeks. If it decides to demand arbitration, it will promptly file a motion seeking to compel arbitration and for a stay of all proceedings pending arbitration. If the motion is denied, it may consider an interlocutory appeal pursuant to 9 U.S.C. § 16. Accordingly, it is unclear whether and to what extent discovery may be conducted in this matter.

2. **Initial Disclosures**

Perkins believes it has complied with the initial disclosure requirements of CR 26 by virtue of having produced all escrow-related documents to the Trustee last

RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 31    Filed 01/28/21    Entered 01/28/21 11:48:37    Pg 4 of 8

summer in connection with a Rule 2004 Order entered by this Court. Perkins does not intend to also produce documents related to the legal work it performed for Cryptonomous and Giga Watt Singapore given that none of the claims asserted herein are based on that legal work, and those documents are privileged. Counsel for the Trustee replied that she will move for an order compelling production. Perkins will oppose any such motion.

### 3. Jury Trial

The parties' respective positions on the right to trial by jury were briefed at length in the Motion to Withdraw the Reference. *See* ECF Nos. 18, 29, 30. Perkins incorporates that briefing by reference. If additional briefing is requested or granted by the Court, then it should be on a schedule that permits a full and fair response by Perkins.

### 4. Discovery Plan

Assuming arbitration is not ordered, Perkins agrees that some level of coordination on discovery is appropriate between the Trustee's action and the class action. Some discovery will pertain to both actions, but some discovery will relate only to one action or the other. There was discussion of noting all discovery in both actions and letting the parties decide on a case-by-case basis whether they wanted to participate.

RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 31    Filed 01/28/21    Entered 01/28/21 11:48:37    Pg 5 of 8

Regarding the timing of discovery, defendants accepted service of the class action on December 31, 2020, and have not yet answered. If discovery is going to be coordinated between the two actions, there needs to be a timetable that accommodates both cases. In addition, defendants are reluctant to initiate discovery prior to deciding whether to demand arbitration to avoid issues of waiver.

The parties discussed possible topics of discovery. Defendants believe that further time is needed to refine and particularize an actual discovery plan. In this regard, it is worth emphasizing that the Trustee has spent months and months investigating this matter. The other parties have not had nearly the time or opportunity to do so. If and when discovery may eventually move forward in this matter, Perkins believes that a minimum of 10-12 months will be necessary for fact discovery, given the scope and extent of the issues and the fact that multiple witnesses are in foreign countries and extensive, time-consuming foreign discovery will be required. Extensive expert discovery may also be required regarding cryptomining, the debtor's build-out and mining capacity, the token sale, and the duties and standard of care (or lack thereof) of the defendants, forensic accounting to determine to whom money was transferred, and damages issues, among other things. The parties discussed that it would make sense to report back to the Court in four months on the status of discovery.

RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 31    Filed 01/28/21    Entered 01/28/21 11:48:37    Pg 6 of 8

## 5. Mediation and Settlement Discussions

The parties discussed the possibility of settlement. Perkins believes that it lacks sufficient information at this point to have meaningful settlement discussions. Counsel for the class action in District Court suggested that discussions about the structure of a settlement might be helpful even if it is too early to discuss other aspects of a settlement. Perkins agreed to consider the possibility.

DATED this 28th day of January, 2021.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
   Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell, Jr.
   Ralph E. Cromwell, Jr., WSBA #11784
By /s/ Jofrey M. McWilliam
   Jofrey M. McWilliam, WSBA #28441
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: bkeller@byrneskeller.com
       rcromwell@byrneskeller.com
       jmcwilliam@byrneskeller.com

MUNDING, P.S.

By /s/ John Munding
   John Munding, WSBA #21734
9425 N. Nevada St. Suite 212
Spokane, Washington 99218
509-624-6464
Fax: (509) 624-6155
Email: john@mundinglaw.com
*Attorneys for Perkins Coie LLP and Lowell Ness*

RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC   Doc 31   Filed 01/28/21   Entered 01/28/21 11:48:37   Pg 7 of 8

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS RULE 26(F) REPORT OF DEFENDANTS PERKINS COIE AND LOWELL NESS - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC   Doc 31   Filed 01/28/21   Entered 01/28/21 11:48:37   Pg 8 of 8