Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 2:18-bk-3197 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee, | Case No. 2:20-ap-80031 |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE JURY DEMAND** |
| vs. | |
| PERKINS COIE LLP, a Washington limited liability partnership, *et al.*, | |
| Defendants, | |
| - and - | |
| THE GIGA WATT PROJECT, a partnership, | |
| Nominal Defendant. | |

Memorandum of Points and Authorities in Support of Motion to Strike Jury Demand

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. POINTS AND AUTHORITIES | 3 |
|    A. The Seventh Amendment Analysis | 3 |
|    B. The Complaint Sounds in Equity | 3 |
|    C. Surcharging a Trustee Sounds in Equity | 7 |
|    D. Perkins Coie's Affirmative Defenses Are Equitable | 8 |
|    E. Perkins Coie Waived Any Jury Right That It Might Have Had | 9 |
|    F. The Setoff Defense Is Inextricably Entwined With the Complaint | 12 |
| III. CONCLUSION | 13 |

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page i

# **TABLE OF AUTHORITIES**

## CASES

*Angell v. Masour (In re Britt Motorsports, LLC),* No. 11–07688–8–SWH, 2014 WL 5395763 (Bankr. E.D.N.C., October 22, 2014) .......................................... 11

*Camelback Hospital, Inc. v. Buckenmaier (In re Buckenmaier),* 127 B.R. 233 (BAP 9th Cir. 1991) .................................................................................. 8

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999) ................................................................. 3

*Commercial Financial Services, Inc. v. Jones (In re Commercial Financial Services, Inc.)*, 251 B.R. 397 (Bankr. N.D. Okla. 2000) .................................... 10

*Crum v. Blixseth (In re Big Springs Realty LLC)*, 430 B.R. 629 (Bankr. D. Mont. 2010) ........................................................................................................ 11

*Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533 (10th Cir. 1990) ............... 9

*Estate of Jordan by Jordan v. Hartford Acc. and Indem. Co.*, 844 P.2d 403, 120 Wash.2d 490 (Wash. 1993) ............................................................................ 4

*Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945 (9th Cir. 2014) ...................... 8

*In re Anderson-Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir. 1986) ................. 12

*In re De Laurentiis Entertainment Group Inc.*, 963 F.2d 1269 (9th Cir. 1992) ........ 9

*In re Hedstrom Corp.,* No. 04–38543, 05 C 6888, 2006 WL 1120572 (N.D. Ill. April 24, 2006) ............................................................................................ 11

*In re LLS America, LLC,* No. 12–CV- 340–RMP, 2012 WL 5285654 (E.D. Wash. October 25, 2012) ........................................................................................ 13

*Langenkamp v. Culp,* 498 U.S. 42, 111 S. Ct. 330, 112 L. Ed. 2d 343 (1990) ........ 9

*Lechner v. Halling,* 216 P.2d 179, 35 Wash. 2d 903 (Wash. 1950) ......................... 4

*Lee v. Schweiker,* 739 F.2d 870 (3rd Cir. 1984) .................................................... 10

*Lessee of Smith v. McCann,* 24 How. 398, 16 L.Ed. 714 (1861) ............................. 7

*NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S. Ct. 615, 81 L. Ed. 893 (1937) ............................................................................................................ 3

*Parsons v. Bedford, Breedlove & Robeson,* 28 U.S. 433 (1830) ............................. 3

*Radach v. Prior,* 297 P.2d 605,48 Wash. 2d 901 (Wash. 1956) .............................. 4

*Stern v. Marshall*, 564 U.S. 462 (2011) ................................................................. 13

*Styler v. Jean Bob Inc. (In re Concept Clubs, Inc.),* 154 B.R. 581 (D. Utah 1993) .................................................................................................................. 11

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page ii

20-80031-FPC    Doc 37    Filed 02/05/21    Entered 02/05/21 20:53:46    Pg 3 of 17

*Sullivan v. Town & Country Home Nursing Services, Inc. (In re Town & Country Home Nursing Services, Inc.),* 963 F.2d 1146 (9th Cir. 1991) .......................... 12

*Turner v. United States (In re G.S. Omni Corp.),* 835 F.2d 1317 (10th Cir. 1987) 11

*United States Abatement Corp. v. Mobil Exploration And Producing U.S., Inc., (Matter of U.S. Abatement Corp.),* 79 F.3d 393 (5th Cir. 1996) .......................... 9

*United States v. Mitchell,* 463 U.S. 206,103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) . 7

## UNITED STATES CONSTITUTION

U.S. Const. amend. VII, cl. 1 ................................................................................. 3

## STATUTES

11 U.S.C. § 553 ................................................................................................ 8, 10

28 U.S.C. § 157 ..................................................................................................... 12

## SECONDARY AUTHORITIES

30A C.J.S. Escrows § 3 (2020) ............................................................................... 5

Austin Wakeman Scott, *Participation in a Breach of Trust*, 34 Harv. L. Rev. 454 (1921) ................................................................................................................. 8

Escrow | Definition of Escrow by Merriam-Webster (merriam-webster.com) (February 4, 2021, 8:15 p.m.) ............................................................................ 5

Escrow, Black's Law Dictionary (11th ed. 2019) ................................................... 4

George Gleason Bogert, George Taylor Bogert, Amy Borris Hess, *Bogert's The Law of Trusts and Trustees* § 862 (2020) ........................................................... 7

Joseph Story, *Commentaries on Equity Jurisprudence*, (1st English Ed. 1884), Commentaries on Equity Jurisprudence - Google Play (February 4, 2021, 8:45 p.m.), https://play.google.com/books/reader?id=hT8yAAAAIAAJ&hl=en&pg=GBS.PR74 ................................................................................................................ 5, 6, 7

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page iii

Mark D. Waldron, in his capacity as the duly-appointed Chapter 7 Trustee, by and through his attorneys, hereby respectfully submits this memorandum in support of the Plaintiff's Motion to Strike Jury Demand (the "Motion").

## I. INTRODUCTION

Perkins Coie is not entitled to a jury trial because the Complaint[1] sounds in equity and the Answer[2] invokes the equitable jurisdiction of this Court. The Complaint alleges that GW Singapore and Giga Watt were partners in the Giga Watt Project and that GW Singapore hired Perkins Coie to hold the token proceeds as escrow for the Giga Watt Project's Initial Coin Offering (the "GW ICO"). The Complaint further alleges that Perkins Coie breached the terms of the escrow by allowing GW Singapore to withdraw the escrow proceeds at will. Proceeds should have been withdrawn only when and if Giga Watt had met certain construction milestones. Perkins Coie and GW Singapore completely ignored that condition.

Perkins Coie states that its role in the Giga Watt Project and the GW ICO was minimal. It admits that it answered a few legal questions regarding the GW ICO,[3] read and commented on a few drafts of the White Paper,[4] advised regarding

---

[1] Verified Complaint [Redaction Corrected], AP ECF No. 6. *See* Notice of Errata, (re correction to Complaint's title), AP ECF No. 8.

[2] PC Ans. and Aff. Defs., AP ECF No. 28.

[3] *Id.*, ¶¶ 15, 16, 69.

[4] *Id.*, ¶¶ 29, 35, 43, 44, 69, 73.

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 1

the U.S. securities laws,[5] and held *more than $20 million in token sale proceeds* from the GW ICO. But, it claims no idea that the account was an escrow. It thought it was holding the money in trust for GW Singapore.[6]

      Perkins Coie adds that as GW Singapore's partner, Giga Watt must have known about the embezzlement. If it did not know, then Giga Watt was at fault because Giga Watt had the theoretical right to ask for an accounting, notwithstanding the improbability that Andrey Kuzenny would have produced a clean accounting.[7] Perkins Coie adds, without any supporting facts, that Giga Watt participated in the misappropriation.[8]

      Perkins Coie further alleges that if it has to pay damages to anyone as a result of the misappropriation, then Giga Watt should have to compensate Perkins Coie. To this end, Perkins Coie alleges setoff (without moving to lift the automatic stay),[9] allocation of fault,[10] in pari delicto,[11] and unclean hands,[12] among other affirmative defenses. These affirmative defenses waive any right to a jury trial that Perkins Coie might have had because Perkins Coie has invoked the claims allowance process and inextricably entwined its defenses with the

---

[5] *Id.*, ¶¶ 69, 73.
[6] *Id.*, ¶ 18.
[7] *Id.*, 16:21-26, 17:1-5.
[8] *Id.*, 17:20-24.
[9] *Id.*, 14:11-26.
[10] *Id.*, 16:1-11.
[11] *Id.*, 17:16-24.
[12] *Id.*, 18:4-5.

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 2

Trustee's allegations, as set forth below. Its defense that the Trustee has acted improperly[13] further bolsters the point that this adversary proceeding is core and no right to jury exists.

## II. POINTS AND AUTHORITIES

### A. The Seventh Amendment Analysis

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII, cl. 1. "The phrase 'common law,' found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence." *Parsons v. Bedford, Breedlove & Robeson,* 28 U.S. 433, 44 (1830) (Story, J., writing for the majority), *overruled on other grounds, NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S. Ct. 615, 81 L. Ed. 893 (1937). If the claims are legal, then the analysis looks to "whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791."[14] *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 708, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999).

### B. The Complaint Sounds in Equity

Invoking the Seventh Amendment, Perkins Coie would have the Court squeeze the Trustee's claims into a boxed set of breach of contract claims, in which they do not fit, as if the Complaint were a paradigmatic, if also completely

---

[13] PC's Ans. and Aff. Defs., 18:13-19, AP ECF No. 28.

[14] The Seventh Amendment was ratified in 1791.

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 3

20-80031-FPC   Doc 37   Filed 02/05/21   Entered 02/05/21 20:53:46   Pg 7 of 17

defective, action at law. For good measure, Perkins Coie has also stated that it may demand that this case be heard as far away from a Spokane jury as possible – before an international arbitration panel in Singapore.[15]

However, an escrow, which forms the basis of the Complaint, is in actuality "an account held on trust." Escrow, Black's Law Dictionary (11th ed. 2019). *See Estate of Jordan by Jordan v. Hartford Acc. and Indem. Co.*, 844 P.2d 403, 410, 120 Wash. 2d 490, 501–02 (Wash. 1993) ("We emphasize that our holding is based on the special trust relationship that exists between an escrow company and its trust beneficiaries. [The escrow agent] held the escrow funds in trust for the benefit of its clients. A trustee owes undivided loyalty to the beneficiary of the trust."). In *Jordan*, the Washington Supreme Court held that the concept of an escrow as a trust is fundamental to the Washington Escrow Registration Act.[16] *Id. See also Radach v. Prior,* 297 P.2d 605, 608, 48 Wash. 2d 901, 905–06 (Wash. 1956) (referring to an escrow agent as "a trustee for the parties, charged with the performance of an express trust governed by the escrow agreement, with duties to perform for each party which neither alone can forbid"); *Lechner v. Halling,* 216 P.2d 179, 35 Wash. 2d 903, 912 (Wash. 1950) ("An escrow is a trust, Restatement (Second) of Trusts s 32, Comment d (1959)."). Perkins Coie does not deny that it

---

[15] PC's Ans. and Aff. Defs., 19:22-25, 20:1-4, ¶ 19.
[16] RCW Chapter 18.44.

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 4

held the money in trust. It only denies that it held the money in trust for Giga Watt.[17]

The First Claim for Relief alleges damages against Perkins Coie for its breach of the escrow. In 1791 England, the First Claim for Relief would not have stated a cause of action at law because the Common Law only recognized escrows relating to land transactions. 30A C.J.S. Escrows § 3 (2020) ("The term 'escrow' was originally, and under the common law, applied to instruments for the conveyance of land . . . .").[18] Furthermore, in 1791 England, trusts were the exclusive province of the Chancery Court. *See* Joseph Story, *Commentaries on Equity Jurisprudence*, Ch. XXIV (1st English Ed. 1884), Commentaries on Equity Jurisprudence - Google Play (February 4, 2021, 8:45 p.m.), https://play.google.com/books/reader?id=hT8yAAAAIAAJ&hl=en&pg=GBS.PR74.

In 1791 England, the Trustee would not have had an adequate remedy at law for the additional reason that Giga Watt and GW Singapore were partners in the Giga Watt Project. Perkins Coie denies that a partnership existed.[19] It also seeks an accounting of the partnership funds, hoping to find that Giga Watt benefitted from the embezzlement that Perkins Coie enabled.

---

[17] PC Ans. and Aff. Defs., 5:10-12.

[18] The word "escrow" comes from scroll. Escrow | Definition of Escrow by Merriam-Webster (merriam-webster.com) (February 4, 2021, 8:15 p.m.) The "escrow" was the scroll or deed that a seller of property entrusted to a third party until the occurrence of a specified event. *Id.*

[19] PC's Ans. and Aff. Defs., 3:11-13, AP ECF No. 28.

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 5

A court of law in 1791 did not offer an adequate remedy at law with respect to partnership disputes. Justice Story writes, "Now, a controversy may arise in regard to the existence of the partnership between the partners themselves, or between them and third persons." Story, *supra*, Ch. XV, § 660. Where no written articles exist or where "they may be suppressed or concealed," Story, *supra*, Ch. XV, § 660, a court of law would not have the power "to bring out all the facts." Story, *supra,* Ch. XV, § 660. In contrast, a court of equity could obtain and analyze the facts "by means of a bill of discovery." Story, *supra,* Ch. XV, § 660. Justice Story emphasizes how resolution of disputes regarding partners "may mainly depend upon the discovery to be obtained through the instrumentality of a court of equity." Story, *supra*, Ch. XV, § 660.

Furthermore, the Trustee is both suing Giga Watt's partner, GW Singapore, and alleging that Perkins Coie aided GW Singapore's breach of its fiduciary as a partner to Giga Watt. However, under the Common Law, partners could not sue each other at law "since he cannot sue [his partners] without suing himself also, as one of the partnership." Story, *supra,* Ch. XV, § 681. As Justice Story wrote:

> This review of some of the more important cases, in which courts of equity interfere in regard to partnerships, does (unless my judgment greatly misleads me) establish, in the most conclusive manner, the *utter inadequacy of courts of law to administer justice in most cases, growing out of partnerships, and the indispensable necessity of resorting to courts of equity, for plain, complete, and adequate redress*. Where a discovery, an account, a contribution, an injunction, or a dissolution is sought, in cases of partnership, *or even where a due enforcement of partnership rights and duties*, and credits, is required, it is impossible not to perceive, that, generally, a resort to courts of law would be little more than a solemn mockery of justice.

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 6

> Hence, it can excite no surprise, that courts of equity now exercise a full concurrent jurisdiction with courts of law in all matters of partnership ; [sic] and, indeed, it may be said, that, practically speaking, they exercise an exclusive jurisdiction over the subject in all cases of any complexity or difficulty.

Story, *supra*, Ch. XV, § 683 (emphasis added). The suit is equitable. Therefore, Perkins Coie is not entitled to a jury trial.

**C.  Surcharging a Trustee Sounds in Equity**

Although the Trustee's action to recover losses resulting from Perkins Coie's breach of duty superficially resembles an action at law for damages, this make-whole relief was traditionally obtained exclusively in courts of equity.

> If these trusts are fraudulent, the lessors of the plaintiff have a plain and ample remedy in the court of chancery, *which has the exclusive jurisdiction of trusts and trust estates*. In that forum all of the parties interested in the controversy can be brought before the court, and heard in defence [sic] of their respective claims.

*Lessee of Smith v. McCann,* 24 How. 398, 407, 16 L.Ed. 714 (1861) (emphasis added). Money damages were also available in the equity courts against a trustee. *See United States v. Mitchell,* 463 U.S. 206, 226, 103 S. Ct. 2961, 2972, 77 L. Ed. 2d 580 (1983) ("Given the existence of a trust relationship, it naturally follows that [the trustee] should be liable in damages for the breach of its fiduciary duties. It is well established that a trustee is accountable in damages for breaches of trust."). *See also* George Gleason Bogert, George Taylor Bogert, Amy Borris Hess, *Bogert's The Law of Trusts and Trustees* § 862 (2020) (emphasis added) ("Thus the making of unauthorized payments to other beneficiaries. . ., may give rise to a right in favor of beneficiaries *to recover money damages from the trustee.*

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 7

Where the trustee is financially responsible this affords a remedy that is usually complete and satisfactory."). Indeed, "ANYONE who participates with a trustee in a breach of trust may be held liable in a court of equity to the cestui que trust. If he . . . no longer holds the trust property or its proceeds, he may be held liable *in equity for damages*." Austin Wakeman Scott, *Participation in a Breach of Trust*, 34 Harv. L. Rev. 454 (1921) (capitalization in original; italics added for emphasis). As summarized by the Ninth Circuit Court of Appeals:

> Equity courts possessed the power to provide relief in the form of monetary compensation for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment. . . . Indeed, prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a surcharge, was exclusively equitable. . . .
>
> This remedy extended to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary.

*Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 954 (9th Cir. 2014) (quotations omitted). Therefore, the asserted remedy is also equitable.

**D.     Perkins Coie's Affirmative Defenses Are Equitable**

With respect to the defenses of setoff and recoupment that Perkins Coie asserts, setoff is governed by 11 U.S.C. § 553 and is core. It is also equitable. *See Camelback Hospital, Inc. v. Buckenmaier (In re Buckenmaier),* 127 B.R. 233, 237 (BAP 9th Cir. 1991) ("The doctrine of setoff dates back to Roman law and was recognized by the equity courts in England. . . . It was made a part of the English bankruptcy law in 1705, and became a part of American bankruptcy law in

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 8

20-80031-FPC    Doc 37    Filed 02/05/21    Entered 02/05/21 20:53:46    Pg 12 of 17

1800."). *Accord In re De Laurentiis Entertainment Group Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992).

Recoupment is also an equitable doctrine. *See United States Abatement Corp. v. Mobil Exploration And Producing U.S., Inc., (Matter of U.S. Abatement Corp.),* 79 F.3d 393 (5th Cir. 1996) ("Recoupment is equitable doctrine designed to determine just liability on claim.").

> The common law doctrine of recoupment, while frequently merged with the doctrine of setoff in other contexts, is a distinct doctrine in bankruptcy cases. *This distinction arises from recoupment's origin as an equitable rule of joinder that permitted adjudication in one suit of two claims, both arising out of the same transaction, that otherwise had to be brought separately under the common law forms of actions.*

*Davidovich v. Welton* (*In re Davidovich*), 901 F.2d 1533, 1537 (10th Cir. 1990) (citations omitted; emphasis added). Therefore, Perkins Coie is not entitled to a jury trial on its setoff or recoupment defense.

### E. Perkins Coie Waived Any Jury Right That It Might Have Had

Even if the Complaint stated legal claims – which it does not – Perkins Coie's affirmative defense of setoff would have waived any such right because the setoff claim triggers the process of allowance and disallowance of claims. *See Langenkamp v. Culp,* 498 U.S. 42, 44-45, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990) (preference defendant not entitled to jury trial after asserting a claim against the defendant).

Setoff against a claim of the estate, whether asserted as a counterclaim or a defense, is governed by Section 553 of the Bankruptcy Code which provides:

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 9

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against *a claim of such creditor against the debtor that arose before the commencement of the case*, except to the extent that—
>
> (1) the claim of such creditor against the debtor is disallowed. . . .

11 U.S.C. § 553(a)(1) (emphasis added). Setoff is a secured claim, which is "satisfied . . . in real dollars as opposed to tiny bankruptcy dollars." *Commercial Financial Services, Inc. v. Jones (In re Commercial Financial Services, Inc.)*, 251 B.R. 397, 405-06 (Bankr. N.D. Okla. 2000) (quotation omitted). *See also Lee v. Schweiker,* 739 F.2d 870, 875 (3rd Cir. 1984) ("In bankruptcy, setoff and recoupment play a role very different from their original role as rules of pleading. Setoff, in effect, elevates an unsecured claim to secured status to the extent that the debtor has a mutual, pre-petition claim against the creditor.").

Perkins Coie has asserted that although it affirmatively plead "setoff," it really meant "recoupment." As set forth above, recoupment is equitable and, therefore, does not trigger a jury trial right. Further, Perkins Coie is not asserting recoupment. It is alleging that if it is held liable to anyone for having prematurely released the escrow, then Giga Watt should have to reimburse Perkins Coie for payments made. In *Commercial Financial Services,* the Court held that the defendant "waived his right to jury trial on [a] breach of contract claim" by asserting the affirmative defense of setoff. *Id.,* 251 B.R. at 408. It stated that "the assertion of setoff, whether as a defense or as a counterclaim, clearly invokes the

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 10

claims allowance process," which belongs exclusively in the bankruptcy court's province. *Id.,* 251 B.R. at 406.

Likewise, the court in another case, *Big Springs Realty,* treated the defendant's setoff defense as an informal proof of claim that would "directly impact the administration of Debtor's bankruptcy estate." *Crum v. Blixseth (In re Big Springs Realty LLC)*, 430 B.R. 629, 635–36 (Bankr. D. Mont. 2010) (holding that defendant waived jury right by asserting affirmative defense of setoff). *Accord Angell v. Masour (In re Britt Motorsports, LLC),* No. 11–07688–8–SWH, 2014 WL 5395763, at *3 (Bankr. E.D. N.C. October 22, 2014). *See also In re Hedstrom Corp.,* No. 04–38543, 2006 WL 1120572, at *3 (N.D. Ill. April 24, 2006) (holding that setoff is just another way of asserting a claim against the estate, therefore, its assertion waives jury right).

A minority of cases have held that an affirmative defense of setoff will not waive the jury trial defense. For example, *Styler v. Jean Bob Inc. (In re Concept Clubs, Inc.),* 154 B.R. 581 (D. Utah 1993) held that defendant's setoff defense did not assert a claim against the estate, did not invoke the claims allowance process, and consequently did not affect the defendant's jury trial rights. The district court relied primarily on a Tenth Circuit Court of Appeals decision holding that a party can assert setoff without filing a proof of claim. *Id.* at 588–89, *citing Turner v. United States (In re G.S. Omni Corp.),* 835 F.2d 1317, 1319 (10th Cir. 1987).

This inference is flawed. Allowing setoff without a proof of claim does not mean that setoff does not assert a claim. It means that a proof of claim is not

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 11

required to assert the claim. The inference also contradicts the Ninth Circuit's approach. The Ninth Circuit has adopted a liberal approach to asserting claims against the estate. "The liberal rule reflects our preference for resolution on the merits, as against strict adherence to formalities." *In re Anderson-Walker Industries, Inc.*, 798 F.2d 1285, 1287 (9th Cir. 1986) (quotation omitted). Accordingly, the Ninth Circuit Court of Appeals has held that setoff invokes the bankruptcy court's jurisdiction. *Cf. Sullivan v. Town & Country Home Nursing Services, Inc. (In re Town & Country Home Nursing Services, Inc.),* 963 F.2d 1146, 1153 (9th Cir. 1991) (holding that asserting setoff, without filing a proof of claim, waives objection to bankruptcy court jurisdiction and waives sovereign immunity).

Furthermore, Perkins Coie alleges that the Trustee and his professionals mishandled the bankruptcy and that the Complaint is improper.[20] How the Trustee administers an estate is quintessentially core and not subject to jury trial. 28 U.S.C. § 157(b)(2)(A).

**F.     The Setoff Defense Is Inextricably Entwined With the Complaint**

The Complaint cannot be resolved without also resolving the setoff issue. To the extent that Perkins Coie is to blame, i.e., to the extent the Complaint's allegations are proven, Perkins Coie cannot be entitled to offset. Conversely, to the extent that Giga Watt is to blame, i.e., to the extent the Complaint's allegations are not proven, Perkins Coie can be entitled to offset. *Cf. In re LLS America, LLC,*

---

[20] PC's Ans. and Aff. Defs., 18:13-19.

Memorandum of Points and
Authorities in Support of
Motion to Strike Jury Demand – Page 12

20-80031-FPC    Doc 37    Filed 02/05/21    Entered 02/05/21 20:53:46    Pg 16 of 17

No. 12–CV- 340–RMP, 2012 WL 5285654, at *3 (E.D. Wash. October 25, 2012) ("Where resolving the proof of claim means that the issues raised by the estate's claim will be resolved, there is no right to a jury trial.") (citing and discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).

### III. CONCLUSION

Wherefore, the Trustee respectfully requests that the Court strike Perkins Coie's jury demand and grant such other relief as it deems appropriate and just.

Dated: February 5, 2021            POTOMAC LAW GROUP PLLC

By:     /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

Memorandum of Points and Authorities in Support of
Motion to Strike Jury Demand – Page 13