Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Case No. 2:18-bk-3197 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee, | Case No. 2:20-ap-80031 |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DETERMINATION THAT PROCEEDING IS CORE** |
| vs. | |
| PERKINS COIE LLP, a Washington limited liability partnership, *et al.*, | |
| Defendants, | |
| - and - | |
| THE GIGA WATT PROJECT, a partnership, | |
| Nominal Defendant. | |

Memorandum of Points and
Authorities in Support of
Motion for Core Determination

## TABLE OF CONTENTS

                                                                                               **Page**

I. INTRODUCTION ...................................................................................1

II. POINTS AND AUTHORITIES ................................................................1

    A. Perkins Coie's Setoff and Claims of Impropriety Cannot Be Resolved Without Resolving the Complaint ......................................................3

III. CONCLUSION .......................................................................................4

Memorandum of Points and
Authorities in Support of
Motion for Core Determination – Page i

20-80031-FPC    Doc 39    Filed 02/05/21    Entered 02/05/21 23:27:28    Pg 2 of 7

# TABLE OF AUTHORITIES

## CASES

*Commercial Financial Services, Inc. v. Jones (In re Commercial Financial Services), Inc.*, 251 B.R. 397 (Bankr. N.D. Okla. 2000) ...................................... 2

*In re Thorpe Insulation Co.*, 671 F.3d 1011 (9th Cir. 2012) .................................. 3

*Kriegman v. Cilwa (In re LLS America, LLC),* No. CV–12–340–RMP, 2012 WL 5285654 (E.D. Wash. October 25, 2012) .............................................................. 2

*Statutory Committee of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC),* 285 B.R. 822 (Bankr. S.D.N.Y. 2002) ........................................ 2

*Stern v. Marshall,* 131 S.Ct. 2594, 564 U.S. 462 (2011) ................................. 1, 2, 3

## STATUTES

11 U.S.C. § 553 ............................................................................................................ 3
28 U.S.C. § 157 .................................................................................................... 1, 2, 3

Memorandum of Points and
Authorities in Support of
Motion for Core Determination – Page ii

20-80031-FPC    Doc 39    Filed 02/05/21    Entered 02/05/21 23:27:28    Pg 3 of 7

Mark D. Waldron, in his capacity as the duly-appointed Chapter 7 Trustee, by and through his attorneys, hereby respectfully submits this memorandum in support of the Plaintiff's motion, filed herewith, for a determination that the above-captioned adversary proceeding is core. The Trustee incorporates by reference as if set forth fully herein all the facts and arguments asserted in the Memorandum in Support of Plaintiff's Motion to Strike Jury Demand, filed herewith.

## I. INTRODUCTION

In its Answer and Affirmative Defenses, AP ECF No. 28, Perkins Coie denies fault with respect to the misappropriated escrow, alleges that Giga Watt is to blame, questions the Trustee's judgment, and asserts the right to "any and all damages" from Giga Watt should Perkins Coie be found liable to anyone with respect to the escrow. These affirmative defenses make the above-captioned adversary proceeding core because they cannot be resolved without resolving the Trustee's Complaint, AP ECF No. 6,11.

## II. POINTS AND AUTHORITIES

As an initial matter, the Bankruptcy Court has the power to decide whether a matter is core or not core. 28 U.S.C. § 157(b)(3). "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." *Id.*

The U.S. Supreme Court decision in *Stern v. Marshall* sets the groundwork for the core determination in this adversary proceeding. *Stern* held that a debtor's

Memorandum of Points and
Authorities in Support of
Motion for Core Determination – Page 1

20-80031-FPC    Doc 39    Filed 02/05/21    Entered 02/05/21 23:27:28    Pg 4 of 7

counterclaim against a creditor who had filed a proof of claim in the debtor's bankruptcy was statutorily core pursuant to 28 U.S.C. § 157; but it was not constitutionally core. Therefore, the bankruptcy court's judgment on the debtor's counterclaim was not final. *Stern v. Marshall,* 131 S.Ct. 2594, 564 U.S. 462 (2011). Justice Scalia, who wrote the majority opinion, described the issue presented as "narrow." *Id.*, 131 S.Ct. at 2620, 564 U.S. 462 at 502 (2011) (quotations in original). *Cf. Kriegman v. Cilwa (In re LLS America, LLC),* No. CV–12–340–RMP, 2012 WL 5285654, at *2 (E.D. Wash. October 25, 2012) (citations omitted) (observing that in *Stern* the debtor's claim against the creditor was "sufficiently distinct from the issues raised in the counter-defendant's proof of claim that resolution of the proof of claim would not resolve the entirety of the counterclaim").

      Prior to *Stern*, courts held that a defendant's filing of a claim or assertion of setoff turned the debtor's non-core claims against that creditor into an entire adversary proceeding core. *See e.g., Statutory Committee of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC),* 285 B.R. 822, 831 (Bankr. S.D.N.Y. 2002) ("[T]he Second Circuit and courts in this district have consistently held adversary proceedings against a creditor that have traditionally been non-core to be core pursuant to [28 U.S.C.] § 157(b)(2)(B) & (C) due to the filing of a proof of claim or counterclaim of setoff/recoupment by that creditor."); *Commercial Financial Services, Inc. v. Jones (In re Commercial Financial Services, Inc.)*, 251 B.R. 397 (Bankr. N.D. Okla. 2000) (holding that court had core jurisdiction over

Memorandum of Points and
Authorities in Support of
Motion for Core Determination – Page 2

20-80031-FPC    Doc 39    Filed 02/05/21    Entered 02/05/21 23:27:28    Pg 5 of 7

plaintiff's non-core breach of contract claim based on defendant's setoff defense). Even a broad reading of *Stern's* "narrow" issue, would not disrupt these holdings because setoff by its nature keys off of other claims and cannot be resolved without resolving those other claims.

Indeed, under a broad reading of *Stern*, the analysis in this case turns on whether or not Perkins Coie's setoff and claims of impropriety could be resolved without resolving the Complaint's allegations. As set forth below, the answer is no. Therefore, this adversary proceeding is core.

**A.  Perkins Coie's Setoff and Claims of Impropriety Cannot Be Resolved Without Resolving the Complaint**

Perkins Coie affirmatively alleges that if it is held liable to anyone with respect to the escrow, then it should be entitled to setoff of any claims owed to the estate.[1] Setoff triggers the claims allowance process and is, therefore, core. 11 U.S.C. § 553; 28 U.S.C. § 157(b)(2)(B). Perkins Coie further alleges that the Trustee has failed to mitigate damages and that his filing of the Complaint was improper.[2] This allegation is core pursuant to 28 U.S.C. § 157(b)(2)(A). "[O]nly a Bankruptcy Court should decide whether the manner in which someone has administered a bankruptcy estate gives rise to a claim for damages." *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1022 (9th Cir. 2012).

---

[1] PC Ans. and Aff. Defs., 14:10-26, 15:1-12, AP ECF No. 28.
[2] *Id.*, 18:13-20.

Memorandum of Points and
Authorities in Support of
Motion for Core Determination – Page 3

The core allegations of setoff and impropriety cannot be resolved without resolving the Complaint. There is no setoff without a claim. And proving the Complaint's allegations will necessarily defeat the claim of impropriety. Therefore, this adversary proceeding is core.

### III. CONCLUSION

Wherefore, the Trustee respectfully requests that the Court determine that the above-captioned adversary proceeding is core and grant such other relief as it deems appropriate and just.

Dated: February 5, 2021          POTOMAC LAW GROUP PLLC

                                         By:     /s/ Pamela M. Egan
                                               Pamela M. Egan (WSBA No. 54736)
                                               *Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

Memorandum of Points and
Authorities in Support of
Motion for Core Determination – Page 4

20-80031-FPC    Doc 39    Filed 02/05/21    Entered 02/05/21 23:27:28    Pg 7 of 7