Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GIGA WATT, INC., a Washington corporation,<br>          Debtor.<br>MARK D. WALDRON, as Chapter 7 Trustee,<br>          Plaintiff,<br>vs.<br>PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, individual and California resident; GIGA WATT PTE., LTD. a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation;<br>          Defendants<br>  and<br>THE GIGA WATT PROJECT, a partnership,<br>          Nominal defendant. | No. 18-03197-FPC11<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 7**<br><br>Adv. Case No. 20-80031<br><br>**OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S MOTION FOR DETERMINATION THAT PROCEEDING IS CORE** |

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S
MOTION FOR DETERMINATION THAT PROCEEDING IS
CORE - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 1 of 11

## I. INTRODUCTION AND RELIEF REQUESTED

The Trustee's Motion for Determination That Proceeding Is Core (ECF No. 39) should be denied. The Trustee's claims against Perkins Coie and Lowell Ness (collectively "Perkins") do not arise only "in" bankruptcy or under Title 11. As such, they are not "core" claims. *See e.g., Stern v. Marshall*, 564 U.S. 462, 476 (2011); *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). Rather, because the Trustee's claims are based on prepetition conduct and arise under state law, the Trustee's claims are quintessentially "non-core." Specifically, as here, actions "that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Sec. Farms*, 124 F.3d at 1008.

Recognizing that his claims are non-core, the Trustee's sole argument is that, by asserting affirmative defenses of "setoff" and "failure to mitigate," Perkins has invoked the ratable claims allowance process, and thereby the equity jurisdiction of the Court. This is the same argument by which the Trustee asserts that Perkins has waived its right to a jury trial. However, the Trustee's position is foreclosed by controlling Ninth Circuit precedent. *See Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398-1400 (9th Cir. 1996) (holding that a defense that merely seeks to extinguish or reduce the damages claimed by a trustee, while more properly characterized as "recoupment" rather than "setoff," in no way implicates the ratable distribution of assets among creditors of the estate, and therefore does not invoke the claims allowance process or the equitable jurisdiction of the bankruptcy court). *Accord e.g., In re Canopy Fin., Inc.,* 471 B.R. 218, 223 (N.D. Ill. 2012); *In re M & L*

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S
MOTION FOR DETERMINATION THAT PROCEEDING IS
CORE - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC   Doc 42   Filed 02/26/21   Entered 02/26/21 16:07:16   Pg 2 of 11

*Bus. Mach. Co.,* 178 B.R. 270, 272 (Bankr. D. Colo. 1995). The United States Supreme Court has similarly held that a defense of recoupment permits a determination of the "just and proper liability on the main issue," and involves "no element of preference." *Reiter v. Cooper*, 507 U.S. 258, 265 n.2 (1993).

This is the third time the Trustee has briefed the issue, *see* ECF Nos. 36, 38 and Cromwell Decl., Ex. 6, but the Trustee's position remains without basis in fact or law. Accordingly, the Motion must be denied.

## II. BACKGROUND

The facts of this matter are set forth at length in Perkins' Opposition to the Trustee's Motion to Strike Jury Demand, and in Perkins' and Ness' Motion to Compel Arbitration, both of which are incorporated herein by reference.

## III. ARGUMENT

### A. The Trustee's Claims Are Non-Core.

The Trustee has not argued, nor could he, that the claims he is asserting against Perkins are "core" bankruptcy claims. Core proceedings are "those that arise in a bankruptcy case or under Title 11." *Stern*, 564 U.S. at 476. By contrast, "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Sec. Farms*, 124 F.3d at 1008. In other words, an action is non-core when the claim is "not a cause of action created by title 11 or one that only arises in title 11 cases," even if the action "will affect the administration of the estate." *In re Eastport Assocs.*, 935 F.2d 1071, 1077 (9th Cir.1991). *Accord e.g., Everett v. Art Brand Studios, LLC*, 556 B.R. 437, 443-45

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S
MOTION FOR DETERMINATION THAT PROCEEDING IS
CORE - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 3 of 11

(N.D. Cal. 2016) (same); *In re Tamalpais Bancorp*, 451 B.R. 6, 11 (N.D. Cal. 2011) (noting that though a claim may have "a profound impact on the bankruptcy proceedings," it will nevertheless be non-core if it could have been brought in the absence of a bankruptcy case).

Following the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), cases "have emphasized that a state law contract or tort action that is not based on any right created by the federal bankruptcy law, and that could arise outside the context of bankruptcy, is not a core proceeding." *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 609 (S.D. Tex. 1999).

Here, the Trustee's claims arise from prepetition conduct under state law and could exist outside of bankruptcy. Accordingly, the claims are non-core. *See Stern*, 564 U.S. at 476; *Sec. Farms*, 124 F.3d at 1008.

B. **Perkins Has Not Invoked the Equity Jurisdiction of the Court.**

Recognizing that the claims asserted against Perkins are non-core, the sole argument made by the Trustee is that Perkins has effectively converted the proceeding into a matter "in" bankruptcy or "under Title 11" by asserting affirmative defenses of "setoff" and "failure to mitigate." The Trustee claims that by doing so, Perkins has invoked the ratable claims allowance process, and thereby equity bankruptcy jurisdiction, converting the "proceeding" into a core bankruptcy matter. As set forth below, the Trustee's position is foreclosed by controlling Ninth Circuit precedent.

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S
MOTION FOR DETERMINATION THAT PROCEEDING IS
CORE - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 4 of 11

First, and importantly, the defenses asserted by Perkins do not seek affirmative relief from the Debtor, but merely seek to reduce or extinguish the damages claimed by the Trustee in its claims against Perkins. In this regard, Perkins' Answer characterizes two theories of defense as a possible "setoff." First, the Debtor seems to allege, and the evidence appears to confirm, that all of the money disbursed from the "escrow" ended up in the debtor's possession—either directly from Perkins or as a "loan" or otherwise from GW Singapore. *See* ECF No. 29 at 1:17-2:9. If true, then the Debtor has not been damaged by any alleged wrongful disbursement and cannot recover from Perkins—for a second time—money the Debtor previously received.

Second, the Debtor alleges that it is liable under partnership law for the torts allegedly committed by its "partner," GW Singapore, in wrongfully instructing Perkins to release funds in breach of the "escrow" agreement. The Debtor claims it can recover from Perkins the amount of this alleged "liability." As an initial matter, Perkins notes that any damages supposedly resulting from this alleged liability are theoretical, not actual, in that such liability has not been determined, and no damages have yet been suffered from it. Indeed, due to the Debtor's bankruptcy, it seems likely that these theoretical damages will never be actually incurred. Moreover, if this reasoning is valid, then it is also (a) circular, in that GW Singapore's wrongful disbursement instructions would likewise be imputed to the Debtor as its "partner," and the Debtor would not be able to recover the same losses it is also deemed to have caused; and (b) mutual, in that the Debtor would not only be charged with the burden

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S
MOTION FOR DETERMINATION THAT PROCEEDING IS
CORE - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 5 of 11

of GW Singapore's alleged wrongful instructions, but would also be charged with the benefits—i.e., the Debtor would be deemed to have received the money that was wrongfully disbursed and would not be able to recover, for a second time, money it is deemed to have already received. Accordingly, Perkins asserted that any funds disbursed to GW Singapore and/or received by the Debtor should offset—i.e., reduce or eliminate—any recovery by the Trustee against Perkins.

Perkins also asserted a failure to mitigate defense, which merely observes that the Debtor has as of yet suffered no actual damages, and is attempting to create such damages by "admitting" its own liability for the alleged conduct of GW Singapore. The Trustee claims this language implicates the administration of the estate. It does no such thing. It merely points out that, under the same state law principles by which the Trustee would impose liability on Perkins, the Trustee also is obliged to mitigate its alleged damages by opposing any such claim, and contriving its own liability to create such damages constitutes a failure to mitigate. In other words, it is "improper" under the law of mitigation. This defense also merely seeks to reduce or eliminate the Trustee's recovery against Perkins.

Controlling Ninth Circuit authority unequivocally holds that an affirmative defense arising from the same transaction as that sued upon by the trustee, and which seeks merely to reduce or eliminate the trustee's recovery, "does not violate the bankruptcy principle of ratable distribution of assets among a bankrupt debtor's creditors." *Newbery Corp.,* 95 F.3d at 1400. Therefore, such defenses, while more

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S
MOTION FOR DETERMINATION THAT PROCEEDING IS
CORE - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 6 of 11

properly characterized as "recoupment" rather than "setoff," do not implicate the claims allowance process or the equitable bankruptcy jurisdiction. *See id*. at 1388-1400. Such a defense presents "no element of preference" and asserting it does not violate the automatic stay. *Id*. at 1399-1400. As the Ninth Circuit explains:

> [I]n any suit or action between the estate and another, the defendant should be entitled to show that because of matters arising out of the transaction sued on, he or she is not liable in full for the plaintiff's claim. **There is no element of preference here *or of an independent claim*** to be set off, but merely an arrival at a just and proper liability on the main issue, and this would seem permissible without any reference to . . . section 553(a).

*Id*. at 1400 (citing 4 *Collier on Bankruptcy* ¶ 553.03 (15th ed. 1995) (emphases added)). The Ninth Circuit's decision in *Newbery* relied upon U.S. Supreme Court precedent. *See Reiter v. Cooper*, 507 U.S. at 265 n.2 (Recoupment permits a determination of the "just and proper liability on the main issue," and involves "no element of preference.").

Thus, "when a setoff is raised only as an affirmative defense seeking to reduce, or extinguish, the original claim, the party asserting the claim does not invoke the bankruptcy court's equitable jurisdiction and retains the right to a jury trial." *In re Actrade Fin. Techs., LTD.*, No. 02-16212, 2010 WL 3386945, at *5 (Bankr. S.D.N.Y. Aug. 23, 2010). Some courts suggest such "setoff" defenses are more properly denominated as the defense of "recoupment," but that the "technical legal terminology does not necessarily reflect ordinary usage," even by lawyers. *Container Recycling Alliance v. Lassman*, 359 B.R. 358, 362-65 (D. Mass. 2007). As such, it is the

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S
MOTION FOR DETERMINATION THAT PROCEEDING IS
CORE - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 7 of 11

substance of the defense, not the technical label, that matters. *In re Canopy Fin.,* 471 B.R. at 223.

Numerous cases likewise so hold. *See, e.g., Container Recycling*, 359 B.R. at 362-65 (although labeled as setoff, affirmative defense arose from same transaction as trustee's claim and merely sought to reduce amount of recovery by trustee, was more properly treated as defense of "recoupment," and did not invoke equitable jurisdiction of bankruptcy court or waive right to trial by jury); *In re Canopy Fin.,* 471 B.R. at 223 (same); *In re Actrade Fin.,* 2010 WL 3386945, at *5 (same); *In re M & L Bus. Mach. Co.,* 178 B.R. 270, 272 (Bankr. D. Colo. 1995) (same).

The cases relied upon by the Trustee are inapposite for two reasons. First and foremost, controlling Ninth Circuit authority is contrary to the cases relied upon by the Trustee. *See Newbery*, 95 F.3d at 1398-1400. Moreover, all of the cases relied upon by the Trustee are in fact distinguishable. Specifically, the cases relied upon by the Trustee deal with situations where a true setoff rather than a recoupment is sought—i.e., where the defense arose from a different transaction, rather than the same one, and therefore set up an affirmative claim that was independent of the claim sued on by the trustee. For example, the Trustee relies on a 2002 case from the Southern District of New York, *In re Iridium Operating LLC,* 285 B.R. 822, 833 (S.D.N.Y.2002). However, in that case, the defendant was also a creditor of the state and had "filed several proofs of claim, several claims for administrative expenses," and its relationship to the bankruptcy proceeding involved "more than simply a

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S MOTION FOR DETERMINATION THAT PROCEEDING IS CORE - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 8 of 11

possible effect on the ultimate size of the bankruptcy estate." *Iridium*, 285 B.R. at 834. Furthermore, the defendant/creditor's offset rights did not arise out of the transaction or contract on which the debtor relied for its cause of action. *Cf. In re Actrade*, 2010 WL 3386945, at *5 (distinguishing *Iridium* and holding that claim arising from same transaction and seeking only to reduce or eliminate damages sought by trustee did not invoke claims allowance process or equitable jurisdiction of the court).

In its argument, the Trustee does not examine the nature of the defenses asserted by Perkins or the dispositive distinctions in the case law, focusing instead exclusively on semantics in that Perkins characterized its defense as a "setoff" and used the word "improper" in relation to its failure to mitigate defense. However, this Court must look to the actual nature of the defenses and not the words used in the pleadings. *See e.g., Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962) (substance of claim must be examined, not "the choice of words used in the pleadings"); *In re Canopy Fin.,* 471 B.R. at 223 (it is the substance of the defense, not the technical label, that matters); *Container Recycling*, 359 B.R. at 362-65 (same).

In short, the Trustee's argument fails under controlling, dispositive Ninth Circuit precedent and because the Trustee fails to address the dispositive distinction in the applicable case law and in this case—namely, that the Perkins' defenses arise from the same transaction as that sued upon by the Trustee, and seek to merely reduce or eliminate the damages claimed by the Trustee. As such, Perkins' defenses do not

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S MOTION FOR DETERMINATION THAT PROCEEDING IS CORE - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 9 of 11

invoke the claims allowance process or equitable bankruptcy jurisdiction, and are not subject to the automatic stay. *Newbery*, 95 F.3d at 1398-1400.

Accordingly, the Trustee's Motion for Determination That Proceeding Is Core must be denied.

DATED this 26th day of February, 2021.

        BYRNES KELLER CROMWELL LLP

        By /s/ Bradley S. Keller
           Bradley S. Keller, WSBA #10665
        By /s/ Ralph E. Cromwell, Jr.
           Ralph E. Cromwell, Jr., WSBA #11784
        By /s/ Jofrey M. McWilliam
           Jofrey M. McWilliam, WSBA #28441
        1000 Second Avenue, 38th Floor
        Seattle, Washington 98104
        206-622-2000
        Fax: 206-622-2522
        Email: bkeller@byrneskeller.com
                   rcromwell@byrneskeller.com
                   jmcwilliam@byrneskeller.com

        MUNDING, P.S.

        By /s/ John Munding
           John Munding, WSBA #21734
        9425 N. Nevada St. Suite 212
        Spokane, Washington 99218
        509-624-6464
        Fax: (509) 624-6155
        Email: john@mundinglaw.com
        *Attorneys for Perkins Coie LLP and Lowell Ness*

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S
MOTION FOR DETERMINATION THAT PROCEEDING IS
CORE - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 10 of 11

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

OPPOSITION OF PERKINS AND NESS TO TRUSTEE'S MOTION FOR DETERMINATION THAT PROCEEDING IS CORE - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 42    Filed 02/26/21    Entered 02/26/21 16:07:16    Pg 11 of 11