**So Ordered.**

**Dated: April 22nd, 2021**



Frederick P. Corbit
Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, INC., a Washington corporation,<br><br>Debtor. | Case No. 18-03197-FPC7 |
| MARK D. WALDRON, as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, an individual and California resident; GIGA WATT PTE, LTD., a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation;<br><br>Defendants,<br>and<br><br>THE GIGA WATT PROJECT, a partnership,<br><br>Nominal Defendant. | Adversary No. 20-80031<br><br>**ORDER DETERMINING THAT PROCEEDING IS NON-CORE**<br><br><br>**NOT FOR PUBLICATION** |

This adversary proceeding is based on the Plaintiff's allegations that the

bankruptcy estate was harmed when the law firm of Perkins Coie, LLP, Lowell

**ORDER THAT PROCEEDING IS NON-CORE-** Page 1

Ness, a partner at the law firm, and Andrey Kuzenny, CEO of Giga Watt, PTE Ltd., each breached fiduciary duties when they caused the premature release of funds that were held, pursuant to an unwritten escrow agreement, in the law firm's trust account.[1] On February 5, 2021, the Chapter 7 Trustee filed a Motion for a Determination that Proceeding is Core. (Adv. ECF No. 38) The Plaintiff's Motion was opposed by Perkins Coie, LLP, and Lowell Ness, who are jointly referred to in this order as "Perkins." The Court reviewed the files and records herein, heard argument of the parties, and was fully advised in the premises.

## A. ANALYSIS

The Bankruptcy Act of 1978 originally gave bankruptcy courts "jurisdiction over all civil proceedings arising under or related to cases under title 11." 28 U.S.C. § 1471(b), (c). The United States Supreme Court declared the provision unconstitutionally broad and held that Congress may not delegate the power to adjudicate "state-created private rights," which are the sole province of Article III courts. *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982); *In re Adams*, 761 F.2d 1422, 1424 (9th Cir. 1985). Thereafter, Congress passed the Bankruptcy Amendments and Federal

---

[1] The procedural and factual background of the case is more fully set forth in the contemporaneous Order Granting Motion to Strike Jury Demand.

**ORDER THAT PROCEEDING IS NON-CORE-** Page 2

Judgeship Act of 1984, creating a distinction between "core" proceedings and "non-core" proceedings. 28 U.S.C. § 157.

"Th[e] distinction between core and non-core is important, because it determines how the claims must be treated." *In re Harris Pine Mills*, 44 F.3d 1431, 1436 (9th Cir. 1995). Bankruptcy judges may "hear and determine" core proceedings upon which the bankruptcy court "may enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). Judgments in core proceedings are subject to normal appellate review. By contrast, absent consent of the parties, bankruptcy judges may only "hear" non-core proceedings and are required to submit proposed findings of fact and conclusions of law to the district court for *de novo* review on timely objection. *Id.* § 157(c)(1), (e); *Harris Pine Mills*, 44 F.3d at 1436 ("'In non-core matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master'")(quoting *In re Cinematronics,* 916 F.2d 1444, 1449 (9th Cir. 1990)).

Core matters are defined by 28 U.S.C. § 157(b) as "proceedings arising under title 11, or arising in a case under title 11." *Id.*; *see also In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000)("In general, a core proceeding in bankruptcy is one that invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). By contrast, "[n]on-core proceedings are those not integral to the restructuring of debtor-

creditor relations and not involving a cause of action arising under title 11." *Harris*

*Pine Mills*, 44 F.3d at 1436.

28 U.S.C. Section 157(b)(2) sets forth a non-exhaustive list of matters that

are considered core proceedings under Title 11. 28 U.S.C. § 157(b)(2)(A)-(O); *see*

*also Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004). Of these

fifteen provisions, two, (A) and (O), are considered "catch-all" categories.

"[C]ore" jurisdiction statutorily includes 'matters concerning the administration of

the estate,' 28 U.S.C. § 157(b)(2)(A) and 'other proceedings affecting the

liquidation of the assets of the estate or the adjustment of the debtor-creditor . . .

relationship.' *Id.* at § 157(b)(2)(O)." *In re Southmark Corp.*, 163 F.3d 925, 930

(5th Cir. 1999).

In cases where claims fall under the catch-all categories, courts have differed

regarding which claims are considered core as opposed to merely related matters.

The Ninth Circuit has adopted a relatively narrow interpretation, requiring

something more than literal applicability of the catchall provisions. *In re*

*Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986)("[S]tate law contract

claims that do not specifically fall within the categories of core proceedings

enumerated in 28 U.S.C. § 157 (b)(2)(B)-(N) are related proceedings under

§ 157(c) even if they arguably fit within the literal wording of the two catch-all

provisions, sections § 157(b)(2)(A) and (O)."). *Compare In re ACI-HDT Supply*

**ORDER THAT PROCEEDING IS NON-CORE-** Page 4

*Co.,* 205 B.R. 231, 236 (B.A.P. 9th Cir. 1997)("[A] state law claim against a non-debtor in his individual capacity . . . not fall[ing] squarely within § 157(b)(2)(B)-(N) could not be a core proceeding merely by virtue of the catch-all provisions of §157(b)(2)(A) or (O)")(*citing Cinematronics,* 916 F.2d at 1450*) with In re Coastal Plains, Inc.*, 326 B.R. 102, 109 (Bankr. N.D. Tex. 2005)("To be sure, this action for breach of a fiduciary duty arises from the Trustee's administration of the bankruptcy case and necessarily involves his services to the Debtor's estate. Simply put, this claim could not arise were it not for the underlying bankruptcy case.").

As such, the Ninth Circuit has defined core proceedings to include administrative matters that arise only in bankruptcy and would not exist outside of the bankruptcy. *Harris Pine Mills*, 44 F.3d at 1431; *In re Eastport*, 935 F.2d 1071, 1076 (9th Cir. 1991).

## B.   SUMMARY OF THE PARTIES' ARGUMENTS

In this case, the Chapter 11 Trustee, as Plaintiff, argues that Perkins' request to "setoff" claims of the Trustee's alleged impropriety cannot be resolved without resolving the Plaintiff's claims and therefore this adversary proceeding is a core matter. The Trustee relies upon *In re Thorpe Insulation Co.,* 671 F.3d 1011, 1022 (9th Cir. 2012)(only a bankruptcy court should decide if the administration of an estate gives rise to a claim for damages). By contrast, Perkins argues that the

Trustee's claims based on pre-petition conduct under state law could exist outside of the bankruptcy and therefore, the claims are "non-core." Perkins asserts the Trustee's argument is foreclosed by *Newbery Corp. v. Fireman's Fund Ins. Co.,* 95 F.3d 1392, 1398-1400 (9th Cir. 1996). Moreover, Perkins asserts that its affirmative defense is more properly characterized as "recoupment" rather than "setoff" and does not implicate the claims allowance process (which is core) or the equitable jurisdiction of the bankruptcy court. *See id.* at 1388-1400.[2]

## C. CONCLUSION

Perkins is correct. The Plaintiff's claim that Perkins breached a fiduciary duty when it released funds from the trust account is a claim that exists, if at all, pursuant to applicable nonbankruptcy law. In other words, the claim does not depend on bankruptcy laws for its existence and is therefore, "non-core." Moreover, the "non-core" nature of the claim is not transformed by Perkins' affirmative defense because Perkins does not seek affirmative relief from the

---

[2] Recoupment "'is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim.'" *Newbery*, 95 F.3d at 1399 (quoting 4 Collier on Bankruptcy, ¶ 553.03, at 553–15 (15th ed.1995)) (emphasis in original). It involves "netting out debt," *Oregon v. Harmon (In re Harmon)*, 188 B.R. 421, 425 (9th Cir. B.A.P. 1995), and is allowed "because it would be inequitable not to allow the defendant to recoup those payments against the debtor's subsequent claim." *Newbery*, 95 F.3d at 1401; *Long Term Disability Plan of Hoffman–La Roche, Inc. v. Hiler (In re Hiler)*, 99 B.R. 238, 243 (Bankr.D.N.J.1989) ( "[T]he application of recoupment goes to the equity of the claim."). The justification for the defensive use of recoupment in bankruptcy is that there is no independent basis for a "debt," and therefore there is no "claim" against estate property. *In Re Harmon*, 188 B.R. at 425.

Debtor other than the right, if any, to recover fees and costs in the event it is the prevailing party.

**D.      ORDER**

This adversary action is non-core and therefore the Plaintiff's Motion for a Determination that Proceeding is Core (ECF No. 38) is **DENIED.** Unless the District Court withdraws the reference,[3] and in light of this Court contemporaneously granting the Motion to Strike Jury Demand and denying the Motion to Compel Arbitration, the parties will try this case in the Bankruptcy Court. After the trial, the Bankruptcy Court will prepare findings of fact and conclusions of law. If a party timely objects to those findings of fact and conclusions of law, the Bankruptcy Court's findings of fact and conclusions of law will be submitted to the District Court for *de novo* review.


///End of Order///


---

[3] Pursuant to Local Bankruptcy Rule 5011-1(c), this Court is preparing a transmittal letter that will be submitted to the United States District Court for the Eastern District of Washington.

**ORDER THAT PROCEEDING IS NON-CORE-** Page 7