United States Bankruptcy Court
Eastern District of Washington

Waldron,
    Plaintiff

Perkins Coie LLP,
    Defendant

Adv. Proc. No. 20-80031-FPC

# CERTIFICATE OF NOTICE

| District/off: 0980-2 | User: notice | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Apr 22, 2021 | Form ID: pdf002 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 24, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| dft | + Perkins Coie LLP, Chicago, 131 South Dearborn Street, Suite 1700, Chicago, IL 60603-3559 U.S. 60603-5559 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustp.region18.sp.ecf@usdoj.gov | Apr 23 2021 02:27:00 | US Trustee, US Court House, 920 W Riverside Ave, Suite 593, Spokane, WA 99201-1012 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 24, 2021      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 22, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Donald A Boyd | on behalf of Defendant Andrey Kuzenny dboyd@hummerboyd.com kvoelker@hummerboyd.com |
| John D Munding | on behalf of Defendant Lowell Ness John@Mundinglaw.com Karen@mundinglaw.com |
| John D Munding | on behalf of Defendant Perkins Coie LLP John@Mundinglaw.com Karen@mundinglaw.com |
| Pamela Marie Egan | |

on behalf of Plaintiff Mark D. Waldron pegan@potomaclaw.com

Ralph E Cromwell, Jr

on behalf of Defendant Lowell Ness rcromwell@byrneskeller.com
lyoshinaga@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com

Ralph E Cromwell, Jr

on behalf of Defendant Perkins Coie LLP rcromwell@byrneskeller.com
lyoshinaga@byrneskeller.com,mkitamura@byrneskeller.com,docket@byrneskeller.com

TOTAL: 6


# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, INC., a Washington corporation,<br><br>       Debtor. | Case No. 18-03197-FPC7 |
| MARK D. WALDRON, as Chapter 7 Trustee,<br><br>       Plaintiff,<br><br>  v.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, an individual and California resident; GIGA WATT PTE, LTD., a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation;<br>       Defendants,<br>  and<br><br>THE GIGA WATT PROJECT, a partnership,<br><br>       Nominal Defendant. | Adversary No. 20-80031<br><br>**ORDER DETERMINING THAT PROCEEDING IS NON-CORE**<br><br><br><br>**NOT FOR PUBLICATION** |

  This adversary proceeding is based on the Plaintiff's allegations that the bankruptcy estate was harmed when the law firm of Perkins Coie, LLP, Lowell

**ORDER THAT PROCEEDING IS NON-CORE-** Page 1

Ness, a partner at the law firm, and Andrey Kuzenny, CEO of Giga Watt, PTE Ltd., each breached fiduciary duties when they caused the premature release of funds that were held, pursuant to an unwritten escrow agreement, in the law firm's trust account.[1] On February 5, 2021, the Chapter 7 Trustee filed a Motion for a Determination that Proceeding is Core. (Adv. ECF No. 38) The Plaintiff's Motion was opposed by Perkins Coie, LLP, and Lowell Ness, who are jointly referred to in this order as "Perkins." The Court reviewed the files and records herein, heard argument of the parties, and was fully advised in the premises.

A.  ANALYSIS

The Bankruptcy Act of 1978 originally gave bankruptcy courts "jurisdiction over all civil proceedings arising under or related to cases under title 11." 28 U.S.C. § 1471(b), (c). The United States Supreme Court declared the provision unconstitutionally broad and held that Congress may not delegate the power to adjudicate "state-created private rights," which are the sole province of Article III courts. *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982); *In re Adams*, 761 F.2d 1422, 1424 (9th Cir. 1985). Thereafter, Congress passed the Bankruptcy Amendments and Federal

---

[1] The procedural and factual background of the case is more fully set forth in the contemporaneous Order Granting Motion to Strike Jury Demand.

**ORDER THAT PROCEEDING IS NON-CORE-** Page 2

Judgeship Act of 1984, creating a distinction between "core" proceedings and "non-core" proceedings. 28 U.S.C. § 157.

"Th[e] distinction between core and non-core is important, because it determines how the claims must be treated." *In re Harris Pine Mills*, 44 F.3d 1431, 1436 (9th Cir. 1995). Bankruptcy judges may "hear and determine" core proceedings upon which the bankruptcy court "may enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). Judgments in core proceedings are subject to normal appellate review. By contrast, absent consent of the parties, bankruptcy judges may only "hear" non-core proceedings and are required to submit proposed findings of fact and conclusions of law to the district court for *de novo* review on timely objection. *Id.* § 157(c)(1), (e); *Harris Pine Mills*, 44 F.3d at 1436 ("'In non-core matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master'")(quoting *In re Cinematronics,* 916 F.2d 1444, 1449 (9th Cir. 1990)).

Core matters are defined by 28 U.S.C. § 157(b) as "proceedings arising under title 11, or arising in a case under title 11." *Id.*; *see also In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000)("In general, a core proceeding in bankruptcy is one that invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). By contrast, "[n]on-core proceedings are those not integral to the restructuring of debtor-

**ORDER THAT PROCEEDING IS NON-CORE- Page 3**

creditor relations and not involving a cause of action arising under title 11." *Harris Pine Mills*, 44 F.3d at 1436.

28 U.S.C. Section 157(b)(2) sets forth a non-exhaustive list of matters that are considered core proceedings under Title 11. 28 U.S.C. § 157(b)(2)(A)-(O); *see also Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004). Of these fifteen provisions, two, (A) and (O), are considered "catch-all" categories. "[C]ore' jurisdiction statutorily includes 'matters concerning the administration of the estate,' 28 U.S.C. § 157(b)(2)(A) and 'other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship.' *Id.* at § 157(b)(2)(O)." *In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999).

In cases where claims fall under the catch-all categories, courts have differed regarding which claims are considered core as opposed to merely related matters. The Ninth Circuit has adopted a relatively narrow interpretation, requiring something more than literal applicability of the catchall provisions. *In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986)("[S]tate law contract claims that do not specifically fall within the categories of core proceedings enumerated in 28 U.S.C. § 157 (b)(2)(B)-(N) are related proceedings under § 157(c) even if they arguably fit within the literal wording of the two catch-all provisions, sections § 157(b)(2)(A) and (O)."). *Compare In re ACI-HDT Supply*

**ORDER THAT PROCEEDING IS NON-CORE**- Page 4

*Co.,* 205 B.R. 231, 236 (B.A.P. 9th Cir. 1997)("[A] state law claim against a non-debtor in his individual capacity . . . not fall[ing] squarely within § 157(b)(2)(B)-(N) could not be a core proceeding merely by virtue of the catch-all provisions of §157(b)(2)(A) or (O)")(*citing Cinematronics,* 916 F.2d at 1450) *with In re Coastal Plains, Inc.*, 326 B.R. 102, 109 (Bankr. N.D. Tex. 2005)("To be sure, this action for breach of a fiduciary duty arises from the Trustee's administration of the bankruptcy case and necessarily involves his services to the Debtor's estate. Simply put, this claim could not arise were it not for the underlying bankruptcy case.").

As such, the Ninth Circuit has defined core proceedings to include administrative matters that arise only in bankruptcy and would not exist outside of the bankruptcy. *Harris Pine Mills*, 44 F.3d at 1431; *In re Eastport*, 935 F.2d 1071, 1076 (9th Cir. 1991).

B.   SUMMARY OF THE PARTIES' ARGUMENTS

In this case, the Chapter 11 Trustee, as Plaintiff, argues that Perkins' request to "setoff" claims of the Trustee's alleged impropriety cannot be resolved without resolving the Plaintiff's claims and therefore this adversary proceeding is a core matter. The Trustee relies upon *In re Thorpe Insulation Co.,* 671 F.3d 1011, 1022 (9th Cir. 2012)(only a bankruptcy court should decide if the administration of an estate gives rise to a claim for damages). By contrast, Perkins argues that the

Trustee's claims based on pre-petition conduct under state law could exist outside of the bankruptcy and therefore, the claims are "non-core." Perkins asserts the Trustee's argument is foreclosed by *Newbery Corp. v. Fireman's Fund Ins. Co.,* 95 F.3d 1392, 1398-1400 (9th Cir. 1996). Moreover, Perkins asserts that its affirmative defense is more properly characterized as "recoupment" rather than "setoff" and does not implicate the claims allowance process (which is core) or the equitable jurisdiction of the bankruptcy court. *See id.* at 1388-1400.[2]

## C.  CONCLUSION

Perkins is correct. The Plaintiff's claim that Perkins breached a fiduciary duty when it released funds from the trust account is a claim that exists, if at all, pursuant to applicable nonbankruptcy law. In other words, the claim does not depend on bankruptcy laws for its existence and is therefore, "non-core." Moreover, the "non-core" nature of the claim is not transformed by Perkins' affirmative defense because Perkins does not seek affirmative relief from the

---

[2] Recoupment "'is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim.'" *Newbery*, 95 F.3d at 1399 (quoting 4 Collier on Bankruptcy, ¶ 553.03, at 553–15 (15th ed.1995)) (emphasis in original). It involves "netting out debt," *Oregon v. Harmon (In re Harmon)*, 188 B.R. 421, 425 (9th Cir. B.A.P. 1995), and is allowed "because it would be inequitable not to allow the defendant to recoup those payments against the debtor's subsequent claim." *Newbery*, 95 F.3d at 1401; *Long Term Disability Plan of Hoffman–La Roche, Inc. v. Hiler (In re Hiler)*, 99 B.R. 238, 243 (Bankr.D.N.J.1989) ( "[T]he application of recoupment goes to the equity of the claim."). The justification for the defensive use of recoupment in bankruptcy is that there is no independent basis for a "debt," and therefore there is no "claim" against estate property. *In Re Harmon*, 188 B.R. at 425.

**ORDER THAT PROCEEDING IS NON-CORE- Page 6**

Debtor other than the right, if any, to recover fees and costs in the event it is the prevailing party.

D. ORDER

This adversary action is non-core and therefore the Plaintiff's Motion for a Determination that Proceeding is Core (ECF No. 38) is **DENIED.** Unless the District Court withdraws the reference,[3] and in light of this Court contemporaneously granting the Motion to Strike Jury Demand and denying the Motion to Compel Arbitration, the parties will try this case in the Bankruptcy Court. After the trial, the Bankruptcy Court will prepare findings of fact and conclusions of law. If a party timely objects to those findings of fact and conclusions of law, the Bankruptcy Court's findings of fact and conclusions of law will be submitted to the District Court for *de novo* review.

///End of Order///

---

[3] Pursuant to Local Bankruptcy Rule 5011-1(c), this Court is preparing a transmittal letter that will be submitted to the United States District Court for the Eastern District of Washington.

**ORDER THAT PROCEEDING IS NON-CORE-** Page 7