Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP
and Lowell Ness

The Honorable Frederick P. Corbit
Chapter: 7

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GIGA WATT, INC., a Washington corporation,<br>          Debtor.<br>MARK D. WALDRON, as Chapter 7 Trustee,<br>          Plaintiff,<br>vs.<br>PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, individual and California resident; GIGA WATT PTE., LTD. a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation;<br>          Defendants<br>  and<br>THE GIGA WATT PROJECT, a partnership,<br>          Nominal Defendant. | No. 18-03197-FPC11<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 7**<br><br>Adv. Case No. 20-80031<br><br>**MOTION FOR LEAVE TO APPEAL** |

MOTION FOR LEAVE TO APPEAL 1

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC  Doc 62  Filed 05/06/21  Entered 05/06/21 13:40:45  Pg 1 of 13

Defendants Perkins Coie LLP and Lowell Ness (collectively, "Perkins") move for leave to appeal the Bankruptcy Court's Order Granting Motion to Strike Jury Demand (ECF. 49), entered April 22, 2021 (hereinafter the "Order").

## I. RELIEF REQUESTED

Perkins asserts that the Order Granting Motion to Strike Jury Demand is appealable as of right under 28 U.S.C § 158(a)(1), and does not waive any right to appeal the Order without leave of Court. In the alternative, and in the event the Order is not deemed "final" and appealable as of right, Perkins hereby requests leave to appeal the Order under 28 U.S.C § 158(a)(2) and Fed. R. Bankr. P. 8004.

## II. QUESTION PRESENTED

Whether leave to appeal the Court's Order Granting Motion to Strike Jury Demand (ECF. 49), entered April 22, 2021, should be granted in the event the Order is not deemed a "final" order.

## III. BACKGROUND

**A. Factual Summary**

This Adversary Proceeding relates to the sale of digital cryptocurrency mining "tokens." Purchasers from around the world entered into "WTT Token Purchase Agreements" with a Singapore company, Giga Watt Pte. Ltd ("GW Singapore"). The Trustee claims that Perkins acted as an escrow agent for GW Singapore and for the token purchasers with regard to each purchase transaction. The Trustee further claims that the Debtor, Giga Watt, Inc. ("Debtor"), was in partnership with GW Singapore

MOTION FOR LEAVE TO APPEAL 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 2 of 13

and thereby became liable to purchasers for breach of the WTT Token Purchase Agreements when Perkins allegedly breached the terms of the escrow agreement.

B. **Adversary Proceeding by the Trustee**

On November 19, 2018, Giga Watt, Inc. filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The Chapter 11 bankruptcy case was subsequently converted to a case under Chapter 7 on September 30, 2020. On November 18, 2020, the Trustee, Mark Waldron, commenced this Adversary Proceeding (Adv. Case No. 20-80031) (the "Adversary Proceeding") in the United States Bankruptcy Court for the Eastern District of Washington against Defendants Perkins and others. In the Adversary Proceeding, the Trustee asserts state-law claims against Perkins and seeks recovery of damages allegedly sustained by the Debtor prior to the petition date purportedly caused by breach of the Token Purchase Agreements and alleged escrow terms.

1. **Motion to Withdraw the Reference**

On December 31, 2020, Perkins filed a Motion to Withdraw the Reference, requesting that the District Court withdraw the reference to the Bankruptcy Court, and that the Adversary Proceeding be litigated and tried before the District Court, and objecting to having the matter heard or determined by the Bankruptcy Court. *See* ECF 17, 18, 30. The Motion was transferred to the District Court on April 27, 2021 and is now pending in the District Court captioned as: *Waldron v. Perkins Coie, LLP, et al.*, United States District Court for the Eastern District of Washington No. 2:21-cv-

MOTION FOR LEAVE TO APPEAL 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 3 of 13

00148-SAB. A hearing and oral argument on the Motion to Withdraw the Reference has been scheduled for June 15, 2021 at 1:30 p.m. before Judge Bastian.

## 2. Orders of the Bankruptcy Court

On February 5, 2021, the Trustee filed a Motion to Strike Jury Demand, *see* ECF 36, and a Motion to Determine That Proceeding Is Core, *see* ECF 38. On February 26, 2021, Perkins filed a Motion to Compel Arbitration and Stay. *See* ECF 40. On April 22, 2021, after briefing and argument on the Motions, the Bankruptcy Court entered the following orders: (1) Order Granting Motion to Strike Jury Demand, *see* ECF 49; (2) Order Determining That Proceeding Is Non-Core, *see* ECF 50; and (3) Order Denying Motion to Compel Arbitration and Stay, *see* ECF 51.

Filed herewith, Perkins has filed a Notice of Appeal and Election to Have the District Court Hear the Appeal, appealing the Bankruptcy Court's Orders (a) Granting Motion to Strike Jury Demand, and (b) Denying Motion to Compel Arbitration and Stay.

## C. Related Class Action in District Court

Pending before the District Court is a related class action proceeding arising from the same facts and circumstances as those complained of by the Trustee, and seeking the same damages, captioned: *Dam v. Perkins Coie, LLP, et al.*, United States District Court for the Eastern District of Washington, No. 2:20-cv-00464-SAB. The class action asserts state law claims against Perkins, and seeks recovery on behalf of token purchasers of proceeds deposited into "escrow" with Perkins, and allegedly

MOTION FOR LEAVE TO APPEAL 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 4 of 13

improperly disbursed – i.e., the same damages sought by the Trustee. Discovery in the related class action has not yet commenced. Following a scheduling conference, the Court ordered that Perkins may file a motion to compel arbitration on or before June 11, 2021.

### IV.    ARGUMENT

**A.    The Order Striking Jury Demand Is Appealable As of Right.**

**1.    The Order Is "Final" Under 28 U.S.C. §158(a)(1).**

A party may appeal as a matter of right from "final judgments, orders, and decrees" of a Bankruptcy Court. 28 U.S.C. §158(a)(1). *See also* Fed. R. Bankr. P. 8003. The Ninth Circuit takes a pragmatic and flexible approach to "finality" in bankruptcy cases. *In re Liu*, 611 B.R. 864, 870 (B.A.P. 9th Cir. 2020)(citing cases). "The test for finality in bankruptcy typically asks two questions: (1) whether the Bankruptcy Court's order fully and finally determined the discrete issue or issues it addressed; and (2) whether it 'resolves and seriously affects substantive rights'." *Id. Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1126 (9th Cir. 2016) ("substantive ruling with real effects" is final and reviewable). Using this finality standard, the Ninth Circuit has found many different types of bankruptcy orders to be "final" for purposes of appeal under 28 U.S.C. §158(a)(1). *In re Liu*, 611 B.R. at 871 (citing cases).

Relevant to the analysis here, in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020), the United States Supreme Court observed that a Bankruptcy

MOTION FOR LEAVE TO APPEAL 5

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 5 of 13

Court order which effectively resolves the forum in which the dispute will be litigated, qualifies as a "final" order subject to appeal as of right:

> Orders denying a plaintiff the opportunity to seek relief in its preferred forum often qualify as final and immediately appealable, though they leave the plaintiff free to sue elsewhere.

*Id.* at 590. The Court reasoned that if Bankruptcy Court orders which had forum altering effects were not immediately appealable, it would force the parties "to fully litigate their claims in Bankruptcy Court and then, after the bankruptcy case is over, appeal and seek to redo the litigation all over again in the original court." *Id.* at 591.

Here, likewise, the Order Granting Motion to Strike Jury Demand purports to resolve Perkins' constitutional right to a jury trial, which in turn would significantly alter and enhance the authority of the Bankruptcy Court to act, and alter the forum in which the matter may be tried. Specifically, the claims asserted by the Trustee in the adversary proceeding are non-core. *See* ECF 50 (Order Determining That Proceeding Is Non-Core). "[T]he scope of the Bankruptcy Court's adjudicatory powers is much more circumscribed in the noncore context." *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990). In a non-core proceeding, the Bankruptcy Court lacks the constitutional authority to preside over a jury trial. *Id.* at 1451. Thus, the right to jury trial requires that the matter be tried before an Article III judge in the District Court. *See id.* Here, Perkins moved to withdraw the reference and expressly stated that it did not consent to have the mater heard or tried by the Bankruptcy Court. ECF 18 at 4. By granting the Motion to Strike Jury Demand, therefore, the Court's Order resolved a

MOTION FOR LEAVE TO APPEAL 6

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 6 of 13

discrete dispute of constitutional magnitude, thereby enhanced its own authority to act, and altered the forum in which the matter could be heard. The issue of Perkins' right to jury trial was already raised, and pending, in its Motion to Withdraw the Reference. *See* ECF 18, 30. If the District Court were to now be bound by the Bankruptcy Court's Order, the District Court's discretion to determine the issue, and decide whether the reference should be withdrawn, would be substantially limited. The Order, therefore, resolves a discrete issue relating to the forum in which the matter may be tried. This is precisely the type of order that the court in *Ritzen* held was a final order and immediately appealable, because it resolves a discrete issue, materially impacts substantive rights of the parties and the authority of the Bankruptcy Court to act, and alters the forum in which the matter may be tried. *See* 140 S.Ct. at 590. Moreover, absent immediate appeal, the parties would potentially be forced "to fully litigate their claims in Bankruptcy Court and then, after the bankruptcy case is over, appeal and seek to redo the litigation all over again in the original court" (i.e., in the District Court before a jury). *Ritzen*, 140 S. Ct. at 591.

### 2. If the Order Is Not Final, Then It Should Be Deemed a Report and Recommendation.

Motions to withdraw the reference are decided by the District Court. While the Bankruptcy Court may provide the District Court with a report and recommendation or similar non-binding opinions on the merits of a motion to withdraw the reference, withdrawal of the reference is ultimately in the discretion of the District Court. If the Order Granting Motion to Strike Jury Demand is not a final, appealable order of the

MOTION FOR LEAVE TO APPEAL 7

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 7 of 13

Bankruptcy Court, then it likewise should be considered non-binding on the District Court. What the Order should not be treat as is both non-final (and therefore not immediately appealable), *and* binding on the District Court. If the Order were to be both non-final but nonetheless binding on the District Court, it would improperly alter and limit the District Court's discretion, and the factors relevant to exercising that discretion, in deciding the Motion to Withdraw the Reference. In its Opposition to the Motion to Strike Jury Demand, Perkins expressly objected to this "end-run" around the District Court's jurisdiction. *See* ECF 41 at 2 (ECF pg. 3 of 22).

B. **In the Alternative, Leave to Appeal Should Be Granted.**

28 U.S.C 158(a)(3) provides that, with leave of court, District Courts have jurisdiction to hear appeals of interlocutory orders of bankruptcy judges. *See also* Fed. R. Bankr. P. 8004(a) (setting forth procedure for interlocutory appeals under Section 158(a)(3)). Neither Section 158 nor Rule 8004, however, articulates the standard governing when leave should be granted. Courts therefore "look[ ] to the standards set forth in 28 U.S.C. § 1292(b)," which governs interlocutory appeals in non-bankruptcy federal actions. *Roderick v. Levy (In re Roderick Timber Co.)*, 185 B.R. 601 (B.A.P. 9th Cir. 1995). Under that standard, leave to appeal is appropriate where (1) there is a controlling question of law, (2) as to which substantial ground for difference of opinion exists, and (3) immediate appeal could materially advance the termination of the litigation. *Id.*; 28 U.S.C. § 1292(b). *See also, e.g., Harrington v. Mayer (In re Mayer),* 2020 WL 6746931 at *3 (S.D. Cal. Nov. 16, 2020) (discussing

MOTION FOR LEAVE TO APPEAL 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 8 of 13

standard for leave to appeal).  Here, all three factors are met.  Therefore, if the Order is deemed not to be final, then leave to appeal should be granted.

First, courts have routinely held that the determination of a constitutional right to jury trial presents "a controlling issue of law" for purposes of granting leave to appeal.  *See, e.g., The Official Comm. Of Unsecured Creditors v. Qwest Cmmc'ns Corp., (In re A.P. Liquidating Co.)*, 350 B.R. 752, 755 (E.D. Mich. 2006) (holding that "the Bankruptcy Court's Order Striking Jury Demand raises a controlling question of law" and granting leave to appeal it).  *See also, e.g., Ross v. Bernhard*, 396 U.S. 531, 532 (1970) (interlocutory review under 28 U.S.C. §1292(b) of right to jury trial); *Wilshire Assocs. v. Ashland Partners & Co.,* 2009 WL 10671718 at * 2 (C.D. Cal. June 18, 2009)(discussing authorities, holding that right to jury trial presents controlling issue of law, and certifying interlocutory appeal).  Accordingly, the first factor is met here.

Next, while Perkins asserts that the Court's application of the law is erroneous, at minimum the Court's basis for striking Perkins' jury demand presents grounds for substantial difference of opinion.  As far as Perkins is aware, there is no authority (and neither party cited any) holding that breach of an alleged escrow agreement is an equitable claim that carries no right to jury trial.  On the other hand, there is authority holding that the duties of an escrow agent derive exclusively from the terms of the contract, and there can be no breach of fiduciary duty by the agent without first establishing the existence, terms, and breach of the contract.  *See* ECF 41 at 11-12

MOTION FOR LEAVE TO APPEAL 9

(ECF pgs. 12-13 of 22) (citing authorities). Similarly, there is controlling authority holding that where a claim – even an otherwise equitable one – depends on the existence, terms, and breach of a contract, the right to jury trial attaches because the existence, terms, and breach of the contract are both necessary and antecedent to the equitable claim. *See id*. at 13-15 (ECF pgs. 14-16) (discussing *Dairy Queen* and *DePinto*). In holding that the claim here, styled as breach of fiduciary duty, is purely equitable, the Court refused to apply this authority and ignored that the antecedent contract, and a breach of it, must first be established and are jury issues. ECF 49 at 5-9. Indeed, in rejecting the Ninth Circuit's decision in *DePinto*, the Bankruptcy Court apparently relied on Justice Stewart's dissenting opinion in *Ross*. *Id*. at 9 n. 7.

Likewise, although the Court itself acknowledged that the Trustee's Complaint requested money damages, it concluded that the damages sought (millions of dollars) was "incidental" to some other, unarticulated, equitable relief, and therefore did not require a jury trial. ECF 49 at 11. The Court also relied heavily on the fact that bankruptcy is an equitable court, and that it was required to apply equitable principles. In doing so, the Court placed its own role and equitable powers ahead of Perkins' constitutional rights, even though there is no authority for weighing the role, or considering the equitable powers, of a Bankruptcy Court in the determination of a party's right to trial by jury. The Bankruptcy Court similarly refused to apply authorities holding that where the defendant is no longer in possession of the money or property at issue, the claim is for money damages, which is legal not equitable

MOTION FOR LEAVE TO APPEAL 10

relief. *See* ECF 41 at 16 (ECF pg. 17 of 22); ECF 30 at 5-6 (ECF pgs. 6-7 of 12). The Court's Order itself observed that courts have "struggled" with analyzing the legal or equitable nature of a claim, and opined that there are no such things has inherently legal or equitable issues, but only factual "chameleons" that depend on the circumstances. ECF 49 at 6, 7. Substantial grounds for difference of opinion exist as to the manner and basis of the Court's analysis and conclusions, and how it chose to apply countervailing authorities.

Finally, an immediate appeal will materially advance the ultimate termination of the litigation. As the Supreme Court observed in *Ritzen*, if the Order was held not to be immediately appealable, it would force the parties "to fully litigate their claims in Bankruptcy Court and then, after the bankruptcy case is over, appeal and seek to redo the litigation all over again in the original court." *Id.* at 591. *See also In re A.P. Liquidating*, 350 B.R. at 756 (granting interlocutory appeal of right to jury trial because it would avoid a bench trial that might later be overturned on appeal). Immediate appeal of the Order Striking Jury Demand in this case is particularly appropriate, since Perkins is entitled, under 9 U.S.C § 16, to immediate appeal as of right of the Court's Order Denying Motion to Compel Arbitration. As such, an appeal will in any event be proceeding before the District Court, so it makes sense to join the Jury Trial issue to it. In addition, the right to jury trial will anyway be heard by the District Court as part of Perkins' pending Motion to Withdraw the Reference. Thus,

MOTION FOR LEAVE TO APPEAL 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 11 of 13

immediate appeal will prevent piecemeal appeals and allow all issues to be efficiently decided at the same time. Accordingly, leave to appeal should be granted.

DATED this 6th day of May, 2021.

    BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell
    Ralph E. Cromwell, Jr., WSBA #11784
By /s/ Jofrey M. McWilliam
    Jofrey M. McWilliam, WSBA #28441
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: bkeller@byrneskeller.com
    rcromwell@byrneskeller.com
    jmcwilliam@byrneskeller.com

MUNDING, P.S.

By /s/ John Munding
    John Munding, WSBA #21734
9425 N. Nevada St. Suite 212
Spokane, Washington 99218
509-624-6464
Fax: (509) 624-6155
Email: john@mundinglaw.com
*Attorneys for Perkins Coie LLP and Lowell Ness*

MOTION FOR LEAVE TO APPEAL 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 12 of 13

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2021, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

> By /s/ Ralph E. Cromwell, Jr.
> Ralph E. Cromwell, Jr.
> Jofrey McWilliam
> *Attorneys for Defendants*
> 1000 Second Avenue, 38th Floor
> Seattle, Washington 98104
> 206-622-2000
> Fax: 206-622-2522
> Email: rcromwell@byrneskeller.com
> jmcwilliam@byrneskeller.com

MOTION FOR LEAVE TO APPEAL 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 62    Filed 05/06/21    Entered 05/06/21 13:40:45    Pg 13 of 13