| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE EASTERN DISTRICT OF WASHINGTON | |
| In re:<br><br>GIGA WATT INC,<br><br>    Debtor<br>_____<br><br>MARK D. WALDRON,<br><br>    Plaintiff,<br><br>v.<br><br>PERKINS COIE LLP, LOWELL NESS, *Perkins Coie LLP*, GIGA WATT PTE. LTD., ANDREY KUZENNY, GIGA WATT PROJECT,<br><br>    Defendants.<br>_____ | CASE NO. 18-03197-FPC7<br><br>United States Bankruptcy Court<br>Eastern District of Washington<br>ADV. PROC. NO. 20-80031-FPC |

TRANSCRIPT OF SCHEDULING CONFERENCE
AND MOTION TO CONTINUE
IN THE ADVERSARY PROCEEDING
BEFORE THE HONORABLE FREDERICK P. CORBIT
JANUARY 12, 2021

FOR THE PLAINTIFF:
    POTOMAC LAW GROUP PLLC
    By: Pamela Marie Egan
    1905 7th Ave. W
    Seattle, WA 98119

FOR THE DEFENDANT, PERKINS COIE LLP:
    BYRNES KELLER CROMWELL LLP
    By: Ralph E. Cromwell, Jr
    1000 Second Avenue, 38th Floor
    Seattle, WA 98104

    MUNDING, P.S.
    By: John D. Munding
    309 E Farwell Rd, Ste 310
    Spokane, WA 99218

TRANSCRIPT OF PROCEEDINGS; JANUARY 12, 2021

| | |
|---|---|
| 1 | FOR THE DEFENDANT, LOWELL NESS: |
| |     BYRNES KELLER CROMWELL LLP |
| 2 |     By: Ralph E. Cromwell, Jr |
| |     1000 Second Avenue, 38th Floor |
| 3 |     Seattle, WA 98104 |
| 4 |     MUNDING, P.S. |
| |     By: John D. Munding |
| 5 |     309 E Farwell Rd, Ste 310 |
| |     Spokane, WA 99218 |
| 6 | |
| 7 | FOR THE DEFENDANT, GIGA WATT PTE. LTD.: |
| |     PRO SE |
| 8 | FOR THE DEFENDANT, ANDREY KUZENNY: |
| |     HUMMER BOYD PLLC |
| 9 |     By: Donald A Boyd |
| |     6 South 2nd Street, Ste 1016 |
| 10 |     Yakima, WA 98901 |
| 11 | FOR THE DEFENDANT, GIGA WATT PROJECT: |
| |     PRO SE |
| 12 | |
| 13 | Proceedings recorded by electronic sound recordings, transcript produced by transcription service. |
| 14 | GINA M. COZZA |
| | APPROVED TRANSCRIBER |
| 15 | 518 E. NEBRASKA AVE. |
| | SPOKANE, WA 99208 |
| 16 | 509-482-0660 |

1  CLERK: Good afternoon. We have the Honorable Frederick P. Corbit presiding. This is *In*
2  *Re:* Waldron versus Perkins Coie LLP et al, Adversary Number 20-80031. This the time set
3  on the Scheduling Conference together with the Motion to Continue. Present, we have
4  Pamela Egan, attorney for the Plaintiff.
5  PAMELA EGAN: Good afternoon, Your Honor.
6  CLERK: And also Mark Waldron, the Plaintiff Trustee.
7  MARK WALDRON: Good afternoon, Your Honor.
8  CLERK: John Munding and Ralph Cromwell, attorneys for Defendants Perkins Coie et al.
9  RALPH CROMWELL: Good afternoon, Your Honor.
10 JOHN MUNDING: Good afternoon, Your Honor.
11 CLERK: Don Boyd for…local attorney for Andrey Kuzenny.
12 DON BOYD: Good afternoon, Your Honor.
13 CLERK: Thank you. And then also sitting in and observing we have Dennis McGlothin,
14 attorney for Jun Dam.
15 DENNIS MCGLOTHIN: Good afternoon, Your Honor.
16 CLERK: Thank you. This hearing is being recorded, and you may proceed.
17 JUDGE CORBIT: Good afternoon, Counsel, this is Judge Corbit. I've reviewed the Docket,
18 and let me start with some procedural issues that are my observations, and if counsel believes
19 that I misunderstood the procedure that applies here, you can lathe that with me in just a
20 minute. I've read Mr. Munding's pleadings, you know, and his arguments as to why the
21 District Court, in his opinion, is likely to withdraw the reference. But…and there's questions
22 about whether or not I would have jurisdiction to enter a final order. But at this point, the
23 reference hasn't been withdrawn. And the procedure that's used in most courts, including this
24 court, is that together with the withdrawal of the reference, the bankruptcy judge submits a
25 letter to the District Court explaining what's going on. Now, whether you want to argue, you
26 know, whether an Article I judge doesn't have jurisdiction here, it's not much different than
27 dealing with a situation where a magistrate judge is doing pre-trial work in a case as an…as a
28 Article I judge in a case that's assigned to a district judge. Here, complying with Federal Rule

1 of Civil Procedure 26(f) and having status conferences is not something that creates a
2 jurisdictional issue. And in preparing my report to the District Court, I would be remiss if I
3 didn't put counsel's feet to the fire and require you to do what…what's been required of you
4 pursuant to the notice of scheduling conference. So right now, the case has not been
5 withdrawn. It may be withdrawn, but in the process, I need the parties to meet and confer
6 with…pursuant to Federal Rule of Civil Procedure 26(f). Now, I know Ms. Egan has
7 submitted a report. But there's a lot of things in 26(f) which have to be done whether it's an
8 Article I judge telling you to do it or whether it's an Article III judge telling you to do it. If
9 you look at 26(f), you know, there's issues about dealing with a cover…a discovery plan,
10 scheduling, and the parties' responsibilities. So, in looking what's before me, the parties
11 haven't done that. And I understand this is a complicated case and maybe the parties need
12 some more time. But what I'm thinking about is continuing this and…to get the parties to
13 comply with Federal Rule of Civil Procedure 26(f) so that I can make my report that would go
14 along with Mr. Munding's motion. Those are my initial observations. And I'm concerned
15 that we really can't complete the scheduling conference today because not enough work has
16 been done. Ms. Egan, you represent the Plaintiff, I'll hear from you first.
17 PAMELA EGAN: Thank you, Your Honor. I have an update to the albeit partial 26(f) report
18 that I filed. And that is that the token holders agree that the case should be heard in the
19 Bankruptcy Court, and they're going to move to refer the District Court case to the
20 Bankruptcy Court, and so I wanted to let the Court know that. I have another…with respect
21 to the motion to withdraw the reference, we agree completely that the case is not staying, in
22 fact quite the opposite, the Court needs to see what's going on in the case. Unless there's a
23 stay order, but absent a stay order, the Court analysis that it presents to the District Court is
24 hampered if the parties are doing nothing. And so we would also like to ask the Court, and
25 we will be filing, sorry, we will be filing our objection to Perkins Coie's Motion to Withdraw
26 the Reference on January 14th when it's due. We will also be supporting the token holders'
27 motion to refer the case to the Bankruptcy Court. That won't be happening on Thursday, but
28 it should be happening next week. In addition to ordering the parties to comply with Rule

26(f), the Trustee also respectfully asks the Court to order the…Perkins Coie to answer the complaint. The response date came and went, and we're not at this early stage wanting to move to default, but I think there needs to be a deadline for them to answer and so we ask for that in addition to complying with Rule 26(f). And without going into the substance, we believe that the token holders case has many core issues imbedded in it, including the nature of their damages. There are token holders who had no power and no recourse because money was taken out and tokens released prematurely. There are other token holders whose tokens did have power, and they made money until Giga Watt fell apart, and our position is that Perkins Coie materially contributed to the destruction. But that issue of who has the types of damages maybe even typicality in the class certification issue will raise core…the core issue of well is this claimed property of the estate or not? And if the case remains in District Court, they'll be a lot of piecemeal litigation with issues getting referred back to the Bankruptcy Court, and the Bankruptcy Court doesn't have the full picture of the case anymore, the District Court doesn't have the full picture of the case. We don't think that that serves justice. The matter can be prepared for trial in the Bankruptcy Court most efficiently. No one has more knowledge of the facts than this Court. And with that, I thank you, Your Honor.

JUDGE CORBIT: Ms. Egan, I do have a question for you and if I missed something in the docket. I see from Mr. Munding and Mr. Cromwell that Perkins Coie would like to have a jury try in this case, and they've stated that they would not consent to a jury trial being conducted in the Bankruptcy Court. I didn't see much discussion about whether or not there is a right to a jury trial in this case. Do you have a position on that?

PAMELA EGAN: Not at this time, Your Honor, but I can promise to have a position and discuss it with Perkins Coie and be prepared to present that issue…our position to the Court.

JUDGE CORBIT: Okay, thank you. And Mr. Munding, Mr. Cromwell, I'll hear from whichever one of you wants to speak first. I will say I know judges or counsel sometimes are concerned when, you know, they go to one judge and say another judge should hear the case. I want you to know that I have, you know, the utmost respect for the District Court here. And my feelings would not be bent out of shape at all if it turns out that these issues have to be

1. decided by the District Court. So, I understand that you're making decisions and making
2. arguments, and I respect those arguments. What my concern is, though, with the withdrawal
3. of the reference before the District Court, I…my respect for myself in doing a good job is
4. dependent on getting the information so that I can make a clear and adequate report to the
5. District Court and I don't have that now. So that's why I'm considering maybe continuing
6. this scheduling conference. But Mr. Munding, Mr. Cromwell, however you want to divide
7. your time, go ahead.
8. JOHN MUNDING: Thank you, Your Honor, John Munding on behalf of the Defendants.
9. And I will take the responsibility for the procedural position that we're in now with respect to
10. the Defendants and agree with the Court's concerns but also with the continuance on the
11. status conference. The impact of a class action filing in the District Court, as well as the
12. complexity of this case, has delayed matters in our perspective in preparing the answer which
13. will be filed in the next day or so. We did have a conference with Ms. Egan. It was
14. productive, and we are committed to doing what this Court requests from the procedural
15. basis. One of the primary issues for the withdraw certainly is the jury trial. But we're also
16. not quite sure procedurally how this case will be impacted or intertwined with the pending
17. class action case, which is now before Judge Bastian of the District Court. So that is
18. something that we're continually trying to figure out. And the claims are very similar if not
19. the same, so we're trying to proceed methodically and request the Court's assistance in that.
20. But a scheduling conference continuance is fine with us, and we're committed to making sure
21. the Court receives what it needs...
22. JUDGE CORBIT: Okay.
23. JOHN MUNDING: To make informed recommendations.
24. JUDGE CORBIT: Mr. Munding, thank you. And I'm pleased to hear that the answer will be
25. in soon and I'm…I need to go look at the rules and say how…see how quickly I'm supposed
26. to report to the District Court on the Motion to Withdraw the Reference. But if we continue
27. this status conference, you know, I don't know how much time it would be. We'll…I'll talk
28. to you both…both sides about how much time we need whether it's two weeks or three weeks

1  or whatever to, you know, get the answer in to address the jury trial issue, to report whether or
2  not the lawsuit filed by Mr. Dam and others is going to be removed to this Court, all those
3  issues.  If we continue this status conference to deal with those issues, Mr. Munding, do you
4  have any objection to me sending up the motion to withdraw the reference with my report
5  after we have that next hearing?  I'm just…I fear that maybe there's a rule that says I have to
6  do it within "x" number of days, and if that "x" number of days occurs before our next status
7  conference, I wouldn't be able to make a complete report.  Mr. Munding, your position on
8  that?
9  JOHN MUNDING:  I would not have any opposition to allowing the Court as much time as it
10 needs to send that letter of recommendation or whatever the Court's recommendation is.  I
11 wasn't indicating one way or another.
12 JUDGE CORBIT:  Yeah, you know, and sometimes, sometimes it's just a report.  Sometimes
13 it's just sort of to say, you know, it's like being a magistrate judge, sending up a report, and it
14 says Mr. Cromwell and you and Ms. Egan know and probably Mr. McGlothin know that
15 sometimes with the jurisdictional issues, sometimes the trials are conducted in the bankruptcy
16 court, and the bankruptcy court then issues reports and recommendations to the district court.
17 The district court then has discretion to accept those reports or to conduct a whole 'nother
18 trial.  So the kind of report we give to the district court can be quite elaborate, you know,
19 sometimes after a trial.  Other times, it could be quite simple, saying that you know "there's
20 another pending action before the district court that's well under way and that it would
21 probably be best for the district court to consolidate the actions and keep it".  You know, I
22 don't know what my report will be here until I have all the information.  But thank you for the
23 time flexibility, Mr. Munding.  Mr. Cromwell, is there anything you'd like to add?
24 RALPH CROMWELL:  Not very much, Your Honor, but I just want to add one thought
25 about coming with a discovery plan, which you mentioned earlier.  My hesitancy in coming
26 up with a discovery plan now is that if you have two lawsuits with identical, large…very
27 similar claims, and in part seeking identical damages, it seemed to me that if probably some,
28 whether it's you or the district court judge is, may think it makes sense to consolidate the

1 actions at least for purposes of discovery.  So in this…if that's gonna happen, coming up with
2 a discovery plan, it seems to me that we want class counsel at the table, as well.  And it
3 sounds like Ms. Egan and class counsel have decided they're going to work together, so
4 maybe she can speak for them now.  But that was my only concern with trying to come up
5 with a discovery plan.  Are we going to have to redo it later?  But with that said, we will do
6 whatever you want and give you whatever information you want.
7 JUDGE CORBIT:  Okay, thank you, Mr. Cromwell.  You make a good point.  And it's not
8 because I thought of it, but I want to say that I was thinking the same thing.  One of the things
9 in this report, again, on whoever tries the case, efficiency is important.  And if discovery is,
10 you know…if discovery is gonna be the same between the two case or if the discovery is
11 gonna be sixty percent the same between the two cases, then coordinating discovery is
12 appropriate, and that's something I'd like you to address in more of a detailed 26(f) report.
13 Mr…is it Glothin…McGlothin?
14 DENNIS MCGLOTHIN:  McGlothin.
15 JUDGE CORBIT:  Okay, say it again.  We have a bad connection.  I want to try to get it right.
16 DENNIS MCGLOTHIN:  McGlothin.
17 JUDGE CORBIT:  McGlothin.  Thank you, Mr…
18 DENNIS MCGLOTHIN:  [inaudible]
19 JUDGE CORBIT:  Mr. McGlothin, let me understand this correctly.  You're counsel…are
20 you counsel for the plaintiff seeking the class action?
21 DENNIS MCGLOTHIN:  That is correct.
22 JUDGE CORBIT:  Okay.  And you heard Ms. Egan…I think it would be useful to get your
23 intake into this 26(f) report if you could meet and confer.  Because even if this goes to district
24 court, I may be sending something up that they don't know about, saying that you have two
25 cases, these two cases should be assigned to the same judge, you know…
26 [phone connection lost 1:53:53pm to 2:01:28pm]
27 CLERK:  Okay, we're back on the record.
28 JUDGE CORBIT:  This is Judge Corbit.  I think we were at the point, Counsel, where we

1  were discussing having a continued scheduling conference and during the break I did go back
2  and look at rules on…regarding withdrawal of the reference and the timeframe.  So we'll
3  want to discuss the time for filing documents with respect to the withdrawal of the reference
4  and maybe extend the time periods that are allowed pursuant to Rule 5011-1.  Ms. Egan, how
5  much time do you think we need?
6  PAMELA EGAN:  Well, Your Honor, we were…we're prepared to file our response on the
7  regular date of January 14th, and then I understood a reply would be due a week later.
8  JUDGE CORBIT:  That's right.
9  PAMELA EGAN:  And then the local rules provide that thereafter the Court will transmit the
10 materials, including if the Court wishes its report or analysis.  So we can stay on that schedule
11 as far as we're concerned.
12 JUDGE CORBIT:  Let me tell you why I think that that may rush us is because in addition to
13 filing your response and the other side filing their reply, I do want you to meet and confer to
14 go through those other issues…
15 PAMELA EGAN:  Yes [inaudible].
16 JUDGE CORBIT:  We've talked about.  And so if you stay on that timeline, and your
17 response is due in a couple of days, and you get it done, and then the reply is done in seven
18 days and then, you know, I'd don't think you're gonna have time to deal with the jury trial
19 issue we discussed and the consolidation of discovery and so forth because I think you're
20 gonna need to meet with…confer again with Mr. Munding and Mr. Cromwell and Mr. Dam's
21 counsel.  So we can stay on the response reply piece, but I think we need to extend the time
22 period for filing withdrawal of the reference documents.  So…and we want to extend that
23 time period until after the next scheduling conference.  So Ms. Egan, when do you think we
24 could conduct the next scheduling conference?  So I could be on the line and you'd be all
25 reporting to me what you've discovered and you've described and what you're gonna do and
26 so forth.
27 PAMELA EGAN:  Yes.  Well, I would think that if we had a scheduling conference on the
28 28th or the 26th or two weeks from today, that that would have…everyone would get the

9

1  briefing in, the response and the reply. Maybe push it to the 28th or the next weekend. In the
2  meantime, we will also engage on Rule 26(f) and get an answer.
3  JUDGE CORBIT: Okay.
4  PAMELA EGAN: [inaudible]
5  JUDGE CORBIT: Madam Clerk, you know, before I hear from Mr. Cromwell and Mr.
6  Munding, what do we have end of January, Madam Clerk, January 28th or so?
7  CLERK: I am trying to get a settlement conference rescheduled to the 28th for…on a Judge
8  Holt case, but I'm sure we can, you know, have a phone conference, Judge, on that day.
9  JUDGE CORBIT: Okay.
10 CLERK: I'm waiting to hear from Mr. Kimmel.
11 JUDGE CORBIT: Okay, okay, so that's probably going to be an all-day settlement
12 conference, so January 28th.
13 CLERK: Yeah.
14 JUDGE CORBIT: You know we could also do this maybe January 29th, it's a Friday.
15 CLERK: Sure.
16 JUDGE CORBIT: Ms. Egan, does the 29th work?
17 PAMELA EGAN: It does, Your Honor.
18 JUDGE CORBIT: Mr. Munding, what say you to that calendar?
19 JOHN MUNDING: The 29th works, John Munding, thank you, Your Honor.
20 JUDGE CORBIT: Okay. And Counsel for Mr. Dam, if you're going to be involved?
21 DENNIS MCGLOTHIN: Yes, Your Honor, this is Dennis McGlothin from the Western
22 Washington Law Group. And I'd just like to say you know we will agree that…we'll accept
23 Perkins Coie's invitation to participate in discovery in our consolidated proceeding and
24 participate in the discovery plan. The only issue I have with January 29th is I start a two-day
25 multimillion dollar arbitration hearing here in King County on February 1st.
26 JUDGE CORBIT: Okay.
27 DENNIS MCGLOTHIN: And it would…it would really not to be a good time for me.
28 JUDGE CORBIT: Okay. The problem with it is, though, it wouldn't be any better on the

1  28th.  What we'll do is, we'll do it by telephone, and we won't…it…you know there…and so
2  whether we take half hour or forty-five minutes on the 28th or 29th it probably…Mr.
3  McGlothin, it probably will be bad for you in any event.  We'll try…we'll try…
4  DENNIS MCGLOTHIN:  You're right.  29th is fine.
5  JUDGE CORBIT:  Okay.  What say you, Ms. Egan, maybe 10:00am?
6  PAMELA EGAN:  10:00am is fine, Your Honor, on either day.
7  JUDGE CORBIT:  Okay.
8  PAMELA EGAN:  Let me double check the 28th.  Yes, 10:00am either the 28th or the 29th
9  works.
10 JUDGE CORBIT:  Okay, so I'm thinking the 29th because I would like sort of an updated
11 response from you about what you've done with your meet and confers, and you know, if you
12 got me that, you know, before noon on the 28th, I'm gonna have time to read it.
13 PAMELA EGAN:  Got it.
14 JUDGE CORBIT:  Okay.  So the direction then…Mr. Cromwell, does that deadline work for
15 you?
16 RALPH CROMWELL:  I think so, Your Honor.
17 JUDGE CORBIT:  Okay.  Mr. Boyd, I actually didn't mean to ignore you, but I know that
18 Mr. Kuzenny has been taking the fifth, so I'm not sure that you have much to say.  Does this
19 timeframe and this schedule that we've talked about work for you, sir?
20 DON BOYD:  It does.  I'm not sure how much I'm going to be involved because I think Mr.
21 Elon Burk is the primary attorney for Mr. Kuzenny.
22 JUDGE CORBIT:  Okay.
23 DON BOYD:  And I think Ms. Egan has been dealing with him primarily.
24 JUDGE CORBIT:  Okay.  What we're going to do then is, you know, that we have the…I'm
25 not change…well, in essence, so that I can file my report after the…all of the withdrawal of
26 reference documents and the subsequent hearing has taken place that pursuant to the
27 agreement of the party, I will be extending the time for transmittal of documents in
28 accordance with Rule 5011-1, but we will have a continued scheduling conference at 10:00am

1  by phone on January 29th.  Ms. Egan, will file a supplemental report by noon on the 28th.
2  Anything else, Ms. Egan?
3  PAMELA EGAN:  No, Your Honor, thank you.
4  JUDGE CORBIT:  Mr. Munding.
5  JOHN MUNDING:  Nothing, Your Honor, thank you.
6  JUDGE CORBIT:  Okay.  From any other counsel on the line?  Okay.  Thank you, Counsel,
7  and I do recognize, Mr. Munding, your comments that this is…these are complicated issues.
8  If something comes up and you're making…everyone's making good progress, but you'd like
9  a little bit more time, you know Ms. Egan, your report on the 28th could be is that "Yes, Your
10 Honor we're still working things out. We would like…we'd like another extension".  I mean
11 that's one possibility.  What I want to see is parties keep moving forward whether I am the
12 judge that sits on this case or somebody else, I want to be able to have things a little bit more
13 organized before we take the next step.  Thank you all, Counsel.  This is…I think we made
14 some progress, and I appreciate your efforts.  Thank you.  We're adjourned.

16 Signed under penalty of perjury on May 4, 2021

18 ___[signature]_____
19 Signature

21 Gina M. Cozza_____
22 Print/Type Name

24 518 East Nebraska, Spokane, WA 99208_____
25 Address