UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT INC,<br><br>    Debtor<br>_____<br><br>MARK D. WALDRON,<br><br>    Plaintiff,<br><br>v.<br><br>PERKINS COIE LLP, LOWELL NESS, *Perkins Coie LLP*, GIGA WATT PTE. LTD., ANDREY KUZENNY, GIGA WATT PROJECT,<br><br>    Defendants.<br>_____ | CASE NO. 18-03197-FPC7<br><br>United States Bankruptcy Court<br>Eastern District of Washington<br>ADV. PROC. NO. 20-80031-FPC |

TRANSCRIPT OF CONTINUED SCHEDULING CONFERENCE
IN THE ADVERSARY PROCEEDING
BEFORE THE HONORABLE FREDERICK P. CORBIT
JANUARY 29, 2021

FOR THE PLAINTIFF:
    POTOMAC LAW GROUP PLLC
    By: Pamela Marie Egan
    1905 7th Ave. W
    Seattle, WA 98119

FOR THE DEFENDANT, PERKINS COIE LLP:
    BYRNES KELLER CROMWELL LLP
    By: Ralph E. Cromwell, Jr
    1000 Second Avenue, 38th Floor
    Seattle, WA 98104

    MUNDING, P.S.
    By: John D. Munding
    309 E Farwell Rd, Ste 310
    Spokane, WA 99218

1  FOR THE DEFENDANT, LOWELL NESS:
       BYRNES KELLER CROMWELL LLP
2      By:  Ralph E. Cromwell, Jr
       1000 Second Avenue, 38th Floor
3      Seattle, WA 98104

4      MUNDING, P.S.
       By:  John D. Munding
5      309 E Farwell Rd, Ste 310
       Spokane, WA 99218
6
   FOR THE DEFENDANT, GIGA WATT PTE. LTD.:
7      PRO SE

8  FOR THE DEFENDANT, ANDREY KUZENNY:
       HUMMER BOYD PLLC
9      By:  Donald A Boyd
       6 South 2nd Street, Ste 1016
10     Yakima, WA 98901

11 FOR THE DEFENDANT, GIGA WATT PROJECT:
       PRO SE
12
       Proceedings recorded by electronic sound recordings, transcript produced by
13 transcription service.

14                GINA M. COZZA
               APPROVED TRANSCRIBER
15              518 E. NEBRASKA AVE.
                 SPOKANE, WA 99208
16                 509-482-0660

1    CLERK: Good morning. We have the Honorable Frederick P. Corbit presiding. This is *In*

2    *Re:* Waldron v. Perkins Coie LLP et al, Adversary 20-80031. This is the time set on the

3    Continued Scheduling Conference. Present, we have Pamela Egan, attorney for Plaintiff

4    Mark Waldron.

5    PAMELA EGAN: Good morning, Your Honor.

6    CLERK: Mark Waldron, the Plaintiff Trustee, is also on the line.

7    MARK WALDRON: Good morning, Your Honor.

8    CLERK: John Munding and Ralph Cromwell, attorneys for Defendant Perkins Coie.

9    JOHN MUNDING: Good morning, Your Honor.

10    RALPH CROMWELL: Good morning, Your Honor.

11    CLERK: And then we also have on the line Tommy O'Reardon, attorney for Jun Dam in the

12    Federal District Court action.

13    TOMMY O'REARDON: Good morning, Your Honor.

14    CLERK: Thank you. This hearing is being recorded, and you may proceed.

15    JUDGE CORBIT: Good morning to the Trustee. Good morning to Counsel. This is Judge

16    Corbit. I've had a chance to read everything that's been filed in the case unless something has

17    been filed in the last half hour, but I've read everything up to that point. Perkins Coie has

18    requested an opportunity and I quote "For a full and fair opportunity" end of quote for

19    additional briefing, and in reading the materials that were filed by Ms. Egan, seems like the

20    Trustee is also interested in sort of setting up a briefing schedule. Let me set out a proposal,

21    how I propose to rule. This is not my ruling, but it gives you something to shoot at if you

22    think it's inappropriate. I think it's basically four points. The first one is that Perkins Coie

23    would be allowed three weeks from today to further brief the jury trial issue and if it so choses

24    to file a motion to compel arbitration. The second point, five weeks from today the Chapter 7

25    Trustee may reply. Third point, six weeks from today Perkins Coie may file a reply to any

26    opposition to the motion to compel arbitration. Such a reply would be limited to five pages

27    and be limited to the motion to compel arbitration. If there is no motion for arbitration, then

28    there would be no need for a reply. And then the fourth point is that the Court will hold oral

3

1 argument by Zoom or in open court on March 18th at 1:30pm. I'm not sure who's speaking
2 for Perkins Coie whether it's Mr. Munding or Mr. Cromwell, but I'll hear from Perkins first.
3 RALPH CROMWELL: Your Honor, this is Ralph Cromwell. Why don't I speak for Perkins
4 on this issue. I can make that briefing schedule work.
5 JUDGE CORBIT: Okay. Ms. Egan, let me hear from you.
6 PAMELA EGAN: Thank you, Your Honor, Pamela Egan. One modification that I would
7 suggest or one nuance is that the Trustee was also thinking that we could file a motion to
8 strike the jury trial demand and also move to determine whether or not the matter is core or
9 non-core. I bring that up not because this briefing schedule isn't completely reasonable, but
10 because I want to formally ask the Court for a determination of the core, non-core issue. And
11 I think that if we file a motion by Wednesday at noon on both to strike the jury demand and
12 the core, non-core then we would encompass all the issues that the Trustee believes are
13 crucial and important in this case.
14 JUDGE CORBIT: Okay. I sort of…maybe I was being too informal, thinking that this
15 briefing schedule was to deal with whether or not a jury trial was right. So I was reading the
16 objection or the discussion about the jury trial as something to…put it on my deck for
17 determination. If you think that a formal motion to strike the jury trial is fine, let's just keep
18 the same schedule. I have Perkins Coie, I'm giving the opportunity in three weeks to file, you
19 know, further things on the jury trial, and then you could reply. Do you think, Ms. Egan, that
20 you need to file a motion?
21 PAMELA EGAN: I would prefer to do so, Your Honor. In part, as well, because there's a
22 final step in the jury trial analysis that we've all only touched upon.
23 JUDGE CORBIT: Okay.
24 PAMELA EGAN: Which is whether or not this implicates public rights or private rights.
25 You know, we look at the…what's requested, right?
26 JUDGE CORBIT: Okay.
27 PAMELA EGAN: And I would like to have that in a motion and a memorandum. And then
28 from that date and we could have that filed by Wednesday at noon. I want to give the Trustee

1 time to review what I put together.
2 JUDGE CORBIT: Okay.
3 PAMELA EGAN: And then three weeks or, you know, however long Perkins Coie believes
4 it, you know, it needs.
5 JUDGE CORBIT: Okay. Well, let me push…maybe…let me suggest if you need a week to
6 do that, let me push all those other deadline dates. And basically, the one through four that I
7 was talking about will be two through five and that…so I don't shorten Perkins Coie's time.
8 If you're going to do something within the next week that deadline for Perkins Coie to
9 respond to the jury trial issue and bring the motion to compel, I would push that back to four
10 weeks. And that the first thing would be if you want to file the motion you just described,
11 Ms. Egan, you do that within a week.
12 PAMELA EGAN: Yes, yes, sir. It will be a motion to strike the jury demand and a motion
13 for determination of core, non-core.
14 JUDGE CORBIT: Okay.
15 RALPH CROMWELL: Your Honor, this is Ralph Cromwell. May I make an observation?
16 JUDGE CORBIT: Go ahead, go ahead, sir, yeah.
17 RALPH CROMWELL: It sounds like a lot of briefing on a lot issues over the next couple of
18 weeks. Does it make sense to sort of phase this a little bit? In the sense, for example, if we
19 move to compel arbitration, and I think it's looking increasingly likely that we will, the rest of
20 this is irrelevant if you grant the motion and you know...
21 JUDGE CORBIT: Right. I see what you're saying Mr…if…you know, I think it's sort of a
22 six of one, half a dozen of the other. Is that…is it more convenient to have two things decided
23 at once or is it more convenient to put the two things at different times in the event that one
24 resolves the other? If it turns out that one resolves the other, that saves time. But if it turns
25 out that the one doesn't resolve the other, then we would have to have two hearings. So under
26 the circumstances since the two things are related, I would prefer to have the oral argument on
27 both issues. And I wouldn't…I guess what I would change then Mr. Egan…or, Mr.
28 Cromwell, is that Ms. Egan's motion that she has described that's in three weeks…or, that's

1   in one week.  She has one week to do that.  And then when I told you that you would have

2   three weeks for further briefing on the jury trial issue and you'd have three weeks to bring

3   your motion to compel, I move that to four weeks.  And so there's two things you'd have to

4   do on that.  But you can't really do…you know, I don't think anything's a surprise on the jury

5   trial issue, and you're working on the motion to compel.  And that…you wouldn't have to do

6   anything…your reply wouldn't…your reply and your motion wouldn't be due for four weeks.

7   And then six weeks from today, the Trustee could reply to your motion.  Seven weeks from

8   today, Perkins Coie could, I guess, I'd say six weeks would be Ms. Egan's objection, but

9   seven weeks then you could do your reply related to your particular motion.  And then we

10   would have the hearing with March 18th maybe that needs to push back.  Madam Clerk, what

11   would we have the next week, March 25th?

12   CLERK:  Yeah, we could do March 25th if you're not going to a conference in Tucson.

13   JUDGE CORBIT:  Okay I don't…somehow I don't think the Tucson conference is

14   happening.

15   CLERK:  Okay.

16   JUDGE CORBIT:  Yeah, it's been pushed back.  I was the Chief Judge for the 9th Circuit

17   Bankruptcy Judges and planned a conference, which was now more than a year ago and its

18   kept getting pushed back.  I'm not longer the Chief Judge, but I created the program, so I

19   would probably attend if it happened, but I don't think it's happening on March 25th.  What

20   do we…just in case, Madam Clerk, what do we have on the 24th?  Well, let's leave it the

21   25th.  Counsel, if there's a problem, I might have to move it.  We'll figure out, but I think that

22   that's a really…that's not very likely.  So March 25th at 1:30 so...

23   RALPH CROMWELL:  Your Honor…yes…I think I'm following you, but what about this

24   core, non-core issue?  Is that something that could be phased?

25   JUDGE CORBIT:  Well, I don't really know what it is.  And so I think it relates to the jury

26   trial issue and that's what…even if I decide that there's a jury trial.  Right, okay.  If I decide

27   there's a jury trial, right, it's really relevant to…what I decide on that is it really relevant to

28   what I put up to the District Court in connection with the motion to withdraw the reference.

1  So I need…I guess it would be useful for me to have Ms. Egan articulate those issues, and
2  then I'm giving you an opportunity to reply to that.  You'd have two weeks after that to reply
3  to those issues or to oppose those issues, and you'd also have that time to think whether or not
4  Perkins Coie's going to bring the motion to compel arbitration.  And I think they all fit
5  together.  If I grant the motion to compel arbitration, again from reading your materials, I'm
6  not sure that you're going to file that or not, you just said you might.  But if you do file that,
7  you know, that relates to the jury trial because if you're having arbitration, it's gonna be, you
8  know, this Court or the District Court is not going to be having a jury trial.  So I think these
9  all fit together, and it's going to give the Court the opportunity in sort of a timely manner to
10 decide these issues and to report to the District Court on the Motion to Withdraw the
11 Reference or the request to withdraw the reference.
12 RALPH CROMWELL:  So, Your Honor, will there…yes…will there be an order
13 memorializing this, just so we have the briefing schedule?
14 JUDGE CORBIT:  Yes.  Yes, we'll put it together.  We'll put out…it may get out today, but
15 it's probably likely that it'll go out Monday.
16 RALPH CROMWELL:  Okay, thank you.
17 JOHN MUNDING:  Your Honor, this is John Munding, if I may.
18 JUDGE CORBIT:  So…
19 JOHN MUNDING:  Address the Curt for clarification.
20 JUDGE CORBIT:  Go ahead.
21 JOHN MUNDING:  Two matters.  One, will discovery be stayed through the 25th of March
22 so that the parties can focus on these procedural motions?  And two, within the Trustee's
23 report they indicated that they're going to file some type of motion or they believe that the
24 class action complaint is a violation of the stay and would it be appropriate for that matter to
25 be briefed as well during this time table?  Because if such a motion were filed, it would
26 directly impact the pending matter before this Court in terms of procedure, discovery, and
27 other [inaudible].
28 JUDGE CORBIT:  Okay.  Well, let me hear Ms. Egan's position on that.  And Ms. Egan, if

1 you can divide it into two things. First of all, whether we should stay discovery while we're
2 working on this.
3 PAMELA EGAN: Thank you, Your Honor. I don't think we should stay discovery. I think
4 we can all walk and chew gum at the same time, and we're going to need this information and
5 in particular, I want to file a…or serve a request for doc…of all communications between
6 Perkins Coie and Giga Watt Singapore and Cryptonomos. I expect an objection based on the
7 attorney-client privilege and then a motion to compel based on the crime fraud exception to
8 the attorney-client privilege. And with respect to the stay issue, I respectfully disagree with
9 my colleague, Mr. Munding, that it affects these issues that we're dealing with right now
10 directly. They don't. We've been working with counsel for the Plaintiffs in the District Court
11 action. We've articulated our position that Mr. Dam as the main plaintiff is the wrong named
12 plaintiff and that we're going to enforce the attorney…the automatic stay. We're still talking,
13 we're having constructive dialogue with them, we haven't decided what we're going to do.
14 And so, Your Honor, respectfully, we do not think that it would appropriate or efficient to tax
15 that on or to stay discovery.
16 JUDGE CORBIT: Okay. Well let me deal with these two things separately. With respect to
17 the stay and discovery, there's going to be a lot of briefing. You know, you're going to have
18 your motion in, and then we're going to have Perkins Coie working on their motion, too, if
19 they file their motion to compel arbitration and any responses to your motions. And so that's
20 going to take up in the schedule that I described four weeks. So I'm thinking that maybe a
21 stay of discovery for that four-week period would be reasonable. As for me ruling on what
22 you might do with respect to staying other litigation, I think that that's really a
23 different…somewhat of a different issue, and it's dealing with a different case, and it's not
24 before me right now. So I don't preclude…intend to preclude you from doing what you feel
25 is necessary. Now if you bring a motion and Mr. Cromwell and Mr. Munding want to oppose
26 the motion, saying it's too early for us to do this or whatever, I'll deal with that at the time.
27 But it's not before me today, and I don't like to rule on things that might or might not happen.
28 So I guess I'm splitting the baby here a little bit, Ms. Egan, is that with respect to staying the

1  other litigation or saying that it's subject to the automatic stay, if you need to file something,
2  I'm not precluding you from doing that in this court or the other court.  And as for discovery,
3  I'm thinking that there's so much happening in the next four weeks that maybe a short
4  discovery stay would be appropriate.  I'll let you respond, Ms. Egan.
5  PAMELA EGAN:  I have no response, Your Honor.  It makes sense, thank you.
6  JUDGE CORBIT:  Okay.  So Mr. Cromwell, what I would do today is that, yes, I would add
7  in there that there would be discovery in this litigation that's been filed in my court would be
8  stayed for four weeks.  And if for some reason it needs to be stayed longer or someone says
9  something terrible has happened and it needs to be shortened, it certainly an interlocutory
10 order, and it could come before me again.  But your request, Mr. Cromwell, for a stay I would
11 grant that, and I would grant it.  But at this point, I'm only doing it for four weeks.
12 RALPH CROMWELL:  That's fine, Your Honor, thank you.
13 JUDGE CORBIT:  Okay.  Alright, Counsel, that's what we're gonna do.  You know, I'm…I
14 guess I won't say I'm anxious, but I look forward to reading your briefs on these interesting
15 issues, and hopefully, we've got a schedule.  I think it makes sense, and it's somewhat timely,
16 and we'll get to the…we'll get to the point.  We'll blink our eyes, and it'll be March 25th, and
17 I'll have to start carrying a heavy load to decide what I'm going to do.  Alright, Ms. Egan,
18 anything else today?
19 PAMELA EGAN:  No.  Thank you, Your Honor.
20 JUDGE CORBIT:  Okay.  Mr. Cromwell, anything else?
21 RALPH CROMWELL:  No, Your Honor, thank you.
22 JUDGE CORBIT:  Mr. Munding anything else?
23 JOHN MUNDING:  No, Your Honor, thank you.
24 JUDGE CORBIT:  And I let…Perkins Coie two people talk.  Mr. Waldron, you're never shy
25 about talking, but is there anything you wanted to raise, sir?
26 MW:  No.  Thank you, Your Honor.
27 JUDGE CORBIT:  Okay.  And Mr. O'Reardon, I think you're…I don't think technically
28 you're a party on the motions today, but you're listening in.  Is there something you would

1 like to say, sir?

2 TOMMY O'REARDON: No. Thank you, Your Honor.

3 JUDGE CORBIT: Okay. Alright, thank you, Counsel. We're adjourned. Everyone have a

4 good weekend, good and safe weekend. Thank you.

5

6 Signed under penalty of perjury on May 3, 2021

7

8 [signature] _____

9 Signature

10

11 Gina M. Cozza_____

12 Print/Type Name

13

14 518 East Nebraska, Spokane, WA 99208_____

15 Address