Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Case No. 2:18-bk-3197 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee, | Case No. 2:20-ap-80031 |
| Plaintiff, vs. | **PLAINTIFF'S STATUS REPORT AND PROPOSED DISCOVERY PLAN** |
| PERKINS COIE LLP, a Washington limited liability partnership, *et al*., | **Status Conference** Date: June 23, 2021 Time: 11:00 a.m. Location: Zoom Invitation |
| Defendants, | |
| - and - | |
| THE GIGA WATT PROJECT, a partnership, | |
| Nominal Defendant. | |

Pursuant to the Court's Minute Entry [AP ECF 60], dated May 4, 2021, the parties in the above-captioned adversary proceeding met and conferred through

STATUS CONFERENCE REPORT – Page 1

counsel on May 27, 2021, at 3:00 p.m., by telephone regarding the topics outlined in this report. The parties who met and conferred on May 4, 2021 were:

Pamela M. Egan of Potomac Law Group, PLLC, counsel for Plaintiff, Mark D. Waldron, as Chapter 7 Trustee in the above-captioned bankruptcy case of Giga Watt, Inc. ("Giga Watt");

Joffrey McWilliam of Byrnes Keller Cromwell LLP, counsel for Defendants Perkins Coie LLP and Lowell Ness (collectively, "Perkins"); and

Elon Berk of Gurovich, Berk & Associates, counsel for Defendant Andrey Kuzenny.

Defendant Giga Watt Pte. Ltd. ("GW Sg.") has not made an appearance in this adversary proceeding.

Nature of Claims and Defenses. Plaintiff Waldron claims that Defendants Perkins and GW Sg. breached their fiduciary duties to Giga Watt by prematurely releasing funds from Perkins' IOLTA trust account, which Lowell Ness had made available to GW Sg. for use in the Giga Watt Initial Coin Offering (the "GW ICO"). The account held a portion of the proceeds from the GW ICO, specifically, the proceeds from token sales.[1] Plaintiff Waldron further claims that Perkins and Kuzenny aided and abetted GW Sg.'s breach of fiduciary duty to Giga Watt.

Defendant Perkins denies the allegations and raises a variety of affirmative defenses.

---

[1] The proceeds for miner sales, also part of the GW ICO, went directly to GW Sg., Cryptonomos Pte. Ltd., or another person, and did not go through Perkins' IOLTA trust account.

STATUS CONFERENCE REPORT – Page 2

Defendant Kuzenny denies the allegations, has invoked the U.S. Constitutional privilege against self-incrimination, and raises a variety of affirmative defenses.

Initial/Pre-Discovery] Disclosures. The parties have exchanged the initial disclosures required under FRCP 26(a)(1).

Anticipated Discovery. Plaintiff Waldron anticipates conducting discovery on the following topics:

1. Perkins' knowledge and familiarity with the terms of the GW ICO, including the terms of the Escrow, and, more generally, the role it played in the GW ICO;

2. Perkins' handling of the Escrow and internal communications regarding the Escrow;

3. The transfer of control of Giga Watt from David Carlson to Kuzenny;

4. Kuzenny's embezzlement of customers' funds from wallets;

5. The SEC Investigation of Giga Watt;

6. The role of Katrina Arden regarding the GW ICO, the related escrow, and Perkins' relationship with Arden;

7. Tracing the ICO escrow funds to the extent reasonably possible;

8. The value of the 30MW power contract between Giga Watt and the Douglas County Public Utility District No. 1, dated March 7, 2017.

Plaintiff Waldron intends to assert that the crime/fraud exception applies to the communications of Perkins, GW Sg., and Kuzenny with respect to the ICO escrow.

STATUS CONFERENCE REPORT – Page 3

<u>Two-Phase Discovery</u>. The parties plan to conduct discovery in two phases. The first phase of discovery will include fact discovery. The second phase of discovery will include expert discovery, which the plaintiff anticipates on the issue of damages, particularly Giga Watt's value.

<u>Discovery Schedule</u>. The parties are working toward a joint proposal on discovery deadlines. The plaintiff proposes the following:

1. Fact discovery to be completed by December 31, 2021;

2. The parties shall serve their opening experts' reports under FRCP 26(a)(2) by January 31, 2022. The parties shall serve their rebuttal experts' reports by March 2, 2022. The parties shall complete expert depositions for rebuttal experts by April 15, 2022.

3. The parties shall complete all fact and expert discovery by April 15, 2022.

Defendants Perkins and Kuzenny have until Monday, June 21, 2021 to submit their comments.

<u>Partially Dispositive Motions</u>. The Plaintiff proposes that motions for summary judgment be filed by May 15, 2022. Plaintiff expects to file partial motions for summary judgment before trial on various issues, including the issues of duty, breach, causation, and substantial assistance. The Plaintiff expects the issue of damages to go to trial, including on the issue of the value of the Pangborn Power Contract.

<u>Trial</u>. Trial will occur in the latter half of July 2022, subject to the Court's schedule.

Treatment of Electronically Stored Information. The parties have not discussed a protocol for Electronically Stored Information (ESI) in this matter, but will attempt to reach agreement regarding the following issues:

1. Preservation of ESI;
2. ESI Custodians;
3. Methods for Culling Relevant Documents;
4. Forms of Production;
5. Extent of metadata production; and
6. Order of Production.

Withdrawal Motion. On June 15, 2021 at 1:30 p.m., the U.S. District Court for the Eastern District of Washington (the "District Court") heard oral argument on Defendant Perkins' motion to withdraw the reference. The District Court took the matter under advisement and will issue a written opinion.

The Automatic Stay and Contempt. Less than a month after the Trustee commenced this Adversary Proceeding, Jun Dam commenced in the District Court a copycat lawsuit against Perkins Coie LLP, Lowell Ness and affiliates. *See Dam v. Perkins Coie LLP,* Case No. 2:20-cv-00464 (the "District Court Action"). The Trustee and Dam were unable to consensually resolve the violation of the automatic stay. Therefore, on June 18, 2021, the Trustee filed in this bankruptcy case, the Trustee's Motion for an Order to Show Cause Why Jun Dam Should Not Be Sanctioned for Violating the Automatic Stay, ECF No. 889 and Memorandum in support thereof, ECF No. 890.

STATUS CONFERENCE REPORT – Page 5

On June 18, 2021, the Trustee also filed in the District Court Action the Notice of Automatic Stay and Contempt Proceeding, which is attached hereto as Exhibit 1. In the District Court Action, Jun Dam is asserting the same facts and asking for the same remedies as Giga Watt in this Adversary Proceeding. The value of Jun Dam's tokens was wiped out when Giga Watt collapsed, not when the Escrow collapsed. Therefore, his damages are derivative of Giga Watt's damages. Dam's claim is property of the estate and the District Court Action violates section 362(a)(3) of title 11 of the United States Code.

Dated: June 18, 2021

POTOMAC LAW GROUP PLLC

By: /s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

STATUS CONFERENCE REPORT – Page 6