Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W
Seattle, WA 98119
Telephone: (415) 297-0132
Fax: (202) 318-7707
Email: pegan@potomaclaw.com
  *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>        Debtor. | Case No. 18-03197-FPC<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee,<br><br>        Plaintiff,<br><br>vs.<br><br>PERKINS COIE LLP, a Washington limited liability company, LOWELL NESS, a California resident, GIGAWATT PTE. LTD., a Singapore corporation, ANDREY KUZENNY, a citizen of the Russian Federation,<br><br>        Defendants. | Adv. Case No. 20-80031<br><br>**STIPULATED MOTION AND STIPULATION REGARDING PROTECTIVE ORDER** |

By and through undersigned counsel, Mark D. Waldron, in his official capacity as the Chapter 7 Trustee ("Trustee") in the above-captioned case, on the one hand, and Perkins LLP and Lowell Ness (collectively, "Perkins"), on the other

STIPULATED MOTION RE
PROTECTIVE ORDER – Page 1

hand, hereby ask the Court to approve the Stipulation which the Trustee and Perkins have entered into, subject to this Court's consent:

**RECITALS**

A. On November 19, 2020, the Trustee commenced the above-captioned adversary against Perkins ("Adversary Proceeding").

B. Both the Trustee and Perkins have served subpoenas, and in the case of the Trustee, turnover demands upon various third parties ("Discovery Third Parties"). The Trustee and Perkins may serve additional subpoenas and/or turnover demands on additional Discovery Third Parties.

C. Certain Discovery Third Parties have asserted that documents responsive to the Parties' subpoenas and turnover demands may contain financial or other sensitive information. These Discovery Third Parties have asked the Trustee to obtain a protective order before they produce the requested documents.

Based on the foregoing, the Parties seek entry of a Protective Order approving the Stipulation as set forth below.

**STIPULATION**

1. In producing documents and information to the Trustee and/or Perkins, a Discovery Third Party may designate as "Confidential" any document which it reasonably and in good faith believes to contain information involving business, financial, or personal information which should reasonably be protected from public disclosure or dissemination. Such designations shall be made by stamping or otherwise affixing the label "Confidential" on such documents. This

STIPULATED MOTION RE
PROTECTIVE ORDER – Page 2

provision is without prejudice to the right of the Trustee or Perkins to contest such designation.

    2.    Unless otherwise ordered by the Court or agreed to in writing by the Trustee, Perkins, and the Discovery Third Party, Confidential documents may be used only for purposes relating to the above-captioned bankruptcy case and/or adversary proceeding (collectively, "Bankruptcy Case"), and may be disclosed only to:

    a.    Any party in interest to the Bankruptcy Case concerned with the issues then in dispute relating to such Confidential documents; for the avoidance of doubt, parties in interest include, but are not limited to, the Trustee, Perkins, and its insurer;

    b.    Any mediator involved in the Bankruptcy Case and any participant in mediation involving the Bankruptcy Case;

    c.    The Court, court personnel, court reporters, and their staff;

    d.    The counsel of record in the Bankruptcy Case, as well as their staff to whom it is reasonably necessary to disclose the information for this litigation;

    e.    Experts and consultants to whom disclosure is reasonably necessary;

    f.    Any non-party vendor retained to assist any party in interest to this adversary proceeding and their attorneys with litigation-

related activities, such as processing, copying, imaging, and management of documents;

    g.    During their depositions or in any hearing or pretrial proceeding, witnesses in the action to whom disclosure is reasonably necessary; and

    h.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information contained in the document.

3. Confidential documents, or information derived from Confidential documents, shall not be filed with the Court or included in pleadings, motions, declarations, etc., except when such information and documents and any portion(s) of such pleadings, motions, declarations, etc., that reference such material are accompanied by a motion to seal pursuant to LBR 9018-1, unless otherwise ordered by the Court. The Trustee and Perkins each reserve the right to ask for an Order allowing the Confidential documents to be filed on the public docket and admitted into evidence without seal and to further request shortened notice.

4. Documents or information designated as Confidential may be provided to the Court *in camera* pending a decision on any motion to seal. If the Court grants the motion to seal the material, the Confidential material shall be filed with the clerk in accordance with local rules.

5. The Trustee, Perkins, and any Discovery Third Party shall meet and confer regarding the procedures for use of any materials designated as Confidential

STIPULATED MOTION RE
PROTECTIVE ORDER – Page 4

20-80031-FPC    Doc 84    Filed 05/04/22    Entered 05/04/22 12:36:52    Pg 4 of 6

at trial or any hearing held in open court. If the parties are unable to resolve a dispute related to the use of Confidential material in open court, then the Trustee or Perkins shall request relief from the Court and such relief shall be heard on an expedited basis of ten (10) days or less, subject to the Court's calendar.

6. Any party may challenge a designation of confidentiality at any time. Any motion regarding Confidential designations or for a subsequent Protective Order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet-and-confer conference with other affected parties in an effort to resolve the dispute without Court action.

7. Within 60 days after the termination of this bankruptcy, including all appeals, each person possessing "Confidential" documents shall use reasonable efforts to destroy all confidential material, including all copies, extracts, compilations, and summaries thereof.

8. The Trustee and Perkins stipulate and agree to the entry of an order approving this Stipulation.

[Signatures appear on following page.]

STIPULATED MOTION RE
PROTECTIVE ORDER – Page 5

Dated: May 4, 2022

| | |
|---|---|
| **POTOMAC LAW GROUP PLLC**<br><br>By /s/ Pamela M. Egan<br>    Pamela M. Egan, WSBA #54736<br>    1905 7th Avenue W.<br>    Seattle, WA 98119-2815<br>    Tel.: 415-297-0132<br>    Email: pegan@potomaclaw.com<br><br>*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*<br><br>**MUNDING, P.S.**<br><br>By /s/ John Munding<br>    John Munding, WSBA #21734<br>    309 E. Farwell Rd., Suite 310<br>    Spokane, Washington 99218<br>    Tel.: 509-590-3849<br>    Fax: (509) 624-6155<br>    Email: john@mundinglaw.com<br>*Attorneys for Perkins Coie LLP and Lowell Ness, Defendants* | **BYRNES KELLER CROMWELL LLP**<br><br>By /s/ Bradley S. Keller<br>    Bradley S. Keller, WSBA #10665<br>By /s/ Ralph E. Cromwell, Jr.<br>    Ralph E. Cromwell, Jr., WSBA #11784<br>By /s/ Jofrey M. McWilliam<br>    Jofrey M. McWilliam, WSBA #28441<br>    1000 Second Avenue, 38th Floor<br>    Seattle, Washington 98104<br>    Tel.: 206-622-2000<br>    Fax: 206-622-2522<br>    Email: bkeller@byrneskeller.com<br>    rcromwell@byrneskeller.com<br>    jmcwilliam@byrneskeller.com<br><br>*Attorneys for Perkins Coie LLP and Lowell Ness, Defendants* |

STIPULATED MOTION RE
PROTECTIVE ORDER – Page 6