**So Ordered.**

**Dated: May 5th, 2022**



*Frederick P. Corbit*
**Frederick P. Corbit**
**Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee, | Adv. Case No. 20-80031 |
| Plaintiff, vs. | **STIPULATED PROTECTIVE ORDER** |
| PERKINS COIE LLP, a Washington limited liability company, LOWELL NESS, a California resident, GIGAWATT PTE. LTD., a Singapore corporation, ANDREY KUZENNY, a citizen of the Russian Federation | |
| Defendants. | |

Based on the stipulation of the parties filed on May 4, 2022 (ECF No. 84), the Court hereby ORDERS as follows:

1.     The Stipulation filed on May 4, 2022, ECF No. 84, is approved.

2.     In producing documents and information to the Trustee or Perkins, a Discovery Third Party may designate as "Confidential" any document which it

STIPULATED PROTECTIVE ORDER – Page 1

reasonably and in good faith believes to contain information involving business, financial, or personal information which should reasonably be protected from public disclosure or dissemination. Such designations shall be made by stamping or otherwise affixing the label "Confidential" on such documents. This provision is without prejudice to the right of the Trustee or Perkins to contest such designation.

3. Unless otherwise ordered by the Court or agreed to in writing by the Trustee, Perkins, and the Discovery Third Party, Confidential documents may be used only for purposes relating to the above-captioned bankruptcy case and adversary proceeding (collectively, "Bankruptcy Case"), and may be disclosed only to:

a. Any party in interest to the Bankruptcy Case concerned with the issues then in dispute relating to such Confidential documents; for the avoidance of doubt, parties in interest include, but are not limited to, the Trustee, Perkins, and its insurer;

b. Any mediator involved in the Bankruptcy Code and any participant in mediation involving the Bankruptcy Case;

c. The Court, court personnel, court reporters, and their staff;

d. The counsel of record in the Bankruptcy Case, as well as their staff to whom it is reasonably necessary to disclose the information for this litigation;

e. Experts and consultants to whom disclosure is reasonably necessary;

STIPULATED PROTECTIVE ORDER – Page 2

1     f.     Any non-party vendor retained to assist any party in interest to this

2 adversary proceeding and their attorneys with litigation-related activities, such as

3 processing, copying, imaging, and management of documents;

4     g.     During their depositions or in any hearing or pretrial proceeding,

5 witnesses in the action to whom disclosure is reasonably necessary; and

6     h.     The author or recipient of a document containing the information or a

7 custodian or other person who otherwise possessed or knew the information

8 contained in the document.

9     4.     Confidential documents, or information derived from Confidential

10 documents, shall not be filed with the Court or included in pleadings, motions,

11 declarations, etc., except when such information and documents and any portion(s)

12 of such pleadings, motions, declarations, etc., that reference such material are

13 accompanied by a motion to seal pursuant to LBR 9018-1, unless otherwise

14 ordered by the Court. The Trustee and Perkins shall have the right to ask for an

15 Order allowing the Confidential documents to be filed on the public docket and

16 admitted into evidence without seal, and to further request shortened notice.

17     5.     Documents or information designated as Confidential may be

18 provided to the Court *in camera* pending a decision on any motion to seal. If the

19 Court grants the motion to seal the material, the Confidential material shall be filed

20 with the clerk in accordance with local rules.

21     6.     The Trustee, Perkins and any Discovery Third Party shall meet and

22 confer regarding the procedures for use of any materials designated as Confidential

23

24 STIPULATED PROTECTIVE ORDER – Page 3

25

at trial or any hearing held in open court. If the parties are unable to resolve a dispute related to the use of Confidential material in open court, then the Trustee or Perkins shall request relief from the Court and such relief shall be heard on an expedited basis of ten (10) days or less, subject to the Court's calendar.

7. Within 60 days after the termination of this bankruptcy, including all appeals, each person possessing "Confidential" documents shall use reasonable efforts to destroy all confidential material, including all copies, extracts, compilations, and summaries thereof.

///END OF ORDER///

Presented by:

**POTOMAC LAW GROUP PLLC**
By /s/ Pamela M. Egan
    Pamela M. Egan, WSBA #54736
    1905 7th Avenue W.
    Seattle, WA 98119-2815
    Tel.: 415-297-0132
    Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron,*
*Chapter 7 Trustee, Plaintiff*

**MUNDING, P.S.**
By /s/ John Munding
    John Munding, WSBA #21734
    309 E. Farwell Rd., Suite 310
    Spokane, Washington 99218
    Tel.: 509-590-3849
    Fax: (509) 624-6155
    Email: john@mundinglaw.com
*Attorneys for Perkins Coie LLP and*
*Lowell Ness, Defendants*

**BYRNES KELLER CROMWELL**
LLP
By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell, Jr.
    Ralph E. Cromwell, Jr., WSBA
    #11784
By /s/ Jofrey M. McWilliam
    Jofrey M. McWilliam, WSBA
    #28441
    1000 Second Avenue, 38th Floor
    Seattle, Washington 98104
    Tel.: 206-622-2000
    Fax: 206-622-2522
    Email: bkeller@byrneskeller.com
    rcromwell@byrneskeller.com
    jmcwilliam@byrneskeller.com

*Attorneys for Perkins Coie LLP and*
*Lowell Ness, Defendants*

STIPULATED PROTECTIVE ORDER – Page 4