Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

GIGA WATT, INC., a Washington corporation,

          Debtor.

MARK D. WALDRON, as Chapter 7 Trustee,

          Plaintiff,

vs.

PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, individual and California resident; GIGA WATT PTE., LTD. a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation;

          Defendants

and

THE GIGA WATT PROJECT, a partnership,

          Nominal defendant.

No. 18-03197-FPC11

The Honorable Frederick P. Corbit

**CHAPTER 7**

Adv. Case No. 20-80031

**DECLARATION OF JOAN M. PRADHAN IN SUPPORT OF JOINT MOTION FOR AN ORDER TO SHOW CAUSE RE SUBPOENA TO INTUIT INC.**

DECLARATION OF JOAN M. PRADHAN IN SUPPORT
OF JOINT MOTION FOR AN ORDER TO SHOW
CAUSE RE SUBPOENA TO INUIT INC. - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC   Doc 91-1   Filed 05/25/22   Entered 05/25/22 17:38:10   Pg 1 of 20

Joan M. Pradhan declares as follows:

1. I am an attorney licensed to practice law in Washington. I am one of the attorneys representing Defendants Perkins Coie LLP and Lowell Ness (hereafter collectively known as "Perkins") in this matter. I am competent to testify to and have personal knowledge of the following.

2. Through review of discovery, Intuit Inc. ("Intuit") was identified as a source of accounting records for the debtor in this matter, Giga Watt, Inc., because of Giga Watt, Inc.'s use of Intuit's product and service QuickBooks. QuickBooks' data records are stored in a database maintained by Intuit.

3. Perkins issued a subpoena for documents to Intuit on November 19, 2021, at the address for the company's registered agent in Washington State, The Prentice-Hall Corporation System. A true and correct copy of the subpoena is attached to this declaration as **Exhibit A**. In response, Intuit's counsel, Davis Wright Tremaine LLP ("DWT"), issued objections to the subpoena. A true and correct copy of these objections are attached to this declaration as **Exhibit B**.

4. On January 3, 2022, I emailed Teri Novak of DWT to arrange a time to discuss the issued objections. Ms. Novak responded that she could speak with me on January 4, 2022. A true and correct copy of this email correspondence is attached hereto as **Exhibit C**.

5. On January 4, 2022, I had a phone call with Ms. Novak. During the phone call I explained why Perkins had requested the documents and offered to limit

DECLARATION OF JOAN M. PRADHAN IN SUPPORT
OF JOINT MOTION FOR AN ORDER TO SHOW
CAUSE RE SUBPOENA TO INUIT INC. - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 91-1    Filed 05/25/22    Entered 05/25/22 17:38:10    Pg 2 of 20

the requested production to the QuickBooks records of Giga Watt, Inc. Ms. Novak said that Intuit would produce the QuickBooks records responsive to the subpoena, and that such production could take up to a month.

6. As of February 23, 2022, no documents had been produced by Intuit in response to Perkins' subpoena. I emailed Ms. Novak that day to ask for an update regarding when the responsive documents would be produced. No responsive communication regarding my February 23, 2022, emails was received by Ms. Novak, or anyone else at DWT.

7. No documents were produced by Intuit in response to Perkins' subpoena.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 25th day of May 2022.

BYRNES KELLER CROMWELL LLP

By /s/ Joan M. Pradhan
    Joan M. Pradhan, WSBA #58134

DECLARATION OF JOAN M. PRADHAN IN SUPPORT
OF JOINT MOTION FOR AN ORDER TO SHOW
CAUSE RE SUBPOENA TO INUIT INC. - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 91-1    Filed 05/25/22    Entered 05/25/22 17:38:10    Pg 3 of 20

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: 206-622-2000
Fax: 206-622-2522
Email: jpradhan@byrneskeller.com

DECLARATION OF JOAN M. PRADHAN IN SUPPORT
OF JOINT MOTION FOR AN ORDER TO SHOW
CAUSE RE SUBPOENA TO INUIT INC. - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 91-1    Filed 05/25/22    Entered 05/25/22 17:38:10    Pg 4 of 20

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

Eastern        District of    Washington

In re Giga Watt, Inc., a Washington corporation
      Debtor

Case No. 18-03197-FPC 11

*(Complete if issued in an adversary proceeding)*

Chapter 7

Mark D. Waldron, as Chapter 7 Trustee
      Plaintiff
      v.
Perkins Coie LLP, *et al.*
      Defendant

Adv. Proc. No. 20-80031-FPC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Intuit Inc.** c/o The Prentice-Hall Corporation System 300 Deschutes Way SW Suite 208 MC-CSC1 Tumwater, WA 98501

*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material. *See* Attached Exhibit A:

| PLACE: Byrnes Keller Cromwell LLP 1000 Second Avenue, 38th Floor Seattle, WA 98104 (206) 622-2000 | DATE AND TIME December 9, 2021 at 12:00 PM |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 19, 2021

      CLERK OF COURT

                    OR

_____      /s/ Jofrey M. McWilliam
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Defendant, who issues or requests this subpoena, are: Jofrey M. McWilliam, Byrnes Keller Cromwell LLP 1000 Second Avenue, 38th Floor Seattle, WA 98104 jmcwilliam@byrneskeller.com 206-622-2000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____on *(date)*_____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

# EXHIBIT A

**Definitions**

"Document," "documents," or "documentation" means all written materials including, but not limited to, handwritten or printed matter, as well as electronically stored information, including email and attachments, workbook files, spreadsheet files, facsimile transmissions, invoices, and photographic, audiotape, and other recorded materials.

"Relating to," "relate to," or "related to" means pertinent, relevant, or material to, evidencing, concerning, affecting, discussing, dealing with, considering, or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

"You" or "Your" refers to Intuit Inc. including its employees, officers, attorneys, agents, members, managers, directors, parents, subsidiaries, and affiliated corporations or business entities including, but not limited, to QuickBooks.

"Communication" or "Communications" means any type of oral, written, or electronic contact between two or more persons through which information, thoughts, statements, or opinions, in any form, are exchanged, imparted, or received.

**Documents to Be Produced**

1.) All records relating to Giga Watt, Inc. Without limiting the generality of the foregoing, your response should include:

   a. Any and all communications between You and Giga Watt, Inc.
   b. Any and all financial documents for or related to Giga Watt, Inc.
   c. Any and all payroll documents for or related to Giga Watt, Inc. including, but not limited to, QuickBooks files and payroll reports.
   d. Any and all tax documents for or related to Giga Watt, Inc. including, but not limited to, account reports.
   e. Any and all documents relating to bank accounts held by or related to Giga Watt, Inc. including, but not limited to, Numerica Accounts 10 and 12.

| In Re:<br><br>GIGA WATT, INC., a Washington corporation,<br><br>　　　　　　　　　　　Debtor.<br><br>MARK D. WALDRON, as Chapter 7 Trustee,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, individual and California resident; GIGA WATT PTE., LTD. a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation;<br><br>　　　　　　　　　　　Defendants<br><br>　and<br><br>THE GIGA WATT PROJECT, a partnership,<br><br>　　　　　　　　　　　Nominal defendant. | No. 18-03197-FPC11<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 7**<br><br>Adv. Case No. 20-80031<br><br>**CERTIFICATION OF BUSINESS RECORDS PURSUANT TO FRE 902** |
|---|---|

I, _____, being the duly authorized custodian of records for _____ state as follows:

　　1.　　The attached copies of the records and/or documents subpoenaed are true and correct copies of the original records/documents that were made and kept in the regular court of _____.

　　2.　　The attached copies of records and/or documents were made at or near the time of the information recorded.

3. It was the regular practice of _____ to record the information set forth in the attached records and/or documents.

4. The affiant is familiar with the records and the circumstances under which they were made.

5. _____ is not a party to the action set forth above.

This certification is to fulfill and meet the requirements of FRE 902.

DATED this ___ day of _____, 2021.

_____
Print Name and Title

_____
Signature

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* __INTUIT INC.__
on *(date)* __11/19/21__.

☑ I served the subpoena by delivering a copy to the named person as follows: __INTUIT INC. C/O THE PRENTICE-HALL CORPORATION SYSTEM, BY PERSONALLY SERVING CYNTHIA JONES, CUSTOMER SERVICE ASSOCIATE__ on *(date)* __11/19/21__; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: __11/19/21__

*Server's signature*

__Andrew Pack__
*Printed name and title*

__1522 Western Ave Seattle, WA 98101__
*Server's address*

Additional information concerning attempted service, etc.:

# EXHIBIT B



505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Molly Tullman
Teri Novak, Paralegal
(206) 757-8729 tel

TeriNovak@dwt.com

December 8, 2021

*VIA E-MAIL*

Jofrey M. McWilliam
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
jmcwilliams@byrneskeller.com

Re: *In re Giga Watt, Inc.;* Case No. 18-03197-FPC 11, Ref. No. 45565, Subpoena to Intuit Inc.

Dear Counsel:

We represent Intuit Inc. ("Intuit"). Pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 45 of the Federal Rules of Civil Procedure, nonparty Intuit Inc. ("Intuit") makes the following objections to the Subpoena from Perkins Coie LLP ("Defendant"), in the above-referenced matter.

## I. GENERAL OBJECTIONS

1. <u>Improper Place of Compliance.</u> Intuit objects to the Subpoena as improper because the demanded place of production (Seattle, Washington) is not within 100 miles of where Intuit resides or transacts business in person as required by Federal law. *See* Fed. R. Civ. P. 45(c)(2)(A).

2. <u>Privacy.</u> Intuit objects to the Subpoena to the extent that it requires the production of third-party information that is protected from disclosure by state and/or federal privacy laws, including the rights of privacy afforded by Article 1 of the Constitution of the State of California, U.S. Constitution, and any other applicable law.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

3. <u>Attorney-Client Privilege/Work Product Doctrine.</u> Intuit objects to the Subpoena to the extent that it seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or joint defense agreement. To the extent that there is any disclosure of such protected or privileged information, such disclosure is inadvertent and is not intended to waive any privilege or protection.

4. <u>Confidential Records.</u> Intuit objects to the request for production of documents to a non-party for failing to show that the confidential employment and business records sought are relevant to any issue in the litigation between the parties.

5. <u>Tax Return Privilege.</u> Intuit objects to the Subpoenas as seeking disclosure of state or federal tax returns protected from disclosure in civil litigation in California. *See, e.g., Webb v. Standard Oil Co. of Calif.* 49 Cal. 2d 509, 513-14, 319 P.2d 621 (1957); *Sav-On Drugs, Inc. v. Superior Ct.*, 15 Cal. 3d 1, 6, 538 P.2d 739. (1975); Cal. Rev. & T. Code § 7056. There is no showing that this information is relevant to the litigation, or that the applicable privilege has been waived.

6. <u>Contrary to the Stored Communications Act.</u> Intuit objects to the subpoena to the extent it seeks any data or communications protected from disclosure by the Stored Communications Act, 18 U.S.C. § 2701 *et seq*. ("SCA"). The SCA states that any "person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service," with limited exceptions. 18 U.S.C. § 2702(a)(1). The contents of such communications cannot be disclosed to civil litigants, even when requested through a valid subpoena. *See, e.g., Viacom Intern. Inc. v. Youtube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) ("§ 2702 contains no exception for disclosure of [the content of] communications pursuant to civil discovery requests"); *Thayer v. Chiczewski*, 2009 WL 2957317, at *5 (N.D. Ill. Sept. 11, 2009) ("most courts have concluded that third parties cannot be compelled to disclose electronic communications pursuant to a civil … discovery subpoena.").

7. <u>Failure to Reduce Burden on Non-Party.</u>  Intuit objects to the Subpoena for failing to take reasonable efforts to reduce the burden on nonparty Intuit, as required by CR 45(c).  *See, also*, *Rembrandt Patent Innovations v. Apple, Inc.*, 2015 WL 4393581, at *2 (W.D. Tex. July 15, 2015) (holding Subpoena issued to non-party is unduly burdensome "until and unless Plaintiffs can establish they are unable to obtain the requested information from the Defendant"); *Free Stream Media Corp. v. Alphonso Inc.*, *et al.*, 2017 WL 6209309, at *3 (N.D. Cal. Dec. 8, 2017) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts").  The records sought should be in the possession, custody, or control of a party to the litigation.  Obtaining records from a party also allows the parties to the litigation to directly address any confidentiality and privacy issues.

8. <u>Overburden.</u>  Intuit objects to the Subpoena as seeking to impose a discovery burden greater than what is allowed by the Federal Rules of Civil Procedure.

9. <u>Information Not In Custody Or Control.</u>  Intuit objects to the Subpoena as seeking information not in Intuit's custody or control, specifically documents relating to bank accounts held by or related to Giga Watt, Inc.

10. <u>Vague and Ambiguous.</u>  Intuit objects to these requests as failing to describe with reasonable particularity the identity of the Customer in order to make a reasonable search.

11. <u>Investigation Not Complete</u>.  Intuit has not completed its investigation into the subject matter of this Subpoena.  Intuit will respond to the Subpoena with its current knowledge and reserves the right to supplement its response and to make additional objections.

## II.    SPECIFIC OBJECTIONS AND RESPONSES

Request No. 1:

All records relating to Giga Watt, Inc. without limiting the generality of the foregoing, your response should include:

a.    Any and all communication between You and Gigga Watt, Inc.

b.    Any and all financial documents for or related to Giga Watt, Inc.

  c. Any and all payroll documents for or related to Giga Watt, Inc., including, but not limited to, QuickBooks files and payroll reports.

  d. Any and all tax documents for or related to Giga Watt, Inc. including but not limited to, account reports.

  e. Any and all documents relating to bank accounts held by or related to Giga Watt, Inc including, but not limited to, Numerica Accounts 10 and 12.

  Response to Request No. 1:

  Intuit incorporates by reference its General Objections as if they were set forth fully herein.

  Intuit further objects to the extent that this Request fails to describe with reasonable particularity the identity of the Customer in order to make a reasonable search. Intuit requires the last known business address, tax identification number and/or the email address associated with the account.

  Intuit further objects to the Request to the extent that it is overly broad and unduly burdensome, and vague and ambiguous by requesting "any and all communications," "any and all financial documents," and "any and all tax documents."

  Should you wish to meet and confer, please do not hesitate to contact me.

    Sincerely,

    Davis Wright Tremaine LLP

    */s/ Molly Tullman*

    Molly Tullman (CA State Bar No. 244928)

# EXHIBIT C

| From: | Joan Pradhan |
|---|---|
| To: | Novak, Teri |
| Subject: | RE: RESPONSE - 45565 - In re Giga Watt, Inc |
| Date: | Wednesday, February 23, 2022 2:43:00 PM |

Hi Teri,

I wanted to follow up on the below matter with you. Could you provide me with an update on when we can expect a document production from Intuit?

Sincerely,

Joan

**From:** Novak, Teri <TeriNovak@dwt.com>
**Sent:** Monday, January 3, 2022 5:00 PM
**To:** Joan Pradhan <jpradhan@byrneskeller.com>
**Subject:** RE: RESPONSE - 45565 - In re Giga Watt, Inc

I am available at 10:00 am tomorrow for a telephone call.

Please contact me on my cell phone at 253-204-9996.

Thank you,

**Teri Novak** | Davis Wright Tremaine LLP
Paralegal
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8729 | Fax: (206) 757-7700
Email: terinovak@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Joan Pradhan <jpradhan@byrneskeller.com>
**Sent:** Monday, January 3, 2022 4:51 PM
**To:** Novak, Teri <TeriNovak@dwt.com>
**Subject:** RE: RESPONSE - 45565 - In re Giga Watt, Inc

**[EXTERNAL]**

Hi Teri,

Thank you for such a quick response. I apologize if my office missed the initial email with your firm's objections.

Are you free tomorrow between 10:00 a.m. and 1:00 p.m. for a telephone call?

Sincerely,

Joan Pradhan

---

**From:** Novak, Teri <TeriNovak@dwt.com>
**Sent:** Monday, January 3, 2022 4:12 PM
**To:** Joan Pradhan <jpradhan@byrneskeller.com>
**Cc:** Shara Sandusky <ssandusky@byrneskeller.com>
**Subject:** FW: RESPONSE - 45565 - In re Giga Watt, Inc

Good Afternoon,

My client, Intuit, reached out stating that you had contacted them today regarding the attached subpoena. It appears we had sent objections to the subpoena to your office back in December of 2021 that may not have been received by you.

I am happy to discuss this matter with you, is there a time this week you are available for a quick telephone call?

Thank you,
**Teri Novak | Davis Wright Tremaine LLP**
Paralegal
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8729 | Fax: (206) 757-7700
Email: terinovak@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Novak, Teri
**Sent:** Wednesday, December 8, 2021 4:50 PM
**To:** 'jmcwilliams@byrneskeller.com' <jmcwilliams@byrneskeller.com>
**Subject:** RESPONSE - 45565 - In re Giga Watt, Inc

Attached is correspondence on behalf of Intuit regarding objections to subpoena.

Thank you,
**Teri Novak | Davis Wright Tremaine LLP**
Paralegal
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8729 | Fax: (206) 757-7700
Email: terinovak@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.