Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GIGA WATT, INC., a Washington corporation,<br><br>                        Debtor.<br>MARK D. WALDRON, as Chapter 7 Trustee,<br><br>                Plaintiff,<br><br>   vs.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, individual and California resident; GIGA WATT PTE., LTD. a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation;<br><br>             Defendants<br>   and<br>THE GIGA WATT PROJECT, a partnership,<br><br>          Nominal defendant. | No. 18-03197-FPC11<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 7**<br><br>Adv. Case No. 20-80031<br><br>**DECLARATION OF PAMELA EGAN IN SUPPORT OF JOINT MOTION FOR AN ORDER TO SHOW CAUSE RE SUBPOENA TO INTUIT INC.** |

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Pamela M. Egan declares as follows:

1.    I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.

2.    I am an attorney licensed to practice law in Washington.  My law firm is counsel to the Chapter 7 Trustee in this case.

3.    On March 9, 2022, I issued a turnover letter to Intuit Inc. ("Intuit"), requesting they provide the Trustee full access to Intuit's documents related to the financial affairs of Giga Watt, Inc.  A true and correct copy of that turnover letter is attached hereto as **Exhibit 1**.

4.    On April 6, 2022, Christopher Bunger, a paralegal of Davis Wright Tremain ("DWT"), which is counsel for Intuit, contacted me indicating he would be the primary point of contact for the matter.  A true and correct copy of this email correspondence is attached hereto as **Exhibit 2**.  That day, I participated in a telephone call with Mr. Bunger to meet and confer regarding the turnover letter.  During the meet and confer, Mr. Bunger indicated Intuit would comply with the turnover letter.  Mr. Bunger also requested I issue a separate subpoena.

5.    On April 7, 2022, I served Intuit with a subpoena requesting documents.  A true and correct copy of that subpoena is attached hereto as **Exhibit 3**.  This subpoena commanded production of the requested documents by April 18, 2022.  Intuit did not produce any documents responsive to the subpoena or turnover letter by the due date of April 18, 2022.

DECLARATION OF PAMELA M. EGAN IN SUPPORT
OF JOINT MOTION TO SHOW CAUSE RE SUBPOENA
TO INTUIT INC. - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

6.      On April 29, 2022, I informed Mr. Bunger a reasonable date certain for production of Intuit's documents must be given by May 4, 2022, or an Order to Show Cause would be requested from the Court.  A true and correct copy of said email correspondence is attached hereto as **Exhibit 4**.  As of May 11, 2022, no date certain for production has been provided and Intuit has not complied with the subpoena or turnover letter.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 25th day of May 2022.

BYRNES KELLER CROMWELL LLP

By /s/ Pamela M. Egan
      Pamela M. Egan

DECLARATION OF PAMELA M. EGAN IN SUPPORT
OF JOINT MOTION TO SHOW CAUSE RE SUBPOENA
TO INTUIT INC. - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC    Doc 91-2    Filed 05/25/22    Entered 05/25/22 17:38:10    Pg 3 of 35

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: 206-622-2000
Fax: 206-622-2522
Email: jpradhan@byrneskeller.com

DECLARATION OF PAMELA M. EGAN IN SUPPORT
OF JOINT MOTION TO SHOW CAUSE RE SUBPOENA
TO INTUIT INC. - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 91-2    Filed 05/25/22    Entered 05/25/22 17:38:10    Pg 4 of 35

# EXHIBIT 1



**Potomac Law Group, PLLC**
1905 7th Ave. West | Seattle, WA 98119
T 415-297-0132 | F 202.318.7707 | www.potomaclaw.com

March 9, 2022

VIA EMAIL: mollytullman@dwt.com

Molly Tullman, Esq.
Davis Wright Tremaine LLP
55 Montgomery Street, Suite 800
San Francisco, CA 94111

Re:     *In re Giga Watt, Inc.*, Case No. 18-03197, U.S. Bankruptcy Court,
        Eastern District, WA (the "Bankruptcy Case")

Dear Ms. Tullman:

        The Potomac Law Group is bankruptcy counsel to Mark D.
Waldron, in his official capacity as the Chapter 7 Trustee (the
"Trustee") in the above-referenced Bankruptcy Case. Giga Watt, Inc.
("Giga Watt") is the debtor in the Bankruptcy Case. On September 30,
2020, the United States Trustee's Office appointed Mr. Waldron as
the Chapter 7 Trustee in the Bankruptcy Case. *See* Appointment of
Trustee, [ECF 745].

        I am informed that Giga Watt, Inc. ("Giga Watt") used
Quickbooks and perhaps other services and products provided by your
client, Intuit, Inc. ("Intuit").

        On behalf of the Trustee, I respectfully request that Intuit
provide to the Trustee full access to all recorded information held by
Intuit relating to the financial affairs of Giga Watt.

Section 542(e), Title 11 of the United States Code, §§ 101-1532 (the "<u>Bankruptcy Code</u>"), provides that, subject to any applicable privilege, the Bankruptcy Court may, after notice and a hearing, order any person to turn over or disclose to the Trustee recorded information, including books, documents, records, and papers, relating to the Debtor's financial affairs. The Trustee's turnover power under this provision is unfettered and broad. Even documents which are not property of the estate may still be subject to turnover under the Bankruptcy Code if they relate to the bankruptcy debtor's property or financial affairs, subject to any claim of privilege. *See In re Crescent Resources, LLC*, 457 B.R. 506 (Bankr. W.D. Tex. 2011).

Furthermore, the U.S. Supreme Court has held that the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to communications that took place before the filing of the petition. *See Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985). The Trustee in this case has exercised this power.

Please contact me by email or telephone at your earliest convenience to discuss a reasonable timetable for compliance with this request. My email address is pegan@potomaclaw.com. My telephone number is (415) 297-0132.

Thank you for your assistance with this matter.

Very truly yours,

Pamela M. Egan

cc: Mark D. Waldron, Esq.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Pamela M. Egan <pegan@potomaclaw.com> |
| **Sent:** | Wednesday, April 6, 2022 11:12 AM |
| **To:** | Bunger, Christopher |
| **Cc:** | Novak, Teri; Ralph Cromwell |
| **Subject:** | Re: GW/Financial Affairs |

Thank you.

2 pm works. Yes, 415-297-0132.

P

Get Outlook for iOS

**From:** Bunger, Christopher <ChrisBunger@dwt.com>
**Sent:** Wednesday, April 6, 2022 10:48:09 AM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Cc:** Novak, Teri <TeriNovak@dwt.com>; 'rcromwell@byrneskeller.com' <rcromwell@byrneskeller.com>
**Subject:** RE: GW/Financial Affairs

> You don't often get email from chrisbunger@dwt.com. Learn why this is important

⚠ **EXTERNAL**

Good morning,

It would! How does 2:00pm PST work for you, and would (415) 297-0132 be an appropriate telephone number for this meet and confer?

Thank you,
**Chris Bunger** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8387 | Fax: (206) 757-7387
Email: chrisbunger@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Wednesday, April 6, 2022 10:20 AM
**To:** Bunger, Christopher <ChrisBunger@dwt.com>
**Cc:** Novak, Teri <TeriNovak@dwt.com>; 'rcromwell@byrneskeller.com' <rcromwell@byrneskeller.com>
**Subject:** Re: GW/Financial Affairs

**[EXTERNAL]**

I am available at your convenience this week.

Would this afternoon work?

Pam

Get Outlook for iOS

---

**From:** Bunger, Christopher <ChrisBunger@dwt.com>
**Sent:** Wednesday, April 6, 2022 10:01:28 AM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Cc:** Novak, Teri <TeriNovak@dwt.com>; 'rcromwell@byrneskeller.com' <rcromwell@byrneskeller.com>
**Subject:** RE: FW: GW/Financial Affairs

> You don't often get email from chrisbunger@dwt.com. Learn why this is important

⚠ **EXTERNAL**

Good morning,

My name is Chris and I will be the primary point of contact going forward in this matter. If you would still like to have a meet and confer regarding this production my availability this week is fairly open. Is there a time and date that would work best for you?

Thank you,
**Chris Bunger** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8387 | Fax: (206) 757-7387
Email: chrisbunger@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Wednesday, March 9, 2022 2:21 PM
**To:** Tullman, Molly <MollyTullman@dwt.com>
**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** GW/Financial Affairs

**[EXTERNAL]**

---

Please see attached letter.

**Pamela M. Egan | Partner | Potomac Law Group, PLLC**
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

# EXHIBIT 3

| **From:** | Pamela M. Egan <pegan@potomaclaw.com> |
|---|---|
| **Sent:** | Thursday, April 7, 2022 8:22 PM |
| **To:** | Bunger, Christopher |
| **Subject:** | Giga Watt, Inc./Financial Information - Intuit |
| **Attachments:** | Intuit Subpoena + Doc Request.pdf; Waiver of Service of Subpoena (Intuit).pdf; Certification of Business Records Pursuant to FRE 902.pdf |

| **Follow Up Flag:** | Follow up |
|---|---|
| **Flag Status:** | Flagged |

Dear Chris:

Please see attached:

1. Subpoena;
2. [Proposed] Waiver of Service; and
3. FRE 902 certification.

If acceptable, please return the Waiver of Service with an authorized signature.  If you have any questions, I will be happy to discuss with you.

Best,

Pam

**Pamela M. Egan** | **Partner** | **Potomac Law Group, PLLC**
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

20-80031-FPC     Doc 91-2     Filed 05/25/22     Entered 05/25/22 17:38:10     Pg 12 of 35

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of Washington

In re Giga Watt, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Mark D. Waldron, Trustee
_____
Plaintiff

v.

Perkins Coie LLP, Lowell Ness, GigaWatt Pte., Ltd., and Andrey Kuzenny
_____
Defendant

Case No. 18-03197

Chapter 7

Adv. Proc. No. 20-80031

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Intuit, Inc.
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Davis Wright Tremaine LLP, 920 Fifth Avenue, Suite 3300, Seattle, WA 98104 | April 18, 2022 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/7/2022

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

*Pamela M. Egan*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Definitions**

1.      "Intuit" means the entity doing business under the name Intuit, Inc., including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing; to avoid any doubt, "Intuit" includes, without limitation, Quickbooks.

2.      "Communication" means the transmission of Documents or Information in any form, including, without limitation, written, oral, electronic transmissions, or in mobile messaging applications.

3.      "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

4.      "Giga Watt" means the entity doing business under the name Giga Watt, Inc., including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing, and which is a debtor in the bankruptcy case, In re Giga Watt, Inc.,

Trustee's Document Request (Intuit)  – Page 1

1 Case No. 18-03197, pending in the U.S. Bankruptcy Court for the Eastern District
2 of Washington. Giga Watt, Inc.'s EIN number may be 81-4797010. In 2017 and
3 2018, the address of Giga Watt, Inc. was One Campbell Parkway, East
4 Wenatchee, WA 98802.

5      5.    "Information" includes individual documents and records (including
6 associated metadata) whether on paper, film, or other media, as discrete files
7 stored electronically, optically, or magnetically, or as a record within a database,
8 archive, or container file, including emails, messages, word-processed documents,
9 recordings of videoconferences or conference calls, digital presentations,
10 spreadsheets, database content, text messages, data recorded by Internet of Things
11 (IoT) devices, and messages in workplace collaboration tools (including, without
12 limitation, Slack, Microsoft Teams, and Google Hangouts) or ephemeral
13 messaging applications (including, without limitation, Telegram).

14      6.    "Person" means a natural person, firm, association, organization,
15 partnership, business, trust, corporation, bank, or any other private or public
16 entity.

17      7.    "Relate" or "relating" means consisting of, referring to, reflecting,
18 concerning, or being in any way logically or factually connected with the matter
19 discussed.

20      8.    "You" means Intuit.

21

22

23 Trustee's Document Request (Intuit)  – Page 2

24

25

1         9.     To the extent necessary to bring within the scope of this request any

2 Documents or Communications that might otherwise be construed to be outside its

3 scope:

4         (a)     The word "or" means "and/or";

5         (b)     The word "and" means "and/or";

6         (c)     The functional words "each," "every," "any," and "all" shall be

7 deemed to include each of the other functional words;

8         (d)     The masculine gender includes the female gender, and the

9 female gender includes the masculine gender; and

10         (e)     The singular includes the plural, and the plural includes the

11 singular.

12         10.    Unless otherwise stated herein, all Documents or Communications

13 requested cover the period from June 30, 2016, through the present.

14 **<u>Documents, Information, and Communications To Be Produced</u>**

15         1.     Documents and Communications relating to Giga Watt, including,

16 but not limited to:

17         a.   Documents and Communications associated with license number

18            203700894675989, or any other license number;

19         b.   Documents and Communications associated with account ending:

20            *5429, or any other account number; ***<u>or</u>***

21         c.   Documents and Communications associated with, but not limited

22            to, any of the following email addresses:

23 Trustee's Document Request (Intuit) – Page 3

24

25

| Email Account | Holder of Account |
|---|---|
| accounting@giga-watt.com | Mike and Heather |
| adam@giga-watt.com | Adam West |
| ak@giga-watt.com | Andrey Kuzenny |
| ak@cryptonomos.com | ak@cryptonomos.com |
| alicia@giga-watt.com | Alicia Walters |
| anzhey@zooominc.com | Anzhey Barantsevich |
| ao@giga-watt.com | Anton Orlov |
| beth@august-edge.com | Beth Beebe |
| beth@augustedge.com | Beth Beebe |
| cory@giga-watt.com | Corey Delozier |
| dave@giga-watt.com | David Carlson |
| ek@giga-watt.com | Ed Khaptahaev |
| el@giga-watt.com | Ekaterina Lunkova |
| george@giga-watt.com | George Turner |
| gigawatt@transform.pr | gigawatt@transform.pr |
| has.saleem@gmail.corn | Hasaam Saleem |
| hayden@giga-watt.com | Hayden Gill |
| heather@giga-watt.com | Heather Mulhall |
| jeffrey@giga-watt.com | Jeffrey Field |
| jenna@giga-watt.com | Jenna Field |
| katrina@giga-watt.com | Katrina Grant |
| Katrina_Grant_kk@giga-watt.com | Katrina Grant |
| katrina@blockchainlawgroup.com | Katrina Grant |
| kyle@giga-watt.com | Kyle Sidles |
| lm@giga-watt.com | Leonid Markin |
| lm@cryptonomos.com | Leonid Markin |
| melissa@giga-watt.com | Melissa Arnold |
| mike@giga-watt.com | Mike Olmstead |
| mitchell@giga-watt.com | Mitchell Thompson |
| neo@giga-watt.com | Nikolay Evdokimov |
| Nikolay_Evdokimov_Company@Giga-Watt.com | Nikolay Evdokimov |
| neo@cryptonomos.com | Nikolay Evdokimov |
| olesia@giga-watt.com | Olesia Egozina |
| paige@giga-watt.com | Paige Beuhler |
| renee@giga-watt.com | Renee Hartman |
| retired@giga-watt.com | Jeffrey Field |
| s.forward@giga-watt.com | Sinden Harum |

Trustee's Document Request (Intuit)  – Page 4

| Email Account | Holder of Account |
|---|---|
| sales@giga-watt.com | Sales Department |
| sinden@giga-watt.com | Sinden Harum |
| susie@giga-watt.com | Susie Ramaker |
| sysadmin@giga-watt.com | Doug Black |
| tu@giga-watt.com | Timur Usmanov |
| Tim.usmanoff@gmail.com | Timur Usmanov |

Trustee's Document Request (Intuit) – Page 5

1  Pamela M. Egan, WSBA No. 54736
   POTOMAC LAW GROUP, PLLC
2  1905 7th Ave. W.
   Seattle, WA 98119
3  Telephone: (415) 297-0132
   Email: pegan@potomaclaw.com
4    *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

5              **UNITED STATES BANKRUPTCY COURT**

6              **EASTERN DISTRICT OF WASHINGTON**

7

8  In re:                              Case No. 18-03197

9  GIGA WATT, Inc., a Washington       The Honorable Frederick P. Corbit
   corporation,
10              Debtor.                 Chapter 7

11 MARK D. WALDRON, as Chapter 7       Adv. Case No. 20-80031
   Trustee,
12              Plaintiff,             **WAIVER OF SERVICE OF**
                                       **SUBPOENA**
13

14         vs.

15 PERKINS COIE LLP, a Washington
   limited liability partnership, Lowell
16 Ness, an individual and California
   resident, GigaWatt Pte. Ltd., a
17 Singapore corporation, and Andrey
   Kuzenny, a citizen of the Russian
18 Federation,

19              Defendants.

20 -and-

21 THE GIGA WATT PROJECT, a
   partnership,
22
                Nominal Defendant.
23

24 WAIVER OF
   SERVICE OF SUBPOENA   – Page 1
25

To:    Potomac Law Group PLLC, Pamela M. Egan, Counsel for Mark D.
       Waldron, as Trustee:

I am counsel to Intuit, Inc. ("Intuit") and I have received your request to waive service of the Subpoena, A copy of the Subpoena is attached hereto as Exhibit 1. I have full authority to enter into this waiver of service of Subpoena on Intuit's behalf.

Intuit waives service of the Subpoena. Notwithstanding the foregoing, Intuit will retain all defenses or objections to the Subpoena other than that it waives any objection to the absence or adequacy of service of the Subpoena. Intuit agrees to proceed as if the Trustee has delivered the Subpoena to Circle in compliance with Rule 45(b) of the Federal Rules of Civil Procedure, applicable to the above-captioned adversary proceeding pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure.

Intuit further agrees that the date of service of the Subpoena is April 8, 2022.

Dated: April __, 2022              DAVIS WRIGHT TREMAINE LLP


                                   By: _____
                                   Name:

                                   920 Fifth Avenue, Suite 3300
                                   Seattle, WA 98104
                                   Tel: (206) 757-8387 |
                                   Fax: (206) 757-7387
                                   Email: chrisbunger@dwt.com |

WAIVER OF
SERVICE OF SUBPOENA   – Page 2

EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of __Washington__

In re __Giga Watt, Inc.__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

__Mark D. Waldron, Trustee__
_____
Plaintiff

v.

Perkins Coie LLP, Lowell Ness, GigaWatt Pte., Ltd., and Andrey Kuzenny
_____
Defendant

Case No. __18-03197__

Chapter __7__

Adv. Proc. No. __20-80031__

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Intuit, Inc.__
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Davis Wright Tremaine LLP, 920 Fifth Avenue, Suite 3300, Seattle, WA 98104 | April 18, 2022 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __4/7/2022__

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

*Pamela M. Egan*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**Definitions**

1.    "Intuit" means the entity doing business under the name Intuit, Inc., including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing; to avoid any doubt, "Intuit" includes, without limitation, Quickbooks.

2.    "Communication" means the transmission of Documents or Information in any form, including, without limitation, written, oral, electronic transmissions, or in mobile messaging applications.

3.    "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

4.    "Giga Watt" means the entity doing business under the name Giga Watt, Inc., including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing, and which is a debtor in the bankruptcy case, In re Giga Watt, Inc.,

Trustee's Document Request (Intuit)  – Page 1

1  Case No. 18-03197, pending in the U.S. Bankruptcy Court for the Eastern District

2  of Washington. Giga Watt, Inc.'s EIN number may be 81-4797010. In 2017 and

3  2018, the address of Giga Watt, Inc. was One Campbell Parkway, East

4  Wenatchee, WA 98802.

5       5.    "Information" includes individual documents and records (including

6  associated metadata) whether on paper, film, or other media, as discrete files

7  stored electronically, optically, or magnetically, or as a record within a database,

8  archive, or container file, including emails, messages, word-processed documents,

9  recordings of videoconferences or conference calls, digital presentations,

10  spreadsheets, database content, text messages, data recorded by Internet of Things

11  (IoT) devices, and messages in workplace collaboration tools (including, without

12  limitation, Slack, Microsoft Teams, and Google Hangouts) or ephemeral

13  messaging applications (including, without limitation, Telegram).

14       6.    "Person" means a natural person, firm, association, organization,

15  partnership, business, trust, corporation, bank, or any other private or public

16  entity.

17       7.    "Relate" or "relating" means consisting of, referring to, reflecting,

18  concerning, or being in any way logically or factually connected with the matter

19  discussed.

20       8.    "You" means Intuit.

21

22

23  Trustee's Document Request (Intuit)  – Page 2

24

25

9.    To the extent necessary to bring within the scope of this request any Documents or Communications that might otherwise be construed to be outside its scope:

(a)    The word "or" means "and/or";

(b)    The word "and" means "and/or";

(c)    The functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words;

(d)    The masculine gender includes the female gender, and the female gender includes the masculine gender; and

(e)    The singular includes the plural, and the plural includes the singular.

10.    Unless otherwise stated herein, all Documents or Communications requested cover the period from June 30, 2016, through the present.

**Documents, Information, and Communications To Be Produced**

1.    Documents and Communications relating to Giga Watt, including, but not limited to:

a.    Documents and Communications associated with license number 203700894675989, or any other license number;

b.    Documents and Communications associated with account ending: *5429, or any other account number; **_or_**

c.    Documents and Communications associated with, but not limited to, any of the following email addresses:

Trustee's Document Request (Intuit)  – Page 3

| Email Account | Holder of Account |
|---|---|
| accounting@giga-watt.com | Mike and Heather |
| adam@giga-watt.com | Adam West |
| ak@giga-watt.com | Andrey Kuzenny |
| ak@cryptonomos.com | ak@cryptonomos.com |
| alicia@giga-watt.com | Alicia Walters |
| anzhey@zooominc.com | Anzhey Barantsevich |
| ao@giga-watt.com | Anton Orlov |
| beth@august-edge.com | Beth Beebe |
| beth@augustedge.com | Beth Beebe |
| cory@giga-watt.com | Corey Delozier |
| dave@giga-watt.com | David Carlson |
| ek@giga-watt.com | Ed Khaptahaev |
| el@giga-watt.com | Ekaterina Lunkova |
| george@giga-watt.com | George Turner |
| gigawatt@transform.pr | gigawatt@transform.pr |
| has.saleem@gmail.corn | Hasaam Saleem |
| hayden@giga-watt.com | Hayden Gill |
| heather@giga-watt.com | Heather Mulhall |
| jeffrey@giga-watt.com | Jeffrey Field |
| jenna@giga-watt.com | Jenna Field |
| katrina@giga-watt.com | Katrina Grant |
| Katrina_Grant_kk@giga-watt.com | Katrina Grant |
| katrina@blockchainlawgroup.com | Katrina Grant |
| kyle@giga-watt.com | Kyle Sidles |
| lm@giga-watt.com | Leonid Markin |
| lm@cryptonomos.com | Leonid Markin |
| melissa@giga-watt.com | Melissa Arnold |
| mike@giga-watt.com | Mike Olmstead |
| mitchell@giga-watt.com | Mitchell Thompson |
| neo@giga-watt.com | Nikolay Evdokimov |
| Nikolay_Evdokimov_Company@Giga-Watt.com | Nikolay Evdokimov |
| neo@cryptonomos.com | Nikolay Evdokimov |
| olesia@giga-watt.com | Olesia Egozina |
| paige@giga-watt.com | Paige Beuhler |
| renee@giga-watt.com | Renee Hartman |
| retired@giga-watt.com | Jeffrey Field |
| s.forward@giga-watt.com | Sinden Harum |

Trustee's Document Request (Intuit) – Page 4

| Email Account | Holder of Account |
|---|---|
| sales@giga-watt.com | Sales Department |
| sinden@giga-watt.com | Sinden Harum |
| susie@giga-watt.com | Susie Ramaker |
| sysadmin@giga-watt.com | Doug Black |
| tu@giga-watt.com | Timur Usmanov |
| Tim.usmanoff@gmail.com | Timur Usmanov |

Trustee's Document Request (Intuit)  – Page 5

1  Pamela M. Egan, WSBA No. 54736
   POTOMAC LAW GROUP, PLLC
2  1905 7th Ave. W.
   Seattle, WA 98119
3  Telephone: (415) 297-0132
   Email: pegan@potomaclaw.com
4    *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

5
                **UNITED STATES BANKRUPTCY COURT**
6
                **EASTERN DISTRICT OF WASHINGTON**
7

8  In re:                              | Case No. 18-03197

9  GIGA WATT, Inc., a Washington       | The Honorable Frederick P. Corbit
   corporation,
10                       Debtor.        | Chapter 7

11 ─────────────────────────────
   MARK D. WALDRON, as Chapter 7       | Adv. Case No. 20-80031
12 Trustee,
                     Plaintiff,        | **CERTIFICATION OF BUSINESS
13                                      | RECORDS PURSUANT TO F.R.E.
                                        | 902**
14      vs.

15 PERKINS COIE LLP, a Washington
   limited liability partnership, Lowell
16 Ness, an individual and California
   resident, GigaWatt Pte. Ltd., a
17 Singapore corporation, and Andrey
   Kuzenny, a citizen of the Russian
18 Federation,

19                  Defendants.

20 -and-

21 THE GIGA WATT PROJECT, a
   partnership,
22
                Nominal Defendant.
23 ─────────────────────────────
   CERTIFICATION OF
24 BUSINESS RECORDS
   PURSUANT TO FRE 902   – Page 1
25

1    I, _____, being the duly authorized custodian of records

2  for _____ state as follows:

3      1.    The attached copies of the records and/or documents subpoenaed are

4  true and correct copies of the original records/documents that were made and kept

5  in the regular course of business of_____.

6      2.    The attached copies of records and/or documents were made at or

7  near the time of the information recorded.

8      3.    The attached copies of records and/or documents were kept in the

9  course of the regularly conducted activity of _____.

10     4.    It was the regular practice of _____ to record the

11  information set forth in the attached records and/or documents.

12     5.    I am familiar with the records and the circumstances under which

13  they were made.

14     6.    _____ is not a party to the action set forth above.

15      This certification is to fulfill and meet the requirements of FRE 902.

16

17      DATED this ___ day of April, 2022.

18

19                                              _____

20                                              Print Name and Title

21

22                                              _____
                                                Signature

23

24  CERTIFICATION OF
    BUSINESS RECORDS
    PURSUANT TO FRE 902   – Page 2
25

# EXHIBIT 4

| From: | Pamela M. Egan <pegan@potomaclaw.com> |
| Sent: | Friday, April 29, 2022 1:41 PM |
| To: | Bunger, Christopher |
| Subject: | In re Giga Watt, Inc., Case No. 18-03197; Trustee v. Perkins, Adv. Case No. 20-80031 |
| | |
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

As I informed you by telephone this afternoon: the Court will issue an Order to Show Cause why Intuit, Inc. should not be held in contempt for failing to respond to two sets of subpoenas and a turnover demand in the above-referenced matter.

Additionally, your role as a paralegal was not made clear at the outset. Your signature block should clearly state that you are not an attorney and are instead a paralegal.

As we discussed, I will hold off on asking the Court for the Order to Show Cause – which the Court offered to issue – until Wednesday, May 4, 2022, noon, PT. If by that time, you have not provided a ***reasonable*** date certain for production, then an attorney for Intuit will be required to appear and explain to the Court why it should not be held in contempt. We will seek attorneys' fees.

Pam

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
Tel: (415) 297-0132 | Fax: (202) 318-7707
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*