Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
  *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee, | Adv. Case No. 20-80031 |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION TO AMEND COMPLAINT** |
| vs. | |
| PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, individual and California resident, GIGA WATT PTE., LTD., a Singapore corporation, and ANDREY KUZENNY, individual and Russian citizen, | |
| Defendants, | |
| - and - | |
| THE GIGA WATT PROJECT, a partnership, | |
| Nominal Defendant. | |

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO AMEND COMPLAINT – Page 1

Mark D. Waldron, in his capacity as the duly appointed Chapter 7 Trustee, by and through his attorneys, the Potomac Law Group PLLC, hereby submits this Memorandum of Point and Authority filed in support of the *Trustee's Motion to Amend Complaint* ("Motion") pursuant to Rule 15 of the Federal Rules of Civil Procedure, applicable hereto by Rule 7015 of the Federal Rules of Bankruptcy Procedure. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the First Amended Complaint, a copy of which is attached to the Motion as **Exhibit 2**.

## INTRODUCTION

In May 2022, the Trustee learned that a third-party vendor named Lighthouse Technology was in possession of 1 terabyte of information from Giga Watt's computers. These documents had been imaged during the SEC investigation and included emails of Giga Watt's employees and management between January 2017 and May 2018. Wilson Sonsini had commissioned this imaging, but was only in possession of a small fraction of these documents.

The Trustee obtained the Lighthouse Documents in readable form in late July 2022. *See* Declaration of Pamela Egan, filed herewith. The Trustee made the Lighthouse Documents available to Perkins at the same time that they became available to the Trustee. After processing, the reviewable documents were reduced to 240 gigabytes of documents, comprising hundreds of thousands of documents.

The Lighthouse Documents were revelatory. In particular, as set forth in more detail in the First Amended Complaint, they showed that Perkins represented Giga Watt. For example, Perkins told the United States Secret Service that it represented Giga Watt on the same day that it improperly released $5.4 million of WTT Token sales proceeds to GW Sg. The Trustee had previously been aware that Grant, Kuzenny, and Carlson all considered Perkins to be Giga Watt's attorney. However, each of them has credibility issues and Perkins denied any attorney-client relationship with Giga Watt. The Lighthouse Documents corroborated Grant, Kuzenny, and Carlson and contradicted Perkins.

When the Trustee raised this issue with Perkins, Perkins produced additional documents. This supplemental production omitted the correspondence with the United States Secret Service and also omitted an email from Giga Watt's CFO to Ness stating his understanding that Ness was Giga Watt's point person "on all legal matters." In addition to showing an attorney-client relationship between Perkins and Giga Watt, the Lighthouse Documents showed that GW Sg. was a paper façade with no right to the WTT Token sales proceeds.

The Lighthouse Documents also showed that Giga Watt's Chief Financial Officer, Timur Usmanov, a Russian national, had helped GW Sg. to usurp the WTT Token sales proceeds and had also helped Cryptonomos to loot Giga Watt's revenues.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO AMEND COMPLAINT – Page 3

Accordingly, the Trustee has amended the complaint to allege that Perkins owed a fiduciary duty to Giga Watt both as the trustee of the GW ICO escrow and as Giga Watt's attorney. It breached that duty by allowing GW Sg. to control the WTT Token sales proceeds and by prematurely releasing the WTT Token sale proceeds.

The First Amended Complaint adds a claim against Perkins for breach of trust to reflect the arguments and findings made earlier in this case regarding the trust issue.

The First Amended Complaint drops GW Sg. and Kuzenny as defendants, despite their liability for fraudulent transfers, because they have fled and do not have assets that the Trustee could realistically reach.

The First Amended Complaint adds Usmanov as a defendant, claiming breach of fiduciary duty. He was Giga Watt's CFO. In breach of his fiduciary duty as Giga Watt's CFO, Usmanov helped GW Sg./Kuzenny to usurp the WTT Token sales proceeds and he helped Cryptonomos/Kuzenny to usurp Giga Watt's revenues.

The First Amended Complaint omits reference to GW Sg. as Giga Watt's partner. The Lighthouse Documents showed no partnership agreement, no sharing of profits, and no co-ownership of assets, all typical indicia of a partnership. Instead, they showed that Kuzenny used GW Sg. to strip Giga Watt of the WTT Token sales proceeds.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO AMEND COMPLAINT – Page 4

# PROCEDURAL BACKGROUND

On November 19, 2018, Andrey Kuzenny signed Giga Watt, Inc.'s ("Giga Watt") voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code.

On January 24, 2019, the Court approved Mark D. Waldron's appointment as Chapter 11 Trustee. ECF No. 146 (main case). On September 30, 2020, the Bankruptcy Court entered an Order converting the bankruptcy case from Chapter 11 to Chapter 7 of the Bankruptcy Code, ECF No. 744. The same day, the U.S. Trustee's Office appointed Mark D. Waldron as Trustee in the Chapter 7 case, ECF No. 745.

In its opposition to the appointment of a trustee, the Debtor, then controlled by Andrey Kuzenny, stated that "the Russian team" which ran Giga Watt would not cooperate with any trustee whom the Court appointed. ECF Nos. 114 and 115.

On November 19, 2020, the Trustee commenced the above-captioned adversary proceeding. The operative complaint in this case is ECF No. 6.[1]

---

[1] The complaint, ECF No. 6, is titled "amended" due to a clerical error. The complaint has not been amended. Instead, certain redactions were changed. Further, this First Amended Complaint is not redacted because Judge Bastian has already made an unredacted version of the facts public. *See Order Denying Appellant's Motion to Seal*, dated June 8, 2022, ECF No. 36, *Dam v. Waldron*, Case No. 2:21-cv-00291-SAB (preliminary injunction appeal).

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO AMEND COMPLAINT – Page 5

On April 22, 2021, the Court denied Perkins' motion to compel arbitration of the issues in this adversary proceeding. *See Order Denying Perkins' and Ness' Motion to Compel Arbitration and Stay*, ECF No. 51 ("Arbitration Order"). The Arbitration Order was without prejudice to Perkins' right to renew its motion after further discovery. The Order is now on appeal before the United States Court of Appeal for the Ninth Circuit under the caption, *Waldron v. Perkins Coie*, 22-35104. No stay pending appeal was entered.

On May 3, 2022, the Court entered its *Order Granting Trustee's Motion for Authority to Incur and Pay Expenses Incident to Discovery in Perkins Adversary*, ECF No. 958 ("Discovery Expense Order"). The Discovery Expense Order authorized the Trustee to pay Lighthouse Technologies, Inc. to access one trillion bytes of information comprising Giga Watt's computer records for the period January 2017 to May 2018 referred to in the First Amended Complaint as the Lighthouse Documents. It also authorized the Trustee to pay LexBe, Inc. to process the information and make it available to the Trustee in an e-discovery database.

In late July 2022, the Lighthouse Documents were reduced to 240 gigabytes and made available for review. Perkins obtained access to the Lighthouse Documents at the same time as the Trustee.

On August 11, 2022, the Court extended the deadline to add parties to October 31, 2022. ECF No. 108. In addition, Perkins and the Trustee, with the

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO AMEND COMPLAINT – Page 6

Court's consent, agreed to renegotiate a new discovery schedule pending the filing of the Trustee's First Amended Complaint.

## SUBJECT MATTER JURISDICTION

This Court has jurisdiction over this Motion although an appeal of the Arbitration Order is pending. *See Britton v. Co–Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990):

> Absent a stay, . . . an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal. *Manual for Complex* §§ 25.11, 25.16 (2d Ed.). Since the issue of arbitrability was the only substantive issue presented in this appeal, the district court was not divested of jurisdiction to proceed with the case on the merits.

*Id.* at 1412. *See also Woods v. JK Harris Financial Recovery Systems, LLC*, 2005 WL 8172267, at *1 (W.D. Wash. 2005) ("When arbitrability is the only substantive issue presented in an appeal, the district court is not divested of jurisdiction to proceed with the case on the merits.").

The Trustee will shortly file a motion to dismiss the arbitration appeal as moot based on the new facts and understanding described herein.

## ARGUMENT

Rule 15 provides that "leave [to amend a complaint] shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF TRUSTEE'S
MOTION TO AMEND COMPLAINT – Page 7

2001) (quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990)).

In the Ninth Circuit, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014).

These factors warrant amendment in this case. The Trustee is amending the complaint in good faith. As set forth above, the Lighthouse Documents shed new light on material facts. They show that Perkins in fact represented Giga Watt while prematurely disbursing WTT Tokens sales proceeds. The Lighthouse Documents further show Usmanov's integral role in GW Sg.'s misappropriation of the WTT Token sales proceeds and Cryptonomos' misappropriation of Giga Watt's revenues. They also show that GW Sg. had no right to control the WTT Token sales proceeds.

The delay is not undue. Perkins, Carlson and Kuzenny dissembled to the Trustee regarding the facts. Perkins claimed Giga Watt was a stranger. Carlson misrepresented that he owned the TNT Facility and has never been cooperative. Kuzenny, who signed the Petition, told the Court in advance that "the Russian team" would not cooperate with any trustee whom the Court appointed. The

Trustee did not reasonably learn the facts underlying the First Amended Complaint until late summer 2022 when he obtained the Lighthouse Documents.

Perkins is not prejudiced. Perkins received the Lighthouse Documents at the same time that Giga Watt received them. And the discovery cutoff has been suspended pending Perkins' review of this First Amended Complaint.

Regarding futility, the First Amended Complaint clarifies that Perkins owed Giga Watt a fiduciary duty and thus strengthens the Trustee's case.

Finally, the Trustee has not previously amended the complaint.

Accordingly, amendment is appropriate.

## CONCLUSION

Wherefore, the Plaintiff respectfully requests that the Court grant the Motion, allow the Trustee to file the proposed First Amended Complaint and grant such other and further relief as the Court deems necessary and just.

Dated: September 26, 2022      POTOMAC LAW GROUP PLLC

By:      s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*