UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, INC.,<br><br>        Debtor-in-Possession, | Case No. 18-03197-FPC |
| MARK D. WALDRON, in his capacity as the duly-appointed Chapter 11 Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, individual and California resident, GIGA WATT PTE., LTD., a Singapore corporation, ANDREY KUZENNY, individual and Russian citizen, TIMUR USMANOV, individual and Russian citizen,<br><br>        Defendants,<br><br>        - and -<br><br>THE GIGA WATT PROJECT, a partnership,<br><br>        Nominal Defendant | Adversary No. 20-80031-FPC<br><br>**ORDER RE: SETTLEMENT CONFERENCE** |

    Having been appointed as the Settlement Judge in this case, IT IS ORDERED:

**ORDER RE: SETTLEMENT CONFERENCE** – Page 1

1. The settlement conference shall begin on **December 16, 2022, at 9:00 a.m.** and continue until concluded at the U.S. Bankruptcy Court for the Western District of Washington, 700 Stewart St., Suite 6301, in Seattle, Washington.

2. All the Parties[1] to this action, including counsel if any, shall be present at said settlement conference.[2]

3. On or before **October 28, 2022, by noon,** the Parties shall exchange with each other a non-confidential statement of position ("Exchanged Statements").

4. Exchanged Statements should include the relevant facts, the party's assessment of its probability of prevailing on any disputed facts (with reference to any supporting materials), and a brief discussion of any legal authority the party contends would support its position at trial. Specifically, it should include:

    a. A brief factual outline of the case;
    b. A brief discussion of any unique legal issues present in the case;
    c. Identify obstacles the party anticipates may prevent settlement of the case;
    d. The history of any settlement negotiations, including the last settlement proposal made by you and to you; and,
    e. The name and position of the person(s) who will be attending the settlement conference with ultimate settlement authority.

5. Parties shall also submit to the Settlement Judge a separate confidential supplemental statement ("Confidential Statement") that includes:

---

[1] In this case, "Parties" includes the named parties in this case, along with the "Plaintiff" and "Defendants" in Cause No. 20-00464 pending in U.S. District Court, District of Eastern Washington, *Jun Dam v. Perkins Coie, et. al*.

[2] If a party's default has been entered, that party is not obliged to attend. However, the party may elect to participate as an alternative to the other outcomes, including judgment and execution. If any party has stopped communicating with their counsel, the affected counsel may contact the below signed, and I will consider whether counsel may be excused.

**ORDER RE: SETTLEMENT CONFERENCE** – Page 2

a. A candid discussion of the strength and weaknesses of your client's position;
   b. A settlement proposal that you believe would be fair; and,
   c. A settlement proposal that you would be willing to make in order to conclude the matter and stop the expense of litigation, including a proposed term sheet.

The Confidential Statement and a copy of the Exchanged Statement shall be provided to the Settlement Judge on or before **October 28, 2022, at noon.** Submissions may be sent by email to [Benjamin_Hursh@mtb.uscourts.gov](mailto:Benjamin_Hursh@mtb.uscourts.gov). Alternatively, if the submissions are voluminous, parties should contact chambers at the same email address to discuss alternative arrangements prior to the deadline.

6. The purpose of the settlement conference is to permit an informal discussion between the attorneys, parties, and the Settlement Judge in order for the Settlement Judge to privately express his views concerning the resolution of disputes. All communications made in connection with the settlement conference are confidential and will not be disclosed to anyone. Any documents requested and submitted for the settlement conference will be maintained in chambers by the Settlement Judge and will be destroyed after the conference. Neither the settlement conference statements nor communications of any kind occurring during the settlement conference can be used by any party with regard to any aspect of the litigation or trial of this case.

7. FAILURE TO FULLY COMPLY WITH THE REQUIREMENTS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF APPROPRIATE SANCTIONS, CONTEMPT PROCEEDINGS, ENTRY OF DEFAULT AND ENTRY OF JUDGMENT.

Dated October 5, 2022,

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana