# EXHIBIT 7

| | |
|---|---|
| **From:** | Pamela M. Egan |
| **To:** | stmartinez@lighthouseglobal.com |
| **Cc:** | Ralph Cromwell; Elon Berk |
| **Subject:** | In re Giga Watt, Inc., Case No. 18-03197; Waldron v. Perkins, Adv. Pro. No. 20-80031; US Bankr. Court, ED WA |
| **Date:** | Wednesday, March 2, 2022 8:31:38 AM |
| **Attachments:** | Lighthouse Turnover Request 3.1.22 - SIGNED.pdf |
| **Importance:** | High |

Please see attached letter.

Thank you.

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If
you are not the intended recipient, please notify us immediately and destroy all copies of this message
and any attachments.*



**Potomac Law Group, PLLC**
1905 Seventh Ave. W | Seattle, WA 91889
T 415.297.0132 | F 202.318.7707 | www.potomaclaw.com

March 1, 2022

VIA EMAIL ONLY: stmartinez@lighthouseglobal.com

Stephen Martinez
Lighthouse Document Technologies
250 Montgomery Street, Ste. 300
San Francisco, CA 94104-3428

Re:   *In re Giga Watt, Inc.*, Case No. 18-03197, U.S. Bankruptcy Court,
      E.D. Wash; *Waldron, as Trustee v. Perkins Coie LLP, et al.*, Adv.
      Pro. No. 20-80031

Dear Mr. Martinez:

The Potomac Law Group PLLC represents Mark D. Waldron, who is the
Chapter 7 Trustee in the above-referenced bankruptcy case and also the
plaintiff in the above-referenced adversary proceeding. The debtor in the
bankruptcy case is Giga Watt, Inc., a Washington corporation ("Giga
Watt").

I am informed that Lighthouse Document Technologies ("Lighthouse") is
in possession, custody, or control of electronic images of Giga Watt's
books and records and is also in possession, custody, or control of all Giga
Watt's electronically stored information, including email
communications, from Giga Watt's inception in December 2016 through
the date of collection, which the Trustee believes ended sometime
between May 2018 and August 2018.

Eric Olson, formerly of Lighthouse, conducted the collection, working closely with Stephanie Jensen, an attorney at Wilson Sonsini Goodrich & Rosati ("WSGR"). The collection was made in response to the U.S. Securities & Exchange Commission's investigation ("SEC Investigation") of an unregistered capital raise ("GW ICO") that Giga Watt and its partner, GigaWatt Pte. Ltd., a Singapore corporation, had conducted beginning in April or May 2017. That part of the GW ICO concerning the sale of digital assets known as WTT Tokens, ended on or about July 31, 2017. That other part of the GW ICO concerning the sale of cryptocurrency mining computers, extended through 2017.

On behalf of the Trustee, I request that you turn over to me, on a rolling basis, all the books, records, and electronically stored information that you extracted and collected from Giga Watt with respect to the SEC's investigation of the GW ICO. I would like to ask that you prioritize email communications.

In June 2019, I sent the enclosed narrower request with which Lighthouse complied. Also, the Trustee is already in possession of documents with Bates stamp, GWSEC00000001-GWSEC00028058 that WSGR produced to the SEC. This turnover request excludes the foregoing documents.

Section 542(e) of title 11 of the United States Code requires any party who holds recorded information relating to the Debtor's financial affairs to turn over the recorded information to the Trustee. The Trustee's turnover power under this provision is unfettered and broad. Even documents which are not property of the estate may still be subject to the Trustee's turnover power if the documents relate to the Debtor's property or financial affairs, subject to any claim of privilege. *In re Crescent Resources, LLC,* 457 B.R. 506 (Bankr. W.D. Tex. 2011). Furthermore, the U.S. Supreme Court has held that the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to communications that took place before the filing of the petition. *See Commodity Futures Trading Com'n v. Weintraub,* 471

U.S. 343, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985). The Trustee has waived Giga Watt's attorney-client privilege with respect to the documents and information sought by this letter.

The Trustee is aware of the claim, Claim No. 214, that Lighthouse has submitted in the bankruptcy case. Importantly, the Trustee's turnover power applies even when the holder of the debtor's records is owed money. In fact, the point of the turnover power is to prevent document holders from withholding this information from the Trustee in order to extract a payment from the estate ahead of other creditors. *See* H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 369, 370, reprinted in 3A Bankr. Service L. Ed. § 30:2 (describing this provision as intending to prevent parties from refusing to turn over the debtor's records in order to receive payment in full ahead of other creditors).

Please contact me at your earliest convenience to discuss a reasonable timetable for the turnover of the documents and information described in this letter.

Very truly yours,

Pamela M. Egan

(Admitted in Washington, WSBA 54736)
(Admitted in California, SBN 224758)

Enclosure

cc: Ralph Cromwell, counsel for Perkins Coie LLP and Lowell Ness
    Elon Berk, counsel for Andrey Kuzenny



DELIVERED VIA EMAIL: STMARTINEZ@LIGHTHOUSEGLOBAL.COM

June 11, 2019

Mr. Stephen Martinez
Lighthouse (formerly Discovia)
250 Montgomery St., Suite 300
San Francisco, CA 94104

      Re: *In re Giga Watt, Inc.*; U.S. Bankruptcy Court, E.D. WA; Case No. 18-03197

Dear Mr. Martinez:

As you are aware, CKR Law LLP represents Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee") in the above-referenced bankruptcy case of Giga Watt, Inc. (the "Debtor"), currently pending in the U.S. Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court").

The law firm of Wilson Sonsini Goodrich & Rosati, which represented Giga Watt, Inc. before the Debtor commenced the bankruptcy case, has informed us that Lighthouse is in possession, custody or control of the documents listed in the following table:

| Requested Document | Identification/Reference/BegBates# |
| --- | --- |
| Custodian Documents | GWSEC 21165 through 21619 |
| Privilege Log Items 1 - 12 | 2018.8.24 Privilege Log, attached for ease of reference |
| Documents in Unredacted Form | GWSEC 26985<br>GWSEC 27179-27181<br>GWSEC 22773<br>GWSEC 27650 |

Akron | Atlanta | Beijing | Belize | Boston | British Virgin Islands | Canada | Cape Town | Charlotte | Cheyenne | Cincinnati

Cleveland | Curitiba | Dallas | Djibouti | Dubai | Geneva | Guangzhou | Hartford | Houston | Hong Kong | Istanbul | Irvine | Jericho

Johannesburg | Kansas City | Las Vegas | London | Los Angeles | Miami | Mexico City | Milan | Moscow | Naples | New York

New Jersey | Nyon | Orlando | Osaka | Panama City | Paris | Philadelphia | Phoenix | Portland | Rome | San Diego | San Francisco

San Juan | Sao Paolo | Seadoone | Seattle | Seychelles | Shanghai | St. Petersburg | Tallinn | Tel Aviv | Tokyo | Trinidad and Tobago

Washington D.C. | Wilmington

www.ckrlaw.com

I respectfully request that Lighthouse make these documents available to the Trustee on an expedited basis. On a longer-term, but reasonable, basis, the Trustee would like to obtain a copy of all documents and records, defined in the broadest sense, in Lighthouse's possession, custody or control that belong to the Debtor.

Section 542(e) of the Bankruptcy Code provides that, subject to any applicable privilege, the Bankruptcy Court may, after notice and a hearing, order any person to turn over or disclose to the Trustee recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs. The Trustee's turnover power under this provision is unfettered and broad. Even documents which are not property of the estate may still be subject to turnover under the Bankruptcy Code if they relate to the Debtor's property or financial affairs, subject to any claim of privilege. *See In re Crescent Resources, LLC*, 457 B.R. 506 (Bankr. W.D. Tex. 2011).

Furthermore, the U.S. Supreme Court has held that the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to communications that took place before the filing of the petition. *See Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985). The Trustee in this case has exercised this power with respect to the documents and records requested herein.

The Trustee is aware of the claim, Claim No. 214, that Lighthouse has submitted in the Bankruptcy Case. Importantly, the Trustee's turnover power applies even when the holder of the Debtor's records is owed money. In fact, the point of the turnover power is to prevent document holders from withholding this information from the Trustee in order to extract a payment from the estate ahead of other creditors. *See* H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 369, 370, reprinted in 3A Bankr. Service L. Ed. § 30:2 (describing this provision as intending to prevent parties from refusing to turn over the debtor's records in order to receive payment in full ahead of other creditors).

Please contact me to discuss an efficient method for transferring to the Trustee (1) the documents described in the table set forth above, on an expedited basis, and on a longer term, but reasonable basis (2) all of the Debtor's documents and records, defined in the broadest sense, that are in your possession, custody or control.

Thank you for your assistance with this matter.

Very truly yours,

*Pamela M. Egan*

Pamela M. Egan

Enclosure: Privilege Log, dated August 24, 2018

# EXHIBIT 8

DELIVERED VIA EMAIL: STMARTINEZ@LIGHTHOUSEGLOBAL.COM

June 11, 2019

Mr. Stephen Martinez
Lighthouse (formerly Discovia)
250 Montgomery St., Suite 300
San Francisco, CA 94104

      Re: *In re Giga Watt, Inc*.; U.S. Bankruptcy Court, E.D. WA; Case No. 18-03197

Dear Mr. Martinez:

As you are aware, CKR Law LLP represents Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "Trustee") in the above-referenced bankruptcy case of Giga Watt, Inc. (the "Debtor"), currently pending in the U.S. Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court").

The law firm of Wilson Sonsini Goodrich & Rosati, which represented Giga Watt, Inc. before the Debtor commenced the bankruptcy case, has informed us that Lighthouse is in possession, custody or control of the documents listed in the following table:

| Requested Document | Identification/Reference/BegBates# |
| --- | --- |
| Custodian Documents | GWSEC 21165 through 21619 |
| Privilege Log Items 1 - 12 | 2018.8.24 Privilege Log, attached for ease of reference |
| Documents in Unredacted Form | GWSEC 26985<br>GWSEC 27179-27181<br>GWSEC 22773<br>GWSEC 27650 |

Akron | Atlanta | Beijing | Belize | Boston | British Virgin Islands | Canada | Cape Town | Charlotte | Cheyenne | Cincinnati
Cleveland | Curitiba | Dallas | Djibouti | Dubai | Geneva | Guangzhou | Hartford | Houston | Hong Kong | Istanbul | Irvine | Jericho
Johannesburg | Kansas City | Las Vegas | London | Los Angeles | Miami | Mexico City | Milan | Moscow | Naples | New York
New Jersey | Nyon | Orlando | Osaka | Panama City | Paris | Philadelphia | Phoenix | Portland | Rome | San Diego | San Francisco
San Juan | Sao Paolo | Seadoone | Seattle | Seychelles | Shanghai | St. Petersburg | Tallinn | Tel Aviv | Tokyo | Trinidad and Tobago
Washington D.C. | Wilmington

I respectfully request that Lighthouse make these documents available to the Trustee on an expedited basis. On a longer-term, but reasonable, basis, the Trustee would like to obtain a copy of all documents and records, defined in the broadest sense, in Lighthouse's possession, custody or control that belong to the Debtor.

Section 542(e) of the Bankruptcy Code provides that, subject to any applicable privilege, the Bankruptcy Court may, after notice and a hearing, order any person to turn over or disclose to the Trustee recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs. The Trustee's turnover power under this provision is unfettered and broad. Even documents which are not property of the estate may still be subject to turnover under the Bankruptcy Code if they relate to the Debtor's property or financial affairs, subject to any claim of privilege. *See In re Crescent Resources, LLC*, 457 B.R. 506 (Bankr. W.D. Tex. 2011).

Furthermore, the U.S. Supreme Court has held that the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to communications that took place before the filing of the petition. *See Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985). The Trustee in this case has exercised this power with respect to the documents and records requested herein.

The Trustee is aware of the claim, Claim No. 214, that Lighthouse has submitted in the Bankruptcy Case. Importantly, the Trustee's turnover power applies even when the holder of the Debtor's records is owed money. In fact, the point of the turnover power is to prevent document holders from withholding this information from the Trustee in order to extract a payment from the estate ahead of other creditors. *See* H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 369, 370, reprinted in 3A Bankr. Service L. Ed. § 30:2 (describing this provision as intending to prevent parties from refusing to turn over the debtor's records in order to receive payment in full ahead of other creditors).

Please contact me to discuss an efficient method for transferring to the Trustee (1) the documents described in the table set forth above, on an expedited basis, and on a longer term, but reasonable basis (2) all of the Debtor's documents and records, defined in the broadest sense, that are in your possession, custody or control.

Thank you for your assistance with this matter.

Very truly yours,

*Pamela M. Egan*

Pamela M. Egan

Enclosure: Privilege Log, dated August 24, 2018

# EXHIBIT 9

# Mika Kitamura

| | |
|---|---|
| **From:** | James George <JGeorge@lighthouseglobal.com> |
| **Sent:** | Thursday, April 21, 2022 9:25 AM |
| **To:** | Pamela M. Egan; Mika Kitamura; Farhad Hajimirzaee; Amelia Champion |
| **Cc:** | Ralph Cromwell |
| **Subject:** | RE: Giga Watt |

Hi Pamela – Lighthouse will stand down on this request until we hear back.


Jimmy


**Jimmy George**
Senior Director, Client Services



480.535.2067  |  Office
602.758.8759  |  Mobile
250 Montgomery Street, Suite 300 | San Francisco, CA  94104
Web • LinkedIn • Blog • Twitter

---

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Thursday, April 21, 2022 9:14 AM
**To:** Mika Kitamura <mkitamura@byrneskeller.com>; Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** Re: Giga Watt

Hold on, please.


 Lighthouse, you do not have authority to send the info. It belongs to the bankruptcy estate.

Ralph, let's talk in a bit.

---

Get Outlook for iOS

**From:** Mika Kitamura <mkitamura@byrneskeller.com>
**Sent:** Thursday, April 21, 2022 8:58:07 AM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; Pamela M. Egan <pegan@potomaclaw.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt


⚠ **EXTERNAL**

Thank you, Farhad, for your endless patience and assistance. Byrnes Keller Cromwell would like to order

- one copy of the raw data @ ~$800
- one copy of the Concordance Export of the Relativity Review database, along with any applied tags/flags/coding in the database exported to the .dat file @ ~$1500

Please let me know if I can have a hard drive delivered for the transfer.

**Mika L. Kitamura, Paralegal Manager**
BYRNES KELLER CROMWELL LLP
1000 Second Avenue Suite 3800 | Seattle Washington 98104
Tel 206.622.2000 | Fax 206.622.2522
mkitamura@byrneskeller.com | www.byrneskeller.com

---

**From:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>
**Sent:** Wednesday, April 20, 2022 3:03 PM
**To:** Mika Kitamura <mkitamura@byrneskeller.com>; Pamela M. Egan <pegan@potomaclaw.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt

The Concordance Export would cost the same as an ARM export (you can choose which type of export you'd like); each is $1,500 roughly.

Best,

Farhad

**Farhad Hajimirzaee, Esq.**
Discovery Consultant



415-385-8556
51 University Street, Suite 400 | Seattle, WA 98101

Web • LinkedIn • Blog • Twitter • Podcast



---

**From:** Mika Kitamura <mkitamura@byrneskeller.com>
**Sent:** Wednesday, April 20, 2022 2:59 PM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; Pamela M. Egan <pegan@potomaclaw.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt

Thank you. In order to make the Concordance export @$1500, don't you have to first restore it, which you previously quoted @$3000? So, we would have to pay $4500? ($1500+$3000). Or do you already have a Concordance export prepared?

**From:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>
**Sent:** Wednesday, April 20, 2022 1:42 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; Mika Kitamura <mkitamura@byrneskeller.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt

That's correct.

**Farhad Hajimirzaee, Esq.**
Discovery Consultant



415-385-8556
51 University Street, Suite 400 | Seattle, WA 98101

Web • LinkedIn • Blog • Twitter • Podcast



---

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Wednesday, April 20, 2022 1:29 PM
**To:** Mika Kitamura <mkitamura@byrneskeller.com>; Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt

I know. The ARM Export should cost $1,500 based on prior emails. Please confirm, Farhad. Thank you.

**Pamela M. Egan | Partner | Potomac Law Group, PLLC**
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Mika Kitamura <mkitamura@byrneskeller.com>
**Sent:** Wednesday, April 20, 2022 1:25 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>

**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt

⚠ **EXTERNAL**

I do not want the "Concordance Export of the Relativity Review database," I am inquiring about a copy of the ARM export.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Wednesday, April 20, 2022 1:23 PM
**To:** Mika Kitamura <mkitamura@byrneskeller.com>; Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt

The Trustee's path forward is shown below. I think the ARM Export will cost $1,500. So the Trustee's calculations below pertaining to Perkins' contributions will remain accurate.

| | Activity Description | Itemized Amount | Totals |
|---|---|---|---|
| **Extraction by Lighthouse** | Export of the raw data | $ 800.00 | |
| | Concordance Export of the Relativity Review database | $1,500.00 | |
| | Perkins' contribution | -$ 700.00 | $1,600.00 |
| **Review & Processing by Lexbe, Inc.** | 1 TB hosting for one month while the Trustee reviews and culls at $4 per gigabyte | $4,000.00 | |
| | 500 GB hosting for one month while the Trustee reviews and culls | $2,000.00 | |
| | 50 GB hosting at $4 per GB ($200 per month) for five months (this will be the review database) | $2,000.00 | $8,000.00 |
| | | | $9,600.00 |

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
Tel: (415) 297-0132 | Fax: (202) 318-7707
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Mika Kitamura <mkitamura@byrneskeller.com>
**Sent:** Wednesday, April 20, 2022 1:10 PM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Pamela M. Egan <pegan@potomaclaw.com>; Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt

⚠️ **EXTERNAL**

Hello All,

I have an answer to my question in the email below. Byrnes Keller is close to deciding what we would like from Lighthouse, but please confirm/answer the following

- Export of the raw data will cost ~$800
- What is the cost for a copy of the ARM export?

I would like to provide the hard drives if this work will be conducted locally.

---

**From:** Mika Kitamura
**Sent:** Monday, April 18, 2022 9:20 AM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Pamela M. Egan <pegan@potomaclaw.com>; Ralph Cromwell <rcromwell@byrneskeller.com>
**Subject:** RE: Giga Watt

Hi Farhad,

Would the Relativity export to Concordance include any Relativity tagging? Thank you for your ongoing helpful assistance!

---

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Friday, April 15, 2022 5:50 PM
**To:** Ralph Cromwell <rcromwell@byrneskeller.com>
**Cc:** Mika Kitamura <mkitamura@byrneskeller.com>
**Subject:** FW: Giga Watt

FYI

Pamela M. Egan | Partner | Potomac Law Group, PLLC

Tel: (415) 297-0132 | Fax: (202) 318-7707
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Pamela M. Egan
**Sent:** Friday, April 15, 2022 5:48 PM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Subject:** RE: Giga Watt

Okay. To summarize, it would cost:

| | |
|---|---|
| Export of the raw data x 1 | $ 800.00 |
| Concordance Export of the Relativity Review database x 1 | $1,500.00 |
| Total | $2,300.00 |

Are there any other costs? Shipping? Disk?

If Perkins also ordered, then cost doubles.

Thanks.

Pam

Pamela M. Egan | Partner | Potomac Law Group, PLLC
Tel: (415) 297-0132 | Fax: (202) 318-7707
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>
**Sent:** Friday, April 15, 2022 5:08 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion

<[AChampion@lighthouseglobal.com](mailto:AChampion@lighthouseglobal.com)>
**Subject:** RE: Giga Watt

⚠ **EXTERNAL**

Hi Pamela,

We can do a Concordance Export of the Relativity Review database and put it all on the same hard drive. The cost would be the same as the ARM export.

Best,

Farhad

**Farhad Hajimirzaee, Esq.**
Discovery Consultant



415-385-8556
51 University Street, Suite 400 | Seattle, WA 98101

Web • LinkedIn • Blog • Twitter • Podcast

---

**From:** Farhad Hajimirzaee <[FHajimirzaee@lighthouseglobal.com](mailto:FHajimirzaee@lighthouseglobal.com)>
**Sent:** Friday, April 15, 2022 4:58 PM
**To:** Pamela M. Egan <[pegan@potomaclaw.com](mailto:pegan@potomaclaw.com)>; James George <[JGeorge@lighthouseglobal.com](mailto:JGeorge@lighthouseglobal.com)>; Amelia Champion <[AChampion@lighthouseglobal.com](mailto:AChampion@lighthouseglobal.com)>
**Subject:** RE: Giga Watt

[Removing SE DL]

Pamela, let me check with Jimmy and get back to you on that.

Best,

Farhad

**Farhad Hajimirzaee, Esq.**
Discovery Consultant

415-385-8556
51 University Street, Suite 400 | Seattle, WA 98101

7



Web • LinkedIn • Blog • Twitter • Podcast

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Friday, April 15, 2022 4:36 PM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>
**Subject:** RE: Giga Watt

Thank you. How much would it cost to also give us the unrestored ARM Export file?

Pam

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>
**Sent:** Friday, April 15, 2022 12:31 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>
**Subject:** RE: Giga Watt

 **EXTERNAL**

Hi Pamela, so the 1 TB is not processed. So you would need to send that to LexBe for them to process it. With the cost of shipping, a HD, and maybe 1-2 hours to prepare the data for shipment, you are looking at around $700-$800 for us to send it to them. But again, this will not be ARM export since we never processed that data. LexBe would have to process it to load it for review, so you'd have to check with them on the costs to do so please.

Best,

Farhad

**Farhad Hajimirzaee, Esq.**
Discovery Consultant

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 21 of 86



415-385-8556
51 University Street, Suite 400 | Seattle, WA 98101

Web • LinkedIn • Blog • Twitter • Podcast



---

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Friday, April 15, 2022 12:27 PM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>
**Subject:** RE: Giga Watt

That's what I thought. How much would it cost to take that 1 TB and load it into a concordance file for me?

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>
**Sent:** Friday, April 15, 2022 12:26 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>
**Subject:** RE: Giga Watt

⚠ **EXTERNAL**

Hi, It would be for the 30.5 GB.

Thanks.

**Farhad Hajimirzaee, Esq.**
Discovery Consultant



9

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 22 of 86



415-385-8556
51 University Street, Suite 400 | Seattle, WA 98101

Web • LinkedIn • Blog • Twitter • Podcast



---

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Friday, April 15, 2022 12:24 PM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>
**Subject:** RE: Giga Watt

Would this be for the 1 terabyte or are we talking about the 30.5 GB?

**Pamela M. Egan** | **Partner** | **Potomac Law Group, PLLC**
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>
**Sent:** Thursday, April 14, 2022 4:40 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; James George <JGeorge@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>
**Subject:** RE: Giga Watt

⚠ **EXTERNAL**

Hi Pamela, about 2 – 4 support hours x $175/hour = $350 - $700 plus the cost of shipping and a Pin Pad Drive ($450 for the drive).

Best,

Farhad

20-80031-FPC     Doc 120-3     Filed 10/17/22     Entered 10/17/22 17:48:49     Pg 23 of 86

**Farhad Hajimirzaee, Esq.**
Discovery Consultant



415-385-8556
51 University Street, Suite 400 | Seattle, WA 98101

Web • LinkedIn • Blog • Twitter • Podcast



---

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Thursday, April 14, 2022 4:16 PM
**To:** James George <JGeorge@lighthouseglobal.com>; Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>
**Subject:** RE: Giga Watt

Thank you. How much would it cost to load data in the format of a Concordance load file?

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** James George <JGeorge@lighthouseglobal.com>
**Sent:** Thursday, April 14, 2022 3:15 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>
**Subject:** RE: Giga Watt

⚠ **EXTERNAL**

Hi Pamela,

An ARM is proprietary to Relativity.  LexBe looks to be a different review platform that will not be compatible with the ARM Export from Relativity.  We can provide you all of the raw data that can be processed into LexBe

and presumably they can load data in the format of a Concordance load file.  We can provide the  ~4,700 documents in the Relativity review database in a Concordance format.  You would just need to confirm with LexBe they can take that format and load it into their platform.


Jimmy


**Jimmy George**
Senior Director, Client Services



480.535.2067  |  Office
602.758.8759  |  Mobile
250 Montgomery Street, Suite 300 | San Francisco, CA  94104
Web • LinkedIn • Blog • Twitter

---

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Thursday, April 14, 2022 2:37 PM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>
**Subject:** RE: Giga Watt

Hi,

We're working through all the issues and expect to order at least the ARM Export next week. In the meantime, I have a question about the Relativity license. . . . I use LexBe. My license is with LexBe directly.  Here, would the Relatively license be through you?

Thanks.

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

---

**From:** Pamela M. Egan
**Sent:** Thursday, March 17, 2022 5:31 PM
**To:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>; Amelia Champion <AChampion@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>
**Subject:** RE: Giga Watt

Thanks. Is the price as proposed* monthly or yearly? In other words, is the cost, as proposed $19,998 per month or per year?

Thanks.

*You can view "Lighthouse Proposal.pdf" at: https://acrobat.adobe.com/link/track?uri=urn:aaid:scds:US:9ac344cb-9f1c-4eb5-b55b-308645e93ec8

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>
**Sent:** Thursday, March 17, 2022 5:26 PM
**To:** Amelia Champion <AChampion@lighthouseglobal.com>; Pamela M. Egan <pegan@potomaclaw.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>; James George <JGeorge@lighthouseglobal.com>
**Subject:** RE: Giga Watt

⚠ **EXTERNAL**

Hi Pamela,

Hope all is well.  See below please for responses.

1. What does ARM Export mean?
   a. An ARM Export means the database was moved off our high-speed active system completely and there is no longer monthly charges.  Data is generally put on a hard drive and can be re-activated at a later date (generally within 48 hours depending on the size of the database to be restored).
2. What does ICA mean?
   a. It stands for "Intelligent Case Assessment" which is a Lighthouse-proprietary term; another term for it in the eDiscovery industry is "Early Case Assessment." In the context of the estimate that was sent to you, the ICA database is where data was loaded to apply filtering (e.g. search terms, date filtering, etc.) before the more relevant data post-cull was promoted to a review database.
3. Could we reduce the number of licenses to two (2)?
   a. Each month, you get to decide how many user licenses you want to be active; so, yes you can reduce the users to 2 and reduce and increase the number each month as you please;  for each month, you get

13

charged for the highest number of users active that month (even if a user was only active for 1 day that month; e.g. if you ask for a user to be activated let's say on the 30th of the month).

4. Can we discuss a six-month contract?
   a. The contract allows you to stop services at any time with sufficient notice to our team to delete or export the databases; so, you can certainly only have the databases up for 6 months and have our PM team take them down before you get to month 7.

Best,

Farhad


**Farhad Hajimirzaee, Esq.**
Discovery Consultant



415-385-8556
51 University Street, Suite 400 | Seattle, WA 98101

Web • LinkedIn • Blog • Twitter • Podcast




---

**From:** Amelia Champion <AChampion@lighthouseglobal.com>
**Sent:** Thursday, March 17, 2022 5:14 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>; Farhad Hajimirzaee <FHajimirzaee@lighthouseglobal.com>
**Cc:** Sales Enablement <salesenablement@lighthouseglobal.com>
**Subject:** RE: Giga Watt

Hello Pamela,

I'm looping in Farhad, our Sales Enablement manger to help answer your questions below.

Thanks,
Amelia



**Amelia Champion** *(she/her/hers)*
Senior Corporate Counsel



206-535-6503 | Office
206-902-8919 | Mobile
51 University Street, Suite 400 | Seattle, WA 98101

Web • LinkedIn • Blog • Twitter • Podcast



This email may contain private, confidential, work product, and/or privileged information. It you have received this email in error, please alert sender and delete immediately.

**From:** Pamela M. Egan <pegan@potomaclaw.com>
**Sent:** Thursday, March 17, 2022 3:58 PM
**To:** Amelia Champion <AChampion@lighthouseglobal.com>
**Subject:** RE: Giga Watt

Dear Amelia,

Thank you for sending the proposal. And, again, I apologize for missing your emails.

I have four questions as also noted in the Marked Up Proposal available at this LINK:

1. What does ARM Export mean?
2. What does ICA mean?
3. Could we reduce the number of licenses to two (2)?
4. Can we discuss a six-month contract?

Thanks again.

Best,

Pam

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

**From:** Amelia Champion <AChampion@lighthouseglobal.com>
**Sent:** Tuesday, March 15, 2022 7:24 AM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Subject:** RE: Giga Watt

⚠ **EXTERNAL**

Hello Pamela,

Attached is a proposal that our Sales team put together.  Below is a cost estimate to get this up and rolling again.  I have also attached a tracker that shows all of the raw data we have for this matter.  We have a total of 1.2TB of raw data.

Let me know if you have any questions.

| Restoration and Relativity Hosting | | | |
|---|---|---|---|
| Process | Est. Size | Units | Unit Price |
| Restoration of ARM Export | 2 | Flat per DB | $1,500 |
| Database Hosting -  Review and ICA | 30.5 | GB / Month | $25 |
| User License | 6 | User / Month | $109 |

*Est. total cost of restoration and Relativity Hosting:*

| General Hourly Support Post Restoration -  Expert | | | |
|---|---|---|---|
| Process | Est. Size | Units | Unit Price |
| Project Management | TBD | Hour | $225 |
| Technical and End-User Support | TBD | Hour | $225 |
| Senior Management & Expert Consulting Services | TBD | Hour | $475 |

*Est. total cost of expert services:*

## COST ESTIMATE  - MARCH

**Amelia Champion** *(she/her/hers)*
Senior Corporate Counsel



206-535-6503 | Office
206-902-8919 | Mobile
51 University Street, Suite 400 | Seattle, WA 98101

Web • LinkedIn • Blog • Twitter • Podcast



This email may contain private, confidential, work product, and/or privileged information. It you have received this email in error, please alert sender and delete immediately.

**From:** Amelia Champion
**Sent:** Monday, March 14, 2022 5:16 PM
**To:** Pamela M. Egan <pegan@potomaclaw.com>
**Subject:** Re: Giga Watt

Hi Pamela,

I think you missed my out of office message—I've been out with a family medical emergency today. I'll circle back with you first thing in the morning.

Sent from my iPhone

> On Mar 14, 2022, at 3:24 PM, Pamela M. Egan <pegan@potomaclaw.com> wrote:

> I called the number from which you had first called me, 415-289-2881. It is disconnected. Please explain.

> **Pamela M. Egan** | Partner | Potomac Law Group, PLLC
> **Tel: (415) 297-0132 | Fax: (202) 318-7707**
> pegan@potomaclaw.com | www.potomaclaw.com



> *This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

_____
**From:** Pamela M. Egan
**Sent:** Monday, March 14, 2022 2:50 PM
**To:** AChampion@lighthouseglobal.com
**Subject:** RE: Giga Watt


Why the radio silence? Would you please confirm receipt of the below email.

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If*

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 30 of 86

*you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

_____

**From:** Pamela M. Egan
**Sent:** Monday, March 14, 2022 11:51 AM
**To:** AChampion@lighthouseglobal.com
**Subject:** Giga Watt

Hi Amelia,

I'm checking in again regarding:

1. The Giga Watt materials that Lighthouse holds;
2. Written description by category of the materials that you have;
3. Proposal regarding managing the information for the estate.

Time is of the essence. I have a discovery deadline of late May, but there is, I understand, a lot of material which I need to review.

Please respond today with an estimated turnaround time.

Pamela Egan

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other

applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

CONFIDENTIALITY NOTICE: This communication and any attachments may contain privileged or other confidential information, which may be protected by your Company's internal policies, its contractual obligations, and other applicable disclosure laws. If you are not the intended recipient or have received the communication in error, please advise the sender by reply email and immediately destroy the message and any attachments without copying or disclosing the contents. You are hereby notified that any use, dissemination, distribution, copying, or storage of this communication or its attachments is strictly prohibited.

# EXHIBIT 10

Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP
And Lowell Ness

The Honorable Frederick P. Corbit

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GIGA WATT, INC., a Washington corporation,<br><br>Debtor. | No. 18-3197-FPC11<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 7** |
| MARK D. WALDRON, as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership, *et al.*,<br><br>Defendants<br><br>and<br><br>THE GIGA WATT PROJECT, a partnership,<br><br>Nominal Defendant. | Adv. Case No. 20-80031<br><br>**DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR DOCUMENT PRODUCTION PROPOUNDED TO PLAINTIFF AND TO DEBTOR** |

TO:     Debtor, Giga Watt, Inc. and Plaintiff, Mark D. Waldron

AND TO:    Pamela Eagan and Donald A. Boyd, their attorneys of record

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## **INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 33 and 34, please answer each of the following interrogatories, separately and fully, in writing, under oath, and produce in native format all documents responsive to the following requests for production. The answers are to be signed by the party to whom they are addressed and must be served within thirty (30) days after the date these discovery requests were served on you, together with all responsive documents.

These interrogatories and requests for production are continuing in nature. In the event you discover further information that is responsive to this discovery, please supplement your answers and/or production of documents within a reasonable time after you discover the information or documents. If any information or documents are not timely provided, any such information will be objected to if introduced as evidence at time of trial or a motion for continuance will be made in order to investigate such matter, together with a request for appropriate terms.

These interrogatories call for all information (including information contained in or on writings, computer files, recordings, photographs or any other tangible thing or material) that is known or available to you, including all information in the possession of your officers, employees, agents, attorneys, accountants, auditors or other professional persons or experts and any investigators or any person acting in your behalf or under your or your attorneys' employment, direction and/or control.

The originals of all documents being produced in response to these discovery requests are to be served on defendants' attorneys at the offices of Byrnes Keller Cromwell LLP, 38th Floor, 1000 Second Avenue, Seattle,

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 36 of 86

Washington 98104, or at such other location as mutually agreed to by the parties to permit inspection and copying of such documents.

If any documents are being withheld under a claim of privilege, you must provide a privilege log identifying in writing each document separately and providing information regarding the author, recipient(s), date of the document, the general subject matter of the document, and the basis on which any privilege claim is asserted.

## **DEFINITIONS**

For purposes of these discovery requests, the following terms shall have the meanings set forth below.

1. <u>"You," "Your," or "Debtor"</u> refers to Giga Watt Inc. at all points and time, both before and after filing for bankruptcy and including its Chapter 7 Trustee in bankruptcy, agents, and attorneys, and any other person or entity acting on its behalf or with its authority.

2. <u>"WTT Token Holders"</u> refers to all persons or entities which purchased tokens from Giga Watt Pte. Ltd. as referenced in your complaint and the attached White Papers.

3. <u>"Relating to" or "relate to"</u> means pertinent, relevant, or material to, evidencing, concerning, affecting, discussing, dealing with, considering, or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

4. The <u>"SEC Letter"</u> means the letter dated August 2, 2018, on Wilson, Sonsini, Goodrich and Rosati letterhead, which is hyperlinked for your convenience.

5. <u>"Identify" or "identity"</u> means (a) when used with reference to a natural person, to state his or her full name, present home address, present

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 37 of 86

business address, present home and business telephone numbers, present email address, and present or last known position and/or business affiliation; (b) when used with reference to an entity, such as a partnership (either general or limited), joint venture, trust or corporation, to state the full legal name of such entity, each trade name under which such entity does business, the entity's telephone number and the identity of the chief operating officer, manager, trustee or other principal representative or managing agent or agents, and the email addresses for the entities managing agents; (c) when used with reference to documents, state specifically (i) the type of document involved (e.g., letter, interoffice memorandum, etc.), the date it was prepared, the preparer, all distributees, its title or the heading and the number of pages, and (ii) the identity of the custodian or other person last known to have possession of the document, together with the present or last known location of the document; and (d) when used with reference to communications, state specifically the date and form of communication (e.g., in person, telephonically, written), persons who were party to the communication, and a summary of the communication.

6. "Document" or "documents" means all written materials within the purview of FRCP 34, including but not limited to, printed matter, as well as electronically stored information, including but not limited to email and/or text messages, electronic data, information and/or documents. "Document" includes the file and folder tabs associated with each such aforesaid original and/or copy, all correspondence transmitting such documents or explaining or commenting on the contents thereof, and all working or supporting papers.

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 38 of 86

# INTERROGATORIES

INTERROGATORY NO. 1:   Identify each person and/or entity that has or may have knowledge or information regarding the alleged escrow arrangement referenced in your Complaint and briefly describe the knowledge or information each has or may have.

ANSWER:


INTERROGATORY NO. 2:   Identify each person and/or entity that has or may have knowledge or information regarding construction by or on behalf of the Debtor of facilities to host crypto-mining activities by WTT Token Holders, and briefly describe the knowledge or information each has or may have.

ANSWER:


INTERROGATORY NO. 3:   Identify each person and/or entity that has or may have knowledge or information regarding the factual basis of the contention in your Complaint that the Debtor and Giga Watt Pte. Ltd. formed a partnership and describe the knowledge or information each has or may have.

ANSWER:


INTERROGATORY NO. 4:   Identify each person and/or entity that has or may have knowledge or information regarding the factual basis of the allegation in your Complaint that alleged escrow violations by defendants

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 39 of 86

caused damages to the Debtor, and briefly describe the knowledge or information each has or may have.

ANSWER:

INTERROGATORY NO. 5:   Identify each person and/or entity that has or may have knowledge or information regarding any claim that conduct by defendants caused the Debtor to lose rights to a supply of electrical power.  For each, state briefly the knowledge and/or information the person or entity has or may have.

ANSWER:

INTERROGATORY NO. 6:   Identify each person and/or entity that has or may have knowledge or information regarding Debtor's participation in or knowledge of the disbursement of funds from the escrow arrangement alleged in your Complaint and describe the knowledge or information each has or may have.

ANSWER:

INTERROGATORY NO. 7:   Identify each person and/or entity that has or may have knowledge or information regarding the disbursement, transfer, or loaning of funds or cryptocurrency by Giga Watt Pte. Ltd. to Debtor, and briefly describe the knowledge or information each has or may have.

ANSWER:

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 40 of 86

INTERROGATORY NO. 8:   State the name, branch, and account numbers of all banks and/or other financial institutions with whom Debtor established or held accounts during 2017 and 2018.

ANSWER:

INTERROGATORY NO. 9:   Identify each contractor, vendor, or similar person or entity retained or paid by Debtor to undertake or assist in the construction of facilitates to host crypto-mining activities, and briefly describe the work or tasks for which each was retained or paid.

ANSWER:

INTERROGATORY NO. 10:   Describe by category all alleged damages you seek to recover from defendants, giving dollar amounts for each category, and describing any formula or process used to derive the dollar amount for each category of damages.

ANSWER:

INTERROGATORY NO. 11:   Identify each person and/or entity that has or may have knowledge or information regarding the damages or the calculation of damages described in response to Interrogatory No. 10, and briefly describe the knowledge or information each has or may have.

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

ANSWER:


      INTERROGATORY NO. 12:   Describe the relationship and dealings that Debtor had with Credio Financial.

      ANSWER:


      INTERROGATORY NO. 13:   Describe the relationship and identify all communications between Debtor and Blockchain Law Group, P.C.

      ANSWER:


      INTERROGATORY NO. 14:   Describe the relationship and identify all communications between Debtor and Clyde & Co. Clasis Singapore Pte. Ltd.

      ANSWER:


      INTERROGATORY NO. 15:   State each alias used or possibly used by Katrina Grant and, to the extent not previously provided, state all contact information available to you for Katrina Grant, who is referenced in paragraph 16 of your Complaint, including all contact information for or regarding each alias used or possibly used by her.

      ANSWER:

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -8

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC   Doc 120-3   Filed 10/17/22   Entered 10/17/22 17:48:49   Pg 42 of 86

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INTERROGATORY NO. 16**:   Describe the relationship, and all facts or other circumstances, which you contend give rise to the fiduciary duty that is the subject of the First Claim for Relief in your Complaint.

**ANSWER**:

**INTERROGATORY NO. 17**:   State in detail the basis for any contention on your part that the Debtor has or may have liability under any state or federal securities law for Giga Watt Pte. Ltd.'s sale of WTT Tokens.

**ANSWER**:

**INTERROGATORY NO 18**:   Identify each person that has or may have knowledge or information regarding the facts alleged in the Complaint and/or Answer, and briefly describe the knowledge or information each has or may have.

**ANSWER**:

**INTERROGATORY NO. 19**:   Identify each witness you reserve the right to call to testify at trial and describe briefly the subject matter of the expected testimony of each.

**ANSWER**:

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 43 of 86

**INTERROGATORY NO. 20:** State the date and amount and identify all involved financial institutions relating to each transfer and/or deposit of cash received by the Debtor from Giga Watt Pte. Ltd.

**ANSWER:**

**INTERROGATORY NO. 21:** State the date and amount, and identify all involved financial institutions, for each deposit of borrowed funds received by the Debtor between January 2017 and the date it filed for bankruptcy.

**ANSWER:**

**INTERROGATORY NO. 22:** State the date and amount and identify all involved financial institutions for any cash or deposit of funds received by the Debtor from, or that related in any way to, the proceeds of the sale of WTT Tokens.

**ANSWER:**

**INTERROGATORY NO. 23:** Identify each computer, server, or other device still in the possession of the Debtor at the time it filed for bankruptcy. For each, state whether the device is still in the Debtor's possession and, if not, describe the steps taken to collect and preserve the information contained or stored in each device.

**ANSWER:**

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 120-3     Filed 10/17/22     Entered 10/17/22 17:48:49     Pg 44 of 86

INTERROGATORY NO. 24:   Identify each bookkeeper, controller, accountant, and tax return preparer who provided services to the Debtor at any time from January 1, 2015 to the present.

ANSWER:

## REQUESTS FOR DOCUMENT PRODUCTION

REQUEST FOR PRODUCTION NO. 1:   Produce all indexes, outlines, or summaries of the files currently maintained by Debtor.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2:   Produce all documents related to Debtor's receipt of money, funds, and/or financing from Giga Watt Pte. Ltd., including, without limitation, the receipt of fiat currency transfers referenced in your Response to Request No. 4 in the SEC Letter.

RESPONSE:

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 45 of 86

REQUEST FOR PRODUCTION NO. 3:   Produce all documents which in any way related to and/or evidence the existence of a partnership between Debtor and Giga Watt Pte. Ltd.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4:   Produce all documents regarding or relating in any way to Debtor's construction and/or operation of facilities to host crypto-mining operations, including, without limitation, the construction of the 22 MW of mining capacity referenced in your response to Request No. 6 in the SEC Letter.

RESPONSE:

REQUEST FOR PRODUCTION NO. 5:   Produce all documents regarding or relating in any way to the damages for which you claim defendants are liable.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:   Produce the 4096 documents and the June 11, 2018 email referenced in your Response to Request No. 12 in the SEC Letter.

RESPONSE:

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 46 of 86

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

     REQUEST FOR PRODUCTION NO. 7:   Produce the documents referenced as GWSEC 00000032-21926 in your Response to Request No. 14 in the SEC Letter.

     RESPONSE:

     REQUEST FOR PRODUCTION NO. 8:   Produce any agreement or similar document which Debtor entered into to settle *Storms Media LLC v. Giga Watt, Inc., et. al.*, No. 2:17-cv-00438-SMJ, E.D. Wash.

     RESPONSE:

     REQUEST FOR PRODUCTION NO. 9:   Produce all documents which relate to the statement made in your Response to Request No. 20 in the SEC Letter, that "all funds raised through the ICO were ultimately spent on construction."

     RESPONSE:

     REQUEST FOR PRODUCTION NO. 10:   Produce all documents, including but not limited to correspondence, invoices, bills, or statements, which you received from or sent to Block Chain Law Group, P.C.

     RESPONSE:

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 47 of 86

**REQUEST FOR PRODUCTION NO. 11**:   Produce all documents, including but not limited to correspondence, invoices, bills, or statements, which you received from or sent to Clyde & Co. Clasis Singapore Pte. Ltd.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 12**:   Produce all documents reflecting and/or relating in any way to communications from, to, by and/or between Katrina Grant and the Debtor (including all such communications with any and all agents, employees, counsel and/or representatives of the Debtor).

RESPONSE:


**REQUEST FOR PRODUCTIONS NO. 13**:   Produce all documents reflecting, and/or relating in any way to, contracts, agreements, loans, communications, and/or other arrangements or dealings between the Debtor and Giga Watt Pte. Ltd.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 14**:   Produce all documents reflecting, and/or relating in any way to, contracts, agreements, loans, communications, and/or other arrangements or dealings between the Debtor and Cryptonomos Pte. Ltd.

RESPONSE:

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 48 of 86

1

2   <u>REQUEST FOR PRODUCTION NO. 15</u>: Produce the power contract

3 between the Debtor and Douglas County PUD.

4   <u>RESPONSE</u>:

5

6

7   <u>REQUEST FOR PRODUCTION NO. 16</u>: Produce all documents that

8 relate in any way to the power contract between the Debtor and Douglas County

9 PUD and its termination, and/or relating in any way to any other issues,

10 arrangements, agreements, and/or dealings between the Debtor and Douglas

11 County PUD.

12   <u>RESPONSE</u>:

13

14

15   <u>REQUEST FOR PRODUCTION NO. 17</u>: Produce all documents

16 regarding or relating in any way to the purchase and/or sale of WTT Tokens.

17   <u>RESPONSE</u>:

18

19

20   <u>REQUEST FOR PRODUCTION NO. 18</u>: Produce for forensic

21 examination each device identified in Answer to Interrogatory 23 that is still in

22 the Debtor's possession.

23   <u>RESPONSE</u>:

24

25

26

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -15

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC Doc 120-3 Filed 10/17/22 Entered 10/17/22 17:48:49 Pg 49 of 86

REQUEST FOR PRODUCTION NO. 19:   For the time period January 2017 to present, produce all financial ledgers, records of deposits and withdrawals, bookkeeping documents, bank statements, balance sheets, financial statements, tax returns, and accounting documents of the Debtor.

RESPONSE:


REQUEST FOR PRODUCTION NO. 20:   Produce all documents regarding or relating in any way to the creation and/or maintenance of an escrow account for or relating to the purchase and sale of WTT Tokens.

RESPONSE:


REQUEST FOR PRODUCTION NO. 21:   Produce all documents relating to any analysis or statement of the facts, circumstances, and/or cause(s) of the Debtor's insolvency.

RESPONSE:


REQUEST FOR PRODUCTION NO. 22: Produce all documents regarding or relating in any way to embezzlement of funds from the Debtor.

RESPONSE:


REQUEST FOR PRODUCTION NO. 23:   Produce all documents regarding or relating in any way to statements, declarations, and/or testimony of

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -16

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 50 of 86

any officer, director, employee, agent and/or shareholder of the Debtor (including but not limited to any audio and/or video recording) that relates in any way to the facts or circumstances alleged, at issue and/or raised in this matter.

RESPONSE:


REQUEST FOR PRODUCTION NO. 24: Produce all documents regarding or relating in any way to statements, declarations, and/or testimony of any witness or person with knowledge (including but not limited to any audio and/or video recording) that relates in any way to the facts or circumstances alleged, at issue and/or raised in this matter.

RESPONSE:


REQUEST FOR PRODUCTION NO. 25:   Produce all documents regarding or relating in any way to any analysis or opinion of the value of the power contract between the Debtor and Douglas County PUD.

RESPONSE:

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -17

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 51 of 86

DATED this 20th day of July, 2021.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
   Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell, Jr.
   Ralph E. Cromwell, Jr., WSBA 11784
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: bkeller@byrneskeller.com
      rcromwell@byrneskeller.com
*Attorneys for Perkins Coie LLP*

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -18

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 52 of 86

# **VERIFICATION**

STATE OF _____ )
_____ ) ss.
COUNTY OF _____ )

    I, _____, being first duly sworn on oath depose and say:

    I am the _____ of Debtor in the above-entitled action; and I hereby certify that I have read the Responses and Objections contained herein in response to Defendants' First Interrogatories and Requests for Production, know the contents thereof and believe the same to be true.

                   GIGA WATT, INC.

                   By: _____

                   Its _____

    SUBSCRIBED AND SWORN to before me this ____ day of _____, 2021.

                 _____
                 [print name] _____

                 Notary Public in and for the State of

                 _____, residing at _____

                 My Commission Expires: _____

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -19

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC   Doc 120-3   Filed 10/17/22   Entered 10/17/22 17:48:49   Pg 53 of 86

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on the 20th day of July, 2021, a true copy of the foregoing was served on each and every attorney of record herein via email:

Pamela Eagan
Potomac Law Group
1905 7th Avenue W.
Seattle, WA 98119
pegan@potomaclaw.com

Donald A. Boyd
Hummer Boyd PLLC
6 S. 2nd Street, Suite 1016
Yakima, WA 98901
dboyd@hummerboyd.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED in Seattle, Washington, this 20th day of July, 2021.


<u>Ralph E. Cromwell, Jr.</u>
Ralph E. Cromwell, Jr.

DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
DOCUMENT PRODUCTION PROPOUNDED ON
DEBTOR -20

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 120-3    Filed 10/17/22    Entered 10/17/22 17:48:49    Pg 54 of 86

# EXHIBIT 11

| | |
|---|---|
| **From:** | Pamela M. Egan |
| **To:** | Ralph Cromwell |
| **Subject:** | GW/P)C |
| **Date:** | Tuesday, July 19, 2022 3:38:21 PM |
| **Attachments:** | Grand Jury Subpoena to Giga Watt.pdf |

Attached is a Grand Jury Subpoena to Giga Watt. Perkins is talking with the CFO and the COO of Giga Watt about this Subpoena.
This is advice to Giga Watt.

Am conferring with the Trustee and then will circle back.

Pam

**Pamela M. Egan** | **Partner** | **Potomac Law Group, PLLC**
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
pegan@potomaclaw.com | www.potomaclaw.com



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Kentucky

### SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: Giga Watt
Attn: Jean-Jacques Cabou
Perkins Coie LLP
2901 North Central Ave., Ste. 2000
Phoenix, AZ 85012 (jcabou@perkinscoie.com)

   **YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U. S. District Court Lexington Grand Jury<br>101 Barr Street<br>Grand Jury Suite, 3rd Floor<br>Lexington, KY 40507 | Date and Time:<br>September 7, 2017 at 9:00am |
|---|---|

**YOU MUST** also bring with you the following documents, electronically stored information, or objects (blank if not applicable)

Please provide any and all records concerning Giga Watt / Cryptonomos users or accountholders associated with the following identifiers:

Romanian phone number +40769442266 (0769442266 excluding country code)

SMS confirmation code 426750_CRYPTONOMOS

The requested records should include, but not be limited to, WTT token information, mining records, general transactional activity, and any linked bitcoin addresses or wallets.

Date:  August 16, 2017          *CLERK OF COURT*



Robert R. Carr, Clerk
United States District Court
Eastern District of Kentucky

Robert R. Carr
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States Attorney, or Assistant United States Attorney, who requests this subpoena, are:

[redacted]

# EXHIBIT 12

**From:**     <u>Pamela M. Egan</u>
**To:**        <u>Ralph Cromwell</u>
**Subject:**  GW/PC
**Date:**     Tuesday, July 19, 2022 11:02:42 AM
**Attachments:**  <u>PerkinsAdvisedGW.pdf</u>

Hi Ralph,

Please send me all emails between Perkins Coie and Giga Watt, including emails from Timur Usmanov written from his giga-watt.com address. Why did I not receive these earlier? For example, see attached.

**Pamela M. Egan** | Partner | Potomac Law Group, PLLC
**Tel: (415) 297-0132 | Fax: (202) 318-7707**
<u>pegan@potomaclaw.com</u> | <u>www.potomaclaw.com</u>



*This e-mail and any attachments may contain information that is private, confidential, and/or privileged. If you are not the intended recipient, please notify us immediately and destroy all copies of this message and any attachments.*

| From: | "Sandoval, Martha D. (Perkins Coie)" <MSandoval@perkinscoie.com> |
|---|---|
| Sent: | Tue, 12 Sep 2017 16:43:18 +0000 |
| To: | "Timur Usmanov" <tu@giga-watt.com>; "Zeev Kirsh" <zeev@cryptonomos.com> |
| Cc: | "Dave Carlson" <dave@giga-watt.com>; "Sinden Harum" <sinden@giga-watt.com>; "ek@cryptonomos.com" <ek@cryptonomos.com>; "Leonid Markin" <lm@cryptonomos.com>; "Andrey Kuzenny" <ak@giga-watt.com>; "Seigle, Stephanie (Perkins Coie)" <SSeigle@perkinscoie.com> |
| Subject: | RE: Intro |

Apologies, I thought I had copied my secretary on the email re the conference call, so assumed that she was handling the scheduling. Here's where things stand:

- Articles of Incorporation
  - To ensure that we have a complete set of GigaWatt, Inc.'s articles, we are ordering a set of all documents filed with the Washington Secretary of State's office
    - We need to know the starting point in order to amend and restate
  - Currently 10,000 common shares are authorized
    - Does the company have a capitalization table that sets out the number of shares outstanding and who owns these shares?
    - IF an equity incentive program were to be established, how many shares would be set aside for this? It is common to start with 10% of all authorized shares (if VC funding is anticipated, this percentage could be higher)
    - There would be a 2-step process for increasing the number of authorized shares: (a) determine the number of authorized shares desired and (b) conduct a stock split so current shareholders' equity holdings remain constant
  - Bylaws and other Incorporation Steps
    - You passed along an action by the incorporator dated 12/16/16. In this action, the incorporator:
      - adopted the bylaws;
      - stated that the company would have 1 director; and
      - appointed Nikolay Evdokimov as the sole director
      - Of these 3 acts taken by the incorporator, the incorporator only has statutory authority to adopt the bylaws and set the number of directors.
    - Inconsistent with the 12/16/16 incorporator action, in the 1/1/2017 Minutes of the Special Meeting of the Board of Directors, Adam West is identified as (and acted as) the sole director. In this meeting, the following officers were appointed:
      - CEO: David M. Carlson
      - President: Nikolay Evdokimov
      - CFO: Leonid Markin
      - Secretary: Adam West
  - Steps to be taken are:

Lighthouse 0413356

# EXHIBIT 13

| From: | "Cabou, Jean-Jacques \"J\" (Perkins Coie)" <JCabou@perkinscoie.com> |
|---|---|
| Sent: | Thu, 31 Aug 2017 03:21:22 +0000 |
| To: | "Timur Usmanov" <tu@giga-watt.com> |
| Cc: | "Ness, Lowell D. (Perkins Coie)" <LNess@perkinscoie.com> |
| Subject: | RE: Request from ▇ |
| Importance: | High |

Tim, I need to speak with you tomorrow. This is time sensitive. Please let me know some options

J

**Jean-Jacques "J" Cabou** | Perkins Coie LLP
PARTNER
2901 North Central Avenue Suite 2000
Phoenix, AZ 85012-2788
D. +1.602.351.8003
F. +1.602.648.7003
E. JCabou@perkinscoie.com

---

**From:** Cabou, Jean-Jacques "J" (PHX)
**Sent:** Tuesday, August 29, 2017 11:43 AM
**To:** 'Timur Usmanov'
**Cc:** Ness, Lowell D. (PAO)
**Subject:** RE: Request from ▇

Tim,.

Do you have some time today or tomorrow to speak with me about this.

Thanks
J

**Jean-Jacques "J" Cabou** | Perkins Coie LLP
PARTNER
2901 North Central Avenue Suite 2000
Phoenix, AZ 85012-2788
D. +1.602.351.8003
F. +1.602.648.7003
E. JCabou@perkinscoie.com

**From:** Timur Usmanov [mailto:tu@giga-watt.com]
**Sent:** Tuesday, August 22, 2017 11:52 AM
**To:** Cabou, Jean-Jacques "J" (PHX)
**Subject:** Re: Request from ▇

Hi J,

Here is the name that this guy used when creating a profile on the website.

▇▇▇▇▇▇

On Fri, Aug 18, 2017 at 12:21 PM, Timur Usmanov <tu@giga-watt.com> wrote:
Hi Jean-Jacques,

Lighthouse 0394836

Please find attached detailed description of the steps the user has made on <u>crypronimos.com</u>.
It might look a bit sophisticated at first glance. So feel free to ask me any questions.

In a few words, the user's behaviour was as follows:

1. he went on our website
2. decided to create a profile with Cryptonomos.
3. Entered his phone number.
4. Received SMS confirmation code (to verify the phone number).
5. Entered his email address (████████████@gmail.com)
6. Received confirmation link (email verification).
7. Clicked on that link and got redirected to the website.

After that he was just messing around. Copied our wallets address (apparently to check in on the blockchain), proceeded to the calculation stage to figure out how much he would have earned, if he had chosen to buy 10 WTT and rent the tokens out.

As you can see, the guy was on the website twice - Jul 31 and Aug 01. He hasn't made any purchases, neither has he left any traces other than I mentioned above. So basically there is not much to enclose in the envelope for the court.

Best,

Tim
---------- Forwarded message ----------
From: **Anton Orlov** <<u>ao@giga-watt.com</u>>
Date: Fri, Aug 18, 2017 at 11:21 AM
Subject: Request from ████
To: Timur Usmanov <<u>tu@giga-watt.com</u>>

Please see below the credentials used for that phone number and attached is the log file of all interactions with our platform. Meanwhile the user just created an account and never created any payments links or made any transactions.
--
Best regards,
Anton Orlov

--
Best,

Lighthouse 0394837

Tim Usmanov

--
Best,

Tim Usmanov

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Lighthouse 0394838

# EXHIBIT 14

**From:** ███████████ (CID)
[mailto:███████████████.DHS.GOV]
**Sent:** Tuesday, August 08, 2017 8:19 AM
**To:** Ness, Lowell D. (PAO) <LNess@perkinscoie.com>
**Cc:** ████████████████████████████████████
████████████████████████████
**Subject:** ██████████ Request

Good morning Lowell,

The U.S. ███████████ has an ongoing investigation in which a suspect's phone received a confirmation code from Cryptonomos. We believe the confirmation code to be related to the mining operations of the Cryptonomos / Giga Watt venture. We are interested in obtaining any and all information Cryptonomos / Giga Watt maintains on file for this specific phone number, particularly any bitcoin addresses.

We have attempted to contacted Cryptonomos directly multiple times, but they have thus far failed to respond to our inquiries. Our understanding is that you are the legal representative of Giga Watt.

As a result, could you please provide the appropriate Grand Jury subpoena contact information (e.g. physical address to include on the subpoena, email to which subpoena can be served, etc) for Cryptonomos / Giga Watt so that we may subpoena the information in question?

Thank you.

████████████

████████████████████

██████████████

All e-mail to/from this account is subject to official review and is for official use only. Action may be taken in response to any inappropriate use of the



NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

--
Best,
Tim Usmanov

--
Best,
Tim Usmanov

--
Best,
Tim Usmanov

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Lighthouse 0363083



среда, 16 авг., 17:06

# Fwd: ███ Request

Support Team | Подробнее

--

Best Regards,

Cryptonomos Team

Cryptonomos.com/wtt

t.me/wtt_token

bitcointalk.org/index.php?topic=1914900.0

ПЕРЕНАПРАВЛЕННОЕ:

███████████

7 авг., 14:15

Hello Nick,

We are having trouble obtaining a response to emails sent to the support@cryptonomos.com email address. As the CEO, could you advise instead? Our request is time sensitive and we would appreciate a response. Thank you.



# EXHIBIT 15

**From:** "Zeev Kirsh" <zeev@cryptonomos.com>
**Sent:** Tue, 5 Sep 2017 18:41:24 +0000
**To:** "tu@giga-watt.com" <tu@giga-watt.com>; "dave@giga-watt.com" <dave@giga-watt.com>
**Subject:** kentucky subpoena
**Attachments:** GW kentucky subpoena .pdf

dave, timur

there is a federal govermnent DOJ request for information regarding a ▮▮▮▮ phone number account associated with giga watt /cryptonomos user.

▮▮▮▮ phone number ▮▮▮▮▮▮▮▮▮▮ exluding the country code) sms confirmation code ▮▮▮▮▮_CRYPTONOMOS

the kentucky district court is requesting the information be sent by mail to a special agent. Alternatively, you can have a lawyer go in person to kentucky court to discuss the matter in two days. I assume we are sending the information they want in the mail.

I contacted the perkins coie lawyer for giga-watt on this matter. he is out to lunch and will call me back.

David , I assume you are the 'record holder' and going to pull the information from this user account and print it and put it in an envelope and send it according the request.
David, please fill out pages 5 and 7 of the following document and get the information, print it and have it ready for sending  it all out together as directed on the document page 4. WHen it is ready, let me know and I'll get the all clear to send.

Lighthouse 0402617

IN RE: GRAND JURY SUBPOENA NO.

WAIVER OF GRAND JURY APPEARANCE

Comes the undersigned and states as follows:

1. My name is _____.

2. My position is _____ with (name of company or
   entity)_____,
   (Address) _____,
   (City)_____, (State)_____.

3. I am ( )named witness ( )custodian of records for _____.
   (business or entity subpoenaed) (check one or both, as applicable).

4. This subpoena was served on me on _____.

5. I understand that I have the right to personally appear before the Grand Jury in response
   to the subpoena duces tecum, and produce for the Grand Jury the records called for by the
   subpoena. However, I choose to waive my right to appear, testify and/or produce those
   records called for by the subpoena duces tecum.

6. Check one:
   ( ) I agree to deliver, and to the best of my knowledge have delivered to the designated
   agent for the United States, all of the materials called for by the subpoena for production
   to the Grand Jury.

   ( ) I agree to transmit, and to the best of my knowledge to have transmitted under seal and
   by registered mail to the designated agent for the United States, all of the materials called
   for by the subpoena for production to the Grand Jury.

   ( ) I have conducted a diligent search and, to the best of my knowledge and belief, none
   of the materials called for by the subpoena are in my care, custody or control.

7. I recognize that I am under a continuing duty to turn over to the Grand Jury any and all
   materials described in the subpoena which hereinafter come to my attention and into my
   custody or control.

DATE: _____         _____
                                SIGNATURE

Lighthouse 0402622

# CERTIFICATION UNDER FEDERAL RULES OF EVIDENCE
## 803(6) AND 902(11)

I HEREBY CERTIFY that I, _____, am the

Custodian of Records for _____

(NAME OF BUSINESS*)[1]. I further certify that:

1.    The attached record, consisting of _____ pages, is a true and correct copy /

original record of _____(NAME OF BUSINESS), hereafter "the

business," which is maintained by me or under my supervision;

2.    It is the regular practice of the business to make and maintain such records.

3.    The records were made at or near the time of the occurrence(s) reflected thereon;

4.    The records were made by a person or persons with knowledge, or from

information transmitted by a person with knowledge of the matters contained thereon.

5.    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is

true and correct. [2]

Executed on _____

(Date)

Signature _____

Name (Typed or Printed) _____

Title _____

---

[1]The term "business" includes business, institution, association, profession, occupation and calling of every kind, whether or not conducted for profit.

[2] *See* 28 U. S. C. § 1746.

# EXHIBIT 16

**From**: "Oleg Poskotin" op@cryptonomos.com
**Sent**: Fri, 1 Sep 2017 20:31:40 +0000
**To**: "Timur Usmanov" tu@giga-watt.com
**Subject**: Re: Banking Details
**Attachments**: SIGNED Contract for Service-Cryptonomos Pte Ltd.pdf, w9 zeev kirsh.pdf


Here you go


On Fri, Sep 1, 2017 at 1:26 PM, Timur Usmanov <tu@giga-watt.com> wrote:

And did Zeev bring the contract?


On Fri, Sep 1, 2017 at 1:23 PM, Oleg Poskotin <op@cryptonomos.com> wrote:

Hi Tim, Zeev also needs to be paid, lawyer gets paid $75,000 a year. $1,250 needs to be paid from 28-31 (inclusive) + $1,500 for a computer and other office stuff (computer is returned upon employment termination) Total 2,750.

Oleg


---------- Forwarded message ----------

From: **Zeev Kirsh** zeev@cryptonomos.com
Date: Fri, Sep 1, 2017 at 8:02 AM
Subject: Re: Banking Details
To: Oleg Poskotin <op@cryptonomos.com>


Here you go.

Swift: CHASUSU3

Account holder name: zeev kirsh

Bank Name: jpmorgan chase bank

Account number: 889576674

Routing number: 021000021

Account holder address: 347 west 57th st new york ny 10019


Thanks,

Translation by Wash. State Certified Translator - see attached certification

Oleg

--

Oleg Poskotin

Head of Business Development

op@cryptonomos.com

+1 (323) 244-1616


Lighthouse 0398885


--

Oleg Poskotin

Head of Business Development

op@cryptonomos.com

+1 (323) 244-1616


--

Best,

Tim Usmanov


--

Oleg Poskotin

Head of Business Development

op@cryptonomos.com

+1 (323) 244-1616

## CERTIFICATION

I certify under penalty of perjury that I was retained by Byrnes Keller Cromwell LLP to translate documents from Russian to English. I certify that I have reviewed and translated the following documents from Russian to English, know the contents thereof, and believe the translations to be true and correct:

Lighthouse 0300248-~~0300250~~

Lighthouse 0321543-0321544

Lighthouse 0360808

Lighthouse 0398885

Lighthouse 0399405

Lighthouse 0404209

Lighthouse 0416565

DATED this _9_ day of August, 2022.

_(signature)_

Taisia Moga
Russian Translator

| From: | "Oleg Poskotin" <op@cryptonomos.com> |
| --- | --- |
| Sent: | Fri, 1 Sep 2017 20:31:40 +0000 |
| To: | "Timur Usmanov" <tu@giga-watt.com> |
| Subject: | Re: Banking Details |
| Attachments: | SIGNED Contract for Service-Cryptonomos Pte Ltd.pdf, w9 zeev kirsh.pdf |

Держи

On Fri, Sep 1, 2017 at 1:26 PM, Timur Usmanov <tu@giga-watt.com> wrote:
   а договор Зив принёс?

   On Fri, Sep 1, 2017 at 1:23 PM, Oleg Poskotin <op@cryptonomos.com> wrote:
     Тим приввет, Зиву тоже надо закинуть, юрист, получает $75,000 в год. С 28-31
     (включительно) надо заплатить $1,250 + $1,500 на комп и другую офисную мелочь
     (при увольнении комп возвращается) Итого 2,750.

     Олег


     ---------- Forwarded message ----------
     From: **Zeev Kirsh** <zeev@cryptonomos.com>
     Date: Fri, Sep 1, 2017 at 8:02 AM
     Subject: Re: Banking Details
     To: Oleg Poskotin <op@cryptonomos.com>


       Here you go.
       Swift: **CHASUS3**
       Account holder name: zeev kirsh
       Bank Name: jpmorgan chase bank
       Account number: 889576674
       Routing number: 021000021
       Account holder address: 347 west 57th st new york ny 10019


       Thanks,

       Oleg


       --
       Oleg Poskotin
       Head of Business Development
       op@cryptonomos.com
       +1 (323) 244-1616

--
Oleg Poskotin
Head of Business Development
op@cryptonomos.com
+1 (323) 244-1616


--
Best,

Tim Usmanov


--
Oleg Poskotin
Head of Business Development
op@cryptonomos.com
+1 (323) 244-1616

Lighthouse_0308886

**CONTRACT FOR SERVICE**
**(Cryptonomos Pte. Ltd.)**

This Contract for Service ("**Contract**") is entered into as of Monday August 28th, 2017 ("**Effective Date**") by and between Cryptonomos Pte. Ltd., a Singapore entity ("**Company**"), and ZEEV KIRSH ( "**Contractor**").

**Services.**

        **Nature of Services.** Contractor will perform the services, as more particularly described on Exhibit A, for Company as an independent contractor (the "**Services**"). The Services have been specially ordered and commissioned by Company. To the extent the Services include materials subject to copyright, Contractor agrees that the Company will own all copyrights in the Services. Contractor will perform such services in a diligent and workmanlike manner and in accordance with the schedule, if any, set forth in Exhibit A. The content, style, form and format of any work product of the Services shall be completely satisfactory to Company and shall be consistent with Company's standards. Company agrees that Contractor's services need not be rendered at any specific location and may be rendered at any location selected by Contractor.

**Relationship of the Parties.** Contractor enters into this Contract as, and shall continue to be, an independent contractor. All Services shall be performed only by Contractor personally. Under no circumstances shall Contractor look to Company as his/her employer, or as a partner, agent or principal. Contractor shall not be entitled to any benefits accorded to Company's employees, including without limitation worker's compensation, disability insurance, vacation or sick pay. Contractor shall be responsible for providing, at Contractor's expense, and in Contractor's name, unemployment, disability, worker's compensation and other insurance, as well as licenses and permits usual or necessary for conducting the Services.

**Compensation and Reimbursement.** Contractor shall be compensated and reimbursed for the Services as set forth on Exhibit A. Completeness of work product shall be determined by Company in its sole discretion, and Contractor agrees to make all revisions, additions, deletions or alterations as requested by Company. No other fees and/or expenses will be paid to Contractor, unless such fees and/or expenses have been approved in advance by the appropriate Company executive in writing. Contractor shall be solely responsible for any and all taxes, retirement contributions or payments, disability insurance, unemployment taxes, and other payroll type taxes applicable to such compensation. Contractor hereby indemnifies and holds Company harmless from, any claims, losses, costs, fees, liabilities, damages or injuries suffered by Company arising out of Contractor's failure with respect to its obligations in this Section 1.3.

**Protection of Company's Confidential Information.**

        **Confidential Information.** Company now owns and will hereafter develop, compile and own certain proprietary techniques, trade secrets, and confidential information which have great value in its business (collectively, "**Company Information**"). Company will be disclosing Company Information to Contractor during Contractor's performance of the Services. Company Information includes not only information disclosed by Company, but also information developed or learned by Contractor during Contractor's performance of the Services. Company Information is to be broadly defined and includes personal information of the owners, employees, partners and consultants of the Company as well as all information which has or could have commercial value or other utility in the business in which Company is engaged or contemplates engaging or the unauthorized disclosure of which could be detrimental to the interests of Company, whether or not such information is identified by Company. By way of example and

without limitation, Company Information includes any and all information concerning discoveries, developments, designs, improvements, inventions, formulas, software programs, processes, techniques, know-how, data, research techniques, customer and supplier lists, marketing, sales or other financial or business information, scripts, and all derivatives, improvements and enhancements to any of the above. Company Information also includes like third-party information which is in Company's possession under an obligation of confidential treatment.

**Protection of Company Information.** Contractor agrees that at all times during or subsequent to the performance of the Services, Contractor will keep confidential and not divulge, communicate, or use Company Information, except for Contractor's own use during the Term of this Contract to the extent necessary to perform the Services. Contractor further agrees not to cause the transmission, removal or transport of tangible embodiments of, or electronic files containing, Company Information from Company.

**Company Property.** All materials, including but not limited to documents, drawings, drafts, notes, designs, computer media, electronic files and lists, including all additions to, deletions from, alterations of, and revisions in the foregoing (together the "**Materials**"), which are furnished to Contractor by Company or which are developed in the process of performing the Services, or embody or relate to the Services, the Company Information or the Innovations (as defined below), are the property of Company, and shall be returned by Contractor to Company promptly at Company's request together with any copies thereof, and in any event promptly upon expiration or termination of this Contract for any reason. Contractor is granted no rights in or to such Materials, the Company Information or the Innovations, except as necessary to fulfill its obligations under this Contract. Contractor shall not use or disclose the Materials, Company Information or Innovations to any third party.

**Prior Knowledge and Relationships.**

       **Prior Inventions and Innovations.** Contractor has disclosed on Exhibit B, a complete list of all inventions or innovations made by Contractor prior to the Effective Date and which Contractor desires to exclude from the application of this Contract. Contractor will disclose to Company such additional information as Company may request regarding such inventions or innovations to enable Company to assess their extent and significance. Company agrees to receive and hold all such disclosures in confidence.

**Other Commitments.** Except as disclosed on Exhibit B to this Contract, Contractor has no other Contracts, relationships or commitments to any other person or entity which conflict with Contractor's obligations to Company under this Contract. Contractor agrees not to enter into any Contract, either written or oral, in conflict with this Contract.

**Assignment of Contractor's Inventions and Copyrights.**

       **Disclosure.** Contractor shall promptly disclose in writing to Company all works, products, discoveries, developments, designs, innovations, improvements, inventions, formulas, processes, techniques, know-how and data (whether or not patentable, and whether or not at a commercial stage, or registrable under copyright or similar statutes) which are authored, made, conceived, reduced to practice or learned by Contractor (either alone or jointly with others) during the period Contractor provides the Services as a result of performing the Services including any concepts, ideas, suggestions and approaches related thereto or contained therein (collectively, the "**Innovations**").

**Assignment.** Contractor hereby assigns and agrees to assign to Company, without royalty or any other consideration except as expressly set forth herein, all worldwide right, title and interest Contractor may have or acquire in and to (i) all Materials; (ii) all Innovations (iii) all worldwide

patents, patent applications, copyrights, mask work rights, trade secrets rights and other intellectual property rights in any Innovations; and (iv) any and all "moral rights," "artist's right," right of "droit moral" or the like (collectively "**Moral Rights**"), that Contractor may have in or with respect to any Innovations. To the extent any Moral Rights are not assignable, Contractor waives, disclaims and agrees that Contractor will not enforce such Moral Rights. Contractor agrees that such assignment shall extend to all languages and including the right to make translations of the Materials and Innovations. Contractor hereby waives and irrevocably quitclaims to Company or its designee any and all claims, of any nature whatsoever, that Contractor now has or may hereafter have for infringement of any and all Company's Materials and Innovations. Additionally, Contractor agrees, at no charge to Company, but at Company's sole expense, to sign and deliver to Company (either during or subsequent to Contractor's performance of the Services) such documents as Company considers desirable to evidence the assignment of all rights of Contractor, if any, described above to Company and Company's ownership of such rights and to do any lawful act and to sign and deliver to Company any document necessary to apply for, register, prosecute or enforce any patent, copyright or other right or protection relating to any Innovations in any country of the world.

**Maintenance of Records.** Contractor shall keep and maintain adequate and current written records of all Company's Materials and Innovations made or conceived by Contractor (solely or jointly with others) during the term of the Contract. The records may be in the form of notes, sketches, drawings, flow charts, codifications, electronic data or recordings or any other format. The records shall be available to and remain the sole property of Company at all times. Contractor shall deliver all such records (including any copies thereof) to Company at the time of termination of this Contract.

**Power of Attorney.** Contractor hereby irrevocably designates and appoints each of Company and its Secretary as Contractor's agent and attorney-in-fact, to act for and in Contractor's behalf and stead, for the limited purpose of executing and filing any such document and doing all other lawfully permitted acts to further the prosecution, issuance and enforcement of patents, copyrights or other protections which employ or are based on Innovations with the same force and effect as if executed and delivered by Contractor.

**Representations and Warranties.** Contractor represents and warrants to Company that (a) Contractor has full power and authority to enter into this Contract including all rights necessary to make the foregoing assignments to Company; that in performing under the Contract; (b) Contractor will not violate the terms of any Contract with any third party; and (c) the Services and any work product thereof are the original work of Contractor, do not and will not infringe upon, violate or misappropriate any patent, copyright, trade secret, trademark, contract, or any other publicity right, privacy right, or proprietary right of any third party. Contractor shall defend, indemnify and hold Company and its successors, assigns and licensees harmless from any and all claims, actions and proceedings, and the resulting losses, damages, costs and expenses (including reasonable attorneys' fees) arising from any claim, action or proceeding based upon or in any way related to Contractor's, or Contractor's employees, breach or alleged breach of any representation, warranty or covenant in this Contract, and/or from the acts or omissions of Contractor or Contractor's employees.

**Termination of Contract.**

        **Term.** This Contract shall be in effect from the Effective Date for the period set forth on Exhibit A, or until completion of the Services, as applicable, unless sooner terminated by either party in accordance with the terms and conditions of this Contract ("**Term**"). This Contract is terminable by either party at any time, with or without cause, effective upon notice to the other party. If Company exercises its right to terminate the Contract, any obligation it may otherwise have under this Contract shall cease immediately, except that Company shall be

obligated to compensate Contractor for work performed up to the time of termination. Additionally, this Contract shall automatically terminate upon Contractor's death. In such event, Company shall be obligated to pay Contractor's estate or beneficiaries only the accrued but unpaid compensation and expenses due as of the date of death.

**Continuing Obligations of Contractor.** The provisions of Sections 1.1 (as relates to creation and ownership of copyright), 1.2, 1.3, 2, 3, 4, 5.2, and 6 shall survive expiration or termination of this Contract for any reason.

**Additional Provisions.**

**Governing Law and Attorney's Fees.** This Contract shall be governed by and construed in accordance with the laws of Singapore, without regard to its choice of law principles. Any dispute arising out of or in connection with this Contract, including any question regarding its existence, validity or termination, shall be determined by arbitration in Singapore in accordance with the Law Society Arbitration Rules in force at the commencement of the arbitration. In any action or suit to enforce any right or remedy under this Contract or to interpret any provision of this Contract, the prevailing party shall be entitled to recover its reasonable attorney's fees, costs and other expenses.

**Binding Effect.** This Contract shall be binding upon, and inure to the benefit of, the successors, executors, heirs, representatives, administrators and permitted assigns of the parties hereto. Contractor shall have no right to (a) assign this Contract, by operation of law or otherwise; or (b) subcontract or otherwise delegate the performance of the Services without Company's prior written consent which may be withheld as Company determines in its sole discretion. Any such purported assignment shall be void.

**Severability.** If any provision of this Contract shall be found invalid or unenforceable, the remainder of this Contract shall be interpreted so as best to reasonably effect the intent of the parties.

**Entire Contract.** This Contract, including the Exhibits, constitutes the entire understanding and Contract of the parties with respect to its subject matter and supersedes all prior and contemporaneous Contracts or understandings, inducements or conditions, express or implied, written or oral, between the parties.

**Injunctive Relief.** Contractor acknowledges and agrees that in the event of a breach or threatened breach of this Contract by Contractor, Company will suffer irreparable harm and will therefore be entitled to injunctive relief to enforce this Contract.

**Contractor's Remedy.** Contractor's remedy, if any, for any breach of this Contract shall be solely in damages and Contractor shall look solely to Company for recover of such damages. Contractor waives and relinquishes any right Contractor may otherwise have to obtain injunctive or equitable relief against any third party with respect to any dispute arising under this Contract. Contractor shall look solely to Company for any compensation which may be due to Contractor hereunder.

**Agency.** Contractor is not Company's agent or representative and has no authority to bind or commit Company to any Contracts or other obligations.

**Amendment and Waivers.** Any term or provision of this Contract may be amended, and the observance of any term of this Contract may be waived, only by a writing signed by the party to be bound. The waiver by a party of any breach or default in performance shall not be deemed to constitute a waiver of any other or succeeding breach or default. The failure of any party to enforce any of the provisions hereof shall not be construed to be a waiver of the right of such party thereafter to enforce such provisions.

**Time**. Contactor agrees that time is of the essence in this Contract.

**Notices.** Any notice, demand, or request with respect to this Contract shall be in writing and shall be effective only if it is delivered by personal service, by air courier with receipt of delivery,

or mailed, certified mail, return receipt requested, postage prepaid, to the address set forth above. Such communications shall be effective when they are received by the addressee; but if sent by certified mail in the manner set forth above, they shall be effective five (5) days after being deposited in the mail.  Any party may change its address for such communications by giving notice to the other party in conformity with this section.

**Force Majeure.** Neither party shall be liable for any failure or delay in performance under this Contract to the extent said failures or delays are proximately caused  by causes beyond that party's reasonable control and occurring without its fault or negligence, including, without limitation, acts of God, war, government regulation, threats or acts of terrorism or similar acts, governmental travel advisories, disaster, strikes, civil disorder, curtailment of transportation facilities, or any other cause beyond the party's control, making it inadvisable, illegal or impossible to perform their obligations under the Agreement. The party experiencing the difficulty shall strive to provide the other with prompt written notice, with full details following the occurrence of the cause relied upon. Dates by which performance obligations are scheduled to be met will be extended for a period of time equal to the time lost due to any delay so caused.

**Counterparts.** This Contract may be executed in any number of counterparts, each of which when so executed and delivered shall be deems an original, and all of which together shall constitute one and the same Contract.

CAUTION:  THIS CONTRACT AFFECTS YOUR RIGHTS TO INNOVATIONS YOU MAKE PERFORMING YOUR SERVICES, AND RESTRICTS YOUR RIGHT TO DISCLOSE OR USE COMPANY'S CONFIDENTIAL INFORMATION DURING OR SUBSEQUENT TO YOUR SERVICES.

CONTRACTOR HAS READ THIS CONTRACT CAREFULLY AND UNDERSTANDS ITS TERMS.  CONTRACTOR ACKNOWLEDGE THAT, IN EXECUTING THIS CONTRACT, HE/SHE HAD AN OPPORTUNITY TO SEEK THE ADVICE OF INDEPENDENT LEGAL COUNSEL. CONTRACTOR HAS COMPLETELY FILLED OUT EXHIBIT B TO THIS CONTRACT.

**CONTRACTOR**                                    **COMPANY**


_____

ZEEV KIRS
Signature                                                      Signature
                                                               By: _____

_____                                                Title: _____

_____

**EXHIBIT A**
**Description of Services and Payment**

       Contract for Service between Cryptonomos Pte. Ltd., a Singaporean entity ("**Company**"), and _____ ("**Contractor**") dated as of _____.

**Services to be provided by Contractor**:

LEGAL
AND
CONSULTING SERVICES.

Additional Services may be added by parties by mutual Contract for an additional compensation.

**Term of Contract:**

Completion of Services.

**Compensation:**

Company shall pay Contractor $6,250 PER MONTH PLUS A ONE TIME INITIAL FEE OF $1,500 FOR COMPUTER AND EQUIPMENT, which shall be due and payable to Contractor no later than 1st DAY of the following month. Upon the termination of the contract the computer shell be returned to the Company within 24 hours. If contract is terminated prior to the end of the month, the compensation shall be prorated based on the number of dates worked by Contractor during the month of termination.

**Expenses:**

Any large-scale photocopying, project mailings, extensive overseas telephone calls, article reprints, travel, meals, mileage and other reasonable out-of-pocket expenditures will be billed by Contractor separately, in addition to compensation, only if such expenses are approved by Company prior to incurring. Expenses shall be reimbursed by Company within Two (2) weeks from the date of invoice provided by Contractor to Company.

**EXHIBIT B**
**Prior Inventions and Conflicting Relationships**

      **1.**    **Prior Innovations.** I acknowledge at this time that I have made or reduced to practice (alone or jointly with others) the following inventions or innovations relevant to any Services under this Contract (if none, so state):

_____

_____

_____

_____

      **2.**    **Conflicting Relationships.** I acknowledge that I have the following current or prior Contracts, relationships or commitments which conflict with my relationship with Company under this Contract (if none, so state):

_____

_____

_____

_____

Dated: 8/29/2017 _____

                                     CONTRACTOR (Print Name)

Zeev Kirsh

                               _____

                                   SIGNATURE OF CONTRACTOR

ZEEV KIRSH

PAGE  2

PAGE  \* MERGEFORMAT 6

Contract for Service-Cryptonomos Pte. Ltd.

A-B

Contract for Service-Cryptonomos Pte. Ltd

Lighthouse 0308804