Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
  *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>    Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee,<br>    Plaintiff,<br>vs.<br><br>PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, individual and California resident, GIGA WATT PTE., LTD., a Singapore corporation, and ANDREY KUZENNY, individual and Russian citizen,<br><br>    Defendants,<br><br>- and -<br><br>THE GIGA WATT PROJECT, a partnership,<br><br>    Nominal Defendant. | Adv. Case No. 20-80031<br><br>**TRUSTEE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY TO PERKINS' AND NESS' OPPOSITION TO TRUSTEE'S MOTION TO AMEND COMPLAINT** |

TRUSTEE'S REQ. FOR JUDICIAL NOTICE
ISO REPLY TO PERKINS' AND NESS'
OPP. TO TRUSTEE'S MOTION TO
AMEND COMPLAINT      P a g e | **1**

Mark D. Waldron, in his capacity as the duly appointed Chapter 7 Trustee, by and through his attorneys, the Potomac Law Group PLLC, hereby submits his *Request for Judicial Notice in Support of the Trustee's Reply to Perkins' and Ness' Opposition to Trustee's Motion to Amend Complaint*, filed herewith.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Trustee respectfully requests that the Court take judicial notice of the documents listed below. This Request for Judicial Notice attaches as exhibits only those documents that were filed in the United States District Court for the Eastern District of Washington ("District Court") and the Cout of Appeals for the Ninth Circuit ("Court of Appeals"). It does not attach documents that have been filed in the above captioned bankruptcy case or Adversary Proceeding.

## I. REQUESTS FOR JUDICIAL NOTICE OF DOCUMENTS

1. *Order Denying Motion and Appeals*, dated January 7, 2022, filed in the District Court in the appellate case, *Perkins Coie LLP v. Mark D. Waldron, as Trustee*, Case No. 2:21-cv-00159-SAB, ECF No. 21, attached hereto as **Exhibit 1**;

2. *Order Granting Trustee's Motion for Authority to Incur and Pay Expenses Incident to Discovery in Perkins Adversary,* dated May 3, 2022, ECF No. 958 (main case);

3. *Stipulated Amended Scheduling Order, dated August 31, 2022*, ECF No. 95 (adversary proceeding);

20-80031-FPC    Doc 123    Filed 10/24/22    Entered 10/24/22 22:54:34    Pg 2 of 4

4. *Status Conference Audio,* dated August 11, 2022, ECF No. 106 (adversary proceeding);

5. *First Amended Complaint*, dated September 8, 2022, ECF No. 110 (adversary proceeding);

6. *Withdrawal of First Amended Complaint*, dated September 26, 2022, ECF No. ECF No. 118 (docket entry); and

7. *Trustee's Motion for Remand or, in the Alternative to Dismiss as Moot*, dated October 12, 2022, filed in the Court of Appeals in the appellate case, *Mark D. Waldron v. Perkins Coie LLP*, Case No. 22-35104, attached hereto as **Exhibit 2**.

## II.  ARGUMENT

The foregoing documents fit squarely within the ambit of Rule 201, which provides:

> The Court may judicially notice a fact that is not subject to reasonable dispute because it: . . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questions.

F.R.E. 201.

To determine the accuracy of the foregoing one need only review the docket of this Court, the District Court, or the Court of Appeals.

It is standard for a bankruptcy court to take judicial notice of its own docket. *Katzenstein v. VIII SV5556 Lender, LLC (In re Saint Vincent's Catholic*

TRUSTEE'S REQ. FOR JUDICIAL NOTICE
ISO REPLY TO PERKINS' AND NESS'
OPP. TO TRUSTEE'S MOTION TO
AMEND COMPLAINT   P a g e | **3**

*Med. Ctrs. of N.Y.),* 440 B.R. 587, 599 (Bankr. S.D.N.Y. 2010) (taking judicial notice of the docket in the underlying bankruptcy case); *In re Campbell,* 500 B.R. 56, 59 n. 7 (Bankr. D. N.M. 2013) (electing to take judicial notice of the entire file in the case for sake of completeness as a bankruptcy court has the inherent authority to take judicial notice of entries on its own docket). *Accord In re Koper,* 552 B.R. 208, 210 (Bankr. E.D.N.Y. 2016).

"Similarly, it is standard for a court to take judicial notice of the existence of another court's opinion." *Metropolitan Creditors' Trust v. Pricewaterhousecoopers, LLP*, 463 F. Supp. 2d 1193, 1197–98 (E.D. Wash. 2006) (citing *Cal. ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920, 931 (9th Cir. 2003) and *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

### III. CONCLUSION

Wherefore, the Plaintiff respectfully requests that the Court grant the Motion, allow the Trustee to file the proposed First Amended Complaint, and grant such other and further relief as the Court deems necessary and just.

Dated: October 24, 2022     POTOMAC LAW GROUP PLLC

By:     s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

TRUSTEE'S REQ. FOR JUDICIAL NOTICE ISO REPLY TO PERKINS' AND NESS' OPP. TO TRUSTEE'S MOTION TO AMEND COMPLAINT   P a g e | 4

20-80031-FPC    Doc 123    Filed 10/24/22    Entered 10/24/22 22:54:34    Pg 4 of 4