Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197 FPC 11 |
| GIGA WATT, Inc., a Washington corporation, | The Honorable Frederick P. Corbit |
| Debtor. | Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee, | Adv. Case No. 20-80031 |
| Plaintiff, vs. | **TRUSTEE'S MOTION TO STRIKE AFFIDAVIT OF RALPH E. CROMWELL, JR. REGARDING TRUSTEE'S MOTION TO AMEND COMPLAINT** |
| PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, individual and California resident, GIGA WATT PTE., LTD., a Singapore corporation, and ANDREY KUZENNY, individual and Russian citizen, | |
| Defendants, | |
| - and - | |
| THE GIGA WATT PROJECT, a partnership, | |
| Nominal Defendant. | |

TRUSTEE'S MOTION TO STRIKE AFFIDAVIT
OF RALPH E. CROMWELL, JR.
REGARDING TRUSTEE'S MOTION
TO AMEND COMPLAINT      P a g e | **1**

Mark D. Waldron, in his capacity as the duly appointed Chapter 7 Trustee, by and through his attorneys, the Potomac Law Group PLLC, hereby files this motion ("Motion") to strike the *Affidavit of Ralph E. Cromwell, Jr. Regarding Trustee's Motion to Amend Complaint,* filed in this adversary proceeding on October 17, 2022, ECF No. 120 ("Cromwell Declaration").

Affidavit or declaration testimony that which contains argumentative legal conclusions, is inadmissible. *See Melendez v. Morrow County Sch. Dist.*, Civ. No. 07–875–AC, 2009 WL 4015426, at *9 (D. Or. Nov. 19, 2009) ("To the extent that the evidentiary material submitted by either party is speculative or represents a legal conclusion, the court, as a matter of course, will not factor that material into the decision."). *See also Burch v. Regents of the University of California*, 433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006) ( "[S]tatements in declarations based on speculation or improper legal conclusions, or argumentative statements, are not facts and likewise will not be considered on a motion for summary judgment. Objections on any of these grounds are simply superfluous in this context." (citing *Smith v. County of Humboldt*, 240 F.Supp.2d 1109, 1115–16 (N.D. Cal. 2003) (emphasis in original))).

The Cromwell Declaration is a supplemental brief masquerading as an affidavit. It is not possible to parse the facts that may appropriately be included in a declaration with the legal argument that Mr. Cromwell subjectively believed that Professional Rule 1.6 required him to deceive the Trustee and that he believes the

TRUSTEE'S MOTION TO STRIKE AFFIDAVIT
OF RALPH E. CROMWELL, JR.
REGARDING TRUSTEE'S MOTION
TO AMEND COMPLAINT        P a g e | 2

Trustee's counsel should have known that Perkins was not telling the truth when it said that Giga Watt was a stranger and that Perkins had never represented Giga Watt.

Wherefore, the Plaintiff respectfully requests that the Court strike the Cromwell Declaration in its entirety and grant such other and further relief as the Court deems necessary and just.

Dated: October 24th, 2022          POTOMAC LAW GROUP PLLC

By:     s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

TRUSTEE'S MOTION TO STRIKE AFFIDAVIT
OF RALPH E. CROMWELL, JR.
REGARDING TRUSTEE'S MOTION
TO AMEND COMPLAINT     P a g e | 3