Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>GIGA WATT, INC., a Washington corporation,<br>                                    Debtor.<br>MARK D. WALDRON, as Chapter 7 Trustee,<br>                                    Plaintiff,<br>    vs.<br>PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, individual and California resident; GIGA WATT PTE., LTD. a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation;<br>                                    Defendants<br>    and<br>THE GIGA WATT PROJECT, a partnership,<br>                                    Nominal defendant. | No. 18-03197-FPC11<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 7**<br><br>Adv. Case No. 20-80031<br><br>**PERKINS' AND NESS' OPPOSITION TO TRUSTEE'S MOTION TO STRIKE AFFIDAVIT OF RALPH E. CROMWELL, JR. REGARDING TRUSTEE'S MOTION TO AMEND COMPLAINT** |

PERKINS' AND NESS' OPPOSITION TO MOTION
TO STRIKE CROMWELL DECLARATION RE
MOTION TO AMEND COMPLAINT - 1

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 127    Filed 11/03/22    Entered 11/03/22 15:34:33    Pg 1 of 9

## I. RELIEF REQUESTED

Perkins Coie LLP and Lowell Ness (collectively "Perkins") oppose the Trustee's Motion to Strike the Affidavit of Ralph Cromwell (Dkt. 124) and respectfully submit that it should be denied. The Motion fails on at least the following grounds: (a) the Motion is based on an inapplicable FRCP 56 standard, (b) the Cromwell Affidavit states admissible facts even under a FRCP 56 standard, and (c) the Affidavit contains no improper legal conclusions.

## II. ARGUMENT

### A. The Trustee Relies on an Inapplicable Summary Judgment Evidentiary Standard.

The Trustee relies on three cases. *See* Mot. to Strike at 2 (citing *Melendez v. Morrow Cnty. Sch. Dist.,* Civ. No. 07-875-AC, 2009 WL 4015426, at *9 (D. Or. Nov. 19, 2009), *Burch v. Regents of the Univ. of Cal.,* 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006), and *Smith v. Cnty. Of Humboldt,* 240 F. Supp. 2d 1109, 1115-16 (N.D. Cal. 2003)). Each of those cases discusses the evidentiary standard applicable to oppositions to motions for summary judgment. *See Melendez*, 2009 WL 4015426, at *7-8 (applying FRCP 56 standard that admissible evidence be submitted in opposition to summary judgment); *Burch,* 433 F. Supp. 2d at 1119-20 (same); *Smith,* 240 F. Supp. 2d at 1113-14 (same). However, the evidentiary standard applicable under

PERKINS' AND NESS' OPPOSITION TO MOTION
TO STRIKE CROMWELL DECLARATION RE
MOTION TO AMEND COMPLAINT - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 127    Filed 11/03/22    Entered 11/03/22 15:34:33    Pg 2 of 9

FRCP 56 to oppositions to dispositive motions does not apply to motions to amend. Rather, in general, motions to amend are left to the discretion of the trial court under FRCP 15; FRCP 56 has no application. Accordingly, the standard on which the Trustee relies in seeking to strike the Cromwell Affidavit is not applicable here. For this reason alone, the Motion to Strike should be denied.

Similarly, because a FRCP 56 evidentiary standard does not apply here, Perkins' Opposition to the Trustee's Motion to Amend is not required to be supported by facts that would be admissible at trial. Likewise, because a FRCP 56 evidentiary standard does not apply here, this Court can and should consider the facts stated in the Cromwell Affidavit regardless of whether it sets forth admissible facts (it does).

Moreover, Perkins' Opposition is primarily based on the legal and jurisdictional ground that the Trustee's Complaint cannot be amended at a time and in a manner that would encroach on the Ninth Circuit's appellate jurisdiction. *See* Perkins' Opp'n to Trustee's Mot. to Amend Compl. at 18-22. (Dkt. 120). Mr. Cromwell's Affidavit, while not directly relevant to that jurisdictional issue, nonetheless provides a significant amount of background information—all factual in nature—that informs and rebuts many of the incorrect assertions made by the Trustee in the Motion in Amend, including the Trustee's repeated *ad hominem* attacks on Perkins. If the Trustee's unproven and incorrect assertions are going to be considered in any way,

PERKINS' AND NESS' OPPOSITION TO MOTION
TO STRIKE CROMWELL DECLARATION RE
MOTION TO AMEND COMPLAINT - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 127    Filed 11/03/22    Entered 11/03/22 15:34:33    Pg 3 of 9

which they should not be, then so should a factual affidavit rebutting those assertions.

Finally, because an FRCP 56 evidentiary standard does not apply, because Perkins is not required to (but did) present admissible facts in opposition to the Motion to Amend, and because the fatal problem with the Motion to Amend is legal (jurisdictional) and not factual, whether or not the Cromwell Affidavit is considered does not change that the Motion to Amend is improper and cannot be granted at this time.

B.  **The Cromwell Affidavit Contains Admissible Facts.**

In any event, even under an FRCP 56 evidentiary standard—which is inapplicable here—there still would be no grounds to strike the Cromwell Affidavit because it contains admissible facts that inform the context of the Trustee's Motion to Amend.  For example, the Cromwell Affidavit lays out in substantial factual detail, with citation to evidentiary support, facts relating to the following topics: (1) Perkins Coie never entered into a retention letter with the debtor; (2) Perkins Coie does not have any records of having undertaken a conflict check in anticipation of representing the debtor; (3) all of the information that the Trustee currently relies on to argue that an attorney-client relationship existed between Perkins and the debtor is contained in files identifying either Cryptonomos Pte., Ltd. ("Cryptonomos") or Giga Watt Pte., Ltd. ("GW Singapore") as the client; (4) the debtor never paid any invoices for legal

PERKINS' AND NESS' OPPOSITION TO MOTION TO STRIKE CROMWELL DECLARATION RE MOTION TO AMEND COMPLAINT - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 127    Filed 11/03/22    Entered 11/03/22 15:34:33    Pg 4 of 9

services provided by Perkins to it; (5) all of the work that the Trustee now claims was done for the debtor was billed to Cryptonomos or GW Singapore and paid for by those entities, not the debtor; (6) the supposed "newly discovered evidence" on which the Trustee relies was known to the debtor before this bankruptcy was filed, and the existence and location of the documents at issue were known to the Trustee since at least June of 2019, more than three years ago; (6) the supposed "newly discovered" documents show that the debtor received virtually all of the money from the token sale that the Trustee now claims as damages; (7) the supposed "newly discovered" documents show that the disbursements from escrow were orchestrated by officers of the debtor; (8) work relating to corporate restructuring that the Trustee now claims is evidence of an attorney-client relationship between the debtor and Perkins was initiated by Cryptonomos, and billed to and paid for by Cryptonomos; and (9) Perkins' assistance in responding to the request for information from the U.S. government was billed to and paid for by GW Singapore, and the directive that Mr. Carlson should certify the production as complete came from Cryptonomos' in-house lawyer, not Perkins.

These are among the *facts* that are detailed in the Cromwell Affidavit. These *facts* are supported by evidentiary records—specifically the supposed "newly discovered" documents that the Trustee has known about for at least the last three

PERKINS' AND NESS' OPPOSITION TO MOTION
TO STRIKE CROMWELL DECLARATION RE
MOTION TO AMEND COMPLAINT - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 127    Filed 11/03/22    Entered 11/03/22 15:34:33    Pg 5 of 9

years, and which should have been produced long ago in response to Perkins' discovery.

Even the FRCP 56 evidentiary standards improperly relied upon by the Trustee in its Motion to Strike would not result in this factual information being stricken.

**C.    There Is No Improper Legal Argument and No Basis to Claim the Trustee Has Been Deceived.**

Even the brief reference in the Cromwell Affidavit to RPC 1.6 does not constitute an improper legal argument. Responding to the Trustee's various requests for documents, Perkins made clear that it had (a) no retention letter with the debtor; (b) could find no record of any conflict check in anticipation of representing the debtor; and (c) that it had records in its files for Cryptonomos and GW Singapore but, due to RPC 1.6 and attorney-client privilege issues, could not produce those files. That Perkins believed (and believes) that it is constrained by its ethical duties to other clients with respect to the information it can provide to the Trustee does not constitute improper legal argument. Rather, these issues go to Perkins' reasonable state of mind in responding to inquiries by the Trustee. That a lawyer's state of mind—i.e., a factual issue—would be influenced by its view of its duties to other clients is not only reasonable and understandable, but also required by the Rules of Professional Conduct. This is particularly relevant in light of the repeated *ad hominem* attacks by the Trustee impugning the integrity of Perkins and its counsel.

PERKINS' AND NESS' OPPOSITION TO MOTION
TO STRIKE CROMWELL DECLARATION RE
MOTION TO AMEND COMPLAINT - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 127    Filed 11/03/22    Entered 11/03/22 15:34:33    Pg 6 of 9

These are factual issues, and the Affidavit merely recited to this Court what those communications had been and the ethical issues that were, and had to be, considered by Perkins in responding to the Trustee's inquiries.

Moreover, the facts briefly summarized above, and which are as set forth at length in the Cromwell Affidavit, demonstrate that the responses provided by Perkins to the Trustee were factually accurate and made in good faith. The irony of the Trustee's position is that the documents on which the Trustee now relies as creating a sudden, supposed "paradigmatic shift" in this case have been in the debtor's control all along, and have been known to the Trustee for at least three years. It would have behooved the Trustee to review those documents before filing a multi-million dollar lawsuit against Perkins based on a "partnership" that the Trustee now admits has no basis in fact; likewise, the Trustee was *required* to review and produce those documents in response to discovery served by Perkins more than a year ago. Had either of these two actions been taken, we would not be where we are today. The continued meritless attempts to shift the focus away from the failure of the Trustee to review the debtor's own documents, and to falsely accuse Perkins of having lied when there is no basis for that accusation, do not provide a reason to strike the Cromwell Affidavit.

PERKINS' AND NESS' OPPOSITION TO MOTION
TO STRIKE CROMWELL DECLARATION RE
MOTION TO AMEND COMPLAINT - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 127    Filed 11/03/22    Entered 11/03/22 15:34:33    Pg 7 of 9

### III. CONCLUSION

Because the FRCP 56 evidentiary standard on which the Trustee relies does not apply, the Motion to Strike should be denied; because Perkins is not required to, but did, present admissible facts, the Motion to Strike should be denied; because the fatal problem with the Motion to Amend is legal (jurisdictional) and not factual, whether or not the Cromwell Affidavit is considered does not change that the Motion to Amend is improper and cannot be granted at this time.

For these reasons, the Motion to Strike should be denied.

DATED this 3rd day of November, 2022.

| | |
|---|---|
| BYRNES KELLER CROMWELL LLP | MUNDING, P.S. |
| By /s/ Bradley S. Keller<br>   Bradley S. Keller, WSBA #10665<br>By /s/ Ralph E. Cromwell, Jr.<br>   Ralph E. Cromwell, Jr., WSBA #11784<br>By /s/ Jofrey M. McWilliam<br>   Jofrey M. McWilliam, WSBA #28441<br>   1000 Second Avenue, 38th Floor<br>   Seattle, Washington 98104<br>   206-622-2000<br>   Fax:   (206)-622-2522<br>   Email:   bkeller@byrneskeller.com<br>   rcromwell@byrneskeller.com<br>   jmcwilliam@byrneskeller.com | By /s/ John Munding<br>   John Munding, WSBA #21734<br>   309 E. Farwell Rd., Suite 310<br>   Spokane, Washington 99218<br>   509-590-3849<br>   Fax:   (509) 624-6155<br>   Email:   john@mundinglaw.com<br><br>*Attorneys for Perkins Coie LLP and Lowell Ness* |

PERKINS' AND NESS' OPPOSITION TO MOTION
TO STRIKE CROMWELL DECLARATION RE
MOTION TO AMEND COMPLAINT - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 127    Filed 11/03/22    Entered 11/03/22 15:34:33    Pg 8 of 9

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

PERKINS' AND NESS' OPPOSITION TO MOTION TO STRIKE CROMWELL DECLARATION RE MOTION TO AMEND COMPLAINT - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 127    Filed 11/03/22    Entered 11/03/22 15:34:33    Pg 9 of 9