Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee,<br>Plaintiff,<br>vs.<br><br>PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, individual and California resident, GIGA WATT PTE., LTD., a Singapore corporation, and ANDREY KUZENNY, individual and Russian citizen,<br><br>Defendants,<br><br>- and -<br><br>THE GIGA WATT PROJECT, a partnership,<br><br>Nominal Defendant. | Adv. Case No. 20-80031<br><br>**DECLARATION OF PAMELA M. EGAN IN SUPPORT OF TRUSTEE'S REPLY TO PERKINS' AND NESS' OPPOSITION TO TRUSTEE'S MOTION TO STRIKE CROMWELL AFFIDAVIT** |

EGAN DECLARATION IN SUPPORT OF
TRUSTEE'S REPLY TO PERKINS'
AND NESS' OPPOSITION TO TRUSTEE'S
MOTION TO STRIKE CROMWELL DECLARATION

I, Pamela M. Egan, declare as follows:

1. I submit this declaration in support of the *Trustee's Reply to Perkins' and Ness' Opposition to Trustee's Motion to Strike Cromwell Affidavit* ("Reply") and the *Trustee's Request for Judicial Notice in Support of Trustee's Reply to Perkins' and Ness' Opposition to Trustee's Motion to Amend Complaint* ("RJN"), filed herewith. Unless otherwise defined herein, capitalized terms used in this Declaration have the meanings ascribed to them in the Reply or RJN, as applicable.

2. My law firm, Potomac Law Group PLLC ("PLG"), is counsel to the Trustee. I am a partner in PLG.

3. The statements set forth herein are based on my personal knowledge or my review of the books and records of Giga Watt, Inc. ("Giga Watt" or "Debtor"). If called as a witness, I would and could competently testify thereto.

4. Exhibit 1 to the Reply is a true and correct copy of an email from Timur Usmanov to Lowell Ness.

5. Exhibit 2 to the Reply is a true and correct copy of an email from Lowell Ness to the United States Secret Service.

6. Exhibit 2-1 to the Reply is a true and correct copy of emails between Perkins and Giga Watt.

EGAN DECLARATION IN SUPPORT OF
TRUSTEE'S REPLY TO PERKINS'
AND NESS' OPPOSITION TO TRUSTEE'S
MOTION TO STRIKE CROMWELL
AFFIDAVIT                                                    Page | 1

7. <u>Exhibit 3</u> to the Reply is a true and correct copy of emails between Timur Usmanov to Angela Junkina, who was helping Messrs. Kuzenny and Usmanov to address questions from GW Sg.'s bank, OCBC Bank, regarding the transfers to and from Perkins' IOLTA trust account as described in the Reply.

8. <u>Exhibit 4</u> to the Reply is a true and correct copy of an email from Timur Usmanov to Ekaterina Murko and Angela Junkina regarding OCBC Bank's queries about GW Sg.'s transfers to and from Perkins' IOLTA trust account.

9. <u>Exhibit 5</u> to the Reply is a true and correct copy of an email from Timur Usmanov to Giga Watt's Human Resources Director stating that Andrey Kuzenny would not perform any "actual duties" at Giga Watt.

10. <u>Exhibit 6</u> to the Reply is a true and correct copy of an email from Timur Usmanov to Mike Olmstead stating, "Andrey Kuzenny, our shareholder, expects to get paid as well."

11. <u>Exhibit 7</u> to the Reply is a true and correct copy of an email from Timur Usmanov to Anzhey Barantsevich referring to the employees of Giga Watt as "stupid people" and discussing a set of policies that would leave "no room for creativity, like in the army."

12. <u>Exhibit 8</u> to the Reply is a true and correct copy of an email from Timur Usmanov to Andrey Kuzenny providing the details for Mr. Usmanov's bank in Latvia.

EGAN DECLARATION IN SUPPORT OF
TRUSTEE'S REPLY TO PERKINS'
AND NESS' OPPOSITION TO TRUSTEE'S
MOTION TO STRIKE CROMWELL
AFFIDAVIT                                       Page | 2

20-80031-FPC    Doc 129    Filed 11/10/22    Entered 11/10/22 16:23:18    Pg 3 of 8

13. <u>Exhibit 9</u> to the Reply is a true and correct copy of an email from Timur Usmanov to Mr. Kuzenny and others stating that "Olesya" reported Giga Watt's revenue stream and stating his concern "that I can't control or otherwise verify the revenue stream in crypto other than just post the numbers in our books as is." <u>Exh. 9</u>, p. 1. <u>Exhibit 9</u> also includes a true and correct copy of an email from Timur Usmanov to Anton Orlov, the COO of Giga Watt, stating, "unfortunately, I've got no tools to check if we have undistributed crypto or any excess thereof. Neither have I access to GW wallet." Mr. Usmanov was Giga Watt's Chief Financial Officer.

14. In 2020, Perkins produced documents relating to the GW ICO escrow pursuant to the series of stipulations and orders attached to the RJN as <u>Exhibits 1</u> through <u>4</u>.

15. Mr. Cromwell told me numerous times without qualification and broadly that Perkins had not represented Giga Watt and did not have any documents that it could produce to the Trustee. He also stated, "Giga Watt was a stranger."

16. If the Trustee had received the emails showing how Perkins represented and advised Giga Watt, I would have drafted a different complaint.

EGAN DECLARATION IN SUPPORT OF
TRUSTEE'S REPLY TO PERKINS'
AND NESS' OPPOSITION TO TRUSTEE'S
MOTION TO STRIKE CROMWELL
AFFIDAVIT                                                Page | 3

20-80031-FPC    Doc 129    Filed 11/10/22    Entered 11/10/22 16:23:18    Pg 4 of 8

17. Giga Watt's Chief Executive Officer, David Carlson, told me both directly and through his counsel that he had no idea how to find or access Giga Watt's emails.

18. Before he ran away, Mr. Kuzenny, who signed Giga Watt's voluntary petition for relief commencing this case, told me that he had no idea how to find or access Giga Watt's emails.

19. Timur Usmanov, Giga Watt's Chief Financial Officer, Michael Olmstead, an accountant who worked at Giga Watt, and Heather Mulhall, who worked in Giga Watt's accounting department, all said they did not know how to access Giga Watt's emails many of which we now know were in Perkins' possession all along.

20. In February 2022, I clicked on a link in a document that led to a set of Giga Watt emails that were available on Google Drive. I have clicked on scores of links in documents in this case, all of which were expired, except this one.

21. I immediately made those "Google Drive" emails available to Perkins. At that point, in February 2022, seven months before the Discovery Cut-Off, I asked Lighthouse specifically if it had Giga Watt emails.

22. I promptly followed up with Lighthouse, Perkins, and the Court, regarding my discovery efforts and investigation.

EGAN DECLARATION IN SUPPORT OF
TRUSTEE'S REPLY TO PERKINS'
AND NESS' OPPOSITION TO TRUSTEE'S
MOTION TO STRIKE CROMWELL
AFFIDAVIT                                  Page | 4

20-80031-FPC    Doc 129    Filed 11/10/22    Entered 11/10/22 16:23:18    Pg 5 of 8

23. After extraction by Lighthouse and processing by LexBe, some of the Lighthouse Documents became available in the first half of July 2022. All of the Lighthouse Documents became available in the second half of July 2022. LexBe was able to reduce the size of the data from 1.2 terabytes to 240 gigabytes.

24. As the Lighthouse Documents became available, I immediately began reviewing them and sharing my findings with Perkins, all before the Discovery Cut-Off of August 31, 2022. The Trustee allowed Perkins to review the Lighthouse Documents immediately.

25. In October 2022, Perkins produced the documents attached to Mr. Cromwell's Affidavit as Exhibit 17 and 20 without any cover of protection or confidentiality. These documents were not part of the Lighthouse Documents and, therefore, were not otherwise available to the Trustee.

26. <u>Exhibit A</u> to the RJN is a true and correct copy of this Court's *Ex Parte Order for Rule 2004 Examination of Perkins Coie LLP,* ECF No. 637.

27. <u>Exhibit B</u> to the RJN is a true and correct copy of this Court's *Order Re Production of Documents Responsive to Rule 2004 Order and Placing Limits on the Use of Confidential Information in Such Documents*, ECF No. 673.

28. <u>Exhibit C</u> to the RJN is a true and correct copy of the *Stipulation re Preserving Privilege Pursuant to FRE 502(d),* filed in this Court as ECF No. 706.

EGAN DECLARATION IN SUPPORT OF
TRUSTEE'S REPLY TO PERKINS'
AND NESS' OPPOSITION TO TRUSTEE'S
MOTION TO STRIKE CROMWELL
AFFIDAVIT                                              Page | 5

20-80031-FPC    Doc 129    Filed 11/10/22    Entered 11/10/22 16:23:18    Pg 6 of 8

29. <u>Exhibit D</u> to the RJN is a true and correct copy of this Court's *Stipulated Order Preserving Privilege Pursuant to FRE 502(d)*, ECF No. 714.

30. <u>Exhibit E</u> to the RJN is a true and correct copy of the *Order Denying Appellant's Motion to Seal* filed in Mr. Dam's AS & PI Appeal as ECF No. 36.

31. <u>Exhibit F</u> to the RJN is a true and correct copy of the cover page of Mr. Dam's *Appendix* in the AS & PI Appeal and of the first page of the Trustee's unredacted complaint that Mr. Dam filed on the public docket of the United States District Court for the Eastern District of Washington as ECF No. 38. The unredacted complaint that Mr. Dam submitted to the District Court in the Appendix to his appellate brief in the AS & PI Appeal is identical to the Verified Complaint, ECF No. 11, filed under seal in the above-captioned Adversary Proceeding, except for the title of the document in the caption. I had inadvertently labeled the unredacted complaint as "amended." That was a clerical error.

32. <u>Exhibit G</u> to the RJN is a true and correct copy of the *Declaration of Andrey Kuzenny in Response to "Declaration of Pamela M. Egan in Support of Chapter 11 Trustee's (i) Joinder in United States Trustee's Objection to Fee Application and (ii) Objection to Application for Award of Compensation,"* filed in this bankruptcy case as ECF No. 226.

33. <u>Exhibit H</u> to the RJN is a true and correct copy is a true and correct copy of the cover page and first page of *Defendants David M. Carlson, Enterprise*

EGAN DECLARATION IN SUPPORT OF
TRUSTEE'S REPLY TO PERKINS'
AND NESS' OPPOSITION TO TRUSTEE'S
MOTION TO STRIKE CROMWELL
AFFIDAVIT                                                Page | 6

20-80031-FPC    Doc 129    Filed 11/10/22    Entered 11/10/22 16:23:18    Pg 7 of 8

*Focus, Inc. and Clever Capital, LLC's Memorandum Re: Show Cause* in which Mr. Carlson argues that the Trustee could not avoid the transfer of the TNT Facility because the rejection deadline on a lease had expired.

34. Exhibit I to the RJN is a true and correct copy of the cover page of this Court's *Order Granting Defendant's Motion to Dismiss* entered in Mr. Dam's lawsuit against the Trustee and his professionals, Adv. Proc. No. 20-80020-FPC, ECF No. 28.

35. Exhibit J to the RJN is a true and correct copy of this Court's *Order Granting Trustee's Motion for Authority to Incur and Pay Expenses Incident to Discovery in Perkins Adversary,* entered in the main case as ECF No. 958.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of November, 2022 in Seattle, Washington.

*s/ Pamela M. Egan*
Pamela M. Egan

EGAN DECLARATION IN SUPPORT OF TRUSTEE'S REPLY TO PERKINS' AND NESS' OPPOSITION TO TRUSTEE'S MOTION TO STRIKE CROMWELL AFFIDAVIT

Page | 7