# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>**EX PARTE ORDER FOR RULE 2004 EXAMINATION OF PERKINS COIE LLP** |

THIS MATTER having come before the Court on the motion of Mark D. Waldron, in his official capacity as the Chapter 11 Trustee (the "**Trustee**"), who desires to examine Perkins Coie LLP and for cause having been shown, NOW THEREFORE, it is hereby

ORDERED that Perkins Coie LLP shall produce to the Trustee and his designated counsel at the offices of Potomac Law Group PLLC, 1905 7th Ave. W, Seattle, Washington 98119 any and all documents in its possession, custody or control described in **Exhibit A** attached hereto on or before Tuesday, July 14,

EX PARTE ORDER FOR 2004 EXAMINATION
OF PERKINS COIE LLP - Page 1

Exhibit A, Page 1 of 5

| | |
|---|---|
| 1 | 2020 at 12:00 p.m. This order may be served upon Perkins Coie LLP by email |
| 2 | through its general counsel, Matt Gehringer at MGehringer@perkinscoie.com . |
| 3 | ///END OF ORDER/// |

PRESENTED BY:
POTOMAC LAW GROUP PLLC

By  /s/ Pamela M. Egan
      Pamela M. Egan, WSBA #54736
      (admitted *pro hac vice*)
1905 7th Avenue West
Seattle, Washington 98119
Phone: (415) 297-0132
Email: pegan@potomaclaw.com

EX PARTE ORDER FOR 2004 EXAMINATION
OF PERKINS COIE LLP - Page 2

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

"You" means Perkins Coie, LLP.

"Documents" means, without limiting its generality, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of notations and markings) of papers, writings and records of any nature whatsoever, including, but not limited to, contracts, agreements, correspondence, letters, e-mails, telegrams, wires, cables, reports, schedules, diaries, statements, photographs, reproductions, maps, surveys, plats, drawings, blueprints, sketches, charts, models, invoices, purchase orders, ledgers, journals, checks, check stubs, notes, estimates, summaries, desk calendars, work papers, studies, appointment books, time sheets, logs, inventories, printouts, computer tapes, computer files, tape recordings, minutes of meetings, memoranda, including intercorporate, intra-corporate, interoffice and intraoffice memoranda, memoranda regarding conferences, notes of conversations or telephone conversations and any and all written, printed, typed, punched, or recorded matter of whatsoever kind of description, including drafts of any of the foregoing.

"Escrow" means the account that you maintained on behalf of Giga Watt Pte. Ltd. with respect to the proceeds of the sale by Giga Watt Pte. Ltd. of tokens. The sale took place from on or about May 27, 2017 to on or about July 31, 2017.

"Information" shall include individual documents and records (including associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database,

archive, or container file, including emails, messages, word processed documents, recordings of videoconferences or conference calls, digital presentations, spreadsheets, database content, text messages, data recorded by Internet of Things (IoT) devices, and messages in workplace collaboration tools (including, without limitation, Slack, Microsoft Teams, and Google Hangouts) or ephemeral messaging applications.

Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example: (a) documents created using Microsoft Word must be produced as .DOC or .DOCX files; and (b) emails must be produced in a form that readily supports import into standard email client programs.

These requests call for the production of all responsive documents in your possession, custody or control. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement: (a) identifying the document; (b) describing where the document is now; (c) identifying who has control of the document; (d) describing how the document became lost or destroyed or was transferred; and (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as

EXHIBIT A -- EX PARTE ORDER FOR 2004 EXAMINATION OF PERKINS COIE LLP - Page 2

| | |
|---|---|
| 1 | the work product doctrine or other business confidentiality or trade secret |
| 2 | protection, set out separately with respect to each withheld document: |
| 3 |     (a)    the ground of privilege or protection claimed; |
| 4 |     (b)    every basis for the privilege or protection claimed; |
| 5 |     (c)    the type of document; |
| 6 |     (d)    its general subject matter; |
| 7 |     (e)    the document's date; and |
| 8 |     (f)    other information sufficient to enable a full assessment of the |
| 9 | applicability of the privilege or protection claims. |
| 10 | To the extent you assert that a document contains information that should |
| 11 | be protected from disclosure (based on the attorney-client privilege, work product |
| 12 | doctrine, or another protection) and non-privileged information, the non- |
| 13 | privileged portions of the document must be produced. For each such document, |
| 14 | indicate the portion of the document withheld by stamping the words |
| 15 | "MATERIAL REDACTED [AS [BASIS FOR PROTECTION]]" on the document |
| 16 | in an appropriate location that does not obscure the remaining text. |
| 17 | **DOCUMENT REQUESTS** |
| 18 | 1.    All Information, including Documents, regarding the Escrow, |
| 19 | including, but not limited to, deposits and withdrawals, and any agreements with |
| 20 | respect to the Escrow. |
| 21 | 2.    Any agreement between Giga Watt, Inc. and Giga Watt Pte. Ltd. |
| 22 | 3.    Any agreement between Giga Watt, Inc. and Cryptonomos Pte Ltd. |
| 23 | |
| 24 | EXHIBIT A -- EX PARTE ORDER FOR 2004 EXAMINATION OF PERKINS COIE LLP - |
| 25 | Page 3 |

Exhibit A, Page 5 of 5