# EXHIBIT B

So Ordered.

Dated: August 13th, 2020



*Frederick P. Corbit*
Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

GIGA WATT, INC.,

Debtor.

No. 18-03197-FPC11

**ORDER REGARDING PRODUCTION OF DOCUMENTS RESPONSIVE TO RULE 2004 ORDER AND PLACING LIMITS ON THE USE OF CONFIDENTIAL INFORMATION IN SUCH DOCUMENTS**

THIS MATTER came on for hearing pursuant to Perkins Coie LLP's Motion for Further Direction and for Protective Order Regarding Ex Parte Order for Rule 2004 Examination, the Court having reviewed and considered the pleadings and papers filed in connection with such motion, the Court hereby rules as follows:

1. For purposes of Rule of Professional Conduct 1.6(b)(6), Perkins is hereby directed to produce to the Trustee, in a reasonably prompt fashion, those non-privileged documents which are responsive to the Rule 2004 Order which this Court entered on July 6, 2020.

Exhibit B, Page 1 of 5

ORDER RE PRODUCTION OF DOCUMENTS
RESPONSIVE TO RULE 2004 ORDER, ETC. - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

2. Perkins has informed the Trustee and the Court that many of the documents which are responsive to the Rule 2004 Order contain financial or other sensitive information. Accordingly, Perkins may designate as "Confidential" any document which it reasonably and in good faith believes to contain information involving business, financial, or personal information which should reasonably be protected from public disclosure or dissemination. Such designations shall be made by stamping or otherwise affixing the label "Confidential" on such documents. This provision is without prejudice to the right of the Trustee to contest such designation.

3. Unless otherwise ordered by the Court or agreed to in writing by Perkins and the Trustee, Confidential documents may be used only for purposes relating to this bankruptcy, and may be disclosed only to:

    a. any party in interest to this bankruptcy directly concerned with the issues then in dispute relating to such Confidential documents;

    b. the Court, court personnel, court reporters, and their staff;

    c. the counsel of record in this bankruptcy, as well as their staff to whom it is reasonably necessary to disclose the information for this litigation;

    d. experts and consultants to whom disclosure is reasonably necessary;

    e. any non-party vendor retained to assist any party in interest to this bankruptcy and their attorneys with litigation-related activities, such as processing, copying, imaging, and management of documents;

ORDER RE PRODUCTION OF DOCUMENTS
RESPONSIVE TO RULE 2004 ORDER, ETC. - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC7   Doc 130-2   Filed 01/18/22   Entered 01/18/22 16:35:33   Pg 3 of 5

f. during their depositions or in any hearing or pretrial proceeding, witnesses in the action to whom disclosure is reasonably necessary; and

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information contained in the document.

4. Confidential documents, or information derived from Confidential documents, shall not be filed with the Court or included in pleadings, motions, declarations, etc., except when such information and documents and any portion(s) of such pleadings, motions, declarations, etc., that reference such material are accompanied by a motion to seal pursuant to LBR 9018-1, unless otherwise ordered by the Court. Documents or information designated as Confidential may be provided to the Court *in camera* pending a decision on the motion to seal. If the Court grants the motion to seal the material, the Confidential material shall be filed with the clerk in accordance with local rules. If the motion to seal is denied, the material shall be filed with the clerk in the normal fashion.

5. The parties shall meet and confer regarding the procedures for use of any materials designated as Confidential at trial or any hearing held in open court. If the parties are unable to resolve a dispute related to the use of Confidential material in open court, (a) the party who seeks to protect such Confidential material bears the burden of requesting relief from the Court and (b) such relief shall be heard on an expedited basis of ten (10) days or less, subject to the Court's calendar.

Exhibit B, Page 3 of 5

ORDER RE PRODUCTION OF DOCUMENTS
RESPONSIVE TO RULE 2004 ORDER, ETC. - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

6. Any party may challenge a designation of confidentiality at any time. Any motion regarding Confidential designations or for a subsequent Protective Order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet-and-confer conference with other affected parties in an effort to resolve the dispute without Court action.

7. Within 60 days after the termination of this bankruptcy, including all appeals, each person possessing "Confidential" documents shall use reasonable efforts to destroy all Confidential material, including all copies, extracts, compilations, and summaries thereof.

8. This Order is without prejudice to the right of the Trustee to request further documents and without prejudice to Perkins' right to object to any such further requests.

///END OF ORDER///

Presented by:

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell, Jr.
    Ralph E. Cromwell, Jr., WSBA #11784
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: bkeller@byrneskeller.com
       rcromwell@byrneskeller.com
*Attorneys for Perkins Coie LLP*

Exhibit B, Page 4 of 5

ORDER RE PRODUCTION OF DOCUMENTS
RESPONSIVE TO RULE 2004 ORDER, ETC. - 4

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC7    Doc 130-2    Filed 01/18/22    Entered 01/18/22 16:35:33    Pg 5 of 5

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

Exhibit B, Page 5 of 5

ORDER RE PRODUCTION OF DOCUMENTS
RESPONSIVE TO RULE 2004 ORDER, ETC. - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000