# EXHIBIT G

ANDREY KUZENNY
1687 Stone Canyon Rd.
Los Angeles, CA 90077

In Pro Per

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re

GIGA WATT, INC.,

　　　　　　　Debtor.

Case No. 18-03197-FPC11

Chapter 11

**DECLARATION OF ANDREY KUZENNY IN RESPONSE TO "DECLARATION OF PAMELA M. EGAN IN SUPPORT OF CHAPTER 11 TRUSTEE'S (I) JOINDER IN UNITED STATES TRUSTEE'S OBJECTION TO FEE APPLICATION AND (II) OBJECTION TO APPLICATION FOR AWARD OF COMPENSATION"**

I, Andrey Kuzenny, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. Prior to the bankruptcy filing of Giga Watt, Inc. ("GW"), I worked as the Chief Coordinator of GW. My duties focused primarily on customer support with GW's clients. I lived in Los Angeles and did not spend time in GW's offices in Washington.

3. David Carlson, one of the co-founders of GW, acted as the Chief Executive Officer of GW and was responsible for management of the company. Timur Usmanoff acted as Chief Financial Officer of GW and was responsible for GW's financial matters. Shortly prior to the bankruptcy filing, Mr. Carlson's and Mr. Usmanoff's relationships with GW came to an end. With Mr. Carlson's and Mr. Usmanoff's departure, others responsibilities for management and finances of GW left as well. GW was not able to employ anyone to take over such duties.

4. When GW was forced to commence this case, I was the last remaining officer to assist the Debtor in this process. As a result, I was designated as the authorized agent for GW.

5. At GW's meeting of creditors on 16 January 2019, as well as prior to the meeting, I advised parties in interest that I was not involved in financial accounting of GW and did not maintain GW's financial records or documentations.

6. I did not attend GW's first meeting of creditors because GW's bankruptcy counsel, Timothy Fisher, advised me that he is seeking to withdraw as counsel and that the meeting will not go forward and will be continues. Based on such advice, I did not attend the meeting.

7. I did attend the second meeting of creditors and testified to the best of my knowledge. I testified that I was not involved in financial accounting and did not possess information related thereto.

8. Prior to the third meeting of creditors, I advised Ms. Egan that I had a pre-arranged medical procedure in Germany and would be gone February 3, 2019 through February

12, 2019. I was not able to reschedule or cancel my medical treatment and advised Ms. Egan in advance of this.

9. After the appointment of the Chapter 11 trustee, I advised Ms. Egan that I would use my best efforts to answer her questions and assist her in her inquiries. In that respect, I was involved in numerous telephone conversations with Ms. Egan to respond to her questions, including with my counsel on the phone. I again advised Ms. Egan that I do not have financial information for GW that she seeks. While it appears to have frustrated her, I cannot provide to her information that I lack.

10. Ms. Egan asked me for login credentials for GW's servers. I provided her with such information, which I specially requested for Ms. Egan from the developers. Ms. Egan advised me that she was able to access some records but not everything. I offered to be online with her when she attempted to access the information. She accepted my offer and we went online on 04 February 2019, at which time I guided her through the process and she advised me that she obtained access to the information she sought.

11. On 14 February 2019, I learned that funds were taken out of about 30 client personal "wallets" at GW, including my personal wallet. I contacted GW's developers to understand what occurred. The developers traced the hack to a login utilizing the administrative credentials I provided to Ms. Egan. I advised her of the foregoing. In fact, based on prior experience, I know that hackers are always attempting to hack cryptocurrency accounts and GW's development team worked hard, and was successful, in preventing such hacks. This has never occurred prior to providing the credentials to Ms. Egan. By the information I received from GW's developers, the password has not changed since Ms. Egan received it. Moreover, the 2FA (2 Factor Authentication) was not activated, which, according to the developers, is inappropriate behavior in computer security safety and resulted in customer funds being compromised.

12. Ms. Egan also asked me what happened to the approximately $200,000 allegedly missing from operating accounts. I advised her that I have no idea what she was referring to and,

Exhibit G, Page 3 of 4

3

to the best of my knowledge, there were no missing funds or inappropriate activity. I asked for information or details to assist me in trying to find out what she is referring to. To date, I have received no information from Ms. Egan.

I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 7th day of March 2019 at Los Angeles, California.

_____
Andrey Kuzenny

Exhibit G, Page 4 of 4

4