So Ordered.

Dated: November 23rd, 2022



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, INC., a Washington corporation,<br><br>      Debtor. | Case No. 18-03197-FPC7 |
| MARK D. WALDRON, as Chapter 7 Trustee,<br><br>      Plaintiff,<br><br>  v.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, an individual and California resident; GIGA WATT PTE, LTD., a Singapore corporation; and ANDREY KUZENNY, a citizen of the Russian Federation,<br><br>      Defendants,<br> and<br><br>THE GIGA WATT PROJECT, a partnership,<br><br>      Nominal Defendant. | Adversary No. 20-80031-FPC<br><br>**ORDER GRANTING TRUSTEE'S MOTION TO AMEND COMPLAINT, MOTIONS TO TAKE JUDICIAL NOTICE AND DENYING MOTION TO STRIKE CROMWELL AFFIDAVIT**<br><br><br>**NOT FOR PUBLICATION** |

THIS MATTER came before the Court on Trustee's motions: (i) Motion to

Amend Complaint ("the Motion") (Adv. ECF No. 115); (ii) Request for Judicial

ORDER RE MOTION TO AMEND COMPLAINT - Page 1

Notice In Support of Reply to Perkins' and Ness' Opposition to Trustee's Motion to Amend Complaint (Adv. ECF 123); (iii) Motion to Strike Affidavit of Ralph E. Cromwell, Jr. Regarding Trustee's Motion to Amend Complaint (Adv. ECF No. 124); and (iv) Request for Judicial Notice In Support of Reply to Perkins and Ness' Opposition to Trustee's Motion to Strike Cromwell Affidavit (Adv. ECF No. 130).

On November 15, 2022, the Court held a hearing, reviewed the files and records herein, heard argument from Pamela Egan for the Plaintiff, Mark Waldron as the Chapter 7 Trustee for Giga Watt, Inc. (the "Trustee"), and from Ralph Cromwell for Defendants, Perkins Coie, LLP, a law firm, and for Lowell Ness, a partner at Perkins Coie, LLP (collectively referred to in the singular as "Perkins"). The Court finds, concludes and orders as follows:

## FINDINGS OF FACT

1. On November 18, 2020, the Chapter 7 Trustee commenced this adversary proceeding. (Adv ECF No. 1) The following day, the Trustee filed an Amended Verified Complaint against (i) Perkins Coie ("Perkins"), a law firm; (ii) Lowell Ness, a partner in the Perkins firm; (iii) Giga Watt PTE, Ltd., ("Giga Watt Singapore") a Singapore corporation; and (iv) Andrey Kuzenny, a Russian Federation citizen who served as CEO of Giga Watt Singapore. (Adv. ECF No. 6)

2. On February 26, 2021, Perkins moved to compel arbitration. (Adv. ECF No. 40) On April 22, 2022, this Court entered an Order Denying Perkins' and

ORDER RE MOTION TO AMEND COMPLAINT - Page 2

Ness' Motion to Compel Arbitration and Stay ("Arbitration Order"). (Adv. ECF No. 51)

3. The Arbitration Order included findings of fact that stated:

> At issue are the Trustee's allegations that the bankruptcy estate was harmed when Perkins prematurely released funds from the IOLTA. Rather than resolve these allegations in this Court or in the District Court, Perkins seeks to compel arbitration in the Singapore International Arbitration Center pursuant to the Federal Arbitration Act. (Arbitration Order, p. 3)
>
> * * *
>
> Considering the evidence presented, the Court cannot find evidence of an express or an implied agreement to arbitrate within the escrow agreement between Perkins and Giga Watt Singapore. The Trustee alleges that Perkins promised to hold money in its IOLTA until certain construction milestones were met—a factual allegation for trial—but neither party has presented evidence demonstrating Giga Watt Singapore or Perkins' intent or agreement to arbitrate disputes that arose under that escrow agreement. (Arbitration Order, p. 7)

4. Perkins appealed the Arbitration Order to the District Court. (Adv. ECF No. 61) The District Court affirmed the Arbitration Order. (EDWA District Court Case No. 2:21-cv-00159-SAB, ECF No. 21)

5. The District Court's order stated:

> Based on the text of the contract, it seems that the arbitration provision in the Token Purchase Agreement was intended to cover any disputes between ***the purchaser*** and ***Giga Watt Singapore*** arising from or related to the purchase of tokens. Meanwhile, Giga Watt Singapore's escrow agreement with Perkins Coie pertains to an entirely different transaction (the

ORDER RE MOTION TO AMEND COMPLAINT - Page 3

escrow arrangement) and involves a different set of parties (Giga Watt Singapore and Perkins Coie). (Emphasis in original)

(EDWA District Court Case No. 2:21-cv-00159-SAB, ECF No. 21)

6. Perkins appealed the District Court's decision to the Ninth Circuit Court of Appeals. (EDWA District Court Case No. 2:21-cv-00159-SAB, ECF No. 23)

7. In the Ninth Circuit appeal, Perkins argues that an arbitration clause in the WTT Token purchase agreement—an agreement between a token purchaser and Giga Watt Singapore—requires the Trustee to pursue his claims against Perkins in an arbitration in Singapore. (9CCA Case No. 22-35104, ECF No. 11)

8. The Trustee's appellate argument asserts that Perkins has mischaracterized the Trustee's claims—the lawsuit against Perkins is based upon a breach of an escrow agreement between the Debtor Giga Watt and Perkins—and the WTT Token purchase agreement provisions do not dictate the forum for resolving this case. (9CCA Case No. 22-35104, ECF No. 25)

9. Perkins' appeal of the Arbitration Order is pending at the Ninth Circuit, and oral arguments are scheduled for December 7, 2022. (See Adv. ECF No. 133)

10. The current case in the Bankruptcy Court is not stayed.

11. The Trustee recently discovered new information giving rise to allegations that Giga Watt Singapore was a "paper" entity; the Debtor and Giga Watt Singapore did not have a partnership agreement; and that at some point in time, Perkins represented the Debtor.

12. The Trustee moved to amend the Complaint on the basis that the Trustee discovered in May, 2022 that third-party vendor Lighthouse possessed 1 terabyte of information from Debtor's computers. (Adv. ECF No. 117) The hundreds of thousands of documents revealed correspondence that could support a claim that Perkins was Debtor's legal counsel, as well as evidence of other parties' acts that may establish liability.

13. Trustee's Motion seeks to amend the Complaint to add: (i) an allegation that Perkins owed and breached a fiduciary duty to Giga Watt both as the trustee of the escrow and as Giga Watt's attorney; (ii) an allegation against Perkins for breach of trust; and (iii) defendant Usmanov along with allegations of Usmanov's breach of fiduciary duty.

14. Trustee's Motion seeks to amend the Complaint to remove: (i) Giga Watt Singapore as a defendant; (ii) Alex Kuzenny as a defendant; and (iii) reference to a partnership agreement between Debtor and Giga Watt Singapore.

15. Perkins' previous disclosures of documents to the Trustee failed to include several critical documents on which Trustee now relies to allege that

ORDER RE MOTION TO AMEND COMPLAINT - Page 5

Perkins represented Debtor and thus had certain legal duties to Debtor that it breached.

16. The Trustee's Motion is brought in good faith. The newly discovered Lighthouse documents reveal new, significant, material facts that have changed the basis and theories of liability. The Trustee's Motion seeks to conform the pleadings to the newly discovered evidence.

17. The present case is complex, and the Trustee's unearthing of facts and evidence has required significant effort and diligence. The Trustee's amendment is not the product of undue delay.

18. Trustee recently discovered the new information. The Trustee promptly shared the evidence with Perkins. This case is still in the discovery stage, and even though a trial date was previously set for March 21, 2023, the matter will not be ready for trial by that date and a new trial date will have to be set by this Court. (Adv. ECF No. 95)

19. Perkins is not prejudiced by the Trustee's proposed amendments. Perkins cannot credibly argue that it was unaware of the facts underlying the Trustee's amendments related to Perkins' representation of the Debtor. Perkins admitted it had knowledge and possession of some of the evidence that form the basis of the proposed new claims since the events transpired.

20.     Perkins objects to the striking of the claims against Giga Watt Singapore because removing that defendant and the related claims eliminates Perkins' appellate argument that the WTT Token Purchase Agreements arbitration clause dictates the forum for adjudicating this dispute. However, this effect does not amount to "prejudice" as that Civil Rule 15 amendment factor is analyzed in the Ninth Circuit.

21.     Notwithstanding the appeal of the arbitration decision, this Court continues to supervise the proceedings. Discovery is ongoing. As a result of discovery, the Trustee has moved to amend the Complaint to reflect the newly discovered information in the form of changes related to defendants and theories of liability.

22.     There is no stay pending the appeal of the Bankruptcy Court and the District Court's respective decisions denying Perkins' motion to arbitrate. The parties have continued to conduct discovery and prepare for trial. As a result of this continued work of the parties, the issues that must be resolved have evolved. Perkins' arguments that the Trustee's Motion should be denied, so the parties can argue over what they originally—but mistakenly—thought was relevant, would not preserve the status quo but instead would require the parties to regress to where they were many months ago.

23. Denying the Trustee's Motion at this time would merely delay the ability of the parties and the Court to finally resolve the unresolved issues.

24. Trustee's proposed Amended Complaint includes colorable federal claims.

25. Trustee has not previously significantly amended the Complaint.

26. The Trustee's proposed amendments satisfy the Ninth Circuit five-factor test applied to motions for amending a complaint pursuant to Federal Rule of Civil Procedure 15(a).

27. The Trustee moved to strike the Affidavit of Ralph E. Cromwell, Jr. Regarding Trustee's Motion to Amend Complaint on the basis that the document inappropriately mixed personal knowledge declarations with legal argument and subjective beliefs. (Adv. ECF No. 124).

28. In deciding the Motion, the Court has not relied upon improper statements, speculation, or legal arguments contained in Mr. Cromwell's Affidavit.

29. On October 24, 2022, the Trustee requested this Court take judicial notice of six documents and one court audio recording:

(i) one document from EDWA District Court Case No. 2:21-cv-00159-SAB: ECF No. 21;

(ii) one document filed in the main bankruptcy case, EDWA Bankruptcy Case No. 18-03197: ECF No. 958;

ORDER RE MOTION TO AMEND COMPLAINT - Page 8

(iii) three documents from this case, EDWA Bankruptcy Case No. 20-80031: ECF Nos. 95; 110; 118; and one audio recording, ECF No. 106; and

(iv) one document from the U.S. Court of Appeals, Ninth Circuit Case No. 22-35104: ECF No. 38.

(Adv. ECF No. 123)

30. On November 10, 2022, Trustee requested this court take judicial notice of ten documents, labeled Exhibits A-J. (Adv. ECF No. 130) The request included:

(i) six documents filed in the main bankruptcy case, EDWA Bankruptcy Case No. 18-03197: ECF Nos. 226; 637; 673; 706; 714; 958;

(ii) two documents filed in the EDWA District Court case *Dam v. Waldron*, Case No. 2:21-cv00291-SAB:[1] ECF Nos. 36; 38;

(iii) one document filed in EDWA Bankruptcy Case No. 20-80020-FPC: ECF No. 28; and

(iv) one document filed in EDWA Bankruptcy Case No. 19-80012: ECF No. 40.

---

[1] This case is jointly administered with Case No. 2:22-cv-22-cv-00040-SAB.

ORDER RE MOTION TO AMEND COMPLAINT - Page 9

## CONCLUSIONS OF LAW

1. While an appeal is pending, a trial court may not "'finally adjudicate substantial rights directly involved in the appeal.'" *McClatchy Newspapers v. Central Valley Typographical Union No. 46, Int'l Typographical* Union, 686 F.2d 731, 734–35 (9th Cir.1982), quoting *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177, 42 S.Ct. 264, 66 L.Ed. 538 (1922).

2. The rule divesting lower courts of jurisdiction of aspects of a case involved in an appeal "'is judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time.'" *United States v. Thorp (In re Thorp),* 655 F.2d 997, 998 (9th Cir.1981), quoting 9 Moore, Federal Practice P 203.11 n. 1.

3. The divestment "rule is not absolute." *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000). "[W]here new facts are created by the parties, the maintenance of the status quo may require new action." *Hoffman v. Beer Drivers & Salesmen's Local Union 888,* 536 F.2d 1268, 1276 (9th Cir.1976).

4. Despite an appeal, the trial court can correct clerical errors, take steps to maintain the status quo, take steps that aid in the appeal, award attorney's fees, impose sanctions, and proceed with matters not involved in the appeal. *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir.1988).

5. Where arbitrability is the only substantive issue presented in an appeal, a trial court is not divested of jurisdiction to proceed with the case on the merits. *Britton v. Co–Op Banking Group,* 916 F.2d 1405, 1412 (9th Cir. 1990); see also *Woods v. JK Harris Financial Recovery Systems,* LLC, 2005 WL 8172267, at *1 (W.D. Wash. 2005) ("When arbitrability is the only substantive issue presented in an appeal, the district court is not divested of jurisdiction to proceed with the case on the merits.").

6. The "divestment rule" does not deprive this Court of jurisdiction to decide Trustee's Motion. *See Britton,* 916 F.2d at 1412.

7. Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) citing *Owens v. Kaiser Found. Health Plan*, Inc., 244 F.3d 708, 712 (9th Cir.2001).

8. "The liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

ORDER RE MOTION TO AMEND COMPLAINT - Page 11

9. "Motions to amend pleadings 'out of time' are addressed to the discretion of the court, but leave shall be freely given when justice so requires." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1981) (quoting FED.R.CIV.P. 15(a)). The *William Inglis* court allowed the addition of a new conspiracy claim during the pendency of a summary judgment motion and noted: "Indeed at times it will be feasible to treat the pleading as though it were amended to conform to the facts set forth in the affidavits." *Id.,* citing 6 Moore's Federal Practice P 56.10 (2d ed. 1976).

10. The Ninth Circuit analyzes five factors to determine if a motion to amend a complaint should be granted: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).

11. Not all of the five factors merit equal weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The consideration of prejudice to the opposing party carries the greatest weight. *Id;* citing *DCD Programs,* 833 F.2d at 185; *accord, Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'"); *cf. DCD Programs*, 833 F.2d at 186–87 (party opposing amendment "bears the burden of showing prejudice"). Absent prejudice, or a strong showing of

ORDER RE MOTION TO AMEND COMPLAINT - Page 12

any of the remaining factors, a presumption exists that leave should be granted under Rule 15(a). *Eminence* 316 F.3d at 1052; *accord*, *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir.1997).

12. The Ninth Circuit found amending a complaint would cause no prejudice to defendant where a case is still at the discovery stage with no trial date pending, and no pretrial conference scheduled. *DCD Programs*, 833 F.2d at 188.

13. Where the underlying facts or circumstances of a case "may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see Eminence,* 316 F.3d at 1051-52 (citing *Foman* factors).

14. The Trustee objected to Ralph Cromwell's Affidavit on the basis that it included both personal knowledge and inappropriate legal argument. Statements in declarations that are based on improper legal conclusions or argumentative statements are not facts. *Burch v. Regents of the University of California*, 433 F.Supp.2d 1110, 1119 (E.D.Cal.2006). Such improper statements will not be considered when a matter is tried to the court. *Id.* (Objections to summary judgment declarations based on improper legal conclusions and argument are "simply superfluous in this context"), citing *Smith v. County of Humboldt*, 240 F.Supp.2d 1109, 1115–16 (N.D.Cal.2003).

ORDER RE MOTION TO AMEND COMPLAINT - Page 13

15. To the extent Mr. Cromwell's Affidavit improperly contains legal conclusions or legal argument, the Court disregarded those assertions.

16. Under Federal Rule of Evidence 201, the Court can judicially notice "[o]fficial acts of the legislative, executive, and judicial departments of the United States." FED.R.EVID. 201.

17. A court may take judicial notice of its own docket. *In re Tuma,* 916 F.2d 488, 491 (9th Cir. 1990) ("We may take judicial notice of bankruptcy records in the underlying proceeding"). The Court may also take judicial notice of other court's dockets. *In re Zetta Jet USA, Inc.*, 624 B.R. 461, 469 (Bankr. C.D. Cal. 2020), quoting *C.B. v. Sonora Sch. Dist.,* 691 F. Supp.2d 1123, 1138 (E.D. Cal. 2009) ("The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.").

18. A court may not "infer the truth of the facts contained in documents, unfettered by rules of evidence or logic, simply because such documents were filed with the court*." In re Scarpinito*, 196 B.R. 257 (Bkrtcy.E.D.N.Y.1996); see also *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D. S.C. 2008)("[W]hile the Court may take judicial notice of the fact that a document or pleading has been filed for certain purposes … it does not necessarily take judicial notice of the facts contained within the pleading.")

ORDER RE MOTION TO AMEND COMPLAINT  - Page 14

19. Because all the documents contained within the Trustee's two requests for judicial notice are documents filed with various courts, notations on the dockets of the various courts, or audio files from court hearings, this Court will take judicial notice of the existence of the designated documents, docket entries and audio files.

Therefore, **IT IS ORDERED:**

    1.    Trustee's Motion to Amend Complaint (Adv. ECF No. 115) is **GRANTED;**

    2.    Trustee's Request for Judicial Notice In Support of Reply to Perkins' and Ness' Opposition to Trustee's Motion to Amend Complaint (Adv. ECF 123) is **GRANTED**;

    3.    Trustee's Motion to Strike Affidavit of Ralph E. Cromwell, Jr. Regarding Trustee's Motion to Amend Complaint (Adv. ECF No. 124) is **DENIED;** and

    4.    Trustee's Request for Judicial Notice In Support of Reply to Perkins and Ness' Opposition to Trustee's Motion to Strike Cromwell Affidavit (Adv. ECF No. 130) is **GRANTED.**

///END OF ORDER///

ORDER RE MOTION TO AMEND COMPLAINT  - Page 15