Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
(206) 622-2000
Facsimile No.: (206) 622-2522
Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter:  7

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF WASHINGTON

In Re:
GIGA WATT, INC., a Washington
corporation,

　　　　　　　　　　　　　Debtor.

MARK D. WALDRON, as Chapter 7
Trustee,

　　　　　　　　　　　　　Plaintiff,

　　　vs.

PERKINS COIE, LLP, a Washington
limited liability partnership; LOWELL
NESS, individual and California resident;
TIMUR USMANOV, individual and
Russian citizen

　　　　　　　　　　　　　Defendants

PERKINS COIE, LLP, a Washington
limited liability partnership; LOWELL
NESS,

　　　　　　　　　Third-Party Plaintiffs,

　　　vs.

JUN DAM, Individually and as
Representative of a Class of Similarly
Situated Token Purchasers,

　　　　　　　　　　Third-Party Defendant

No. 18-03197-FPC11

The Honorable Frederick P. Corbit

**CHAPTER 7**

Adv. Case No. 20-80031

**PERKINS COIE AND LOWELL
NESS' ANSWER, AND
AFFIRMATIVE DEFENSES TO
FIRST AMENDED
COMPLAINT AND
THIRD-PARTY COMPLAINT
AGAINST JUN DAM AND A
CLASS OF SIMILARLY
SITUATED TOKEN
PURCHASERS**

**JURY DEMAND**

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 1

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

Perkins Coie LLP and Lowell Ness (collectively "Perkins") hereby answer the allegations of the First Amended Complaint herein, and assert Affirmative Defenses, as follows:

## I.     ANSWER

1.     Denies the allegations of paragraph 1 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

2.     Denies the allegations of paragraph 2 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

3.     Admits the Plaintiff is a Trustee in the above-captioned bankruptcy case but otherwise denies paragraph 3 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

4.     Admits that Perkins Coie, LLP is a limited liability partnership formed under Washington law, admits that it maintains offices in Seattle and Palo Alto and certain other cities, but otherwise denies the allegations of paragraph 4 for lack of information or knowledge sufficient to form a belief as to its truth or falsity.

5.     Admits that Defendant Lowell Ness is a partner of Perkins, admits that he resides in California, admits that he has experience in representing clients regarding corporate matters and venture capital financing, admits that Perkins has a website which describes Ness and which speaks for itself, admits that Ness has degrees from the

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 2 of 46

University of Pennsylvania and Georgetown University Law Center, admits that Ness has some ability to speak French and Russian, but otherwise denies the allegations of paragraph 5.

6. Denies the allegations of paragraph 6 for lack of information or knowledge sufficient to form a belief as to their truth or falsity except admits that in portions of 2017 and 2018, Usmanov was the Chief Financial Officer of Giga Watt, Inc. ("Plaintiff" or "GW Wenatchee").

7. To the extent that paragraph 7 seeks to summarize the relief sought in the First Amended Complaint, Perkins alleges that the Complaint speaks for itself but otherwise denies the allegations of paragraph 7.

8. To the extent that paragraph 8 seeks to summarize the relief sought in the First Amended Complaint, Perkins alleges that the First Amended Complaint speaks for itself but otherwise denies the allegations of paragraph 8.

9. To the extent that paragraph 9 seeks to summarize the relief sought in the First Amended Complaint, Perkins alleges that the First Amended Complaint speaks for itself but otherwise denies the allegations of paragraph 9 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

10. Denies the allegations of paragraph 10 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 3 of 46

11. Denies the allegations of paragraph 11 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

12. Denies the allegations of paragraph 12 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

13. Denies the allegations of paragraph 13 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

14. Admits that Carlson acted as CEO of GW Wenatchee during some of 2017 but otherwise denies the allegations of paragraph 14 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

15. Admits that Perkins issued a retention letter dated March 3, 2017, to Cryptonomos Pte., Ltd., admits that the retention letter was countersigned by Nikolay Evdokimov who used the title Chief Executive Officer, states that the retention letter speaks for itself, and otherwise denies the allegations of paragraph 15.

16. Denies the allegations of paragraph 16 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

17. Admits that Perkins never issued an opinion letter to Cryptonomos but otherwise denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 4 of 46

19.     Denies the allegations of paragraph 19 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

20.     Denies the allegations of paragraph 20 for lack of information or knowledge sufficient to form a belief as to their truth or falsity except admits that GW Singapore sold specialized computers used in cryptomining at various points during 2017 and 2018 and denies that Plaintiff sold WTT tokens.

21.     States that the White Paper speaks for itself but otherwise, denies the allegations of paragraph 21 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

22.     Denies the allegations of paragraph 22 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

23.     Admits that Perkins represented Cryptonomos, denies that any belief held by Carlson that Perkins was advising or representing the Plaintiff was reasonable, and otherwise denies the allegations of paragraph 23 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

24.     Admits that cryptocurrency mining typically consumes electricity, denies that the description of a WTT Token is consistent with the description in the White Paper attached to the Complaint, but otherwise denies the allegations of paragraph 24

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 5 of 46

for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

25. Denies the allegations of paragraph 25 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

26. Denies the allegations of paragraph 26 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

27. States that the White Paper speaks for itself but otherwise denies the allegations of paragraph 27.

28. States that the White Paper attached to the Complaint speaks for itself but otherwise denies the allegations of paragraph 28.

29. States that the White Paper attached to the First Amended Complaint speaks for itself but otherwise denies the allegations of paragraph 29.

30. States that the White Paper speaks for itself but otherwise denies the allegations of paragraph 30 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

31. Denies the allegations of paragraph 31 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 6 of 46

32.     Admits that Plaintiff produced documents to the SEC in 2018 through its counsel Wilson Sonsini, but otherwise denies the allegations of paragraph 32 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

33.     States that the content of Cryptonomos' website speaks for itself, but otherwise denies the allegations of paragraph 33 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

34.     Denies the allegations of paragraph 34 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

35.     Denies the allegations of paragraph 35 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

36.     Denies the allegations of paragraph 36 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

37.     States that the picture contained in paragraph 36 of the First Amended Complaint speaks for itself, but otherwise denies the allegations of paragraph 37 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

38.     Admits that the Plaintiff succeeded in building at least 10.8 MW of tokenized facilities at the Randolph Road location in Moses Lake, Washington, but otherwise denies the allegations of paragraph 38 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

39.     Admits that the Plaintiff operated facilities at a location in the Wenatchee area known as Highline or TNT, but otherwise denies the allegations of paragraph 39 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

40.     Admits that in May of 2017, Katrina Grant, who described herself as an attorney for Cryptonomos, asked Ness if Perkins would be willing to hold token sale proceeds in its IOLTA account pending closing of the token sales, but otherwise denies the allegations of paragraph 40.

41.     Admits that Ness told Grant that Perkins' IOLTA account could be used for client closings if GW Singapore became a client, admits that Ness issued a standard engagement letter to GW Singapore which was countersigned and returned to Perkins, admits that Ness had communications with Grant which communications speak for themselves, but otherwise denies the allegations of paragraph 41.

42.     Admits that Katrina Grant had communications with Ness regarding that the seller of the tokens would be GW Singapore which communications speak for themselves, but otherwise denies the allegations of paragraph 42.

43.     Admits that GW Singapore was formed and registered in Singapore under the laws of Singapore, admits that Usmanov authored certain communications which were sent by Marina Mikhaylyuta on behalf of GW Singapore, but otherwise denies the

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 8 of 46

allegations of paragraph 43 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

44.     Admits that Perkins sent a standard engagement letter to GW Singapore on or about May 12, 2017, admits that the engagement letter was countersigned by Marina Mikhaylyuta using the title of Director of GW Singapore on or about May 16, 2017, states that the May 12, 2017, engagement letter speaks for itself, denies that Perkins did not provide advice to GW Singapore, admits that in August and early September of 2017, Perkins expected to be retained by Plaintiff to provide advice regarding corporate restructuring, but otherwise denies the allegations of paragraph 44.

45.     Admits that, on May 16, 2017, Katrina Grant sent an email to Ness' assistant which communication speaks for itself, admits that Ness' assistant did not respond to this email, admits that Ness did not respond to the email to his assistant, denies that Ness' failure to respond to an email to his assistant constituted a choice made by Ness regarding a writing independent of the White Paper, denies that there are no additional writings regarding the terms on which Perkins would hold token sale proceeds in its IOLTA account, and denies any other allegation in paragraph 45.

46.     States that its engagement letter with Cryptonomos speaks for itself, denies whether Ness ever saw a "final" copy of the White Paper for lack of information or knowledge to form a belief as to its truth or falsity, admits that Ness had an

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 9 of 46

understanding based on his communications with Grant regarding the terms by which token sale proceeds would be placed in Perkins' IOLTA account, but otherwise denies the allegations of paragraph 46.

47. Admits that Perkins received hundreds of payments relating to GW Singapore's sale of tokens which it placed in its IOLTA trust account, admits that such payments were received after May 12, 2017, but otherwise denies the allegations of paragraph 47.

48. Admits that Usmanov became the Chief Financial Officer of Plaintiff in approximately July of 2017 but denies the other allegations of paragraph 48 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

49. Admits that Ness had communications with Katrina Grant in June of 2017 which communications speak for themselves, but otherwise denies the allegations of paragraph 49.

50. Admits that Grant typically responded to communications she received from Ness which responses speak for themselves, but otherwise denies the allegations of paragraph 50.

51. State that Ness' communications with Grant speak for themselves, but otherwise denies the allegations of paragraph 51.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 10 of 46

52.     Admits that the WTT tokens were Ethereum tokens, admits that digital tokens could be described as digital assets, but otherwise denies the allegations of paragraph 52.

53.     Admits that Grant had communications with Ness in July of 2017 which speak for themselves, but otherwise denies the allegations of paragraph 53.

54.     Admits that Ness had communications with Grant in July of 2017 which communications speak for themselves, but otherwise denies the allegations of paragraph 54.

55.     Denies the allegations of paragraph 55 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

56.     Admits that Carlson met with Martha Sandoval on one occasion, denies that it was on July 27, 2017, admits that Sandoval is a Perkins attorney who practices in the area of corporate matters, denies that Carlson sought advice during the meeting regarding GW Wenatchee and its relationship with GW Singapore, and otherwise denies the allegations of paragraph 56 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

57.     Admits that Michael Olmstead worked in Plaintiff's accounting department in the summer of 2017, admits that he wrote to Sandoval in July of 2017

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 11

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 11 of 46

which communication speaks for itself, but otherwise denies the allegations of paragraph 57.

58.     Denies the allegations of paragraph 58 for lack of information or knowledge sufficient to form a belief as to their truth or falsity, except admits that Perkins had some communications with Usmanov in late summer and early fall of 2017.

59.     Admits that GW Singapore's sale of tokens ended on or about July 31, 2017, admits that the ledger for Perkins' IOLTA account shows that as of July 31, 2017, there were varying amounts of money in Perkins' IOLTA account to reflect numerous transactions on that day and that, by the end of that day, Perkins held approximately $8.6 million in its IOLTA account for GW Singapore, but otherwise denies the allegations of paragraph 59 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

60.     Admits that, on or about August 1, 2017, Perkins received a deposit of $1.95 million into its IOLTA trust account the documentation for which reflects that the funds had been forwarded by GW Singapore, states that the White Paper speaks for itself, but otherwise denies the allegations of paragraph 60.

61.     Admits that the ledger for its IOLTA account shows that on August 4, 2017, a deposit in the amount of $5.4 million and a deposit in the amount of $6.5989 million was received, admits that the documentation associated with those deposits

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

reflects that the funds were sent by Circle Internet Financial, Inc., but otherwise denies the allegations of paragraph 61.

62.     Denies the allegations of paragraph 62 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

63.     Admits that Perkins received an email dated August 7, 2017, from Marina Mikhaylyuta which communication speaks for itself, but otherwise denies the allegations of paragraph 63.

64.     Admits that Sandoval had various communications with Olmstead which communications speak for themselves, but otherwise denies the allegations of paragraph 64.

65.     Admits that Usmanov had email communications with Ness which communications speak for themselves, admits that Jean-Jacques Cabou had communications with Usmanov which communications speak for themselves, but otherwise denies the allegations of paragraph 65.

66.     Admits that Usmanov had communications with Ness and Cabou in August of 2017, which communications speak for themselves, but otherwise denies the allegations of paragraph 66.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 13 of 46

67.     Admits that the accounting records for Perkins' IOLTA account show that it disbursed $5.4 million to GW Singapore on or about August 8, 2017, but otherwise denies the allegations of paragraph 67.

68.     Admits that Ronan McGee had communications with Ness in August of 2017 which communications speak for themselves, but otherwise denies the allegations of paragraph 68.

69.     Admits that Cabou had written communications on or about August 8, 2017, which communications speak for themselves, but otherwise denies the allegations of paragraph 69.

70.     Admits that Cabou had email communications with Ness and Usmanov, in August 2017, which communications speak for themselves, but otherwise denies the allegations of paragraph 70.

71.     Denies that Perkins represented the Plaintiff on all legal matters, on or about August 7, 2017, denies that Perkins confirmed to "The USSS" that it represented the Plaintiff, admits that it provided legal advice to GW Singapore, but otherwise denies the allegations of paragraph 71.

72.     Admits that on or about August 9, 2017, a member of Perkins' accounting department received an email from an "Al Mafia," which communication speaks for itself, denies that Perkins made a premature escrow release, and otherwise denies the

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 14 of 46

allegations of paragraph 72 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

73.     Denies the allegations of paragraph 73 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

74.     Admits that on or about August 9, 2017, Carlson had email communications with Sandoval, which communications speak for themselves but otherwise denies the allegations in paragraph 74.

75.     States that the referenced communication speaks for itself but otherwise denies the allegations in paragraph 75.

76.     Admits that on or about August 9, 2017, Usmanov emailed Sandoval, which communications speak for themselves, but otherwise denies any allegations in paragraph 76.

77.     Admits that Perkins did not ask questions about GW Singapore's bank account at Overseas Chinese Banking Corporation or about funds transferred from that account, but otherwise denies the allegations of paragraph 77 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

78.     Denies the allegations of paragraph 78 for lack of information or knowledge sufficient to form a belief as to their truth or falsity except admits that, on

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 15

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 15 of 46

or about August 8, 2017, Perkins wire transferred $5.4 million from its IOLTA account to GW Singapore.

79.    Denies the allegations of paragraph 79 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

80.    Admits that Cabou had email communications with Usmanov in August 2017, which emails speak for themselves, but otherwise denies the allegations of paragraph 80 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

81.    Admits that Cabou had email communications with Usmanov in August 2017, which communications speak for themselves, but otherwise denies the allegations of paragraph 81.

82.    Admits that Cabou had email communications with Usmanov in August 2017, which communications speak for themselves, but otherwise denies the allegations of paragraph 82.

83.    Admits that Perkins had email communications with Mikhaylyuta on or about August 15, 2017, regarding her request for an additional disbursement of $900,000 from Perkins' IOLTA account, which communications speak for themselves, but otherwise denies the allegations of paragraph 83.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 16

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 16 of 46

84.     Admits that on or about August 17, 2017, Cabou had email communications with Usmanov, which communications speak for themselves, but denies any other allegations of paragraph 84.

85.     Admits that Cabou had communications with Usmanov in August 2017, which communications speak for themselves, but otherwise denies the allegations of paragraph 85.

86.     Admits that Usmanov had email communications with Perkins, in August of 2017, regarding an individual in Eastern Europe who had briefly visited Cryptonomos' website, which emails speak for themselves, but otherwise denies the allegations of paragraph 86.

87.     Admits that, on or about August 18, 2017, Perkins disbursed from its IOLTA account $900,000 to Giga Watt Singapore, but otherwise denies the allegations of paragraph 87.

88.     Admits that on or about August 22, 2017, Usmanov had email communications with Cabou, which communications speak for themselves, but otherwise denies the allegations of paragraph 88.

89.     Admits that Sandoval had email communications with Usmanov in August 2017, which communications speak for themselves, but denies any other allegations of

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 17

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 17 of 46

paragraph 89 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

90.    Admits that Cabou had email communications with Usmanov in September 2017, which communications speak for themselves, but otherwise denies any allegations in paragraph 90.

91.    Denies the allegations of paragraph 91 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

92.    Admits that Cabou had email communications with Usmanov in September 2017, which communications speak for themselves, but otherwise denies any allegations in paragraph 92.

93.    Admits that Zeev Kirsh was a lawyer who advised GW Wenatchee, GW Singapore, and Cryptonomos, but denies any other allegations in paragraph 93 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

94.    Admits that Plaintiff reported approximately $1 million of revenues in its 2017 federal tax return, but otherwise denies the allegations of paragraph 94 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

95.    Admits that Sandoval had communications with Usmanov in September 2017, which communications speak for themselves, but denies any other allegations of paragraph 95.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 18

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 18 of 46

96.     Admits that, in early September of 2017, Sandoval expected that Plaintiff would retain Perkins Coie as its counsel to address corporate structure issues, but denies any other allegation in paragraph 96.

97.     Denies the allegations of paragraph 97 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

98.     Denies the allegations of paragraph 98 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

99.     Admits that on or about September 22, 2017, Perkins received a request from GW Singapore that it disburse an additional $1.2 million from its IOLTA account, admits that on or about September 25, 2017, Perkins disbursed $1.2 million to GW Singapore, but denies any other allegation in paragraph 99.

100.    Admits that Cabou had email communications with Usmanov in September 2017, which communications speak for themselves, admits that Cabou provided legal advice to GW Singapore, but otherwise denies any allegations in paragraph 100.

101.    Admits that on or about October 6, 2017, Usmanov had email communications with Sandoval, which communications speak for themselves, but otherwise denies any allegations in paragraph 101.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 19

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 19 of 46

102.   Admits that on or about November 7, 2017, Perkins disbursed from its IOLTA account $3.3 million to GW Singapore, denies that no new construction had been completed, and denies any other allegation in paragraph 102 for lack of information or knowledge sufficient to form a belief as to its truth or falsity.

103.   Denies the allegations in paragraph 103 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

104.   Denies the allegations in paragraph 104 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

105.   Admits that starting in December of 2017, Perkins received directions on four occasions from GW Singapore to release funds from its IOLTA account to the Plaintiff, but denies any other allegation in paragraph 105 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

106.   Admits that Perkins disbursed money from its IOLTA account to Plaintiff's bank accounts at Numerica Credit Union, Umpqua Bank, and Bank of America, in accordance with directions from GW Singapore, but denies any other allegations in paragraph 106.

107.   Denies the allegations in paragraph 107 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 20

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

108.   Admits that on or about December 19, 2017, Perkins released $2 million from its IOLTA account to the Plaintiff pursuant to the instructions of GW Singapore, but otherwise denies the allegations of paragraph 108.

109.   Denies the allegations in paragraph 109 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

110.   Admits that on or about December 26, 2017, Perkins released $4.5 million from its IOLTA account to the Plaintiff pursuant to the directions of GW Singapore, admits that GW Singapore and Plaintiff treated this transfer as a loan from GW Singapore to Plaintiff, but denies all other allegations of paragraph 110.

111.   Admits that in late December 2017 StormsMedia LLC filed a complaint against the Plaintiff and GW Singapore in the Eastern District of Washington, which complaint speaks for itself, but otherwise denies the allegations of paragraph 111 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

112.   Admits that, on or about January 4, 2018, Perkins received a letter from counsel for StormsMedia notifying it of the dispute between StormsMedia, Plaintiff, and GW Singapore, which letter speaks for itself, but otherwise denies the allegations of paragraph 112.

113.   Admits that Perkins was informed, in January of 2018, that Plaintiff had resolved its disputes with StormsMedia, but otherwise denies the allegations of

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 21

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC   Doc 139   Filed 12/07/22   Entered 12/07/22 17:42:59   Pg 21 of 46

paragraph 113 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

114.    Denies the allegations in paragraph 114 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

115.    Admits that on or about February 19, 2018, and on or about February 22, 2018, Perkins disbursed additional monies from its IOLTA accounts to Plaintiff pursuant to instructions from GW Singapore, admits that Perkins was informed that additional capacity had been constructed, but otherwise denies the allegations of paragraph 115.

116.    Admits that on or about the dates indicated in the chart Perkins disbursed from its IOLTA account, pursuant to instructions from GW Singapore, the amounts listed, admits that the first four distributions were to GW Singapore, admits that the last four distributions were to Plaintiff at the instruction of GW Singapore, but denies any other allegation found in paragraph 116.

117.    In response to paragraph 117, Perkins reiterates its answer to 116 and denies any other allegation in paragraph 117.

118.    Denies the allegations in paragraph 118 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 22

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 22 of 46

119.    Denies the allegations in paragraph 119 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

120.    Admits that Perkins made four disbursements from its IOLTA account to the Plaintiff, pursuant to the directions of GW Singapore, admits that the total amount of the four disbursements was approximately $10.87 million, admits that the four disbursements occurred in December of 2017 through February of 2018, but otherwise denies the allegations of paragraph 120.

121.    Denies that the referenced chart is accurate and denies any other allegations in paragraph 121.

122.    Denies the allegations in paragraph 122 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

123.    Denies the allegations in paragraph 123 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

124.    States that the allegations in paragraph 124 are too vague and confusing to admit or deny, but, to the extent any further answer is required, Perkins lacks sufficient information or knowledge to either admit or deny.

125.    Reiterates and incorporates by reference its answer to paragraph 124 in response to paragraph 125.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 23

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 23 of 46

126.   Admits that on or about March 22, 2018, Perkins Coie received a letter from an attorney, David Silver, purporting to represent Mark Moss, which letter speaks for itself, and admits that Perkins responded to Mr. Silver, which communication speaks for itself, but denies any other allegation in paragraph 126.

127.   Denies the allegations in paragraph 127 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

128.   Denies the allegations in paragraph 128 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

129.   Denies the allegations in paragraph 129 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

130.   Admits that in the Spring of 2018, the SEC issued a subpoena to the Plaintiff and propounded a number of questions to the Plaintiff, admits that the Plaintiff retained the law firm of Wilson Sonsini to represent it, but otherwise denies the allegations of paragraph 130 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

131.   Denies the allegations in paragraph 131 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

132.   Denies the allegations in paragraph 132 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 24

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 24 of 46

133. Denies the allegations in paragraph 133 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

134. Denies the allegations in paragraph 134 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

135. Denies the allegations in paragraph 135 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

136. Denies the allegations in paragraph 136 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

137. Denies the allegations in paragraph 137 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

138. Denies the allegations in paragraph 138 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

## **FIRST CLAIM FOR RELIEF**

139. Perkins realleges and incorporates by reference its answers to paragraphs 1-138 set forth above.

140. Denies the allegations in paragraph 140.

141. Denies the allegations in paragraph 141.

142. Denies the allegations in paragraph 142.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 25

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 25 of 46

143.    Admits that Ness had reviewed drafts of the White Paper but otherwise denies the allegations of paragraph 143.

144.    Denies the allegations in paragraph 144.

145.    Denies the allegations in paragraph 145.

146.    Denies the allegations in paragraph 146.

147.    Denies the allegations in paragraph 147.

148.    Denies that Plaintiff had any entitlement to access the funds held by Perkins in its IOLTA account, denies any allegations that Perkins wrongfully disbursed funds from its IOLTA account, and otherwise denies the allegations of paragraph 148 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

149.    Denies the allegations in paragraph 149.

150.    Denies the allegations in paragraph 150.

## SECOND CLAIM FOR RELIEF

151.    Perkins realleges and incorporates by reference its answers to paragraphs 1-150 set forth above.

152.    Denies the allegations in paragraph 152.

153.    Denies the allegations in paragraph 153.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 26

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 26 of 46

1     154.    Denies the allegations in paragraph 154.

2

3                  **THIRD CLAIM FOR RELIEF**

4     155.    Perkins realleges and incorporates by reference its answers to paragraphs

5 1-154 set forth above.

6

7     156.    Admits the allegations of paragraph 156.

8     157.    Denies the allegations in paragraph 157 for lack of information or

9

10 knowledge sufficient to form a belief as to their truth or falsity.

11     158.    Denies the allegations in paragraph 158 for lack of information or

12

13 knowledge sufficient to form a belief as to their truth or falsity.

14     159.    Denies the allegations in paragraph 159 for lack of information or

15

16 knowledge sufficient to form a belief as to their truth or falsity.

17     160.    Denies the allegations in paragraph 160 for lack of information or

18

19 knowledge sufficient to form a belief as to their truth or falsity.

20     161.    Denies the allegations in paragraph 161.

21

22     162.    Denies the allegations in paragraph 162 for lack of information or

23 knowledge sufficient to form a belief as to their truth or falsity.

24

25

26

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 27

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 27 of 46

163.   Admits that Perkins did not produce to the Trustee in response to a subpoena issued by the Trustee documents which were held in files for clients other than the Plaintiff, but otherwise denies the allegations of paragraph 163.

164.   Denies the allegations in paragraph 164 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

165.   Denies the allegations in paragraph 165 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

166.   Denies the allegations in paragraph 166 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

167.   Denies the allegations in paragraph 167 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

168.   Denies the allegations in paragraph 168 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

169.   Denies the allegations in paragraph 169 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 28

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 28 of 46

## II.  **AFFIRMATIVE DEFENSES**

By way of further answer, and as affirmative defenses, Perkins hereby alleges as follows:

1.  <u>Failure to State a Claim.</u>  The First Amended Complaint, in whole or in part, fails to state a claim against Perkins upon which relief can be granted.

2.  <u>Recoupment.</u>  Perkins does not believe that the First Amended Complaint accurately states the facts and legal principles applicable to the parties and claims asserted.  However, if the allegations of the First Amended Complaint are accurate, then, under the principles and facts alleged in the Amended Complaint, Perkins is entitled to recoup from the Plaintiff any damages caused to Perkins by Giga Watt Pte., Ltd.'s conduct, and other co-conspirators, in the course of the "Giga Watt Project." With regard to disbursements from the "escrow" account, Perkins would also note that Plaintiff was in a far better position than Perkins to know whether any such disbursements were unwarranted, or "misappropriations" given the state of construction efforts as to Plaintiff's facilities in Wenatchee.  Accordingly, Perkins is entitled to recoup (or "offset") against any recovery by Plaintiff, all amounts that Perkins allegedly wrongfully disbursed as a result of Perkins following the directions of Giga Watt Pte., Ltd.  In addition, and regardless of any theories of liability asserted in the First Amended Complaint and/or described above, Perkins is entitled to recoup (or "offset") the amount

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 29

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 29 of 46

of any and all funds received by Plaintiff relating to the "Giga Watt Project" and/or token sales that originated from Perkins' IOLTA Account or any distribution from that account. The recoupment (or "offset") to which Perkins is entitled should, at minimum, including all monies "wrongfully" accepted and/or "converted" by Plaintiff or any of its co-conspirators from the "escrow," and should also include all disbursements of the proceeds of token sales to entities and individuals whose conduct is imputed to Plaintiff.

3. <u>Standing/Real Party in Interest</u>. Plaintiff (GW Wenatchee) lacks standing to enforce the terms of the alleged "escrow" agreement and is not the real party in interest regarding any "escrowed" funds. Plaintiff is neither a party to, nor the intended beneficiary of, any such "escrow" or of any legal services provided by Perkins regarding the digital tokens. Likewise, Plaintiff is not the "beneficiary" of any trust and, pursuant to RCW 11.96A *et seq*. and/or RCW 11.98 *et seq*. lacks standing to assert any claim for breach of trust.

4. <u>Uncollectability</u>. Perkins' conduct was not the cause of any damage to Plaintiff for liability for securities claims, misappropriation for "escrowed" funds, or for other such liabilities alleged in the First Amended Complaint, because Plaintiff has not paid any such liabilities and will not pay any such liabilities because they are uncollectible as against Plaintiff.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 30

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 30 of 46

5.     Allocation of Fault.  Plaintiff's losses and/or damages, if any, were caused in whole or in part by its own (or its representatives' and/or partners') comparative fault and/or fault on the part of other parties and non-parties.  Pursuant to RCW 4.22 *et seq.* any non-parties will be identified following relevant discovery but, at a minimum, any fault should be allocated to Plaintiff, Giga Watt Pte., Ltd., Andrey Kuzenny, Katrina Grant, Dave Carlson, Timur Usmanov, other members of the "Russian Team," as alleged and admitted in the First Amended Complaint, and all other agents or co-conspirators of Plaintiff, and other persons identified in the First Amended Complaint and/or in the "White Paper" attached to the First Amended Complaint.  Any fault on the part of Perkins must, therefore, be reduced in proportion to the fault of other parties and non-parties.

6.     Intentionally Caused Harm.  Plaintiff's injuries and damages, in whole or in part, were caused by the intentional culpable conduct of others, including but not limited to Plaintiff's representatives, Plaintiff's "partners" and their representatives, and/or other parties and non-parties.  Damages caused by intentional tortfeasors cannot be mixed with or recovered from negligent or "at fault" actors.  Accordingly, all damages of Plaintiff caused by the intentional conduct of others, including the intentional conduct of any parties and non-parties, must be segregated and may not be apportioned to any "at fault" parties such as Perkins.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 31

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 31 of 46

7.     Account Stated.  Some or all of Plaintiff's alleged damages are barred or must be reduced under the doctrine of account stated.  In particular, as a member of the "Giga Watt Project," Plaintiff was entitled to obtain information from Giga Watt Pte., Ltd. regarding disbursements from Perkins' IOLTA account.  Moreover, Plaintiff's management knew of, and participated in, requesting disbursements from Perkins' IOLTA account. Plaintiff therefore knew or should have known about the disbursements that were made at the time they were made and, having failed to timely act on its knowledge and stop the alleged improper disbursement of funds, its claims are now barred or must be reduced under the doctrine of account stated.

8.     Superseding Cause.  Plaintiff was in the best position to know the status of the "Giga Watt Project" and to monitor and control its other members and the various individuals representing Plaintiff and its other members of the Project.  However, Plaintiff failed to appropriately monitor or exercise the controls available to it. Plaintiff's own actions and inactions were the cause of its alleged injuries and damages and superseded any other causes.

9.     Statute of Limitations.  The claims asserted by Plaintiff are time-barred in whole or in part under applicable statutes of limitations.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 32

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 32 of 46

10.    <u>In Pari Delicto</u>.  Plaintiff, through its counsel, has stated that a group of Russians, using a variety of aliases, devised the "Giga Watt Project" as a fraudulent scheme or conspiracy; that many of those same Russians owned and/or controlled the Plaintiff up to the filing of bankruptcy and the appointment of a Trustee; and that the Russians used the Plaintiff as an integral part of their unlawful scheme.  By virtue of its participation in the alleged wrongs, whether directly, by imputation, or otherwise, Plaintiff is barred from seeking or recovering damages caused by the alleged wrongful scheme and conduct.

11.    <u>Estoppel</u>.  Plaintiff's claims are barred in whole or in part under the doctrine of estoppel.  Plaintiff, more than any other person or entity, had knowledge regarding the status of capacity being built at its facilities in Wenatchee.  To the extent that Plaintiff received the proceeds of token sales—either as direct disbursements from Perkins, or as "loans" from Giga Watt Pte., Ltd., or in some other manner—and chose to keep or use such funds knowing that insufficient capacity existed to justify their release from "escrow," then Plaintiff should be estopped from claiming it is damaged by the release of such funds from "escrow."  In this regard, if or to the extent the allegations in the First Amended Complaint are accurate and correct, then the knowledge of Plaintiff's other co-conspirators and their representatives are imputed to Plaintiff.  Likewise, Plaintiff is estopped to recover any alleged damages caused by any

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 33

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

disbursements with regard to which Plaintiff or its agents knew of at the time or participated in instructing Perkins to make.

12.     <u>Failure to Mitigate</u>.  Plaintiff has failed to take reasonable steps to mitigate its alleged damages.  For example, rather than defending any theoretical or alleged liability on its part, Plaintiff has instead created theories of its own liability in order to allege the claims herein, not to reimburse the victims of the alleged scheme, but to create a fund to pay the Trustee and its representatives.  This is improper and, among other things, constitutes a failure to mitigate.

13.     <u>Lack of Jurisdiction/Improper Venue</u>.  If litigated in this jurisdiction, Plaintiff's claims against Perkins must be tried to a jury before an Article III judge. Accordingly, jurisdiction and "venue" in bankruptcy court is improper.  In addition, and alternatively, Plaintiff alleges that it is a party to a contract which specifies the venue for any dispute regarding the token purchases is in Singapore (in arbitration), and therefore, this entire dispute must be arbitrated in Singapore.

14.     <u>Preemption.</u>  Plaintiff's claims may be preempted and/or barred, in whole or in part, under applicable federal law.

15.     <u>Unclean Hands</u>.  Plaintiff has acted inequitably and should be barred from seeking or obtaining any equitable remedies.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 34

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 34 of 46

16. <u>Assumption of Risk</u>. Plaintiff assumed the risks of the "Giga Watt Project," including any risks of misconduct or impropriety by its "partners" and their agents and representatives.

17. <u>Illegality</u>. Plaintiff participated in and has accepted the benefits of a scheme that Plaintiff itself now claims was unlawful and/or illegal. Accordingly, Plaintiff cannot now enforce any part of such unlawful scheme, including but not limited to any alleged "escrow" agreement, "White Paper," or other express or implied agreement that was part of the scheme. Instead, Plaintiff has no remedy, and its claims should be barred and/or its alleged damages reduced accordingly.

18. <u>Imputation</u>. By law, the acts and conduct of Plaintiff's agents and representatives, as well as its "partners" and their agents and representatives, including all disbursements of the proceeds of token sales, are imputed to Plaintiff. Plaintiff's claims are therefore barred and/or its alleged damages must be reduced accordingly.

19. <u>Arbitration</u>. Under the facts and theories alleged in the Amended Complaint, Plaintiff claims that it is a party to a contract which broadly provides that any dispute regarding token purchases and the incorporated "escrow" will be arbitrated before the Singapore International Arbitration Centre in Singapore. Perkins does not waive the right to demand such arbitration by filing this Answer, Affirmative Defenses,

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 35

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

and Third-Party Complaint, and in fact explicitly reserves its rights to move to compel such arbitration, including by resolution of the pending appeal in the United States Ninth Circuit Court of Appeals.

20.     Lack of Personal Jurisdiction.  This Court lacks personal jurisdiction over Lowell Ness.

21.     Lack of Subject Matter and Personal Jurisdiction of Trust Claims.  Plaintiff has failed to properly commence or serve its breach of trust claims as required under RCW 11.96A *et seq*. and/or under RCW 11.98 *et seq*.  Accordingly, the Court lacks jurisdiction of the subject matter of any breach of trust claims and lacks personal jurisdiction over Defendants as to those claims.

22.     Lack of Jurisdiction or Authority to Act Under 9 U.S.C. § 16 and the Divestment Rule.  Because the First Amended Complaint was filed after appeal was perfected and already pending before the Ninth Circuit under 9 U.S.C. § 16, pursuant to the Federal Arbitration Act and the "divestment rule," and if the Ninth Circuit reverses the order denying Perkins' motion to compel arbitration and stay, and orders arbitration and a stay pending arbitration, then this Court lacked (and will lack) jurisdiction or authority to act pending the completion of arbitration, and all actions

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 36

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 36 of 46

inconsistent with arbitration taken after appeal was perfected are null, void, and of no force or effect, including the filing of the First Amended Complaint.

### III.    THIRD-PARTY COMPLAINT

As and for its Third-Party Complaint against Jun Dam and a class of similarly situated token purchasers, Perkins Coie, LLP and Lowell Ness (collectively "Perkins") allege as follows:

1.     Perkins realleges and incorporates by reference its answers to paragraphs 1-169, above, as well as Affirmative Defenses 1-22, above.

2.     Jun Dam is an individual who resides in California.  Mr. Dam has asserted and continues to assert that he is a purchaser of WTT Tokens and is entitled to recover from Perkins proceeds of token sales that Perkins allegedly improperly distributed to GW Singapore and/or to GW Wenatchee – i.e., the same token sales proceeds that the Trustee also seeks to recover from Perkins.

3.     Mr. Dam has filed a Class Action Complaint against Perkins and Ness (and other related entities) in the United States District Court for the Eastern District of Washington, captioned: *Jun Dam individually and on behalf of all others similarly situated, v. Perkins Coie, LLP, et al.,* Case No. 2:20-cv-00464-SAB (the "Class Action").  This Court may take judicial notice of the Complaint and other pleadings filed in the Class Action.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 37

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 37 of 46

4.     In the Class Action, Mr. Dam asserts claims on behalf of himself, individually, and on behalf of a class of similarly situated token purchasers.  Mr. Dam claims he meets the requisites to assert class claims and act as class representative. Reference to Mr. Dam herein (below) refers to both his individual and his representative capacities.

5.     Perkins filed an Answer and Affirmative Defenses in the Class Action, of which this Court may take judicial notice, and which is hereby incorporated by reference.  In the Class Action, among other things, Perkins denies any liability and asserts that Mr. Dam's claims individually must be sent to arbitration in Singapore under the terms of the WTT Token Purchase Agreement, and that a class action is barred by that Agreement.

6.     By asserting third-party claims herein against Mr. Dam, Perkins does not waive its right to arbitration, and does not waive any defenses to the claims asserted by Mr. Dam individually or on behalf of a class of token purchasers and in fact explicitly reserves its rights to move to compel such arbitration.

7.     Likewise, by asserting third-party claims herein, Perkins does not waive the right to compel arbitration of the claims asserted by the Trustee herein and does not waive any other defenses against the claims asserted by the Trustee.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 38

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 38 of 46

8.      Both the Trustee and Mr. Dam claim an interest in the same funds – the token purchase proceeds allegedly deposited into "escrow" in Perkins' IOLTA account – and which both the Trustee and Mr. Dam claim the right to recover from Perkins.

9.      Pursuant to Federal Rule of Civil Procedure 19, Perkins is entitled to and hereby does join Mr. Dam, individually and in his representative capacity on behalf of a class of token purchasers, to determine the respective rights of Perkins, the Trustee, and Mr. Dam regarding funds held by Perkins in its IOLTA account. In this regard (a) joinder will not deprive the court of jurisdiction, (b) in Mr. Dam's absence (both in his individual and representative capacity), complete relief cannot be accorded to the parties in this action.   In the absence of Mr. Dam, in both his individual and representative capacities, Perkins may be subjected to inconsistent and/or conflicting relief in multiple actions regarding the same claims, damages, and subject matter, including the potential for imposition of inconsistent or double obligations (double damages).

10.     In the alternative to the joinder of Mr. Dam in both his individual and representative capacities, the action and claims asserted by the Trustee should be dismissed pursuant to Federal Rule of Civil Procedure 19(b).

11.     Because Mr. Dam claims an interest in the same subject matter as the Trustee and seeks the same damages from Perkins as does the Trustee, the Bankruptcy

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 39

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Court in this matter has already ruled that certain of Mr. Dam's alleged claims belong to the Trustee, and that Mr. Dam's other claims must await the resolution of the Trustee's claims to avoid any impediment to the Trustee. The prior Orders and rationale of the Bankruptcy Court demonstrate that joinder is required under Rule 19.

12.     In addition and/or in the alternative, while Perkins denies that a trust was formed and denies any breach of trust, since the Trustee has asserted claims under RCW 11.98 *et seq.* Perkins is entitled pursuant to RCW 11.96A *et seq.* and RCW 11.98 *et seq.* to join in this action all other alleged "beneficiaries" of the alleged trust, and to obtain adjudication, in one proceeding, of all rights and obligations Perkins allegedly owed to all who claim to be "beneficiaries" or who otherwise claim an interest in the alleged trust or trust corpus (i.e., the token purchase proceeds held in Perkins' IOLTA account). Since Mr. Dam, in both his individual and representative capacities, asserts an interest in the corpus of the alleged trust (the escrow and the token purchase proceeds), and therefore claims the rights of a "beneficiary" of the alleged trust, Perkins is entitled to and hereby does join him in both his individual and representative capacities, and as a "virtual" representative of other token purchasers, pursuant to RCW 11.96A *et seq.* and RCW 11.98 *et seq.* to determine the respective rights and recovery, if any, of the Trustee, Mr. Dam, and similarly situated token purchasers.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 40

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 40 of 46

13.     In addition, and/or in the alternative, pursuant to RCW 7.24 *et seq*. there is an actual, present, existing dispute between Perkins, the Trustee, and Mr. Dam in both his individual and representative capacities regarding the rights and obligations owed by, and any damages or other recovery from, Perkins regarding the alleged escrow and the proceeds of token sales allegedly held in escrow.  The dispute encompasses not only the rights of Mr. Dam individually and as alleged class representative of other token purchasers, but also the relative rights of the Trustee, if any, to assert claims against and recover from Perkins on the same subject matter.  The dispute involves direct and substantial interests of parties who have opposing interests.  A judicial determination of the dispute will be final and conclusive, particularly (and only) if the dispute is resolved in a single proceeding in which the relative rights and recovery, if any, of the Trustee are also adjudicated.  Accordingly, pursuant to RCW 7.24 *et seq*. Perkins is entitled to a declaratory judgment determining the respective rights, obligations, damages, and recovery, if any, of Perkins, the Trustee, and Mr. Dam in both his individual and representative capacities.

14.     The WTT Token Purchase Agreement under the terms of which WTT tokens were sold and purchased, token purchase proceeds were paid, and moneys were allegedly held in escrow by Perkins as alleged escrow agent of the parties to the transactions, included an express arbitration clause requiring all claims arising from or

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 41

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 41 of 46

relating to the Agreement to be resolved in arbitration in Singapore. The claims of Mr. Dam, in both his individual and representative capacities, arise out of, related to, and are "intertwined" with, the WTT Token Purchase Agreements. (The same is true of the claims asserted by the Trustee). Therefore, pursuant to 9 U.S.C. § 1 *et seq*. and § 201 *et seq*. Perkins is entitled to have the determination of the parties' respective rights, obligations, liability, damages, and recovery, if any, determined in arbitration in Singapore according to the terms of arbitration set forth in the WTT Token Purchase Agreements.

15.     The District Court for the Eastern District of Washington has jurisdiction over the third-party claims herein asserted by Perkins for the same reasons as asserted by Mr. Dam in the Class Action, and by the Trustee in this action, including without limitation, pursuant to 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1334(b), 28 U.S.C. § 157, and 9 U.S.C. § 1 *et seq*.

16.     Venue is proper in this district under 29 U.S.C. § 1409(a) because the bankruptcy of GW Wenatchee is proceeding in this district. Venue is also proper under 28 U.S.C. § 1391(b)(2) & (3) because Mr. Dam asserted his claims against Perkins here and some of the events and transactions at issue occurred within the district.

17.     If arbitration is not compelled, because Perkins is entitled to a trial by jury on the claims of the Trustee, and because both Perkins and Mr. Dam are entitled to a

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 42

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 42 of 46

trial by jury of the claims involving Mr. Dam, the reference should be withdrawn, and the matter tried to a jury before an Article III judge.

## IV.    JURY DEMAND

If this matter is not sent to arbitration, then Perkins demands a trial by jury of all claims so triable.

## V.    RELIEF REQUESTED

Having fully answered the First Amended Complaint, and asserted Affirmative Defenses and Third-Party Claims, Perkins Coie LLP and Lowell Ness hereby request that the Court grant them the following relief:

A.    That the entire matter be sent to arbitration in Singapore, including the claims of the Trustee and the claims involving Jun Dam;

B.    In the alternative, that the claims asserted by the Trustee and those involving Jun Dam be tried to a jury before an Article III judge;

C.    That the Trustee take nothing on the claims asserted in the First Amended Complaint, and that all of the claims asserted by the Trustee be dismissed with prejudice;

D.    That judgment be entered in favor of Perkins and against Mr. Dam declaring or otherwise adjudicating that Jun Dam and a class of similarly situated token purchasers are not entitled to any damages or any other

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 43

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

20-80031-FPC    Doc 139    Filed 12/07/22    Entered 12/07/22 17:42:59    Pg 43 of 46

recovery or relief from Perkins Coie or Lowell Ness (or any related entity), that Jun Dam individually and as class representative take nothing on his claims, and that the claims of Jun Dam individually and as representative of a class of similarly situated token purchasers be dismissed with prejudice;

E.     That Perkins Coie and/or Lowell Ness recover from the Trustee (debtor) and/or from Jun Dam their reasonable costs and fees incurred in defending the claims asserted in the First Amended Complaint and obtain declaratory or other relief against Jun Dam; and

F.     Such other legal or equitable relief as Perkins Coie and/or Lowell Ness may prove entitlement or which the Court deems appropriate and just.

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 44

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC     Doc 139     Filed 12/07/22     Entered 12/07/22 17:42:59     Pg 44 of 46

DATED this 7th day of December, 2022.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
   Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell, Jr.
   Ralph E. Cromwell, Jr., WSBA #11784
By /s/ Jofrey M. McWilliam
   Jofrey M. McWilliam, WSBA #28441
   1000 Second Avenue, 38th Floor
   Seattle, Washington 98104
   206-622-2000
   Fax:     (206)-622-2522
   Email:   bkeller@byrneskeller.com
   rcromwell@byrneskeller.com
   jmcwilliam@byrneskeller.com

MUNDING, P.S.

By /s/ John Munding
   John Munding, WSBA #21734
   309 E. Farwell Rd., Suite 310
   Spokane, Washington 99218
   509-590-3849
   Fax:     (509) 624-6155
   Email:   john@mundinglaw.com

*Attorneys for Perkins Coie LLP and*

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 45

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC   Doc 139   Filed 12/07/22   Entered 12/07/22 17:42:59   Pg 45 of 46

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
    Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

PERKINS COIE AND LOWELL NESS' ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT AND THIRD-PARTY COMPLAINT - 46

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000