Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
*Attorneys for Mark D. Waldron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>          Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee,<br><br>          Plaintiff,<br><br>vs.<br><br>PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, an individual and California resident, and TIMUR USMANOV, individual and Russian citizen,<br><br>          Defendants. | Adv. Case No. 20-80031<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS THIRD-PARTY COMPLAINT FOR MISJOINDER** |

MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT FOR MISJOINDER -- 1

Mark D. Waldron, the duly appointed Chapter 7 Trustee ("Trustee") in the above-captioned case, hereby submits this memorandum in support of the motion (the "Motion"), filed herewith, for an Order dismissing the Third-Party Complaint asserted by Perkins Coie LLP and Lowell Ness (collectively, "Perkins") against Jun Dam and the purported class of WTT Token holders for misjoinder.

## I. JURISDICTION

The Bankruptcy Court has jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157.

## II. INTRODUCTION[1]

This Court can accord full relief to the parties without joining Jun Dam's and the purported WTT Token class. Further, Mr. Dam and the purported WTT Token class do not have any interest in the Trustee's Lawsuit other than as creditors in this bankruptcy case.

Mr. Dam's Contract-Based Claims against Perkins alleged entitlement to the GW ICO trust funds. The Third-Party Complaint hinges on these allegations. However, the Contract-Based Claims are void pursuant to the Automatic Stay Order, ECF No. 921 (main case). Therefore, Mr. Dam and the purported WTT Token class cannot be joined based on any interest in the GW ICO trust funds.

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in other sections of this Memorandum.

MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT FOR MISJOINDER -- 1

Mr. Dam's Deception-Based Claims raise claims that Perkins deceived Mr. Dam and members of the purported WTT Token class. The Deception-Based Claims do not assert any interest in the GW ICO trust. And the Trustee does not seek damages for direct harm to WTT Token holders. Therefore, this Court can accord full relief to the parties to this Adversary Proceeding without deciding the Deception-Based Claims. Further, this Court has ruled that the Deception-Based Claims should be enjoined pending resolution of this Adversary Proceeding.

Therefore, the Third-Party Complaint should be dismissed for misjoinder.

### III. BACKGROUND FACTS

On November 18, 2020, the Trustee commenced the above-captioned adversary proceeding ("Trustee's Lawsuit" or "Adversary Proceeding").

On December 16, 2020, Jun Dam filed a copycat action against Perkins Coie LLP, Lowell Ness, and affiliates in the United States District Court for the Eastern District of Washington, Case No. 2:20-cv-464-SAB ("Mr. Dam's Lawsuit"). Mr. Dam alleged three claims based on contract, ("Contract-Based Claims") and two claims based on Perkins' alleged deceptiveness ("Deception-Based Claims"). RJN No. 1.

On September 26, 2021, the Court ruled that the Contract-Based Claims belong to the estate. Therefore, Mr. Dam's assertion of the Contract-Based Claims was barred by the Automatic Stay Order and void. *Memorandum Opinion and*

MEMORANDUM OF POINTS
AND  AUTHORITIES IN SUPPORT
OF TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT FOR MISJOINDER -- 2

20-80031-FPC    Doc 142    Filed 12/13/22    Entered 12/13/22 21:45:12    Pg 3 of 8

*Order Regarding Stay and Motion for Order to Show Cause* ("Automatic Stay Order"), ECF No. 921. The Court found that (1) Mr. Dam was trying to "jump the line of bankruptcy creditors," Automatic Stay Order at 26, (2) allowing Jun Dam to recover on these claims "could decrease or eliminate the amount the Trustee could recover for the estate," *id*. at 18, and (3) litigation of the Contract-Based Claims "would interfere with the Trustee's ability to pursue claims for the benefit of all creditors and to ensure that all similarly-situated creditors are treated fairly," *id*. at 18-19.

On February 23, 2022, this Court enjoined litigation of the Deception-Based Claims concluding:

> The pursuit of Mr. Dam's Lawsuit during the pendency of the Trustee's Lawsuit threatens the jurisdiction of this court, the integrity of the bankruptcy process, and the orderly liquidation of the bankruptcy estate.

*Order Denying Mr. Dam's Motion to Dismiss and Granting Trustee's Motion for Preliminary Injunction*, Adv. Proc. No. 21-80053, ECF No. 39 at 31. The Court ordered that Mr. Dam's Lawsuit was "**ENJOINED** until this Court issues a Report and Recommendation to the District Court or until the parties otherwise fully resolve the Trustee's Lawsuit." Preliminary Injunction, ECF No. 39 at 31. (Emphasis in original.)

MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT FOR MISJOINDER -- 3

Mr. Dam has appealed the Automatic Stay Order and the Preliminary Injunction Order to the District Court. Those appeals are consolidated in Case No. 2:22-cv-291-SAB and by Order of the District Court dated August 1, 2022 are stayed pending the resolution of a mediation before The Honorable Benjamin P. Hursh on January 20, 2022. RJN No. 2. There is no stay of this Adversary Proceeding pending Mr. Dam's appeals.

On November 23, 2022, the Trustee filed in this Adversary Proceeding his First Amended Complaint. ECF No. 135.

On December 7, 2022, Perkins filed in this Adversary Proceeding *Perkins Coie and Lowell Ness' Answer, and Affirmative Defenses to First Amended Complaint and Third-Party Complaint Against Jun Dam and a Class of Similarly Situated Token Purchasers*, ECF No. 139 ("Perkins Answer"). The Perkins Answer includes a Third-Party Complaint in which Perkins joins Mr. Dam and his purported WTT Token class so that they can assert the barred, void Contract-Based Claims and the enjoined, particular Deception-Based Claims. Perkins alleges:

> Both the Trustee and Mr. Dam ***claim an interest in the same funds*** – the token purchase proceeds allegedly deposited into "escrow" in

MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT FOR MISJOINDER -- 4

Perkins IOLTA account – and ***which both the Trustee and Mr. Dam claim the right to recover from Perkins***.

Perkins' Answer, Third-Party Complaint at 139: 39:1-4, para. 8. (Emphasis added.) Perkins seeks to join Mr. Dam to the Trustee's Lawsuit "to determine ***the respective rights*** of Perkins, the Trustee, ***and Mr. Dam regarding funds*** held by Perkins in its IOLTA account." Perkins Answer, Third-Party Complaint at 139: 39:5-9, ¶ 9. (Emphasis added.)

Perkins' Answer continues:

> ***Since Mr. Dam***, in both his individual and representative capacities, ***asserts an interest in the corpus of the alleged trust*** (the escrow and the token purchase proceeds), ***and*** therefore ***claims the rights of a "beneficiary" of the alleged trust***, Perkins is entitled to and hereby does join him in both his individual and representative capacities, and as a "virtual" representative of other token purchasers . . . ***to determine the respective rights and recovery***, if any, of the Trustee, ***Mr. Dam, and similarly situated token purchasers***.

Perkins Answer, Third Party-Complaint, ECF No. 139 at 40:16-24. (Emphasis added.)

Counterintuitively, the Third-Party Complaint alleges that the Automatic Stay Order and Preliminary Injunction "demonstrate that joinder is required under Rule 19." Third-Party Complaint, ECF No. 139 at 40:4-5.

MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT FOR MISJOINDER -- 5

## IV. ARGUMENT

Mr. Dam is not a necessary party. Rule 19 requires joinder of a party when the "Court cannot accord complete relief among existing parties," a legally protectible interest of the absent party might be impaired or impeded without joinder, or on account of that protectible interest, an existing party might face "double, multiple or inconsistent" obligations. Fed.R.Civ.P. 19 (applicable hereto pursuant to Fed.R.Bank.P. 7019). *See generally, Dine Citizens Against Ruining Our Env. v. Bureau of Indian Affairs*, 932 F.3d 843 (9th Cir. 2019); Fed.R.Civ.P. 21 (applicable hereto pursuant to Fed.R.Bank.P. 7021).

Mr. Dam's Contract-Based Claims are void pursuant to the Automatic Stay Order. Therefore, the Court can accord full relief without addressing them and they give rise to no protectible interest. They cannot form the basis for joining Mr. Dam and his purported WTT Token class.

Mr. Dam's enjoined Deception-Based Claims are particular to him and members of the purported WTT Token class and they do not assert any interest in the GW ICO trust. They allege that Perkins directly damaged Mr. Dam and purported WTT Token class members by deceiving them. Therefore, the Court could accord full relief regarding the Trustee's claims of breach of fiduciary duty and breach of trust. Further, the Deception-Based Claims do not assert an interest in the GW ICO trust. This asserted interest in the GW ICO trust forms the crux of

MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT FOR MISJOINDER -- 6

the Third-Amended Complaint. Therefore, the Deception-Based Claims raise no interest that would be impaired by the Trustee's claims of breach of fiduciary duty and trust. Finally, this Court has already held that the Deception-Based Claims should be enjoined and decided after resolution of this Adversary Proceeding, not along with this Adversary Proceeding.

Therefore, the Third-Party Complaint should be dismissed for misjoinder.

## V. CONCLUSION

WHEREFORE, the Trustee requests that the Court dismiss the Third-Party Complaint with prejudice and grant such other and further relief as the Court considers appropriate and just.

Dated: December 13, 2022                POTOMAC LAW GROUP PLLC

By:     s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
OF TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT FOR MISJOINDER -- 7