# EXHIBIT A

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: GIGA WATT, INC., a Washington corporation, <br><br> Debtor, <br><br> ------------------------------ <br><br> MARK D. WALDRON, Chapter 7 Trustee, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> PERKINS COIE LLP, a Washington limited liability partnership; LOWELL NESS, individual and California resident, <br><br> Defendants-Appellants, <br><br> and <br><br> GIGA WATT PTE., LTD., a Singapore corporation; ANDREY KUZENNY, a citizen of the Russian Federation, <br><br> Defendants. | No. 22-35104 <br><br> D.C. No. 2:21-cv-00159-SAB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 7, 2022
San Francisco, California

Before: GRABER, WALLACH,[**] and WATFORD, Circuit Judges.

Defendants appeal the denial of their motion to compel arbitration in an adversary proceeding in bankruptcy court. Defendants sought to compel arbitration on the ground that Plaintiff's original complaint relied on a WTT Token Purchase Agreement ("TPA") that included an arbitration clause.

During the pendency of this appeal, the bankruptcy court permitted Plaintiff to file an amended complaint that does not explicitly rely on the TPA for its claims. Plaintiff argues that this appeal is moot, because the amended complaint does not rely on the TPA, and thus there is no longer any basis to compel arbitration. Defendants argue that the amended complaint still implicitly relies on the TPA and that the bankruptcy court improperly allowed the amended complaint to be filed during the pendency of this appeal. Plaintiff argues that the question of the validity of the amended complaint is not before us because it is an impermissible collateral attack.

Even if we were to agree that we must determine whether the amended

---

[**] The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

complaint is the operative complaint as a predicate to the mootness question, we view the amended complaint as operative. A plaintiff is master of the complaint and "an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990).[1]

On its face, the amended complaint does not rely on the TPA. Further, Plaintiff stipulated at oral argument that he abandons any claim that would arise in any fashion out of the TPA, whether explicit or implicit. Thus, we dismiss the appeal as moot.

**DISMISSED.**

---

[1] We recognize that on December 9, 2022, the United States Supreme Court granted the petition for a writ of certiorari in *Coinbase, Inc. v. Bielski*, No. 22-105, 2022 WL 17544994 (Dec. 9, 2022). The question presented by the petition is: "Does a non-frivolous appeal of the denial of a motion to compel arbitration oust a district court's jurisdiction to proceed with litigation pending appeal, as the Third, Fourth, Seventh, Tenth, Eleventh and D.C. Circuits have held, or does the district court retain discretion to proceed with litigation while the appeal is pending, as the Second, Fifth, and Ninth Circuits have held?" Joint Petition for a Writ of Certiorari at i, *Coinbase*, No. 22-105, 2022 WL 3107708, at *i (July 29, 2022). Unless the Supreme Court holds otherwise, we are bound to our precedent in *Britton* on this issue.