Bradley S. Keller, WSBA #10665
Ralph E. Cromwell, Jr., WSBA #11784
Jofrey M. McWilliam, WSBA #28441
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
(206) 622-2000
Facsimile No.: (206) 622-2522

Attorneys for Perkins Coie LLP

The Honorable Frederick P. Corbit
Chapter: 7

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br>GIGA WATT, INC., a Washington corporation,<br>Debtor. | No. 18-03197-FPC-7<br><br>The Honorable Frederick P. Corbit<br><br>**CHAPTER 7** |
| MARK D. WALDRON, as Chapter 7 Trustee,<br>Plaintiff,<br>vs. | Adv. Case No. 20-80031 |
| PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS, individual and California resident; and TIMUR USMANOV, individual and Russian Citizen;<br>Defendants | **OPPOSITION OF PERKINS AND NESS TO MOTION TO DISMISS THIRD-PARTY COMPLAINT** |
| PERKINS COIE, LLP, a Washington limited liability partnership; LOWELL NESS,<br>Third-Party Plaintiff<br>vs. | |
| JUN DAM, Individually and as Representative of a Class of Similarly Situated Token Purchasers<br>Third-Party Defendant | |

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# I. **INTRODUCTION**

Perkins Coie LLP and Lowell Ness ("Perkins") oppose the Trustee's Motion to Dismiss Third-Party Complaint for Misjoinder (ECF 141) and respectfully submit that the Motion should be denied.

The Trustee recently filed a First Amended Complaint which alleges, for the first time, a claim for breach of express trust under RCW 11.98. Under Washington's Trusts and Estates Dispute Resolution Act ("TEDRA"), RCW 11.96A, the trustee of a trust is entitled to join all parties that may have an interest in the trust. *See* RCW 11.96A.020, .030 and .080. This is true regardless of whether Jun Dam and the proposed class are "necessary parties" under Bankruptcy Rule 7019. Perkins' claim is statutory and expressly authorized under the statutes that control the Trustee's newly filed claim for breach of express trust. In his Motion to Dismiss, the Trustee fails to address Perkins' statutory rights under TEDRA. As to Perkins' Third-Party claim under RCW 11.96A, the Motion to Dismiss fails for this reason alone.

Likewise, Perkins is entitled to declaratory relief under RCW 7.24 against all interested parties relating to Perkins' receipt and disbursement of WTT Token purchase proceeds. Again, this is true regardless of whether Jun Dam and the class are "necessary parties" under Bankruptcy Rule 7019. Again, the claim is statutory, and again the

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 2

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Trustee fails to address it in his Motion. As to Perkins' Third-Party claim under RCW 7.24, the Motion to Dismiss fails for this reason alone.

In addition to the foregoing statutory claims, and independently of them, Jun Dam and the proposed class are necessary parties properly joined under Bankruptcy Rule 7019, which incorporates FRCP 19. The Trustee analyzes joinder solely under FRCP 19(a)(1)(A); however, joinder is required under FRCP 19(a)(1)(B)(ii). In addition, the Trustee's further argument that this Court's Automatic Stay Order and Preliminary Injunction Order (the "Orders") obviate any need to join Jun Dam and the class under FRCP 19 is incorrect. The Orders did not determine the merits of any claims, but only temporarily stayed the claims of Mr. Dam and the class, and necessarily contemplate successive and duplicative actions in two separate lawsuits, before two different triers-of-fact, arising from the same facts and seeking the same damages against the same party (Perkins). As currently situated, the likelihood of duplicative and inconsistent proceedings and judgments is not merely a "risk;" it is assured. This is precisely what FRCP 19 is intended to avoid.

For all of these reasons, the Motion to Dismiss should be denied.

## II.   BACKGROUND

This Court is familiar with the underlying facts, pleadings, and proceedings in the various related matters relevant to Perkins' Third-Party Complaint, which will not

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 3 of 22

be repeated here. For purposes of cross-reference, the relevant related matters include: (a) this adversary proceeding, Adv. Case No. 20-80031-FPC; (b) the proposed Class Action filed in the District Court by Jun Dam, Case No. 2:20-cv-00464-SAB (the "Class Action"); (c) the main bankruptcy proceeding, Case No. 18-03197-FPC-7, and in particular the motions in the main bankruptcy by the Trustee against Jun Dam for violation of the automatic stay, and against Perkins and its counsel for violation of the automatic stay and the Orders entered by this Court against Jun Dam; and (d) the adversary proceeding filed by the Trustee against Jun Dam to temporarily enjoin Mr. Dam's prosecution of the Class Action, Adv. Case No. 21-80053-FPC. This Court may take judicial notice of the pleadings, briefs, declarations, and orders filed in these related proceedings.

In response to the Trustee's recent motion against Perkins and its counsel for violation of the automatic stay, Perkins filed on January 3, 2023, in the main bankruptcy proceeding, Case No. 18-03197-FPC-7, an Objection/Opposition to the Trustee's Motion for Contempt and Sanctions, as well as the Declarations of Armand J. Kornfeld and Ralph Cromwell, which Perkins hereby incorporates by reference.

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## III. ARGUMENT

### A. Joinder Is Proper Under TEDRA, RCW 11.96A

Washington's Trusts and Estates Dispute Resolution Act ("TEDRA"), RCW 11.96A, broadly applies to "[a]ll trusts and trust matters." RCW 11.96A.020(1)(b). The Trustee's newly asserted claim against Perkins for breach of express trust under RCW 11.98 falls within the dictates of TEDRA. *See id*.; RCW 11.96A.010. TEDRA expressly provides that any "party" may "have a judicial proceeding for the declaration of rights or legal relations with respect to any matter" as defined under RCW 11.96A.030. RCW 11.96A.080. A "matter" includes, among other things, the determination of any class of persons interested in a trust, the determination of any question arising in the administration of a trust, the determination of any question relating to the construction of a trust, and any accounting from a trustee. *See* RCW 11.96A.030(2)(a) and (c). "Party" includes any person who has "a legal or equitable interest in" or who "holds a power or a claim with respect to" the subject of any "matter." RCW 11.96A.030(5).

As the alleged trustee of an express trust, Perkins is a "party" under RCW 11.96A that is entitled to institute a "judicial proceeding" to determine and declare all "rights or legal relations" with respect to the alleged trust, including against any person that has or may claim an interest in the alleged trust.

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

As the persons who allegedly paid the purchase price of the WTT tokens – the funds that form the "res" of the alleged trust – Jun Dam and the proposed class indisputably have an interest in the alleged trust as both potential "trustors" and "beneficiaries," and at minimum as the persons whose payments funded and created the alleged trust. *See, e.g.*, RCW 11.98.008 (trust is formed by transfer of property into trust or exercise of a power of appointment in favor of a trustee); RCW 11.98.011(1) (formation of trust requires that the "trustor" has the capacity to create a trust, the intent to create a trust, and that the trust has a definite beneficiary); RCW 11.98.011(2) (A beneficiary is definite if the beneficiary "can be ascertained now or in the future."); *K&W Children's Trust v. Estate of Fay*, 503 P.3d 569, 574 (Wash. Ct. App. 2022) (Trust creation requires "a present unequivocal declaration of trust" and "a present disposition of property" by the trustor.).

In short, TEDRA provides an express statutory right to join into one action all persons who may have an interest in a trust to fully, finally, and consistently determine and declare the rights of all who have or may claim an interest in it. *See, e.g.*, RCW 11.96A.260 (The intent of TEDRA is "to provide for expeditious, complete, and final decisions to be made in disputed trust, estate, and nonprobate matters."); RCW 11.96A.010 (The purpose of TEDRA is to provide "generally applicable statutory provisions for the resolution of disputes and other matters involving trusts.").

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 6 of 22

The right to assert a claim under RCW 11.96A for declaratory relief to fully, finally, and completely determine all potential rights in a trust is independent of FRCP 19. The effect of RCW 11.96A is similar to FRCP 19 and FRCP 22 (interpleader) in that the statute expressly allows all potentially interested parties to be joined in one action so as to reach a single, consistent result. However, the statute does not depend on or require analysis of FRCP 19 or FRCP 22; rather, the statute operates according to its own terms. *See* RCW 11.96A.030 and .080. *See also, e.g., E.E.O.C v. Peabody W. Coal Co.*, 610 F.3d 1070, 1087 (9th Cir. 2010) (impleader for declaratory relief is available and provides "res judicata effect" as to all interested parties).

The Trustee fails to address Perkins' statutory TEDRA rights in response to the Trustee's breach of express trust claim. For this reason alone, as to Perkins' TEDRA claim the Trustee's motion fails. While Perkins denies that an express trust was ever formed, if one was formed as alleged by the Trustee, then Perkins is entitled under RCW 11.96A to join all persons potentially interested in that trust to determine the terms of the trust, its scope, whether Perkins breached any duties under it, and if any "res" of the trust is to be "restored" as the Trustee requests, as well as who the beneficiaries are that may recover from that trust – including both the Trustee and the class. It would be improper to determine in the adversary proceeding before this Court that a trust was formed and that the debtor was the sole beneficiary, and to separately determine before

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 7

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 7 of 22

the District Court that the class was the beneficiary, or alternatively that no trust was formed due to alleged misrepresentations, such that the purchase proceeds that form the "res" of the trust alleged by the debtor must be returned to the class (in other words, that any trust or escrow was induced by misrepresentation and failed to be properly formed). There are any number of permutations of inconsistent outcomes from the two actions, all of which involve potential double damages since the "res" the debtor seeks to recover are the same funds (the token purchase proceeds) paid by the class and which it seeks to recover as damages. Under RCW 11.96A Perkins has a direct claim for declaratory relief so that one court may efficiently and completely decide all rights and avoid inconsistent outcomes and double damages.

Critically, Perkins' right to state a claim under TEDRA and to join all potentially interested parties is independent of the class's claims in the District Court, and independent of this Court's Orders staying those claims. Perkins is entitled to assert its own rights under TEDRA regardless of whether other claims in other actions have been asserted against it. The Trustee asserted a TEDRA claim in the adversary proceeding. Perkins may defend that claim by joining other potentially interested parties to ensure adjudication of the Trustee's claim is complete, final, and binding on all parties.

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 8

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 8 of 22

## B. Joinder Is Proper Under the UDJA, RCW 7.24

For the same reasons as discussed above, joinder under RCW 7.24 is required independently of FRCP 19. RCW 7.24.020 expressly provides that any person "whose rights, status or other legal relations" is affected by a statute or contract "may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." The Uniform Declaratory Judgment Act "is to be liberally construed" and is designed to "clarify uncertainty with respect to rights, status, and other legal relations." *DiNino v. State*, 684 P.2d 1297, 1299-1300 (Wash. 1984).

Here, Perkins' status, rights, and legal relations under an alleged trust (involving statutory rights) and an alleged contract (escrow – whether incorporated into the WTT Token Purchase Agreements or not) are at issue. Perkins is entitled to a declaration of rights to determine whether a trust was formed, the terms of the trust, to whom it owed duties under the trust, and the identity of the beneficiaries that may recover against the trust. Likewise, Perkins is entitled to a determination of whether any escrow agreement was entered into (as opposed, e.g., to a more general legal retention), who the parties were, what the terms were, whether any breach occurred and, if so, who may recover for it. Critically, even if an escrow of some kind was formed, whether the escrow was a "trust" must be determined. In addition, Perkins is entitled to a declaration of status,

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

rights, and relations under Washington's Consumer Protection Act, RCW 19.86, and Escrow Agent Registration Act, RCW 18.44.

There is an actual, present, existing dispute between the Trustee, Perkins, and Mr. Dam and the proposed class regarding the deposit of token purchase proceeds with Perkins, the terms under which those proceeds were deposited, whether an escrow was thereby formed, whether a trust was thereby formed, whether the deposit of purchase proceeds was induced by any misrepresentation and, if so, how that affects the trust and escrow claims, and how the various potentially applicable statutes regarding trusts, escrow agents, and consumer protection interact with each other and impact the status, rights and legal relations of all parties.

For the same reasons as discussed above, Perkins' right to assert a claim for declaratory relief is a statutory right independent of FRCP 19 or the District Court action by Mr. Dam. Perkins is entitled to assert third-party claims for declaratory relief to determine whether it must return token purchase proceeds or restore the same funds as the "res" of an alleged trust, and who, if anyone, is entitled to those funds.

## C.    Joinder Is Proper and Required Under Rule 19

Independently of Perkins' statutory claims, Perkins is also entitled to join Mr. Dam and a class of token purchasers because they are necessary parties under FRCP 19. Joinder of a party is required under FRCP 19(a) if (1) in the person's absence complete

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 10 of 22

relief cannot be accorded among those already parties, *or* (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. *See* FRCP 19; *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 778-79 (9th Cir. 2005) (discussing FRCP 19). Here, FRCP 19 is made applicable through Bankruptcy Rule 7019. "Rule 19 governs compulsory party joinder" in federal courts. *Peabody*, 400 F.3d at 778. The term "necessary" party is a term of art under Rule 19 and refers to "'persons whose joinder in the action is *desirable*' in the interests of just adjudication." *Id.* at 779 (emphasis in original). Here, it is indisputably "desirable" to join Jun Dam and the class in the interests of just adjudication and complete, final relief for all concerned. *See id.*

The Trustee addresses joinder only under FRCP 19(a)(1)(A), arguing that complete relief is available without joining Mr. Dam and the class. The Trustee's argument focuses on this Court's prior Orders staying Mr. Dam's claims. As is set forth below, however, this Court's Orders do not render Mr. Dam and the class not necessary parties. In addition, FRCP 19(a)(1)(A) looks to whether complete relief can be afforded to all persons who are already parties. This means the Court must look not only to

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 11 of 22

whether the Trustee may be accorded complete relief, but also whether Perkins will be accorded complete relief. The only way Perkins will be accorded complete relief is if Jun Dam and the class are made parties. As noted above, Perkins has standalone statutory claims that arise from the Trustee's recently asserted breach of trust claim. If this Court rules that (1) Perkins may not implead Mr. Dam and the class and assert its statutory rights under RCW 11.96A and RCW 7.24, and (2) Mr. Dam and the class are not necessary parties, then Perkins will not be accorded complete relief as to the Trustee's breach of trust claim. Complete relief on that claim can only be accorded if all parties interested in the alleged trust, and interested in the funds that make up the "res" of the alleged trust, are joined in one action that fully and completely adjudicates the existence of the trust and all rights in or to the "res" – money that the class paid and regarding which it seeks a refund, and the same money the Trustee alleges constitutes the "res" of a trust of which the Trustee claims the debtor is the beneficiary. Absent joinder, Perkins will not be accorded complete relief on these inconsistent claims to the same money.

Joinder is also required under FRCP 19(a)(1)(B)(ii). The Trustee's Motion does not address FRCP 19(a)(1)(B)(ii) at all, but that part of the Rule is the crux of the issue here: absent joinder of Mr. Dam and the class, Perkins will be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" relating to

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 12 of 22

exactly the same events, subject matter, and funds previously held in its IOLTA account. Mr. Dam and the class contend those funds were not earned and belong to the class and must be refunded, and the Trustee claims the same funds were held in trust for the debtor and must be restored to the trust and paid to the debtor. This Court itself recognized the overlap and inconsistency between Mr. Dam's and the Trustee's claims in the prior Automatic Stay Order. For example, this Court observed that the Trustee's adversary proceeding and Mr. Dam's District Court action against Perkins "are based on the same core factual allegations." ECF 921 at 3 (Case No. 18-03197-FPC-7) ("Automatic Stay Order"). This Court also observed that both the Trustee and the class seek to recover damages of at least "the amount of funds improperly released" from escrow, *id*. at 4, and that the "members of the proposed Class pursue essentially the same remedy as the Trustee: $10.8 million in purchase money that was supposed to be held in escrow," *id*. at 19. *See also, e.g.,* Decl. of Cromwell in Supp. of Opp'n to Mot. to Dismiss Third-Party ("Cromwell Decl.), Ex. 1 at 16:3-8 (ECF 920, Case No. 18-03197-FCP-7, Tr. of Mot. for Sanctions and Automatic Stay hearing) (Trustee and class can get one remedy but "can't get both"); *id*. at 16:22-17:7 (same); *id*. at 18:8-14 (same); *id*. at 17:21-18:1 (if breach of the escrow is found, "then there's the issue of whether or not the damages should go to the bankruptcy estate or the damages should go directly to individual claimants."); *id*. at 19:11-14 (same).

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 13 of 22

Indeed, due to the issue of duplicative (double) damages between the two cases, this Court asked whether one of the ways the class could have avoided or addressed the risk of inconsistent outcomes and double damages was that the class could have "move[d] to intervene in the Trustee's action, as opposed to filing your own action?" *Id*. at 20:10-12.

With the Trustee's recent amendment to add a claim for breach of express trust, the risk of inconsistent results and double damages is even more acute now than it was before. Whereas, before the class apparently sought a refund of the $10.8 million paid into escrow that was allegedly prematurely released, and the Trustee apparently sought consequential damages caused by the alleged premature release of those funds, *see* Cromwell Decl., Ex. 1 at 14:8-16, now the Trustee is also seeking to recover directly the same funds paid by the class into escrow, which the Trustee seeks to have restored as the "res" of the alleged trust. *See* First Am. Compl. ¶ 154 (ECF 135) (alleging that Perkins is liable to restore the value of the funds allegedly held in trust, i.e., the same purchase proceeds the class seeks as a refund).

Under the facts and circumstances of this case, adjudicating the Trustee's claims without joining the class would necessarily expose Perkins to inconsistent results and double damages. This Court has already recognized as much. Both logic and fairness dictate that joining the class "is *desirable* in the interests of just adjudication." *Peabody*,

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 14 of 22

400 F.3d at 779 (emphasis original).  To do so, Perkins is not required to state a direct cause of action against Mr. Dam and the class.  *Id.* at 781.  Rather, joinder is allowed to ensure that all interested parties are bound by the outcome of the action.  *Id.*  Indeed, in cases, as here, where trust property is put at issue, the Ninth Circuit has allowed joinder "for the sole purpose of 'facilitating' the enforcement of any orders that might be made by the court with respect to the trust or the trust property." *Beverly Hills Fed. Sav. & Loan Ass'n v. Webb*, 406 F.2d 1275, 1279-80 (9th Cir. 1969).

Finally, joinder of Mr. Dam and the class is feasible.  Specifically, this Court has already held that Mr. Dam's and the class's claims against Perkins are within this Court's "related to" subject matter jurisdiction.  *See* Automatic Stay Order at 2 n.2; Preliminary Injunction Order at 8-15 (ECF 38, Adv. Case No. 21-80053-FPC).  Accordingly, joining Mr. Dam and the class is feasible.  The Trustee has not argued otherwise.

In sum, joinder is required under both FRCP 19(a)(1)(A) and (B)(ii).  Accordingly, Perkins' Third-Party claims cannot and should not be dismissed.

### D.	This Court's Prior Orders Do Not Render Jun Dam and the Class Not "Necessary Parties" Under FRCP 19.

The Trustee's primary argument against joinder is that this Court's prior Automatic Stay and Preliminary Injunction Orders remove the potential for inconsistent

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 15

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

or duplicative results and obviate the need for joinder of Mr. Dam and the class. As noted above, however, this argument is irrelevant to Perkins' statutory rights under RCW 11.96A and RCW 7.24 to implead Mr. Dam and the class. Moreover, even as to joinder under FRCP 19, the argument fails.

The Trustee argues that the claims subject to the Automatic Stay Order are "void" and therefore cannot pose any risk of inconsistent or duplicative results. ECF 142 at 1 (Mem. in Supp. of Mot. to Dismiss). However, while the Automatic Stay Order stated that the claims subject to it (Counts I, II, and III of Mr. Dam's Class Action Complaint in the District Court) are owned by the estate and Mr. Dam and the Class lack standing to pursue them, Automatic Stay Order at 18-19, the Order ultimately does not dismiss those claims with prejudice; instead, the Order specifically holds only that the claims are stayed. *Id*. at 29 (ordering specifically that "pursuit of Class Complaint Counts I, II, and III" in the District Court "is stayed."). At best, therefore, Perkins will be left to later ask the District Court to dismiss Counts I, II, and III, of the Class Complaint based on res judicata. In this regard, however, Mr. Dam has appealed the Automatic Stay Order to the District Court. Depending on the ruling of the District Court, either the Trustee or Mr. Dam are likely to appeal further to the Ninth Circuit. Thus, at this time, the Trustee has no basis to state that there is no risk of inconsistent

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 16

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 16 of 22

results based on these claims. We simply do not yet know what the final disposition on appeal will be.

Moreover, res judicata requires a final judgment "on the merits." *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001). However, the Automatic Stay Order did not decide the merits of any claims. Indeed, the Court was careful to state that its decision was based only on the allegations then asserted by the parties. *See* Automatic Stay Order at 11-12, n.14. *See also, e.g.,* Cromwell Decl., Ex. 1 at 3:2-17 (the Court's review is based on "the allegations before me," which are being considered "only for the purpose of deciding the pending motion," and nothing in the Court's order "shall be considered as a ruling on whether the Trustee's or Mr. Dam's claims for damages have been established."). *See also, id.* at 4:5-7 ("[W]e're dealing with allegations here, this is not a summary judgment motion, this is not a trial, this is not a 12(b)(6) motion."). Consistent with the foregoing, the Automatic Stay Order did not purport to determine any facts, apply any burden of proof, adjudicate the merits of any claims, and did not dismiss any claims, much less do so with prejudice. Rather, the Order only ordered that the prosecution of the claims in the District Court was stayed. Automatic Stay Order at 29. Even if fully affirmed, therefore, it is hard to see how the Automatic Stay Order is or can be a final judgment on the merits with res judicatA effect that would bar Mr. Dam and the class from developing facts to support a contrary

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 17

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 17 of 22

or inconsistent result. In addition, a complicating factor is that no class has yet been certified. Thus, how the Order may apply, if at all, to the class remains untested and undecided. Thus, much as Perkins would like Mr. Dam and the class to be bound, and much as Perkins expects this Court to apply its prior analysis to Mr. Dam and the class as parties joined in this adversary proceeding, the only way to adjudicate Mr. Dam's and the class's claims in a manner that has res judicata effect *and* is not inconsistent with the Trustee's claims, is to do so on the merits in this action.

Finally, because Counts I, II, and III were only stayed pending resolution of the Trustee's claims, there is nothing that prevents Mr. Dam and the class from waiting to see how the facts develop in this action, cherry picking only the facts determined against Perkins that it likes, and amending or restating its claims in the District Court in a manner to avoid the result in this action and subject Perkins to inconsistent results and double recovery. Even assuming a Report and Recommendation in this action is submitted to the District Court for final determination and entry of judgment, because issues of fact will be determined by a different trier-of-fact based on a second trial, there can be no assumption of consistent factual findings and results. Each trier-of-fact must make its own findings based on the proceedings and proof before it and cannot consider findings from a different proceeding in a different court.

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 18

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 18 of 22

Similarly, the Preliminary Injunction Order only temporarily enjoined prosecution of Mr. Dam's and the class's statutory claims in the District Court and did not decide those claims on the merits. The Trustee suggests that the statutory claims asserted by Mr. Dam and the class "do not assert any interest in the GW ICO trust." ECF 142 at 2 (Mem. in Supp. of Mot. to Dismiss). However, in analyzing those claims, this Court stated: "Both the Trustee and the Class seek damages from the same defendants, for the same alleged wrongs, *and from the same pool of funds.*" Automatic Stay Order at 25 (emphasis added) (discussing Class Complaint Counts IV and V). Moreover, in their Consumer Protection and Escrow Act claims, Mr. Dam and the class expressly contend that they were damaged because the moneys they allegedly placed into escrow were prematurely released. *See* Class Action Compl. ¶¶ 61-63, 69, 80 (ECF 1, Case No. 2:20-cv-00464-SAB). These are the same funds that the Trustee now alleges make up the "res" of the alleged trust, and which the Trustee now also seeks to recover.

Likewise, in granting the Preliminary Injunction, this Court concluded: "Without an injunction, identical issues, with nearly identical parties, would be litigated in two different courts at the same time." Preliminary Injunction Order at 23. In addition, this Court concluded that a judgment in Mr. Dam's favor, "would likely substantially impair collection [by the Trustee] against Perkins." *Id.* at 26. Therefore, the Trustee's

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 19

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 19 of 22

argument that the class's statutory claims somehow are entirely separate and independent from the Trustee's claims is without basis. The issues are identical, and both lawsuits seek to recover the same money, whether that money is characterized as an escrow deposit or a trust.

The simple fact is that Mr. Dam and the class seek to recover the funds they allegedly deposited into escrow, and which they claim were prematurely released *before* Giga Watt was entitled to those funds; in contrast, and inconsistent with that position, the Trustee claims the debtor was the beneficiary of the escrow, and that the money belonged to the debtor and was subject to the debtor's control. The two positions are directly inconsistent. Two lawsuits, based on identical facts, involving the same defendant, relating to the same funds deposited with the defendant, creates a substantial risk of inconsistent results, multiple obligations, and double damages. The only way to avoid this issue is to join Jun Dam and the class, as Rule 19 permits and requires.

## IV. <u>CONCLUSION</u>

Independently of FRCP 19, Perkins is entitled to implead Jun Dam and the class under RCW 11.96A and RCW 7.24. In addition, and in the alternative, Perkins is entitled to enjoin Jun Dam and the class pursuant to FRCP 19. There has been no misjoinder. The Trustee's Motion to Dismiss Third-Party Complaint should be denied.

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 20

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

DATED this 3rd day of January, 2023.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA #10665
By /s/ Ralph E. Cromwell, Jr.
    Ralph E. Cromwell, Jr., WSBA #11784
By /s/ Jofrey M. McWilliam
    Jofrey M. McWilliam, WSBA #28441
    1000 Second Avenue, 38th Floor
    Seattle, Washington 98104
    206-622-2000
    Fax:    (206)-622-2522
    Email:    bkeller@byrneskeller.com
rcromwell@byrneskeller.com
jmcwilliam@byrneskeller.com

MUNDING, P.S.

By /s/ John Munding
    John Munding, WSBA #21734
    309 E. Farwell Rd., Suite 310
    Spokane, Washington 99218
    509-590-3849
    Fax:    (509) 624-6155
    Email:    john@mundinglaw.com

*Attorneys for Perkins Coie LLP and*

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 21

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

20-80031-FPC    Doc 146    Filed 01/03/23    Entered 01/03/23 17:33:03    Pg 21 of 22

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
 Ralph E. Cromwell, Jr.
*Attorneys for Plaintiffs*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

OPPOSITION OF PERKINS AND LOWELL NESS
TO MOTION TO DISMISS THIRD-PARTY
COMPLAINT - 22

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000