Pamela M. Egan, WSBA No. 54736
POTOMAC LAW GROUP PLLC
1905 7th Ave. W.
Seattle, WA 98119
Telephone: (415) 297-0132
Email: pegan@potomaclaw.com
 *Attorneys for Mark D. Waldron, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>　　　　　Debtor. | Case No. 18-03197 FPC 11<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 7 |
| MARK D. WALDRON, as Chapter 7 Trustee,<br>　　　　　Plaintiff,<br>　　vs.<br>PERKINS COIE LLP, a Washington limited liability partnership, LOWELL NESS, an individual and California resident, TIMUR USMANOV, an individual and Russian citizen,<br>　　　　　Defendants. | Adv. Case No. 20-80031<br><br>**TRUSTEE'S REPLY TO OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION TO DISMISS THIRD PARTY COMPLAINT** |

TRUSTEE'S REPLY TO OBJECTION / OPPOSITION OF "PERKINS GROUP" TO MOTION TO DISMISS THIRD-PARTY COMPLAINT

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ....................................................................................................4

III. ARGUMENT .........................................................................................................7

    A. Mr. Dam is not a required party ................................................................7

    B. Perkins cannot collaterally attack the Automatic Stay Order and the Preliminary Injunction Order ............................................................8

    C. The automatic stay does not wax and wane with the Trustee's pleadings ....................................................................................................9

    D. Joinder is not purely defensive and, thus, it is stayed and enjoined ...... 10

    E. No state law, even TEDRA, entitles Perkins to ignore orders of this Court ...................................................................................................... 11

    F. Perkins incorrectly hinges its analysis on 362(a)(1) of the Bankruptcy Code; section 362(a)(3) is the operative provision .......................... 12

    G. The Preliminary Injunction Order bars the Third-Party Complaint ....... 12

IV. CONCLUSION ................................................................................................... 13

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page i

# TABLE OF AUTHORITIES

CASES

*Gruntz v. Cnty. of Los Angeles*, 202 F.3d 1074 (9th Cir. 2000)................................8

*In re Grantham Bros.*, 922 F.2d 1438 (9th Cir. 1991) ............................................8

*Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730 (9th Cir.1988) ............9

*Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971)............ 12

STATUTES

11 U.S.C. § 105................................................................................................ 12

11 U.S.C. § 362........................................................................... 3, 4, 8, 9, 10, 12

28 U.S.C. § 157................................................................................................ 12

OTHER AUTHORITIES

Black's Law Dictionary, 10th Ed. 2014 ..................................................................8

RULES

Fed.R.Civ. 19 ..........................................................................................................2

CONSTITUTIONAL PROVISIONS

U.S. Const. art. VI, cl. 2.................................................................................. 11

Mark D. Waldron, as the Chapter 7 Trustee herein, replies to Perkins' opposition to the Trustee's motion to dismiss Perkins' Third-Party Complaint. This reply is supported by the Declaration of Pamela M. Egan, filed herewith.

## I. INTRODUCTION

In a baseball game, the managers make strategic decisions which have consequences. And the rules are strict. A player who leaves the game in the third inning cannot be brought back in the seventh.

Perkins chose neutrality during litigation which concluded with a final Order staying Mr. Dam's claims to the GW ICO escrow and an interlocutory Order enjoining his claims for damages under the consumer protection laws of Washington. The time to reconsider these Orders has passed. Mr. Dam's appeals of these Orders, which are fully briefed, prevent this Court from now changing them. Perkins cannot call Mr. Dam back into the game.

Mr. Dam's joinder to assert his stayed claims is not required, because those claims are void pursuant to the Automatic Stay Order. In addition, this proceeding is not core. Decisions by this Court will be included in a Report and Recommendations to the District Court. The District Court could wait for appeals to run their course if Perkins made a case for that.

Further, the automatic stay binds the entire class of WTT holders regardless of whether or not a class is formally certified or not, because the automatic stay is self-executing. WTT holders cannot assert the stayed claims so long as the

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 1

bankruptcy case remains open. The bankruptcy case will likely remain open until the Trustee's claims are fully resolved. The Trustee's claims will be finally resolved with Mr. Dam's claims in the District Court. Perkins can be accorded full relief without duplicative liability by following the Automatic Stay Order and the Preliminary Injunction Order.

Similarly, Mr. Dam's joinder to assert his enjoined claims is not required. The Preliminary Injunction Order provides a specific, clear mechanism for moving forward: the Bankruptcy Court would try the Trustee's case first and Mr. Dam's case would be enjoined pending resolution of that case. The Preliminary Injunction Order contemplates that the District Court will decide both the Trustee's case and Mr. Dam's case together.

Therefore, there is no risk of duplicative damages and Perkins can be accorded complete relief. Mr. Dam is not indispensable within the meaning of Fed.R.Civ. 19.

Perkins argues that it is simply defending itself and therefore it is not violating the Automatic Stay Order or the Preliminary Injunction. But Perkins is joining Mr. Dam so that Mr. Dam can assert both the stayed and enjoined claims in violation of both Orders.

Perkins claims that state law allows it to join Mr. Dam. However, the Bankruptcy Code preempts state law. No state law, not even TEDRA, can resurrect Mr. Dam's stayed claim or defeat the Bankruptcy Court's injunction.

Perkins claims that the First Amended Complaint takes Mr. Dam's stayed and enjoined claims out of the Automatic Stay and Preliminary Injunctions Orders' purview. The First Amended Complaint does not change the basis for these Orders, as Perkins' argues. The Court found that Mr. Dam's claims to the GW ICO escrow were property of the estate. Therefore, those claims violated section 362(a)(3) of the Bankruptcy Code. 11 U.S.C. § 362. The Court also found that litigation of Mr. Dam's consumer protection claims should be decided after this Court has issued its Report and Recommendation on the Trustee's claims. The Trustee's decision to allege an attorney-client relationship and to amplify again that the GW ICO escrow was a trust does not change the fact that Mr. Dam's claims to the GW ICO escrow were void and that his consumer protection claims should be temporarily enjoined while this Court manages and tries this case.

This notion of a sea change in the Trustee's trust claims is a ruse. The Trustee has consistently asserted that the GW ICO escrow was a trust. The sea change occurred in the nature of Perkins' duty to Giga Watt after the Trustee discovered correspondence in which Perkins provided legal advice to Giga Watt and told the United States Secret Service that it represented Giga Watt.

Perkins claims that the automatic stay does not bar claims brought against the debtor in the bankruptcy court citing section 362(a)(1) of the Bankruptcy Code. 11 U.S.C. § 362. However, the Court enforced section 362(a)(3) of the Bankruptcy Code, which prohibits any party from bringing a claim in any forum if

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 3

that claim belongs to the estate. *Id*. A party cannot usurp property of the estate in any forum, particularly in the Bankruptcy Court which is charged with protecting the property of the estate for the benefit of all creditors, not just the most aggressive ones.

Therefore, the Trustee requests dismissal of the Third-Party Complaint with prejudice.

## II. BACKGROUND

Perkins and the Trustee extensively litigated the nature of the Trustee's claims against it. Perkins claimed they were contract based. The Trustee claimed they were trust based, arguing:

> Invoking the Seventh Amendment, Perkins Coie would have the Court squeeze the Trustee's claims into a boxed set of contract claims, in which they do not fit, as if the Complaint were a paradigmatic, if also completely defective, action at law. . . .
>
> However, an escrow, which forms the basis of the Complaint, is in actuality "an account held on trust." Escrow, Black's Law Dictionary (11th ed. 2019). . . . . *Lechner v. Halling*, 216 P.2d 179, 35 Wash. 2d 903, 912 (Wash. 1950) ("An escrow is a trust, Restatement (Second) of Trusts s 32, Comment d 1959."). Perkins does not deny that it held the money in trust. It only denies that it held the money in trust for Giga Watt [footnote citation to PC's Ans. and Aff. Defs., ECF No. 28, 5:10-12].

*Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike Jury Demand*, dated February 5, 2021, ECF No. 37 at 3:18-20, 4: 1-18, 5:1-2.

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 4

Deciding the contract versus trust dispute, the Court held:

> This Court declines the invitation to recast the Trustee's breach of fiduciary duty claims as breach of contract claims. . . . [T]he Trustee claims the defendants breached, or aided a breach, of a fiduciary duty, based on facts and circumstances yet to be proven, related to an agreement by certain Defendants to hold money in trust.

*Order Striking Jury Demand*, April 22, 2021, ECF No. 49 at 9.

On May 6, 2021, Perkins appealed this order. *Perkins Coie LLP v. Waldron*, Case No. 2:21-cv-00159-SAB. The District Court dismissed it as interlocutory after censuring Perkins for misrepresenting the applicable law. *Order Denying Motions and Appeals*, January 7, 2022, ECF No. 21.

On June 18, 2021, the Trustee moved for contempt against Jun Dam alleging that his claims against Perkins were property of the estate and should be barred. On October 29, 2021, the Trustee commenced an adversary proceeding to enjoin Mr. Dam's claims brought under the consumer protection acts. Adv. Proc. No. 21-80053.

As a registered participant in the Court's electronic filing system, Perkins received instantaneous notice of the automatic stay litigation. And Perkins will no doubt agree that the Trustee kept Perkins timely apprised of filings and events in that litigation. Perkins' counsel attended hearings in the preliminary injunction litigation. *See e.g., Waldron v. Dam*, Case No. 21-80053, ECF Nos. 35 and 71.

Perkins did not object to either the Automatic Stay Order or the Preliminary Injunction Order.

The Automatic Stay Order and Preliminary Injunction are currently on appeal before the District Court on a consolidated basis. *Dam v. Waldron*, Case Nos. 2:21-cv-00291-SAB, ECF No. 19. The appeals are stayed pending the mediation which is set for January 20, 2023.

In the Automatic Stay Order and Preliminary Injunction Order, the Court found that Mr. Dam's claims fit within two sets. One set asserted various contractual interests in the GW ICO escrow, alleging that the money in the escrow belonged to the WTT holders. The other set asserted the right to compensatory damages under state consumer protection laws alleging that Perkins engaged in conduct that was capable of deceiving the public, namely allowing the public to be told one thing (that Perkins would hold the WTT investment proceeds until Giga Watt met construction milestones) but doing another (releasing sparsely accounted for funds whenever Andrey Kuzenny asked for them).

The Court found that Mr. Dam's first set of claims, alleging an interest in the escrow, belonged to the estate and that therefore (1) he lacked standing to bring them and (2) they were void.

The Court distinguished Mr. Dam's second set of claims. By alleging that Perkins engaged in conduct that had the capacity to deceive the public, Mr. Dam was alleging direct damages. The Court held that these claims belonged to Mr.

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 6

Dam. However, the Court enjoined these claims for the reasons set forth in the Preliminary Injunction Order holding:

> [A]fter adjudicating the Trustee's Lawsuit, this Court will submit proposed findings of facts and conclusions of law to the District Court. The District Court will have the benefit of the Bankruptcy Court's proposed findings and conclusion at the time it finally resolves both the Trustee's Lawsuit and Mr. Dam's Lawsuits. Under these circumstances, the issuance of the preliminary injunction staying Mr. Dam's Lawsuit promotes the efficient and expeditious resolution of all matters connected to the bankruptcy estate.

*Preliminary Injunction Order*, Adv. Proc. No. 21-80053-FPC, ECF No. 39 at 3. The Orders set a road map for this litigation. The parties should have to follow it.

### III. ARGUMENT

**A.    Mr. Dam is not a required party**

Mr. Dam's stayed claims are void. Therefore, he has no claim to resolve with respect to the GW ICO escrow.

Perkins expresses concern that the Automatic Stay Order will be overturned on appeal in which case it will face additional liability later. However, because this proceeding is not core, the Court will file a Report and Recommendation for the District Court. And it will have the benefit of that Report and Recommendation when it reviews Mr. Dam's case. A stay pending appeal could be filed. There is neither a need nor a way to violate the Automatic Stay Order.

Perkins also expresses concern that other WTT holders will argue that the Automatic Stay Order does not bind them. This argument is a fallacy. The

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 7

automatic stay applies worldwide without the need for a specific order. It enjoins "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362 (a)(3). "The automatic stay is self-executing, effective upon the filing of the bankruptcy petition." *Gruntz v. Cnty. of Los Angeles*, 202 F.3d 1074, 1081 (9th Cir. 2000). The Automatic Stay Order did not impose the stay. It recognized the stay.

Further, the District Court will have the ability to resolved Mr. Dam's enjoined claims along with this Court's Report and Recommendation pursuant to the Preliminary Injunction Order's express terms. Therefore, complete relief will be accorded to Perkins and no risk of duplicative liability exists.

**B. Perkins cannot collaterally attack the Automatic Stay Order and the Preliminary Injunction Order**

Now that the Orders have been entered and are on appeal, Perkins must comply with them and cannot collaterally attack them. *See* Black's Law Dictionary, 10th Ed. 2014 (defining "collateral attack" as "[a]n attack on a judgment in a proceeding other than a direct appeal"). *See also In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir. 1991) ("The failure of the debtors to seek any review, reconsideration, or stay of the bankruptcy court's order precluded the collateral attack included in [a subsequent] complaint.").

Furthermore, the Court cannot modify these Orders to change the *status quo* and bring Jun Dam into this adversary proceeding without violating the

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 8

divestment rule, because it would require this Court to consider the same issues –
whether the automatic stay applies and the preliminary injunction is appropriate –
that are currently before the District Court on appeal. *See Kern Oil & Refining Co.
v. Tenneco Oil Co.,* 840 F.2d 730, 734 (9th Cir.1988) (describing the divestment
rule as a "judge-made doctrine designed to avoid the confusion and waste of time
that might flow from putting the same issues before two courts at the same
time.").

**C.     The automatic stay does not wax and wane with the Trustee's pleadings**

      Basically, Perkins argues that the Court should withdraw two Orders that are on appeal before the District Court, because Perkins did not realize that the Trustee was asserting a trust until after the Orders were entered. The chronology disputes this narrative, as set forth above. It also focuses on the wrong set of pleadings. The automatic stay analysis under section 362(a)(3) focuses on whether Mr. Dam's claims were property of the estate, not on the Trustee's complaint. 11 U.S.C. § 362. Indeed, the Trustee could have filed no pleadings and the claims asserted by Mr. Dam to the GW ICO escrow would have still belonged to the estate, so long as the Trustee had not abandoned them.

      Also, the "paradigmatic shift" in the Trustee's pleadings did not turn on whether the GW ICO escrow was a trust. The Trustee has consistently alleged and argued (successfully) that it was a trust. The shift turned on the Trustee's understanding of the relationship between Giga Watt and Perkins Coie. The

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 9

Trustee had thought, based on Perkins' statements and non-disclosures, that Perkins was not Giga Watt's attorney. When the Trustee discovered the emails between Perkins and Giga Watt, the nature of the Giga Watt-Perkins relationship changed dramatically.

The attorney-client relationship is important. It triggers rigorous duties of loyalty and high standards of competence. It strengthened the Trustee's claim that Perkins owed Giga Watt a fiduciary duty.

**D.  Joinder is not purely defensive and, thus, it is stayed and enjoined**

Joinder intends to allow Mr. Dam to assert his stayed claims, which would constitute an act "to obtain possession of property" or "to exercise control over property of the estate" in violation of section 362(a)(3) of the Bankruptcy Code. 11 U.S.C. § 362. *See* Automatic Stay Order at 23, ECF No. 921:

> While the automatic stay specifically enjoins eight acts, one subsection is at issue here: 11 U.S.C. § 362(a)(3), which provides that the stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" . . . . In this case, the Court determines that the first three causes of action alleged in the Class Complaint are claims that the Class has no standing to assert and are property of the estate. Because these causes of action are estate property, the automatic stay applies to them and ***thus Mr. Dam and the proposed class must not pursue Class Complaint Counts I, II, and III***.

Automatic Stay Order at 23-24, ECF No. 921. (Emphasis added.) Thus, joining Mr. Dam to resolve his and the proposed class claims to the escrow violates the Automatic Stay Order.

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 10

The Preliminary Injunction Order intended to protect the Trustee from the burden and distraction of Mr. Dam's consumer practices act claims.

> The pursuit of Mr. Dam's Lawsuit during the pendency of the Trustee's Lawsuit threatens the jurisdiction of this Court, the integrity of the bankruptcy process, and the orderly liquidation of the bankruptcy estate.

Preliminary Injunction Order, Adv. Proc. No. 21-80053, ECF No. 39 at 31. The Court contemplated that it would present its Report and Recommendation to the District Court, which would then decide both the Trustee's claims to the GW ICO escrow and Mr. Dam's claims for compensatory damages under the consumer practices laws of Washington. If a stay pending an appeal to the Court of Appeals is warranted, the parties could request one. Joining Mr. Dam so that he can assert the enjoined claims in this Court simultaneously with the Trustee's claims violates the Preliminary Injunction Order.

**E.     No state law, even TEDRA, entitles Perkins to ignore orders of this Court**

The Supremacy Clause provides that the "Constitution and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. The Supremacy Clause and the doctrine of preemption, which implements it, operate to invalidate state statutes to the extent they are inconsistent with, or contrary to, the purposes or

objectives of federal law. *Perez v. Campbell,* 402 U.S. 637, 652, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) ("[A]ny state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause."). This Court has applied section 362 and 105 of the Bankruptcy Code to manage this litigation over which it has "related to" jurisdiction. 11 U.S.C. § 362; 11 U.S.C. § 105; 28 U.S.C. § 157(a). TEDRA does not offer an exit from this Court's Orders.

**F.    Perkins incorrectly hinges its analysis on 362(a)(1) of the Bankruptcy Code; section 362(a)(3) is the operative provision**

Perkins argues that section 362(a)(1) of the Bankruptcy Code only stays (1) claims against the debtor (2) that are made outside of the bankruptcy court. The Automatic Stay Order does not rest on section 362(a)(1). It rests on section 362(a)(3) which provides that no one (except for the Trustee) can exercise control over property of the estate. 11 U.S.C. § 362. Automatic Stay Order, ECF No. 921 at 23-24. This prohibition applies to any act to exercise control over property of the estate in any forum. Therefore, joining Mr. Dam so that he can assert the stayed claims violated the automatic stay and is, therefore, void.

**G.    The Preliminary Injunction Order bars the Third-Party Complaint**

Mr. Dam's enjoined claims are different than his stayed claims. His enjoined claims seek compensable damages caused by Perkins' conduct which allegedly was capable of deceiving the public. Specifically, Mr. Dam alleges that Perkins allowed the public to be told one thing (money would be released to Giga

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 12

Watt in step with construction) but did another (money was released when Andrey Kuzenny asked for it). The Court held that these alleged compensatory damages flowed directly to Mr. Dam.

Perkins argues that the Preliminary Injunction only enjoined litigation in the District Court, leaving Mr. Dam free to pursue these claims in other fora, presumably, even state court. This is not a fair reading of the Preliminary Injunction Order, which intended to prepare its findings and conclusions for the District Court before Mr. Dam's case is resolved. Changing these terms by joining Mr. Dam violated the Preliminary Injunction Order.

## IV. CONCLUSION

This litigation has evolved over the course of two years. We are in the third year. Each side has made decisions about how to proceed. The Court has issued Orders based on the parties' motions, objections, and arguments. Perkins assented to the Automatic Stay Order and Preliminary Injunction Order, which are now on appeal and cannot be rescinded. Just as in baseball where managers cannot undo in the seventh inning a decision made in the third, neither the parties nor this Court can undo the Automatic Stay Order and Preliminary Injunction Order.

At the end of the case, when judgment is entered, the parties can appeal and bring their various disputes. But while the case is still pending here, the Court's decisions have to stand in order for the case to progress.

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 13

WHEREFORE, the Trustee requests an Order dismissing the Third-Party Complaint and granting such other and further relief as the Court deems appropriate and just.

Dated: January 10, 2023      POTOMAC LAW GROUP PLLC

By:     s/ Pamela M. Egan
Pamela M. Egan (WSBA No. 54736)
*Attorneys for Mark D. Waldron, Chapter 7 Trustee, Plaintiff*

TRUSTEE'S REPLY TO OBJECTION /
OPPOSITION OF PERKINS TO
TRUSTEE'S MOTION TO DISMISS
THIRD-PARTY COMPLAINT - Page 14